**LEVI & KORSINSKY, LLP**
Adam C. McCall (SBN 302130)
Adam M. Apton (SBN 316506)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel:  (213) 985-7290
Email: amccall@zlk.com
Email: aapton@zlk.com

*Attorneys for Movant Harry Lerner*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CHUPA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ARMSTRONG FLOORING, INC., MICHEL VERMETTE, DONALD MAIER, LARRY McWILLIAMS, DOUGLAS BINGHAM, and RONALD FORD,<br><br>Defendants. | No. 2:19-cv-09840-CAS<br><br>**MEMORDANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HARRY LERNER'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Judge: Christina A. Snyder<br>Date:  February 24, 2020<br>Time: 10:00 a.m.<br>Courtroom #8D |

# **TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT.................................................................................1

II.   STATEMENT OF FACTS....................................................................................2

III.  ARGUMENT ......................................................................................................3

   A.    MOVANT'S APPOINTMENT AS LEAD PLAINTIFF IS APPROPRIATE................................................................................3

      1. The Procedure Required by the PSLRA.................................................3

         a.  Movant Is Willing to Serve As Class Representative ........................4

         b. Movant Has the Requisite Financial Interest in the Relief Sought by the Class..................................................................................5

      2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure..................................................................6

         a. Movant's Claims are Typical of the Claims of all the Class Members ................................................................................7

         b. Movant Will Adequately Represent the Class....................................8

   B.    APPROVING MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE................................................................................9

IV.   CONCLUSION ..................................................................................................10

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Crawford v. Honig,*
37 F.3d 485 (9th Cir. 1994)................................................................................8

*Ferrari v. Gisch,*
225 F.R.D. 599 (C.D. Cal. 2004) ......................................................................7

*Francisco v. Abengoa, S.A.,*
No. 15 CIV. 6279 (ER), 2016 WL 3004664 (S.D.N.Y. May 24, 2016).............9

*Gen. Tel. Co. of the Southwest v. Falcon,*
457 U.S. 147 (1982) ..........................................................................................7

*Hanlon v. Chrysler Corp.,*
150 F.3d 1011 (9th Cir. 1998)...........................................................................7

*Haung v. Acterna Corp.,*
220 F.R.D. 255 (D. Md. 2004) ..........................................................................6

*In re Cavanaugh,*
306 F.3d 726 (9th Cir. 2002).....................................................................1, 5, 6

*In re Drexel  Burnham Lambert Group,*
960 F.2d 285 (2d Cir. 1992) ..............................................................................8

*In re Milestone Sci. Sec. Litig.,*
183 F.R.D. 404 (D.N.J. 1998) ...........................................................................6

*In re Oxford Health Plans, Inc. Sec. Litig.,*
182 F.R.D. 42 (S.D.N.Y. 1998) .........................................................................7

*In re Tesla, Inc. Sec. Litig.,*
No. 18-CV-04865-EMC, 2018 WL 6609569 (N.D. Cal. Dec. 17, 2018)...........9

*Inchen Huang v. Depomed, Inc.,*
289 F. Supp. 3d 1050 (N.D. Cal. 2017) .........................................................10

*Isaacs v. Musk,*
No. 18-CV-04865-EMC, 2018 WL 6182753 (N.D. Cal. Nov. 27, 2018) ..........9

*Levin v. Res. Capital Corp.,*
No. 15 CIV. 7081 (LLS), 2015 WL 7769291 (S.D.N.Y. Nov. 24, 2015) ..........9

*Maiden v. Merge Techs., Inc.,*
No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635 (E.D. Wis. Nov. 21, 2006)........5

*Pope v. Navient Corp.,*
No. CV 17-8373 (RBK/AMD), 2018 WL 672640 (D.N.J. Feb. 2, 2018) ..........9

*Robidoux v. Celani,*
987 F.2d 931 (2d Cir. 1993)...............................................................................7

*Takeda v. Turbodyne Techs., Inc.*,
   67 F. Supp. 2d. 1129 (C.D. Cal. 1999) ...................................................................6

*Weiss v. York Hosp.*,
   745 F.2d 786 (3d Cir. 1984) ...........................................................................7, 8

**Statutes**

15 U.S.C. § 78u-(a)(3)(A)(i)(II) ...................................................................................4

15 U.S.C. § 78u-(a)(3)(B)(i) ........................................................................................4

15 U.S.C. § 78u-4(3)(B)(iii)(I) .....................................................................................8

15 U.S.C. § 78u-4(a) ...................................................................................................4

15 U.S.C. § 78u-4(a)(3)(B) ..................................................................................passim

15 U.S.C. § 78u-4(a)(3)(B)(iii) ....................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ...............................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .........................................................................9

15 U.S.C. § 78u-4(e) ...................................................................................................5

**Rules**

Fed. R. Civ. P. 23 .................................................................................................passim

## I.    PRELIMINARY STATEMENT

Presently pending before the Court is the above-captioned securities class action (the "Action") brought on behalf of all persons who purchased or otherwise acquired the securities of Armstrong Flooring PLC ("Armstrong Flooring" or the "Company") between March 6, 2018 and November 4, 2019, inclusive ("Class Period"). Plaintiffs in the Action allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company, Michel L. Vermette ("Vermette"), Donald Maier ("Maier"), Larry McWilliams ("McWilliams"), Douglas Bingham ("Bingham"), and Ronald Ford ("Ford") (collectively, "Defendants").[1]

Movant Harry Lerner ("Lerner") lost approximately $22,774.63 as a result of the alleged fraud during the Class Period. Mr. Lerner respectfully submits this memorandum of law in support of his motion for (a) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and (b) for approval of his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel.

