Melissa A. Fortunato (Bar No. 319767)
Marion C. Passmore (Bar No. 228474)
**BRAGAR EAGEL & SQUIRE, P.C.**
601 S. Figueroa Street, Suite 4050
Los Angeles, California 90117
Tel.: (213) 330-3359
Fax: (212) 214-0506
Email: fortunato@bespc.com
        passmore@bespc.com

*Proposed Liaison Counsel for the Proposed Class*

(*Additional Counsel on signature page*)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| MICHAEL CHUPA, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>ARMSTRONG FLOORING, INC., MICHAEL VERMETTE, DONALD MAIER,  LARRY McWILLIAMS, DOUGLAS BINGHAM, and RONALD FORD<br><br>        Defendants | Case No.:  2:19-cv-09840-CAS<br><br>**<u>CLASS ACTION</u>**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF RANDY MARKER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**<br><br><br>Judge:   Hon. Christina A. Snyder<br>Hearing Date: February 24, 2020<br>Time: 10:00 AM<br>Courtroom: Courtroom 8D- 8th Floor |

Randy Marker respectfully submits this memorandum of points and authorities in support of his motion for:

(a) appointment as Lead Plaintiff for the proposed Class, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and

(b) approval of his selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel and Bragar Eagel & Squire, P.C. ("Bragar Eagel & Squire") as Liaison Counsel for the proposed Class.

### PRELIMINARY STATEMENT

Presently pending in this Court is the above-captioned securities class action lawsuit (the "Action") alleging violations of the Exchange Act brought on behalf of a proposed class of shareholders that purchased or otherwise acquired Armstrong Flooring, Inc. ("Armstrong" or the "Company") securities between March 6, 2018, and November 4, 2019, inclusive (the "Class Period").

Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action. The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that he or she is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

Mr. Marker, a resident of Mississippi and an investor for over 2 years satisfies these requirements and is ready, willing, and able to serve as a fiduciary for the proposed class in this Action.[1]  First, Mr. Marker has a large financial interest in the Action as he lost

---

[1] Mr. Marker respectfully discloses that nearly twenty years ago – in 2001 – he was convicted of an armed robbery for which he served a prison sentence.  Mr. Marker deeply regrets his past actions, and submits that he has since been reformed and become a contributing member of society.  Mr. Marker makes the foregoing disclosure, which is difficult, in the interest of being fully transparent with the Court, but respectfully submits that this nearly two decade old incident should not limit his ability to serve as a lead

$30,403.18 on his purchases of Armstrong securities during the Class Period.  Thus, Mr. Marker's substantial financial interest will ensure his vigorous prosecution of the Class' claims.  Second, Mr. Marker satisfies Federal Rules 23(a)(3) and (a)(4), as his claims are typical of the claims of the Class and Mr. Marker will fairly and adequately represent the interests of the Class.  Additionally, Mr. Marker has selected experienced and qualified counsel that can adequately represent the Class here.

Accordingly, for the reasons discussed below, Mr. Marker respectfully requests that the Court grant his motion to appoint him as Lead Plaintiff, and approve his choice of counsel.

## SUMMARY OF THE COMPLAINT

Armstrong manufactures and sells resilient and wood flooring products primarily used in the construction and renovation of commercial, residential, and institutional buildings.

The Action alleges that throughout the Class Period, the Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company had engaged in channel stuffing to artificially boost sales; (ii) the Company's internal control over inventory levels was not effective; and (iii) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On May 3, 2019, Armstrong's Chief Executive Officer abruptly resigned.  On this news, the Company's stock price fell $1.75, or nearly 12%, to close at $13.14 per share on May 3, 2019.

---

plaintiff and class representative in this action.  In fact, "[m]ost courts have rejected the contention that a proposed representative is inadequate because of prior unrelated unsavory, unethical, or even illegal conduct."  1 Newberg on Class Actions § 3:68 (5th ed.) (collecting cases).

Then, on November 5, 2019, before the market opened, the Company reported $165.6 million in net sales for the third quarter 2019, a nearly 21% decline year-over-year, and a net loss of $31.4 million. The Company also cut its full year 2019 guidance for adjusted EBITDA to a range of $20 million to $25 million, from prior guidance range of $46 million to $54 million. On a conference call later that day, Defendant Vermette attributed the lowered guidance to inventory reductions by distributors.

On this news, the Company's stock price fell $2.90 per share, or nearly 44%, to close at $3.70 per share on November 5, 2019.

