Melissa A. Fortunato (Bar No. 319767)
Marion C. Passmore (Bar No. 228474)
**BRAGAR EAGEL & SQUIRE, P.C.**
601 S. Figueroa Street, Suite 4050
Los Angeles, California 90117
Tel.: (213) 330-3359
Fax: (212) 214-0506
Email:  fortunato@bespc.com
        passmore@bespc.com

*Proposed Liaison Counsel for the Proposed Class*

(*Additional Counsel on signature page*)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MICHAEL CHUPA, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br>   vs.<br><br>ARMSTRONG FLOORING, INC., MICHAEL VERMETTE, DONALD MAIER, LARRY McWILLIAMS, DOUGLAS BINGHAM, and RONALD FORD,<br><br>      Defendants. | Case No.: 2:19-cv-09840-CAS<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF RANDY MARKER'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF HIS SELECTION OF COUNSEL, AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS**<br><br>Judge:   Hon. Christina A. Snyder<br>Hearing Date: February 24, 2020<br>Time: 10:00 AM<br>Courtroom: 8D- 8th Floor |

MEMO P&AS IN FURTHER SUPPORT OF RANDY MARKER'S MOT. FOR APPT. AS LEAD PLAINTIFF AND FOR APPROVAL OF HIS SELECTION OF COUNSEL, AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS, 2:19-cv-09840-CAS

Lead Plaintiff Movant Randy Marker respectfully submits this memorandum of points and authorities in further support of his motion for appointment as Lead Plaintiff in the above-referenced putative securities class action (the "Action"), for approval of his selection of Counsel for the proposed Class, and in opposition to the competing Lead Plaintiff motions of: (i) Harry Lerner; and (ii) David Swee.[1]

### PRELIMINARY STATEMENT

Mr. Marker has the largest financial interest of any movant before the Court. Indeed, his financial losses exceed that of Mr. Lerner by 33% and of Mr. Swee by 700%. Mr. Marker also satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Thus, he is entitled to the PSLRA's strong presumption that he is the "most adequate plaintiff" in this Action. There is no "proof" here to rebut the strong presumption in Mr. Marker's favor. Accordingly, Mr. Marker should be appointed Lead Plaintiff for the proposed Class.

In securities class actions, the PSLRA directs courts to appoint as Lead Plaintiff the movant with the "largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This Circuit has provided limited guidance on how a district court should calculate each potential lead plaintiff's interest in the litigation. *In re Cavanaugh*, 306 F.3d 726, 730 n.4 (9th Cir. 2002); *In re Cloudera, Inc. Sec. Litig.*, No. 19-cv-03221-LHK 2019 WL 6842021 at *3 (N.D. Cal. Dec. 16, 2019). As a result, courts in this District "may select accounting methods that are both rational and consistently applied," and they generally equate financial interest with the approximate economic losses suffered by the movant. *In re Cavanaugh*, 306 F.3d at 730 n.4. Here, it simply does not matter which accounting method this Court adopts to calculate economic loss because Mr. Marker's losses

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meanings as set forth in Mr. Marker's opening memorandum. *See* ECF. No. 16.

MEMO P&AS IN FURTHER SUPPORT OF RANDY MARKER'S MOT. FOR APPT. AS LEAD PLAINTIFF AND FOR APPROVAL OF HIS SELECTION OF COUNSEL, AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS, 2:19-cv-09840-CAS

exceed those of any other movant under the two chief methods of calculating damages: "LIFO" (last in, first out) and "FIFO" (first in, first out).  *See* Figures 1 & 2 *infra*.

Mr. Marker suffered $30,403.18 in losses under both of the traditional accounting methods – LIFO and FIFO – in connection with his purchases of Armstrong Flooring, Inc. ("Armstrong") securities during the Class Period.  See ECF No. 17-3.  In contrast, Mr. Lerner purports to have lost $22,774.63 and Mr. Swee purports to have lost $4,204.43.  Mr. Marker's losses, therefore, are undeniably substantially greater than the losses suffered by any competing movant.  As set forth herein, Mr. Marker's financial interest also exceeds that of the other movants under each of the *Lax* factors, which some courts also consider when assessing financial interest at the lead plaintiff stage.

