**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com

*Attorneys for Movant Harry Lerner*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CHUPA, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>       v.<br><br>ARMSTRONG FLOORING, INC., MICHEL VERMETTE, DONALD MAIER, LARRY McWILLIAMS, DOUGLAS BINGHAM, and RONALD FORD,<br><br>       Defendants. | No. 2:19-cv-09840-CAS<br><br>**HARRY LERNER'S MEMORDANDUM OF POINTS AND AUTHORITIES IN REPLY AND FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Judge: Christina A. Snyder<br>Date: February 24, 2020<br>Time: 10:00 a.m.<br>Courtroom #8D |

## I.      PRELIMINARY STATEMENT

Harry Lerner ("Mr. Lerner") should be appointed lead plaintiff. The only other movant with a greater financial interest in the litigation, Randy Marker ("Mr. Marker"), fails to meet the "adequacy" requirements under Rule 23 and, therefore, has not demonstrated his ability to serve as the lead plaintiff.[1] Whereas there were already concerns about Mr. Marker's ability to serve as lead plaintiff, Mr. Marker's opposition brief adds to the ever growing list of issues with appointing him lead plaintiff.

Not only is Mr. Marker a convicted felon who served over eight years in prison for a violent armed robbery, has little to no investing experience, and may seriously lack the ability to supervise his chosen counsel and participate int his lawsuit, a third law firm has now been added by Mr. Marker's counsel's signature block without explanation or reason. Previous concerns existed about Mr. Marker's ability to oversee just *one* firm serving as counsel (Lerner Opp ECF No. 23, pp. 6-7). There is even further concern that Mr. Marker can oversee *three* counsel to ensure there is no duplication of work and the case is litigated in the best interest of the Class. The collection of three separate law firms is indicative of lawyer-driven litigation, and not being properly overseen by Mr. Marker.

Notably, Mr. Marker has also refused to provide any additional information about himself on opposition, even after acknowledging that other movants were going to oppose his appointment based on adequacy. Counsel for Mr. Lerner questioned Mr. Marker's current condition and investment experience in a letter to counsel, yet the only information proffered by Mr. Marker about himself has been information which continues to cast doubt on his ability to adequately represent the Class.

With Mr. Marker eliminated as a class representative due to his inadequacies,

---

[1] The only two remaining movants before the Court are (1) Harry Lerner ("Mr. Lerner"), and (2) Randy Marker ("Mr. Marker"). David Swee filed a non-opposition to the competing movants on February 3, 2020. See ECF No. 22.

Mr. Lerner posseses the next largest financial interest in the litigation, and satisfies Rule 23, and therefore is entitled to the presumption of "most adequate plaintiff to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II), *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002),  Other competing movants vying for the lead plaintiff position had the chance to rebut Mr. Lerner's lead plaintiff presumption, but no movant has done so. *See* Marker Opposition. ECF No. 26 ("Marker Opp.") and Swee Non-Opposition (ECF No. 22).

## II.     ARGUMENT

### A.     Mr. Marker Has Not Demonstrated His Ability to Represent the Class.

Under the PSLRA, this Court is directed to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). A lead plaintiff must be able to prosecute the action vigorously, and the inability to properly oversee the litigation gives reason to find a lead plaintiff movant inadequate. *See* Lerner Opposition. ECF No. 23, pp. 4-5. ("Lerner Opp.").

One of the principal legislative purposes behind the PSLRA was to prevent lawyer-driven litigation and to "curb the use of… figurehead plaintiffs who would serve the interests of plaintiffs' lawyers, not the class." *In re Network Assocs., Inc., Sec. Litig.,* 76 F. Supp. 2d 1017, 1047 (N.D. Cal. 1999); *see also Bowman v. Legato Sys.,* 195 F.R.D. 655, 658 (N.D. Cal. 2000) ("The [PSLRA] was intended to create a new model for securities fraud litigation, under which the district court would appoint a strong lead plaintiff who would actively manage the litigation on behalf of the class."). "[A]ctive and able representatives must be able to ensure that counsel do not litigate with a view toward ensuring payment for their services without sufficient regard to whether their clients are receiving adequate compensation in light of evidence of wrongdoing." *Garbowski v. Tokai Pharm., Inc.*, 302 F. Supp.

