Melissa A. Fortunato (Bar No. 319767)
Marion C. Passmore (Bar No. 228474)
**BRAGAR EAGEL & SQUIRE, P.C.**
101 California Street, Suite 2710
San Francisco, California 94111
Tel.: (415) 365-7149
Fax: (212) 214-0506
Email: fortunato@bespc.com
          passmore@bespc.com

*Proposed Liaison Counsel for the Proposed Class*

(*Additional Counsel on signature page*)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL CHUPA, Individually and on behalf of all others similarly situated, | Case No.:  2:19-cv-09840-CAS |
| | **CLASS ACTION** |
| Plaintiff, | |
| vs. | **REPLY MEMPORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF RANDY MARKER'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF HIS SELECTION OF COUNSEL, AND IN FURTHER OPPOSITION TO COMPETING MOTIONS** |
| ARMSTRONG FLOORING, INC., MICHAEL VERMETTE, DONALD MAIER,  LARRY McWILLIAMS, DOUGLAS BINGHAM, and RONALD FORD, | |
| Defendants. | |
| | Judge:  Hon. Christina A. Snyder |
| | Hearing Date: February 24, 2020 |
| | Time: 10:00 AM |
| | Courtroom: 8D- 8th Floor |

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................1

ARGUMENT ...........................................................................................................3

   I.  MARKER IS THE PRESUMPTIVE LEAD PLAINTIFF ...........................3

   II. LERNER OFFERS SPECULATION – NOT THE "PROOF" THAT THE PSLRA DEMANDS – THAT MARKER IS INADEQUATE TO SERVE AS LEAD PLAINTIFF ...................................................................................................4

   III.  DISCOVERY IS NOT WARRANTED HERE .........................................8

CONCLUSION .......................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

Cases

*Bodri v. GoProp Inc.*,
   No. 16-cv-00232-JST, 2016 WL 1718217 (N.D. Cal. Apr. 28, 2016) ............................ 6

*Broadfoot v. Barrick Gold Corp.*,
   No. 17 Civ. 3507 (NRB), 2017 WL 3738444 (S.D.N.Y. Aug. 9, 2017) ........................ 8

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ................................................................................. 3, 6

*Deinnocentis v. Dropbox, Inc.*,
   No. 19-cv-06348-BLF, 2020 WL 264408 (N.D. Cal. Jan. 16, 2020) ............................ 4

*Delgado v. New Albertson's, Inc.*,
   No. 8:08-cv-00806-DOC (MLGx), 2010 WL 11507599 (C.D. Cal. Mar. 15, 2010) ... 2, 6

*Fischler v. AmSouth Bancorporation*,
   No. 95-1567-Civ-T-17A, 1997 WL 118429 (M.D. Fla. Feb. 6, 1997) ........................... 8

*In re Arris Cable Modem Consumer Litig.*,
   327 F.R.D. 334 (N.D. Cal. 2018) ................................................................................. 7

*In re Groupon, Inc. Sec. Litig.*,
   No. 12 C 2450, 2012 WL 3779311 (N.D. Ill. Aug. 28, 2012) ..................................... 2, 6

*In re Network Assocs. Inc., Sec. Litig.*,
   76 F. Supp. 2d 1017 (N.D. Cal. 1999) .......................................................................... 8

*In re Surebeam Corp., Sec. Litig.*,
   No. 03 CV 1721 JM(POR), 2004 WL 5159061 (S.D. Cal. Jan. 5, 2004) ........................ 7

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) ............................................................................... 7, 8

*McCall v. Drive Fin. Servs., L.P.*,
   236 F.R.D. 246 (E.D. Pa. 2006) ............................................................................... 2, 6

*Nevarez v. Forty Niners Football Co., LLC*,
   326 F.R.D. 562 (N.D. Cal. 2018) .............................................................................. 6, 7

*Pena v. IBio, Inc.*,
  C.A. No. 14-1343-RGA (D. Del. Jan. 30, 2015)...............................................................8

