| Case No. | 2:19-CV-09840-CAS (MRWx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | CHUPA V. ARMSTRONG FLOORING, INC., ET AL. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| PATRICIA BLUNT | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Adam M. Apton | Zack Faigen |
| Charissa Morningstar | |
| Casey E. Sadler | |

**Proceedings:** MOTION OF HARRY LERNER FOR APPOINTMENT AS LEAD PLAINTIFF (ECF No. 8, filed on January 14, 2020)

MOTION OF DAVID SWEE FOR APPOINTMENT AS LEAD PLAINTIFF (ECF No. 12, filed on January 14, 2020)

MOTION OF RANDY MARKER FOR APPOINTMENT AS LEAD PLAINTIFF (ECF No. 15, filed on January 14, 2020)

## I.  INTRODUCTION AND BACKGROUND

Plaintiff Michael Chupa filed this proposed securities class action against defendants Armstrong Flooring, Inc. ("AF") and related persons and entities (collectively, "defendants") on November 15, 2019. See ECF No. 1 ("Compl."). Movants Harry Lerner, David Swee, and Randy Marker (collectively, "movants") are plaintiff-investors in AF who claim to have suffered losses as a result of defendants' securities law violations related to their alleged failure to disclose material information between March 6, 2018 and November 4, 2019. Id. ¶¶ 1-8. Before the Court are each of their motions for appointment as lead plaintiff, and for approval of their selection of counsel as lead counsel, filed on January 14, 2020 pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B). See ECF No. 8 ("Lerner Mot."), ECF No. 12 ("Swee Mot."), ECF No. 15 ("Marker Mot.").

The movants filed oppositions on February 3, 2020, see ECF No. 22 ("Swee Opp."), ECF No. 23 ("Lerner Opp."), ECF No. 26 ("Marker Opp."), and replies on February 10, 2020, see ECF No. 28 ("Lerner Reply"), ECF No. 29 ("Marker Reply"), ECF No. 30

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:19-CV-09840-CAS (MRWx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | CHUPA V. ARMSTRONG FLOORING, INC., ET AL. | | |

("Swee Reply"). The Court held a hearing on March 2, 2020. Having considered the parties arguments and submissions, the Court finds and concludes as follows.

## II.  LEGAL STANDARD

The PSLRA provides that "the district court shall appoint a lead plaintiff 'that the court determines to be most capable of adequately representing the interests of the class members.'" Z-Seven Fund, Inc. v. Motorcar Parts & Accessories, 231 F.3d 1215, 1217–18 (9th Cir. 2000) (quoting 15 U.S.C. § 78u–4(a)(3)(B)(i)). "In making this determination, the court is to apply a rebuttable presumption that the most adequate plaintiff is the applicant who [1] has the largest financial interest in the relief sought and [2] otherwise meets the requirements of Rule 23 of the Federal Rules of Civil Procedure." Id. at 1217.

"If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff. If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23" for "typicality" and "adequacy." In re Cavanaugh, 306 F.3d 726, 730 (9th Cir. 2002). Once the Court identifies the presumptive lead plaintiff, this presumption can be rebutted only by "proof" that the presumptive candidate for appointment "will not fairly and adequately represent the class, or is subject to unique defenses." Z-Seven Fund, 231 F.3d at 1218 (quoting 15 U.S.C. § 78–u4(a)(3)(B)(iii)(II)). "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements" of Rule 23(a), "he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." In re Cavanaugh, 306 F.3d at 732.

## III.  DISCUSSION

The court must decide whether to appoint Lerner, Swee, or Marker as lead plaintiff. In making this decision, the Court begins by presuming that the most adequate lead plaintiff is the movant "who has the largest financial interest in the relief sought *and* otherwise meets the requirements of Rule 23." In re Gemstar-TV Guide Int'l, Inc. Sec. Litig., 209 F.R.D. 447, 450 (C.D. Cal. 2002) (initiating its analysis by determining the presumptive lead plaintiff on this basis) (emphasis added) (citing Z-Seven Fund, 231 F.3d at 1217-18).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:19-CV-09840-CAS (MRWx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | CHUPA V. ARMSTRONG FLOORING, INC., ET AL. | | |

After determining the presumptive lead plaintiff, the Court considers any arguments to rebut that presumption. Id.