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Mr. Lerner satisfies both requirements.

Mr. Lerner believes that he has the largest financial interest in the outcome of the case of any movant.[2] As such, Mr. Lerner is the presumptive lead plaintiff. Moreover, Mr. Lerner satisifies the requirements of Rule 23 of the Federal Rules of

---

[1] The Action alleges violations under Sections 10(b) and 20(a) of the Exchange Act, as well as Rule 10b-5 promulgated thereunder.

[2] Movant's certification identifying his transactions during the Class Period and a chart identifying his losses are attached to the Declaration of Adam C. McCall, dated January 14, 2020 ("McCall Decl."), as Exhibits A, and B, respectively.

Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[3]

Accordingly, Mr. Lerner respectfully submits that he should be appointed Lead Plaintiff. Additionally, Mr. Lerner's selection of Levi & Korsinsky as Lead Counsel and the proposed class should be approved by this Court.

## II.  STATEMENT OF FACTS

Armstrong Flooring manufactures and sells resilient and wood flooring products primarily used in the construction and renovation of commercial, residential, and institutional buildings. ¶¶ 2, 21.[4]

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. ¶ 7. Specifically, Defendants failed to disclose to investors that: (1) the Company had engaged in channel stuffing to artificially boost sales; (2) the Company's internal control over inventory levels was not effective; and (3) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis. *Id.*

On May 3, 2019, Maier, Armstrong Flooring's Chief Executive Officer, unexpectedly resigned. ¶ 3. On this news, the Company's stock price fell $1.75, nearly 12%, to close at $13.14 per share on May 3, 2019, on unusually heavy trading volume. ¶ 4.

On November 5, 2019, before the market opened, the Company reported

---

[3] The Action excludes from the Class the Defendants, officer and directors of the Company, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

[4] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "Complaint") filed in the Action (ECF No. 1). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the Complaint. The facts set forth in the Complaint are incorporated herein by reference.

$165.6 million net sales for the third quarter of 2019, a nearly 21% decline yearover-year, and a net loss of $31.4 million. ¶ 5. The Company also cut its full year 2019 guidance for adjusted EBITDA to a range of $20 million to $25 million, from prior guidance range of $46 million to $54 million. *Id.*

In a press release issued on the same day, the Company stated, in pertinent part:

> In the third quarter of 2019, net sales decreased 20.7% to $165.6 million from $208.9 million in the third quarter of 2018, including an adverse currency impact of 90 basis points. The decrease in net sales was primarily due to unfavorable volumes and mix. Lower volumes in the third quarter of 2019 primarily reflected an unfavorable comparison in 2018 due to significant customer purchases in the distribution channel in anticipation of U.S. tariffs along with what the Company believes to be weaker performance by several distributors in 2019. ***Volume was below expectations due to further inventory reductions combined with share loss in some categories within the distribution channel, and mix was driven by lower relative LVT sales as a result of distributor stocking activity in the prior year quarter.***

(Emphasis added.)

On this news, the Company's stock price fell $2.90 per share, or nearly 44%, to close at $3.70 per share on November 5, 2019, on unusually heavy trading volume. ¶ 6.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses.

## III. ARGUMENT

### A. MR. LERNER'S APPOINTMENT AS LEAD PLAINTIFF IS APPROPRIATE

#### 1. The Procedure Required by the PSLRA

Once the Court decides the motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C.

§ 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)   has either filed the complaint or made a motion in response to a notice;

(bb)   in the determination of the  court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Mr. Lerner satisfies the foregoing criteria and is not aware of any unique defenses that defendants could raise against him. Therefore, Mr. Lerner is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### a.  Mr. Lerner Is Willing to Serve As Class Representative

On November 15, 2019, counsel in the Action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Armstrong Flooring and certain of its

officers and directors, and which advised putative class members that they had sixty days from the date of the Notice to file a motion to seek appointment as a lead plaintiff in the Action.[5]

Mr. Lerner has reviewed the complaint filed in the pending Action and has timely filed his motion pursuant to the Notice.

### b. Mr. Lerner Has the Requisite Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Mr. Lerner has the largest known financial interest in the relief sought by the Class. *See* McCall Decl., Ex. B. The movant who "has the largest financial interest in this litigation and meets the adequate and typicality requirements of Rule 23 . . . is presumptively entitled to lead plaintiff status." *Maiden v. Merge Techs., Inc.*, No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635, at *13 (E.D. Wis. Nov. 21, 2006) (citing *In re Cavanaugh*, 306 F.3d at 732).