## ARGUMENT

## I.   THE COURT SHOULD APPOINT RANDY MARKER AS LEAD PLAINTIFF

### A.   The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act or the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person or group that:

MEMO OF P&A IN SUPPORT OF MTN. OF RANDY MARKER FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL--2:19-cv-09840-CAS

i)      has either filed the complaint or made a motion in response to an Early Notice;

ii)     in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth herein, Mr. Marker meets the foregoing criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### B.    Randy Marker is the Most Adequate Plaintiff

Mr. Marker respectfully submits that he is presumptively the "most adequate plaintiff" because he has made a motion in response to an Early Notice, has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### 1.    Randy Marker's Motion is Timely

On November 15, 2019, the Early Notice was published via *Businesswire*.  *See* Declaration of Melissa A. Fortunato ("Fortunato Decl."), Ex. A.  Accordingly, putative class members had until January 14, 2020 to file their lead plaintiff motions.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.")

Mr. Marker has timely filed this motion in response to the Early Notice. Additionally, he has filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A) attesting to his review of the complaint in this action and his willingness to serve as the representative of the Class, including providing testimony at deposition and trial, if

necessary. *See* Fortunato Decl., Ex. B. Accordingly, Mr. Marker satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2. Randy Marker Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Mr. Marker suffered losses of $30,403.18 in connection with his purchases of Armstrong securities during the Class Period. *See* Fortunato Decl., Ex. C. Mr. Marker is not aware of any other movant that has suffered greater losses in Armstrong securities during the Class Period. Accordingly, Mr. Marker has the largest financial interest in this litigation.

### 3. Randy Marker Satisfies the Requirements of Fed. R. Civ. P. 23

Once a movant has demonstrated that it has the largest financial interest, it need only make a *prima facie* showing of its typicality and adequacy. *See In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002). Mr. Marker satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are the only Rule 23 provisions relevant to a determination of Lead Plaintiff under the PSLRA. *Id.*

### a. Randy Marker's Claims Are Typical of Those of the Class

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir.1992) (citation omitted).

Mr. Marker's claims are typical of the Class in that he: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by the named Defendants; and (ii) bases his claims on the same, or substantially the same, legal theories as the Class. *Id.*

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether:

- Defendants violated the federal securities laws; and
- the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to Mr. Marker as to all members of the Class. Since Mr. Marker's claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

### b. Randy Marker Will Fairly and Adequately Protect the Interests of the Class

In determining whether the adequacy requirement is met, courts in this Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members," and "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Mr. Marker is an adequate Lead Plaintiff. Mr. Marker and members of the Class have the same interest: to maximize the recovery from Defendants as a result of the alleged fraud. Because of Mr. Marker's substantial financial stake in the litigation, Class members can be assured that he has the incentive to vigorously prosecute the claims.

Additionally, Mr. Marker has demonstrated his adequacy through his selection of Bernstein Liebhard as Lead Counsel and Bragar Eagel & Squire as Liaison Counsel for the proposed Class. As discussed more fully below, these firms are highly qualified and experienced in the area of securities class action litigation and have repeatedly demonstrated their ability to prosecute complex securities class action lawsuits.

## II. THE COURT SHOULD APPROVE RANDY MARKER'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class.  *See* Fortunato Decl., Ex. D (Firm Résumé of Bernstein Liebhard).  Accordingly, the Court may be assured that by approving Bernstein Liebhard as Lead Counsel, the Class is receiving high-caliber legal representation.

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country.  *The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country.  In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years.  Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million); and

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

Additionally, proposed Liaison Counsel, Bragar Eagel & Squire, maintains offices in this District, and has extensive securities class action experience. *See* Fortunato Decl., Ex. E (Firm Résumé of Bragar Eagel & Squire).

## CONCLUSION

For the foregoing reasons, Randy Marker respectfully requests that this Court: (1) appoint him as Lead Plaintiff for this Action, and all subsequently-filed, related actions; and (2) approve his selection of Bernstein Liebhard as Lead Counsel and Bragar Eagel & Squire as Liaison Counsel for the proposed Class.

Dated: January 14, 2020

Respectfully submitted,

/s/ *Melissa A. Fortunato*
Melissa A. Fortunato (Bar No. 319767)
Marion C. Passmore (Bar No. 228474)
**BRAGAR EAGEL & SQUIRE, P.C.**
601 S. Figueroa Street, Suite 4050
Los Angeles, California 90117
Tel.: (213) 330-3359
Fax: (212) 214-0506
Email: fortunato@bespc.com
            passmore@bespc.com

*Counsel for Randy Marker and Proposed Liaison Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein (*pro hac vice* to be filed)
Laurence J. Hasson (*pro hac vice* to be filed)

Matthew E. Guarnero (*pro hac vice* to be filed)
10 East 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
Email:  bernstein@bernlieb.com
        lhasson@bernlieb.com
        mguarnero@bernlieb.com

*Counsel for Randy Marker and Proposed Lead Counsel for the Proposed Class*