Mr. Marker also satisfies the typicality and adequacy requirements of Rule 23. *Puente v. Chinacast Educ. Corp*., No. CV 12-4621-JFW PLAx, 2012 WL 3731822, at *3 (C.D. Cal. Aug. 22, 2012) ("With respect to typicality and adequacy, '[a] wide ranging analysis . . . is not appropriate' to determine whether [the movant] has made a prima facie showing that it satisfies the requirements of Rule 23, and such a wide ranging analysis 'should be left for consideration on a motion for class certification.").  Mr. Marker's claims are typical of those of other Class members because they are based on the same legal theory, and arise from the same events and course of conduct as the Class' claims.  As to his adequacy, Mr. Marker's investment experience and substantial financial interest will ensure his vigorous prosecution of the Class' claims.  Moreover, Mr. Marker has no conflicts of interest with other Class members.  Mr. Marker has further demonstrated his adequacy by selecting experienced counsel in securities litigation, Bernstein Liebhard, as proposed Lead Counsel for the Class.

In light of the foregoing, Mr. Marker is entitled to the PSLRA's strong presumption that he is the most adequate plaintiff in this Action.  Mr. Marker's presumptive lead plaintiff status can only be rebutted "upon proof" that he is

MEMO P&AS IN FURTHER SUPPORT OF RANDY MARKER'S MOT. FOR APPT. AS LEAD PLAINTIFF AND FOR APPROVAL OF HIS SELECTION OF COUNSEL, AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS, 2:19-cv-09840-CAS

- 2 -

inadequate or atypical to represent the Class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  There is no such proof here.

Accordingly, Mr. Marker respectfully submits that the Court should grant his motion in its entirety and deny the competing lead plaintiff motions.

## ARGUMENT

### A. THE COURT SHOULD APPOINT MR. MARKER AS LEAD PLAINTIFF

#### 1. Mr. Marker Has the Largest Financial Interest in the Relief Sought by the Class

Mr. Marker has the largest financial interest in this Action.  In determining the movant with the largest financial interest, many courts consider the most important factor to be approximate economic losses under LIFO.  *See* 15 U.S.C. § 78u-4; *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) ("[t]he weight of authority puts the most emphasis on the competing movants' estimated losses, using a [LIFO] methodology").  Here, it is beyond dispute that Mr. Marker's losses vastly exceed those of the competing movants under both LIFO and FIFO:

Figure 1

| Movant | FIFO LOSS | LIFO LOSS |
| --- | --- | --- |
| Randy Marker | ($30,403.18) | ($30,403.18) |
| | | |
| Harry Lerner | ($22,774.63) | ($22,774.63) |
| | | |
| David Swee | ($4,204.43) | ($4,204.43) |

Some courts also consider the so-called *Lax* factors when assessing financial interest at the lead plaintiff stage.  *See Lax v. First Merchants Acceptance Corp.*, No.

MEMO P&AS IN FURTHER SUPPORT OF RANDY MARKER'S MOT. FOR APPT. AS LEAD PLAINTIFF AND FOR APPROVAL OF HIS SELECTION OF COUNSEL, AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS, 2:19-cv-09840-CAS

97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11 1997) (outlining four relevant factors as "(1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs"). *Cf. Melucci v. Corcept Therapeutics Inc.*, No. 19-CV-01372-LHK, 2019 WL 4933611, at *3 (N.D. Cal. Oct. 7, 2019) ("[t]o evaluate approximate economic losses, courts frequently weigh four factors that were first introduced in *Lax v. First Merchants Acceptance Corp.,* 1997 WL 461036, at *5 (N.D. Ill. Aug. 11 1997), and *In re Olsten Corporation Securities Litigation*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)"). When Courts in this Circuit apply the *Lax* factors, they tend to give the final factor, economic loss, the most emphasis and tend to use LIFO to calculate each movant's economic loss. *See Longo v. OSI Sys., Inc.*, No. LA 17-CV-08841 VAP (SKx), 2018 WL 4860145, at *4 (C.D. Cal. Mar. 1, 2018). An analysis of the *Lax* factors here yields the same result – Mr. Marker has the largest financial interest of any movant in this Action by a wide margin.

Indeed, Mr. Marker significantly surpasses the competing movants on all of the *Lax* factors:

Figure 2

| Movant | Total Shares Purchased | Net Shares Purchased | Net Expenditures | FIFO LOSS | LIFO LOSS |
|---|---|---|---|---|---|
| Randy Marker | 9,138 | 5,200 | ($50,886.46) | ($30,403.18) | ($30,403.18) |
| | | | | | |
| Harry Lerner | 2,184 | 2,184 | ($31,864.56) | ($22,774.63) | ($22,774.63) |
| | | | | | |
| David Swee | 1,000 | 1,000 | ($8,224.00) | ($4,204.43) | ($4,204.43) |

MEMO P&AS IN FURTHER SUPPORT OF RANDY MARKER'S MOT. FOR APPT. AS LEAD PLAINTIFF AND FOR APPROVAL OF HIS SELECTION OF COUNSEL, AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS, 2:19-cv-09840-CAS

Accordingly, Mr. Marker has the largest financial interest in this Action under the *Lax* factors.