3d 441, 447 (D. Mass. 2018) (citing S. Rep. No. 104-98, at *6 (1995)(reprinted in U.S.C.C.A.N. 679)) (internal quotations omitted). To prevent lawyer-driven litigation and protect the interests of absent class members, "Class counsel must be monitored by an…informed client." *Serna v. Big A Drug Stores, Inc.,* No. 07-cv-0276-CJC-MLGx, 2007 U.S. Dist. LEXIS 82023, at *8 (C.D. Cal. Oct. 9, 2007).

In this instance, Mr. Marker's past raises significant concerns about his adequacy to serve as a lead plaintiff in this complex litigation. Mr. Marker is a convicted felon who spent nearly a decade in prison. We are unaware of his current mental capacity or ability to handle the stress of representing the Class. Lerner Opp. ECF No. 23, pp. 2-3. Mr. Marker also has very little investing experience, which undermines his ability to understand and make deicisons upon the complex allegations of this litigation, which require a heightened degree of competency and experience. Due to his inexperience and ongoing rehabilitation, Mr. Marker would be unable to properly oversee this litigation and supervise his Counsel.

Mr. Marker's adequacy to represent the Class is now further challenged after the filing of his opposition, as demonstrated by the addition of yet a third law firm to the case. Mr. Marker's opening motion for appointment as lead plaintiff indicated that he had selected the firm of Bernstein Liebhard LLP to serve as "Lead Counsel" with Bragar Eagel & Squire, P.C. serving as "Liaison Counsel." Marker Brief ECF No. 16, pp. 7-8. However, Mr. Marker's opposition now inexplicably lists three firms as counsel, with the addition of The Wagner Firm as "Additional Local Counsel." Marker Opp. ECF No. 26, p. 9. The addition of the Wagner Firm as "Additional Local Counsel" is peculiar, as another California firm would not be needed if "Bragar, Eagel, & Squire maintains offices in this District, and has extensive securities class action experience." Marker Brief ECF No. 16, p. 9.

Mr. Marker gives absolutely no explanation for why he has now decided to add The Wagner Firm, why three separate law firms are needed in this Action, to what extent each three law firms are involved in this Action, or how Marker intends

to oversee three separate law firms throughout the litigation. When appointing a lead plaintiff, the PSLRA intended for the shareholder to always stay informed, actively participate in, and demonstrate that they are directing the Action. *Garbowski*, 302 F. Supp. 3d at 446-47. Courts should also exercise "independent judgment" when assessing if a movant's appointment advances the "substantive policies" of the PSLRA. *Id*. At this point, it appears that Mr. Marker's appointment would not.

**B.    Mr. Marker Has Not Provided Enough Information to Make a *Prima Facie* Showing of Adequacy.**

Prior to filing his opposition brief, Mr. Marker was aware that other movants (Mr. Lerner in particular) were already questioning his adequacy, and even cited it in his opposition brief. Marker Opp. ECF No. 26, p. 7. Yet he still opted to not provide additional information about himself, in the form of declaration or otherwise, to the Court for consideration. Instead, Mr. Marker's opposition brief simply argues that the questions raised about his adequacy are somehow a "wide-ranging analysis" that is not appropriate at this stage and should be left for class certification. Marker Opp. ECF No 26, p. 2. But the questions raised so far as to Mr. Marker's adequacy are not even remotely "wide-ranging." These questions of his adequacy come directly from the information he provided.

In a similar case decided just last year, *Camp v. Qualcomm*, the movant with the largest loss, Singh, was opposed by the next largest movant, Mistry, based on adequacy concerns. No. 18-cv-1208-AJB-BLM, 2019 U.S. Dist. LEXIS 10269, at *7 (S.D. Cal. Jan. 22, 2019) ("*Qualcomm I*"). During the briefing, Singh provided no additional information about himself. *Id*. at *9 (although he included a declaration, Singh failed to include any basic information about himself). Ultimately, the Court found that the movant with the largest loss did not meet the requirements of Rule 23. *Id*. at 10.