*Pirelli v. Armstrong Tire Corp. Retiree Benefits Trust v. LaBranche & Co.*,
  229 F.R.D. 395 (S.D.N.Y. 2004).................................................................................2, 6

*Scuderi v. Mammoth Energy Servs., Inc.*,
  No. CIV-19-522-SLP, 2019 WL 4397340 (W.D. Okla. Sept. 13, 2019) ........................6

*Smyth v. China Agritech, Inc.*,
  No. CV 13-03008-RGK (PJWx), 2013 WL 12136605 (C.D. Cal. Sept. 26, 2014)..........5

*Springer v. Code Rebel Corp.*,
  No. 16-cv-3492-AJN, 2017 WL 838197 (S.D.N.Y. Mar. 2, 2017) .................................7

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ........................................................................................4

**Statutes**

15 U.S.C. § 78u-4.....................................................................................................3, 8

15 U.S.C. § 78u-4(B)(iii)(i) ..........................................................................................1

Cal. Civ. Proc. Code § 203 (West)..............................................................................2, 7

Cal. Const. art. II, § 2 & 4...........................................................................................2, 7

**Rules**

Fed. R. Evid. R. 609(b) ..............................................................................................1, 5

**Regulations**

17 CFR §401(f)(2) ........................................................................................................6

17 CFR § 229.401(f)(2) .................................................................................................2

Lead plaintiff movant Randy Marker respectfully submits this reply in further support of his motion for appointment as lead plaintiff and approval of his selection of counsel for the proposed Class, and in opposition to the competing lead plaintiff motion of Harry Lerner.[1]

## PRELIMINARY STATEMENT

Marker has a larger financial interest than Lerner (the only other movant before the Court) and has made a *prima facie* showing of his typicality and adequacy under Rule 23. Marker is therefore entitled to the PSLRA's "strong" presumption of being the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(B)(iii)(i).  Lerner has not presented the Court with the "proof" (*see id.*) required to rebut Marker's presumptive lead plaintiff status. Accordingly, the Court should appoint Marker as lead plaintiff.

Lerner concedes the financial interest factor to Marker, but attacks Marker's adequacy with the only argument he can muster – sensationalizing a twenty-year old conviction that Marker disclosed on the first page of his motion.[2]  Marker's voluntary disclosure of his conviction was made front and center to be perfectly transparent with the Court about an incident that occurred almost twenty years ago that Marker deeply regrets.  But Marker has paid his debt to society and should not go on being punished, particularly not under these circumstances where he, like the proposed Class, has been a victim of alleged securities fraud.

Federal law, California law, the Securities and Exchange Commission (the "SEC"), and the federal court system overwhelmingly support that a twenty-year old conviction

---

[1] David Swee originally also filed a competing motion but he filed a response recognizing that he is not the presumptive lead plaintiff.  *See* ECF No. 22.  Unless otherwise defined herein, capitalized terms have the same meanings as in Marker's opening memorandum. *See* ECF No. 16.

[2] Lerner shamelessly exploits Marker's twenty-year old conviction.  *See* Br. 7 ("the Court should have serious doubts as to whether Mr. Marker will turn back to violent crime"); *id*. at 1 (Marker has "spent the past two decades dealing with a conviction and prison sentence").  Lerner should not be rewarded for it.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF RANDY MARKER'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF HIS SELECTION OF COUNSEL, AND IN FURTHER OPPOSITION TO COMPETING MOTIONS -2:19-cv-09840-CAS - 1