### A. Presumptive Lead Plaintiff

In this case, Lerner claims losses caused by defendants' alleged securities fraud totaling approximately $22,774.63 (see Lerner Mot. at 1), Marker claims losses totaling $30,403.18 (see Marker Mot. at 2), and Swee claims losses totaling $4,204.43 (see Swee Mot. at 4). The movants do not challenge the accuracy of, or the method used to calculate, these amounts.

Following the procedure set forth by the PSLRA and described in In re Cavanaugh, the Court first considers whether Marker, who has the largest claimed financial losses, "provides information that satisfies" the typicality and adequacy requirements of Rule 23 sufficient to be named the presumptive lead plaintiff. In re Cavanaugh, 306 F.3d at 730. At this stage, "a wide ranging analysis" of these requirements "is not appropriate" and "should be left for consideration on a motion for class certification." Puente v. Chinacast Educ. Corp., No. 12-CV-04621-JFW (PLAx), 2012 WL 3731822, at *3 (C.D. Cal. Aug. 22, 2012) (internal marks omitted); see also In re Cendant Corp. Litig., 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry (i.e., the determination of whether the movant with the largest interest in the case 'otherwise satisfies' Rule 23) should be confined to determining whether the movant has made a prima facie showing of typicality and adequacy."). "[N]othing more than a preliminary showing is required" to satisfy this inquiry. Wenderhold v. Cylink Corp., 188 F.R.D. 577, 587 (N.D. Cal. 1999).

Marker contends that his claims are typical of the proposed class because he (i) claims to have suffered the same injuries as the class (i.e. financial losses in the relevant securities) as a result of the same course of conduct by the defendants (i.e. failing to make certain material disclosures), and (ii) bases his claims on the same legal theories (i.e. that the defendants' failure to make certain material disclosures violated the securities laws) as the rest of the class. See Marker Mot. at 5. The Court finds that these submissions are sufficient to establish that Marker's claims are typical since "they are reasonably co-extensive with those of absent class members." B.K. by next friend Tinsley v. Snyder, 922 F.3d 957, 969–70 (9th Cir. 2019) (holding that a "named plaintiff's representative claims are 'typical' if they" meet this standard, and "need not be substantially identical") (citing Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:19-CV-09840-CAS (MRWx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | CHUPA V. ARMSTRONG FLOORING, INC., ET AL. | | |

Marker next contends that he will adequately and fairly protect the interests of all class members. "The test for adequacy asks whether the lead plaintiff and its counsel 'have any conflicts of interest with other class members' and whether the lead plaintiff and his counsel will 'prosecute the action vigorously on behalf of the class.'" Deinnocentis v. Dropbox, Inc., No. 19-CV-06348-BLF, 2020 WL 264408, at *4 (N.D. Cal. Jan. 16, 2020) (quoting Staton v. Boeing Co., 327 F.3d 938, 957 (9th Cir. 2003)). Marker contends that he meets these requirements because he has no known conflicts with any class members,[1] because he has more than two years of experience as an investor in securities and real estate, and because he has retained specialized and experienced class counsel to help him vindicate his and the class's claims against defendants. See Marker Opp. at 5-6 (citing ECF No. 17-4, which attaches the resume of the Bernstein Liebhard firm that Marker has retained for their expertise in securities class action litigation). The Court finds that these submissions supply sufficient preliminary information to make a *prima facie* showing that Marker is an adequate representative at this stage of the litigation. See Knox v. Yingli Green Energy Holding Co. Ltd., 136 F. Supp. 3d 1159, 1165 (C.D. Cal. 2015) ("Rule 23(a)'s adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation.") (internal brackets omitted) (citing Staton, 327 F.3d at 957).