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90 day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold his shares, if he sold his shares before the end of the 90 day period. 15 U.S.C. § 78u-4(e).

During the Class Period, Mr. Lerner purchased Armstrong Flooring shares in reliance upon the materially false and misleading statements issued by defendants, and was injured thereby. Mr. Lerner suffered a substantial loss of $22,774.63. *See*

---

[5] The Action was filed in this Court on November 15, 2019. On that same day, the Notice was published over *Business Wire*, a widely-circulated national business-oriented wire service. See McCall Decl. Ex. C.

McCall Decl. Ex. B. Mr. Lerner thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

## 2.    Mr. Lerner Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Cavanaugh*, 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1136 (C.D. Cal. 1999). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiffs move for class certification. *See Cavanaugh*, 306 F.3d at 732; *see also Haung v. Acterna Corp.*, 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Mr. Lerner satisfies both the typicality and adequacy

requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### a. Mr. Lerner's Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Mr. Lerner plainly meets the typicality requirement of Rule 23 because: (i) he suffered the same injuries as the absent class members; (ii) he suffered as a result of the same course of conduct by Defendants; and (iii) his claims are based on the same legal issues. *See Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *see also Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig*., 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp*., 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because Mr. Lerner's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Mr. Lerner, like the other Class members, acquired Armstrong Flooring securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, his claims are typical, if not identical, to those of the other Class members because Mr. Lerner suffered losses similar to those of other Class members and his losses result from Defendants' common course of wrongful conduct. Accordingly, Mr. Lerner

satisfies the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also In re Drexel  Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b.  Mr. Lerner Will Adequately Represent the Class

Moreover, Mr. Lerner is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Mr. Lerner's interests are clearly aligned with those of the other Class members. Not only is there no evidence of antagonism between Mr. Lerner's interests and those of the Class, but Mr. Lerner has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Mr. Lerner's identical interest with the Class members, demonstrates that Mr. Lerner will vigorously pursue the interests of the Class. In addition, Mr. Lerner has retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Mr. Lerner will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Mr. Lerner has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Mr. Lerner has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such

to lead the Action.

**B.    APPROVING MR. LERNER'S CHOICE OF COUNSEL IS APPROPRIATE**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Mr. Lerner has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as this one, and are well-qualified to represent the Class. *See* McCall Decl. Ex. D (the firm resume of Levi & Korsinsky). *See also Isaacs v. Musk,* No. 18-CV-04865-EMC, 2018 WL 6182753, at *4 (N.D. Cal. Nov. 27, 2018), *reconsideration denied sub nom. In re Tesla, Inc. Sec. Litig.*, No. 18-CV-04865-EMC, 2018 WL 6609569 (N.D. Cal. Dec. 17, 2018) (noting Levi & Korsinsky "is experienced in securities fraud litigation and has been appointed Lead Counsel in other securities class actions."); *Francisco v. Abengoa, S.A.,* No. 15 CIV. 6279 (ER), 2016 WL 3004664, at *7 (S.D.N.Y. May 24, 2016) (noting that given "Levi & Korsinsky's track record, the Court, like many others in this Circuit before it, concludes that the firm is qualified to serve as lead counsel of the class"); *Levin v. Res. Capital Corp.*, No. 15 CIV. 7081 (LLS), 2015 WL 7769291, at *2 (S.D.N.Y. Nov. 24, 2015) (appointing Levi Korsinsky as lead counsel and noting that it is "a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions"); *Pope v. Navient Corp.*, No. CV 17-8373 (RBK/AMD), 2018 WL 672640, at *5 (D.N.J. Feb. 2, 2018) (appointing Levi & Korsinsky as lead counsel as it "is clearly capable of handling this matter—the firm has extensive experience in private securities litigation and has received numerous favorable judgments in its past representations."); *see also Inchen Huang v. Depomed*, *Inc.*, 289 F. Supp. 3d 1050,

1055 (N.D. Cal. 2017) (appointing Levi Korsinsky as lead counsel).

## IV.    CONCLUSION

For the foregoing reasons, Mr. Lerner respectfully requests the Court grant his Motion and enter an order: (1) appointing Mr. Lerner as Lead Plaintiff for the Class in the Action; (2) approving Levi & Korsinsky as Lead Counsel for the Class' and (3) granting whatever other relief the Court deems proper.

Dated: January 14, 2020                    Respectfully submitted,

**LEVI & KORSINSKY, LLP**

 /s/ *Adam C. McCall*
Adam C. McCall (SBN 302130)
Adam M. Apton (SBN 316506)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: amccall@zlk.com
Email: aapton@zlk.com

*Attorneys for Harry Lerner*

## CERTIFICATE OF SERVICE

I, Adam C. McCall, hereby declare under penalty of perjury as follows:

I am an associate attorney at Levi & Korsinsky, LLP, with offices at 445 South Figueroa Street, 31st Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On January 14, 2020, I electronically filed the following **MEMORDANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HARRY LERNER'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on January 14, 2020.

 _/s/Adam C. McCall_
Adam C. McCall