### 2. Mr. Marker Also Satisfies Rule 23's Typicality and Adequacy Requirements

In appointing a lead plaintiff, a district court must determine whether the movant has made a *prima facie* showing of Rule 23 typicality and adequacy. *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal. 2005). This analysis is relatively straightforward and is not a beauty contest among movants. *See Vancouver Alumni Asset Holdings, Inc. v. Daimler AG,* No. CV 16-02942-SJO (KSx), 2016 WL 10646304, at *3 (C.D. Cal. July 20, 2016); *see also Cavanaugh*, 306 F.3d at 732 ("[s]o long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job"); *see also Marsh v. First Bank of Del.*, No. 11-CV-05226-WHO, 2014 WL 554553, at *9 (N.D. Cal. Feb. 7, 2014) ("The 'most important' issue remains whether the class representative's 'interests are antagonistic to those of the class members.'").

Here, Mr. Marker satisfies the typicality and adequacy requirements of Rule 23 and does not possess any interests that are antagonistic to the Class. *Id.* Mr. Marker's claims are typical of those of other Class members because, just like other Class members, he purchased Armstrong's securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of this Action. Mr. Marker's claims are based on the same legal theories and arise from the same events and course of conduct as the Class' claims, and therefore, he satisfies the typicality requirements of Rule 23.

Mr. Marker is also adequate to serve as Lead Plaintiff. Mr. Marker has no conflicts with other Class members, and has chosen Bernstein Liebhard, counsel with substantial experience litigating securities class actions, as proposed lead counsel. *See*

MEMO P&AS IN FURTHER SUPPORT OF RANDY MARKER'S MOT. FOR APPT. AS LEAD PLAINTIFF AND FOR APPROVAL OF HIS SELECTION OF COUNSEL, AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS, 2:19-cv-09840-CAS

- 5 -

Bernstein Liebhard firm resume (ECF No. 17-4). *See also Schwartz v. Opus Bank*, No. CV-16-07991-AB (JPRx), 2017 WL 5468820, at \*2 (C.D. Cal. Feb. 23, 2017) *(*"[Rule 23(a)'s] adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation."). Thus, Mr. Marker has sufficiently shown his adequacy under Rule 23.

Accordingly, Mr. Marker satisfies the adequacy and typicality requirements of Rule 23 and should be appointed as Lead Plaintiff.

### 3. No Movant Can Rebut The PSLRA's Strong Presumption In Favor Of Appointing Mr. Marker Lead Plaintiff

In accordance with the PSLRA, Mr. Marker is entitled to a strong presumption of being the "most adequate plaintiff" because he has the largest financial interest in this Action and has made a *prima facie* showing of his typicality and adequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). That presumption can only be rebutted "upon proof" that Mr. Marker is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Tanne*, 226 F.R.D. at 669 ("[a]s noted in *Cendant*, 'once the presumption is triggered, the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a fair and adequate job'").

Rebutting the presumption in favor of appointing Mr. Marker as lead plaintiff requires the competing movants to meet a high burden which is only satisfied upon ***proof*** that Mr. Marker is inadequate or atypical. Mere speculation is not sufficient to rebut the presumption. *See Maiman v. Talbott*, No. SACV 09-0012 AG (ANx), 2009 WL 10675075, at \*4 (C.D. Cal. Sept. 14, 2009) (competing movants must provide proof not mere speculation to rebut the presumption in favor of the movant with the largest financial loss); *In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, &*

MEMO P&AS IN FURTHER SUPPORT OF RANDY MARKER'S MOT. FOR APPT. AS LEAD PLAINTIFF AND FOR APPROVAL OF HIS SELECTION OF COUNSEL, AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS, 2:19-cv-09840-CAS

- 6 -

*Prod. Liab. Litig.*, No. 2672 CRB (JSC), 2016 WL 5930844, at \*5 (N.D. Cal. Oct. 11, 2016) (presumption is not rebutted when the competing movant provided the court with no evidence besides mere speculation).