Unlike the movant in *Qualcomm I*, Mr. Marker has not even attempted to

provide any additional information about himself, through declaration or otherwise, knowing that his adequacy was in question. Instead, he argues simply that he "made a mistake a long time ago," and that his prior bad acts should not be considered. Mr. Marker is incorrect, as one does not mistakenly take a bomb into a bank and demand money. That is a conscious decision that he made and, as the Eleventh Circuit Court of Appeals acknowledged, endangered the lives of multiple people indiscriminately.  Like the movant in *Qualcomm I*, Mr. Marker should also be found to not meet the Rule 23 requirements. Unlike Mr. Marker, Mr. Lerner has provided enough information to make a *prima facie* showing of Rule 23 requirements and should be appointed lead plaintiff.

Remarkably, Mr. Marker's counsel attempts to circumvent the briefing process by stating he "reserves the right to further address the competing movants' adequacy or typicality, if necessary, ***should they oppose*** Mr. Marker's lead plaintiff motion." Marker Opp. ECF No. 26, p. 8 (emphasis added). Mr. Marker was fully aware his appointment was being opposed. In the same opposition brief, Mr. Marker acknowledges that his adequacy is being challenged based on the demand letter received from Mr. Lerner's counsel. *Id*. at p. 7. Mr. Marker cannot "further address" anyone's adequacy or typicality because he has failed to do so thus far. By not addressing any concerns head about the other movants on opposition, Mr. Marker has failed to preserve those arguments for reply. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.,* 802 F. Supp. 2d 1125 (C.D. Cal. 2011) ("[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."); *Kohler v. Inter-Tel Techs*., 244 F.3d 1167, 1182 (9th Cir. 2001) ("Issues raised in a brief which are not supported by argument are deemed abandoned.").

Courts in this district and across the country have repeatedly found that meaningful information about a movant for lead plaintiff is needed to make a *prima facie* showing of adequacy. *See In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.,* 209

F.R.D. 447 (C.D. Cal. 2002) (Court rejected application for lead plaintiff on adequacy where investors provided no evidence they were competent to serve); *Karp v. Diebold Nixdorf, Inc.,* 2019 U.S. Dist. LEXIS 188670, at \*16-17 (S.D.N.Y. Oct. 30, 2019) (Movants failed to make a prima facie showing when they "provided the Court with little to go on with respect to their alleged capacity to manage this litigation."); *Piven v. Sykes Enterprises, Inc.,* 137 F. Supp. 2d 1295, 1305 (M.D. Fla. 2000) (Found movant inadequate with a "dearth of information…in the record"); *In re Conseco, Inc. Sec. Litig.,* 120 F. Supp. 2d 729, 733 (S.D. Ind. 2000) (A bare certification did not provide the Court with "confidence that as a sole individual investor, he is capable of adequately representing the purported class and controlling lead counsel."). A mere preliminary showing of adequacy requires a movant to provide some information about [himself], and simply stating that one is adequate due to no conflicts of interest between [himself] and the class is not enough. *Qualcomm I,* 2019 U.S. Dist. LEXIS 10269, at \*8-9 ;, *Camp v. Qualcomm Inc.,* No. 3:18-cv-1208-AJB-BLM, 2019 U.S. Dist. LEXIS 130746, at \*2 (S.D. Cal. Aug. 5, 2019) ("*Qualcomm II*"). Mr. Marker not only did not provide the Court with enough information to make a *prima facie* showing of adequacy, the scarce amount of information he did provide warrants finding him ***inadequate***.

## III.    CONCLUSION

For the foregoing reasons, Mr. Lerner respectfully requests the Court grant his Motion and enter an order: (1) appointing Mr. Lerner as Lead Plaintiff for the Class in the Action; (2) approving Levi & Korsinsky as Lead Counsel for the Class; and (3) granting whatever other relief the Court deems proper.

Dated: February 10, 2020

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

 /s/ *Adam M. Apton*
Adam M. Apton (SBN 316506)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com

*Attorneys for Harry Lerner*

## CERTIFICATE OF SERVICE

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

I am an attorney at Levi & Korsinsky, LLP, with offices at 445 South Figueroa Street, 31st Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On February 10, 2020, I electronically filed the following: **HARRY LERNER'S MEMORDANDUM OF POINTS AND AUTHORITIES IN REPLY AND FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on February 10, 2020.

  _/s/ Adam M. Apton_
  Adam M. Apton