does not impact Marker's ability to serve as lead plaintiff. First, federal law recognizes that evidence of a conviction over 10 years old is not admissible at trial. *See* Fed. R. Evid. R 609(b). Marker's incident is almost twice as old. Second, the SEC does not require directors or even executive officers of a company to disclose past convictions that are more than ten years old. *See* 17 CFR § 229.401(f)(2). Thus, according to the SEC, Marker would not even have to disclose his conviction if he was to serve as Defendant Armstrong Flooring's CEO, but according to Lerner, he cannot serve in a representative capacity for individuals allegedly defrauded by Armstrong and its officers despite disclosure to the Court. That is absurd. Third, courts around the country have appointed individuals with prior convictions as lead plaintiffs or class representatives where their convictions were either long ago or did not relate to the claims at issue. *See, e.g.*, *Delgado v. New Albertson's, Inc.*, No. 8:08-cv-00806-DOC (MLGx), 2010 WL 11507599, at *4 (C.D. Cal. Mar. 15, 2010) (certifying a class where the class representative had prior felony convictions); *McCall v. Drive Fin. Servs., L.P.*, 236 F.R.D. 246, 252 (E.D. Pa. 2006) (fifteen year old conviction for robbery did not give rise to a conflict between the proposed class representative and class members). Marker's conviction is both twenty years old and unrelated to securities fraud and therefore, it should not impede his ability to serve as lead plaintiff here.

Fourth, the State of California entrusts individuals with past criminal convictions with the right to vote for political officials (Cal. Const. art. II, § 2 & 4) and to serve on juries (Cal. Civ. Proc. Code § 203 (West)). There is no reason or logic to drawing the line at serving as a lead plaintiff in a securities fraud case.

In addition to having the largest financial interest of any movant, Marker has made a *prima facie* showing of his adequacy to serve as a lead plaintiff in this Action, which is all that is required at this stage. Marker has more than two years of investing experience in the securities markets and also invests in real estate. Lerner claims that Marker is not as sophisticated as him, but Lerner's level of sophistication is inapposite here and, more importantly, does not diminish Marker's Rule 23 adequacy. Indeed, the Ninth Circuit

soundly rejected Lerner's "beauty contest" argument a long time ago in *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002) ("[s]o long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job"). 306 F.3d at 732. Whether Lerner has more investing experience is irrelevant under *Cavanaugh*.

Finally, Lerner has also demanded abusive discovery of Marker, including about Marker's psychological history and treatment, which Marker declined and further submits that the Court should not allow. There is simply no "reasonable basis" to allow Lerner to go on a fishing expedition in discovery here (*see* 15 U.S.C. § 78u-4). Marker's conviction is twenty years old, does not relate to the claims at issue in any way, and, tellingly, Lerner has not presented the Court with any proof, let alone a more current basis, to rebut the presumption. Lerner's speculative and irresponsible attacks on Marker are as unseemly as it would be for Marker to turn around and argue that an 87-year-old like Lerner is too old to serve as a lead plaintiff and should be subjected to discovery relating to his health and mental state. Marker makes no such arguments.

For all these reasons and those given in his earlier submissions, the Court should grant Marker's motion in its entirety.

## ARGUMENT

### I. MARKER IS THE PRESUMPTIVE LEAD PLAINTIFF

Marker's financial interest is $30,403 and Lerner's interest is $22,774. *See* ECF No. 26 at 4. Thus, of the two remaining movants, Marker has a larger financial interest. Marker has also sufficiently demonstrated his *prima facie* typicality and adequacy to serve as lead plaintiff. Thus, Marker is the presumptive lead plaintiff under the PSLRA. *See* 15 U.S.C. § 78u-4.

Lerner argues that his loss is only "slightly" smaller (ECF No. 23 at 1) than Marker's but that is inaccurate – Marker's financial interest is about 40% greater. That is a significant difference. Congress included the financial interest provision in the PSLRA because it believed that an investor's financial interest would be directly proportional to

his or her dedication to the case. Marker's much larger financial interest gives him a significantly stronger incentive to see this case through and monitor it and his counsel.

Marker has also demonstrated his adequacy. "The test for adequacy asks whether the lead plaintiff and its counsel 'have any conflicts of interest with other class members' and whether the lead plaintiff and his counsel will 'prosecute the action vigorously on behalf of the class.'" *Deinnocentis v. Dropbox, Inc.*, No. 19-cv-06348-BLF, 2020 WL 264408, at \*4 (N.D. Cal. Jan. 16, 2020) (citing *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003)). Marker meets this standard because he has no conflicts with other class members and his large financial interest (the largest) ensures that he will "vigorously" prosecute the action. *Deinnocentis*, 2020 WL 264408, at \*4.