Based on the foregoing, the Court concludes that Marker is the "presumptively most adequate plaintiff." In re Cavanaugh, 306 F.3d at 730.

### B. Arguments Rebutting The Presumption

The Court next considers whether any movant has come forward with "proof" sufficient to rebut that presumption and displace Marker as lead plaintiff. See In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig., No. 16-CV-02672 CRB (JSC), 2016 WL 5930844, at *5 (N.D. Cal. Oct. 11, 2016) (explaining that this standard requires an opposing party to come forward with evidence, not just argument, demonstrating how appointing the presumed lead plaintiff "will affect the litigation" to the disadvantage of the class) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

---

[1] No other movant contends that Marker has any conflicts of interests with any other class member, either.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:19-CV-09840-CAS (MRWx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | CHUPA V. ARMSTRONG FLOORING, INC., ET AL. | | |

Only Lerner advances arguments challenging Marker's status as the presumptive lead plaintiff.[2] Specifically, Lerner contends that Marker cannot adequately represent the class because Marker (i) has less investment experience than the other movants, and (ii) pled guilty to, and was convicted for, armed bank robbery in 2001 and sentenced to 97 months in federal prison. Lerner contends that these facts demonstrate that Marker may lack the faculties, temperament, or experience necessary to adequately represent the class, serve as a fiduciary, or supervise counsel in this case. See generally Lerner Opp. at 4-7; Lerner Reply at 2-6.

Lerner's first argument is not well taken. The inquiry is not whether Marker is a more adequate representative than another proposed lead plaintiff, but whether Marker meets the adequacy threshold. See Cavanaugh, 306 F. 3d at 732 (holding that whether "another plaintiff may be 'more typical' or 'more adequate' is of no consequence" to the applicable analysis, which "provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case"). The Court has found that Marker has made a prima facie showing of adequacy, and is the presumptive lead plaintiff. That Lerner believes he might be more adequate than Marker is not the kind of argument that may rebut this presumption.

Lerner's second argument is also unavailing. "Most courts have rejected the contention that a proposed representative is inadequate because of prior *unrelated* unsavory, unethical, or even illegal conduct." 3 Newberg on Class Actions § 3.68 (5th ed. 2019) ("Newberg") (citing cases) (emphasis added). Exceptions have been made for unrelated criminal convictions only in a "few instances where issues of credibility" were raised by "confirmed examples of *past dishonesty* such as fraud or a criminal conviction" for an offense that requires proof of dishonesty. Id. (citing McCall v. Drive Fin. Servs., L.P., 236 F.R.D. 246, 251, n. 5 (E.D. Pa. 2006), which concluded that a plaintiff's prior criminal record is "irrelevant to the issue of adequacy to represent a class for particular claims or issues" unless "their past conduct indicates that vigorous prosecution of the

---

[2] Swee concedes that Marker and Lerner have larger claimed losses, and does not affirmatively oppose the selection of either Marker or Lerner as lead plaintiff. See Swee Opp. at 1. Swee nevertheless states that he "remains willing and able to serve as lead plaintiff or as class representative" if the Court determines that Marker or Lerner are "incapable or inadequate" to represent the class in this litigation. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES – GENERAL**

| Case No. | 2:19-CV-09840-CAS (MRWx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | CHUPA V. ARMSTRONG FLOORING, INC., ET AL. | | |

litigation on behalf of the class will not be fulfilled"). But in general, Courts *only* disqualify a proposed lead plaintiff because of his prior criminal history if his prior convictions are *related* to the claims they seek to prosecute on behalf of the proposed class. See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co., 229 F.R.D. 395, 417 (S.D.N.Y. 2004) ("[E]ven if the violations in question had been proven, they do not appear to represent the degree of serious misconduct that would require Empire's candidacy to be rejected at this stage, particularly . . . in the absence of any specific connection between the types of violations claimed and the execution fraud alleged here") (citing cases); see also Delgado v. New Albertson's, Inc., No. 08-CV-00806-DOC (MLGx), 2010 WL 11507599, at *4 (C.D. Cal. Mar. 15, 2010) (finding that the defendants "fail to cite a single case where *unrelated* criminal convictions served as a basis for finding that a class representative was not adequate," and agreeing that a plaintiff's unrelated "past felony criminal conviction," standing alone, is "irrelevant to [a] plaintiff's ability to represent the class vigorously and responsibly") (emphasis added, internal citations omitted).