Mr. Marker cannot anticipate with certainty what arguments, if any, the two competing movants will make in an effort to rebut the PSLRA's strong presumption in his favor. However, based on communications with at least one of the law firms representing one of the two competing movants, it appears likely that Mr. Marker's adequacy will be challenged. To the extent any movant seeks to attack Mr. Marker's adequacy based on his twenty-year old conviction – which he disclosed on the first page of his opening brief – courts have repeatedly rejected such arguments in similar circumstances. *See*, *e.g.*, *In re Groupon, Inc. Securities Litigation*, No. 12 C 2450, 2012 WL 3779311 at \*4 (N.D. Ill., Aug. 28, 2012) (convictions that occurred over twenty-five years ago do not call into question a lead plaintiff movant's adequacy to serve as lead plaintiff); *Nevarez v. Forty Niners Football Co., LLC*, 326 F.R.D. 562, 583 (N.D. Cal. 2018) (rejecting arguments that a proposed class representative was inadequate because he had prior convictions that, like Mr. Marker's single conviction, were unrelated to the subject and alleged violations at issue in the case). Mr. Marker made a mistake a long time ago, which he disclosed and deeply regrets; he has paid his debt to, and become a contributing member of, society. He should be able to continue to do so by serving as lead plaintiff here – for which is he is more than adequate.

## B. THE COMPETING LEAD PLAINTIFF MOTIONS SHOULD BE DENIED

As demonstrated *supra*, Mr. Marker has the largest financial interest in this Action by a wide margin, he has made a *prima facie* showing of his typicality and adequacy, and there is no proof to rebut the strong presumption in favor of appointing him as Lead Plaintiff. Thus, the Court should grant Mr. Marker's motion and deny

MEMO P&AS IN FURTHER SUPPORT OF RANDY MARKER'S MOT. FOR APPT. AS LEAD PLAINTIFF AND FOR APPROVAL OF HIS SELECTION OF COUNSEL, AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS, 2:19-cv-09840-CAS

- 7 -

the competing lead plaintiff motions.  Mr. Marker reserves the right to further address the competing movants' adequacy or typicality, if necessary, should they oppose Mr. Marker's lead plaintiff motion.

## CONCLUSION

For the foregoing reasons, Mr. Marker respectfully requests that the Court grant his motion to: (1) appoint him as Lead Plaintiff in the Action, and all subsequently-filed, related actions; (2) approve Bernstein Liebhard as Lead Counsel and Bragar Eagel & Squire, P.C. as Liaison Counsel; and (3) deny all competing motions.

Dated: February 3, 2020                    Respectfully submitted,

/s/*Melissa A. Fortunato*
Melissa A. Fortunato (Bar No. 319767)
Marion C. Passmore (Bar No. 228474)
**BRAGAR EAGEL & SQUIRE, P.C.**
601 S. Figueroa Street, Suite 4050
Los Angeles, California 90117
Tel.: (213) 330-3359
Fax: (212) 214-0506
Email:  fortunato@bespc.com
          passmore@bespc.com

**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein (*pro hac vice* to be filed)
Laurence J. Hasson (*pro hac vice* to be filed)
Joseph R. Seidman (*pro hac vice* to be filed)
Matthew E. Guarnero (*pro hac vice* to be filed)
10 East 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
Email:  bernstein@bernlieb.com
          lhasson@bernlieb.com
          seidman@bernlieb.com
          mguarnero@bernlieb.com

MEMO P&AS IN FURTHER SUPPORT OF RANDY MARKER'S MOT. FOR APPT. AS LEAD PLAINTIFF AND FOR APPROVAL OF HIS SELECTION OF COUNSEL, AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS, 2:19-cv-09840-CAS

*Counsel for Randy Marker and Proposed Lead Counsel for the Proposed Class*

Avi Wagner (Cal Bar. No. 226688)
**THE WAGNER FIRM**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Tel: 310-491-7949
Fax: 310-694-3967

*Additional Local Counsel for Randy Marker*

MEMO P&AS IN FURTHER SUPPORT OF RANDY MARKER'S MOT. FOR APPT. AS LEAD PLAINTIFF AND FOR APPROVAL OF HIS SELECTION OF COUNSEL, AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS, 2:19-cv-09840-CAS

- 9 -

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old.  On February 3, 2020, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on this 3rd day of February, 2020.

/s/ Melissa A. Fortunato
Melissa A. Fortunato

MEMO P&AS IN FURTHER SUPPORT OF RANDY MARKER'S MOT. FOR APPT. AS LEAD PLAINTIFF AND FOR APPROVAL OF HIS SELECTION OF COUNSEL, AND IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS, 2:19-cv-09840-CAS