## II. LERNER OFFERS SPECULATION – NOT THE "PROOF" THAT THE PSLRA DEMANDS – TO REBUT THE PRESUMPTION IN FAVOR OF MARKER

Lerner has failed to rebut Marker's presumptive lead plaintiff status. Lerner argues that Marker is inadequate to serve as lead plaintiff because Lerner claims more investing experience and because Marker has a twenty-year old conviction. These arguments fall flat. As argued above, Marker has demonstrated his *prima facie* adequacy. *See supra* at 2.

Marker's more than two years investing experience (which includes investing in real estate) are ample to make him an adequate lead plaintiff. Indeed, the Ninth Circuit has explicitly rejected Lerner's claim that courts deciding lead plaintiff motions must try to determine who is more adequate:

> [Whether a court] believes another plaintiff may be "more typical" or "more adequate" is of no consequence. So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job….
>
> Nor does the [PSLRA] authorize the district judge to examine the relative merits of plaintiffs seeking lead status on a round-robin basis. The statutory

---

process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.

*Cavanaugh*, 306 F. 3d at 732.  *See also id*. ("a straightforward application of the statutory scheme, as outlined above, provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case").  Thus, the issue is not whether Lerner has more investing experience than Marker.  The issue is whether Marker has sufficiently demonstrated his adequacy.  He has – the PSLRA does not provide any requirement as to investing sophistication.  Marker has more than two years of investing experience (*see* ECF No. 16 at 1), which is sufficient for him to understand and lead this action.  Accordingly, Marker is adequate to serve as lead plaintiff.[3]

Marker's twenty-year old conviction also does not render him inadequate to serve as lead plaintiff, and the fact that this is the only argument that Lerner can make is indicative of the fact that Marker is, in fact, adequate.

First, it is instructive that Marker's conviction is inadmissible under Federal Rule of Evidence 609(b), which provides that evidence of a crime for which more than ten years have passed since a witness's conviction or release from confinement, whichever is later, cannot be used to impeach a witness.  This is significant as it shows that courts recognize that people change and that crimes from over a decade ago should not be held against people any longer.

---

[3] Lerner's reliance on *In re Vaxgen Sec. Litig*., No. C 03-1129 JSW (N.D. Cal. Apr. 14, 2004) (Order at 8), on this point is misplaced.  There, the court appointed the movant with the largest financial interest who also submitted information about his background – it did not appoint a movant with a smaller loss because the movant with the bigger loss did not provide enough detail on his background.  Lerner's reliance on *China Agritech, Inc*. fares no better.  *See Smyth v. China Agritech, Inc.*, No. CV 13-03008-RGK (PJWx), 2013 WL 12136605, at *6 (C.D. Cal. Sept. 26, 2014) (disqualifying class representative as inadequate where it was argued that this representative was bound by a settlement in a previous, related litigation and may have been subject to a claim preclusion defense).

Likewise, the SEC has determined that directors or offices of a company do not have to disclose past convictions that are more than ten years old.  17 CFR § 401(f)(2) provides, in relevant part, that a company must only disclose criminal convictions of directors or executive officers that are (i) less than ten years old and (ii) material to evaluate the ability or integrity of the individual.  The inescapable irony of this rule fatally contradicts Lerner's argument.