Marker acknowledges on the first page of his motion that he was convicted for armed bank robbery in 2001. See Marker Mot. at 1 n.1. Since there is no contention or evidence that Marker's nearly twenty-year-old conviction for bank robbery is related to the securities fraud alleged in this case, the Court finds that his conviction should only preclude Marker from serving as lead plaintiff if that conviction demonstrates "past dishonesty" that might suggest the inability to serve as a fiduciary. See Newberg, § 3.68 (citing cases). "[I]n this circuit," however, "bank robbery is not per se a crime of dishonesty." United States v. Alexander, 48 F.3d 1477, 1488 (9th Cir. 1995) (holding that, for this reason, "prior robbery convictions are not admissible for impeachment purposes under Rule 609(a)(2)") (citing United States v. Brackeen, 969 F.2d 827, 829 (9th Cir. 1992)). While the gravity of Marker's offense is not to be understated, the Court accordingly cannot conclude that Marker's conviction for this crime prevents Marker from adequately representing the class.

A federal district court in the Northern District of California resolved substantially similar issues in favor of a proposed class representative, under the more onerous class certification standard of proof that applied to that class representative, despite a similar evidentiary record. In that case, White v. E-Loan, Inc., No. 05-CV-02080-SI, 2006 WL 2411420 (N.D. Cal. Aug. 18, 2006), plaintiff John White moved to certify a class asserting Fair Credit Reporting Act claims against defendant E-Loan for allegedly making material misrepresentations in its credit solicitation materials. Id. at *1. In opposition to White's motion, E-Loan argued that White could not adequately represent the proposed class,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:19-CV-09840-CAS (MRWx) | Date | March 2, 2020 |
| Title | CHUPA V. ARMSTRONG FLOORING, INC., ET AL. | | |

pursuant to Rule 23(a), because he had been convicted and served prison time on four separate occasions for four separate robberies that he committed between 1960 and 1978. Id. at *3. Though the court acknowledged that "serious concerns" as to a proposed lead plaintiff's "credibility at trial" may warrant a finding that a plaintiff cannot adequately represent a class, id. at *3 (citing Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1998)), the court rejected E-Loan's argument, identifying several factors that supported its decision. First, the court reasoned that "the relatively limited scope of this class action lawsuit and White's experienced class counsel" militated in favor of adequacy. Id. at *3. Second, because "[t]he last of White's convictions occurred almost 30 years ago," the Court found that it would be "a stretch to say that they remain strongly probative of a lack of personal integrity." Id. Third, the court found that, unlike other cases where prior criminal conduct prevented a finding of adequacy, White's prior convictions were not "related to his role as class representative." Id. (contrasting White's case with the plaintiff in In re Proxima Sec. Litig., No. 93-CV-1139-IEG (LSP), 1994 WL 374306 (S.D. Cal. 1994), whose "fraudulent conduct . . . occurred less than a year before [the] case was filed," and who "would be charged with upholding the same standards of conduct that he previously failed to meet" if he were to be appointed) (internal citation omitted).