In addition, many courts have appointed individuals with prior convictions as lead plaintiffs or class representatives.  *See*, *e.g.*, *McCall*, 236 F.R.D. at 252 (holding that a fifteen year old conviction for robbery did not give rise to a conflict between the proposed class representative and class members); *Delgado*, 2010 WL 11507599, at \*4 (certifying a class where the class representative had prior felony convictions); *Scuderi v. Mammoth Energy Servs.*, Inc., No. CIV-19-522-SLP, 2019 WL 4397340, at \*4 (W.D. Okla. Sept. 13, 2019) (appointing movant with 27-year old felony drug conviction as part of lead plaintiff group); *Bodri v. GoProp Inc.*, No. 16-cv-00232-JST, 2016 WL 1718217, at \*5 (N.D. Cal. Apr. 28, 2016) (appointing an investor entity as lead plaintiff despite the fact that the owner of the entity had "pled guilty to making false statements on a shipper's export declaration, in violation of federal law"); *In re Groupon, Inc. Sec. Litig.*, No. 12 C 2450, 2012 WL 3779311, at \*4 (N.D. Ill. Aug. 28, 2012*)* (appointing individual investor as lead plaintiff where the investor had three DUI convictions and declared bankruptcy previously); *Pirelli v. Armstrong Tire Corp. Retiree Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 417 (S.D.N.Y. 2004) (appointing lead plaintiff who allegedly violated the rules of the Chicago Mercantile Exchange and explaining that courts generally reject the most adequate plaintiff presumption only where the proposed lead plaintiff is suspected of violating the precise laws he wishes to invoke).  Marker's twenty-year-old conviction is unrelated to securities fraud, and therefore, should have no bearing on his ability to adequately represent the Class in alleging a securities fraud claim.

Lerner's argument regarding Marker's past conviction is particularly misplaced in this Circuit.  In *Nevarez v. Forty Niners Football Co., LLC*, 326 F.R.D. 562, 583 (N.D.

Cal. 2018), the defendants argued that the proposed class representative's earlier convictions for assaults with deadly weapons and DUI convictions made them inadequate to serve as class representatives. 326 F.R.D. at 583. This argument was "not well taken" by the court. *Id.* at 583. The court noted that the proposed representatives' convictions occurred over twenty years ago, did not involve fraud or dishonesty, and had no relationship to the pending case. *Id. See also In re Arris Cable Modem Consumer Litig.*, 327 F.R.D. 334, 356 (N.D. Cal. 2018), *leave to appeal denied sub nom. Reyna v. Arris Int'l PLC*, No. 18-80099, 2018 WL 6167340 (9th Cir. Nov. 8, 2018) (individual with twenty-year old felony conviction was an adequate and typical class representative).[4]

Finally, it speaks volumes that the State of California entrusts individuals with past criminal convictions with the right to vote for political officials and serve on juries. Cal. Const. art. II, § 2 & 4; Cal. Civ. Proc. Code § 203 (West).[5] It is impossible to reconcile this with Lerner's claim that Marker should not be allowed to serve as a lead plaintiff in a securities fraud case. California laws reflect the U.S. criminal justice system's attempt to foster rehabilitation, its willingness to see beyond old convictions, and its decision to assist people in reforming their lives and moving forward rather than being branded forever by a bad act in the distant past. These are laudable goals.

---

[4] Lerner cites *In re Surebeam* on this point. But in that case, the court disqualified a lead plaintiff that **at the time** was the subject of over 60 complaints to securities industry regulators including misrepresentation, unauthorized trading in client accounts, and use of unsuitable investments – very similar to the claims the movant was making in the case – and it was even "unclear at the time whether those accusations involved Surebeam securities." *In re Surebeam Corp., Sec. Litig.*, No. 03 CV 1721 JM(POR), 2004 WL 5159061, at *7 (S.D. Cal. Jan. 5, 2004). Here, Marker's conviction occurred almost twenty years ago and does not relate in any way to securities fraud or Armstrong. Likewise, *Springer v. Code Rebel Corp.*, No. 16-cv-3492-AJN, 2017 WL 838197, at *1-2 (S.D.N.Y. Mar. 2, 2017), simply stands for the proposition that lead plaintiff movants must be adequate under Rule 23. *Compare* ECF No. 23 at 8.