The same reasoning applies here. This is a securities fraud class action limited to three discrete allegedly material disclosures that defendants allegedly failed to make during a defined time period. See Compl. ¶ 7 (alleging: "(1) that the Company had engaged in channel stuffing to artificially boost sales; (2) that the Company's internal control over inventory levels was not effective; and (3) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis"). Marker is represented by competent counsel experienced at prosecuting this kind of securities fraud litigation in the federal courts. See ECF No. 17-4 (Bernstein Liebhard firm background, cited above). Marker's crime also occurred nearly twenty years ago, and it does not relate to his role as a class representative in this case. The Court accordingly declines to find that Lerner's second argument concerning Marker's conviction rebuts the presumption that Marker should serve as the lead plaintiff.[3]

---

[3] In his reply brief, Lerner contends that Marker's decision to hire additional local counsel—a third law firm, The Wagner Firm, in addition to previously-appearing counsel at Bernstein Liebhard LLP ("Lead Counsel") and Bragar Eagel & Squire P.C. ("Liaison

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:19-CV-09840-CAS (MRWx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | CHUPA V. ARMSTRONG FLOORING, INC., ET AL. | | |

Having found that Marker is the presumptive lead plaintiff, and having found that no opposing party presents "proof" sufficient to rebut that presumption, the Court concludes that Marker shall be appointed lead plaintiff. In re Cavanaugh, 306 F.3d at 732.

## IV. CONCLUSION

IT IS SO ORDERED: the Court **GRANTS** Marker's motions for appointment as lead plaintiff and to appoint lead counsel, and **DENIES** Lerner's and Swee's related motions.[4] Pursuant to the Court's instruction at the hearing, Marker is directed to withdraw one of the two firms currently serving him as local counsel.

---

Counsel")—risks "duplication of work" and "lawyer-driven litigation" not "in the best interest of the Class" that Marker "may seriously lack the ability to supervise." See Lerner Reply at 1, 2-4. The Court appreciates that Congress enacted the PSLRA to "curb the use of . . . figurehead plaintiffs who would serve the interests of plaintiffs' lawyers, not the class." In re Network Assocs., Inc., Sec. Litig., 76 F. Supp. 2d 1017, 1047 (N.D. Cal. 1999). At oral argument, Marker's lead counsel explained that Marker was willing to withdraw one of the two local firms, if the Court required it.

[4] Lerner contends that limited discovery should be granted in the event that Marker, and not Lerner, is appointed lead plaintiff. See Lerner Opp. at 8-9. The PSLRA provides that "discovery relating to whether a member . . . of the purported plaintiff class is the most adequate plaintiff *may* be conducted by a plaintiff *only if* the plaintiff first demonstrates a reasonable basis for finding that the presumptively most adequate plaintiff is *incapable* of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iv) (emphasis added). Lerner asserts that discovery is necessary because "Marker has a violent criminal past which has presumably precluded him from gaining any real substantial investing experience." Lerner Opp. at 9.

Although, in some cases, courts have ordered early discovery to probe a lead plaintiff applicant's prior misconduct, these cases have generally involved allegations or suspicions that needed to be investigated and confirmed. See, e.g., Andrade v. Am. Apparel, Inc., No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:19-CV-09840-CAS (MRWx) | Date | March 2, 2020 |
|---|---|---|---|
| Title | CHUPA V. ARMSTRONG FLOORING, INC., ET AL. | | |

/ / /

/ / /

/ / /

/ / /

00:12
PB

---

10-CV-06352-MMM (RCx), 2011 WL 13131110, at *3 (C.D. Cal. Jan. 21, 2011) (ordering "early discovery regarding Rendelman's ability to serve as a fiduciary for the proposed class" because "if England's allegations regarding [Rendelman's] misconduct and tax underreporting are indeed accurate, Rendelman's fitness could well be called into question"); Applestein v. Medivation Inc., No. 10-CV-00998 MHP, 2010 WL 3749406, at *5 (N.D. Cal. Sept. 20, 2010) (granting early discovery to resolve lingering "concerns about Catoosa's transparency and its trading practices"). The facts here are different. Marker disclosed his criminal history on the first page of his motion for appointment, and there are no unresolved questions about the nature of his prior misconduct that need to be determined, or allegations whose accuracy require investigation. Marker's prior conviction was fully disclosed to the Court, and the Court has determined that it does not render him incapable of adequately representing the class. Lerner accordingly fails to raise a reasonable basis to subject Marker to early discovery at this juncture. His request is denied.