[5] Thus, California legislators have rejected Lerner's claim that Marker should not "make decisions on behalf of others." *Compare* ECF NO. 23 at 7.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF RANDY MARKER'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF HIS SELECTION OF COUNSEL, AND IN FURTHER OPPOSITION TO COMPETING MOTIONS -2:19-cv-09840-CAS - 7

## III.    DISCOVERY IS NOT WARRANTED HERE

There is no "reasonable basis" for Lerner's attempted and downright abusive fishing expedition into Marker's distant past. *See* 15 U.S.C. § 78u-4. *See*, *e.g.*, *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 347–48 (S.D.N.Y. 2009) (denying request for limited discovery, including deposition of movant; finding that "[t]he PSLRA provides for discovery . . . *in limited circumstances*, requiring the plaintiff first demonstrate[ ]a reasonable basis for a finding that the presumptively most adequate plaintiff is *incapable* of adequately representing the class") (citation omitted).    Marker's twenty-year old conviction does not render him "incapable of adequately representing the class." *Id*. And Lerner has not added any basis for discovery on Marker other than what Marker himself disclosed on page one of his motion.    Moreover, California lawmakers, the SEC, and numerous federal courts recognize that old convictions should not haunt someone forever and render them unable to be productive and participating members of society. Marker has paid his debt and his crime was many years ago; he should be allowed to move on with his life and do things others do – such as serving as lead plaintiff here. Lerner's demand to dredge up Marker's past should be rejected.[6]

---

[6] Lerner's citations in favor of his argument that discovery of Marker is necessary do not bear scrutiny. *See Fischler v. AmSouth Bancorporation,* No. 95-1567-Civ-T-17A, 1997 WL 118429, at *3-4 (M.D. Fla. Feb. 6, 1997) (discovery warranted on proposed lead plaintiff who was acting to protect rights of a separate class proceeding in a separate class action); *Broadfoot v. Barrick Gold Corp.,* No. 17 Civ. 3507 (NRB), 2017 WL 3738444, at *1 (S.D.N.Y. Aug. 9, 2017) (allowing discovery where there was evidence of short selling and day trading); *In re Network Assocs. Inc., Sec. Litig.*, 76 F. Supp. 2d 1017 (N.D. Cal. 1999) (accusations of improper solicitation and criminal activity by law firms, one movant was being actively investigated for a crime); *Pena v. IBio, Inc.*, C.A. No. 14-1343-RGA (D. Del. Jan. 30, 2015), Memorandum Order at 1-2 (a typographical error on a movant's sworn certification led the court to question whether the movant and his counsel were adequate).

## IV.   CONCLUSION

For the foregoing reasons and those given in his opposition memorandum, Marker respectfully requests that the Court grant his motion to: (1) appoint him as lead plaintiff in the Action, and all subsequently-filed, related actions; (2) approve Bernstein Liebhard as Lead Counsel and Bragar Eagel & Squire as Liaison Counsel; and (3) deny all competing motions.

Dated: February 10, 2020           Respectfully submitted,

/s/ *Melissa A. Fortunato*
Melissa A. Fortunato (Bar No. 319767)
Marion C. Passmore (Bar No. 228474)
**BRAGAR EAGEL & SQUIRE, P.C.**
101 California Street, Suite 2710
San Francisco, California 94111
Tel.: (415) 365-7149
Fax: (212) 214-0506
Email: fortunato@bespc.com
            passmore@bespc.com

*Counsel for Randy Marker and Proposed Liaison Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein (*pro hac vice* to be filed)
Laurence J. Hasson (*pro hac vice* to be filed)
Joseph R. Seidman (*pro hac vice* to be filed)
Matthew E. Guarnero (*pro hac vice* to be filed)
10 East 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
Email:  bernstein@bernlieb.com
            lhasson@bernlieb.com
            seidman@bernlieb.com
            mguarnero@bernlieb.com

REPLY MEMPORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF RANDY MARKER'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF HIS SELECTION OF COUNSEL, AND IN FURTHER OPPOSITION TO COMPETING MOTIONS -2:19-cv-09840-CAS - 9

*Counsel for Randy Marker and Proposed Lead Counsel for the Proposed Class*

Avi Wagner (Cal Bar. No. 226688)
**THE WAGNER FIRM**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Tel: 310-491-7949
Fax: 310-694-3967

*Additional Local Counsel for Randy Marker*