SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
DAVID A. SCHWARZ, Cal. Bar No. 159376
dschwarz@sheppardmullin.com
JOHN M. LANDRY, Cal. Bar No. 194374
jlandry@sheppardmullin.com
CHUNG H. CHAN, Cal. Bar. No. 328854
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:   213.620.1780
Facsimile:    213.620.1398

Attorneys for DONALD MAIER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL CHUPA, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARMSTRONG FLOORING, INC., MICHEL VERMETTE, DONALD MAIER, LARRY McWILLIAMS, DOUGLAS BINGHAM, DOMINIC RICE, and RONALD FORD,<br><br>Defendants. | Case No. 2:19-cv-09840-CAS<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT DONALD MAIER'S MOTION TO DISMISS AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS;**<br><br>The Hon. Christina A. Snyder<br><br>Hearing Date:    December 7, 2020<br>Hearing Time:    10:00 a.m.<br>Courtroom:        8D<br><br>[*Notice of Motion and Joinder, Memorandum of Points and Authorities, filed concurrently herewith, [Proposed] Order Granting Request for Judicial Notice and [Proposed] Order Granting Motion to Dismiss lodged concurrently herewith*] |

-1-

**TO THE ABOVE-CAPTIONED COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Donald Maier hereby requests that the Court take judicial Notice pursuant to Federal Rule of Evidence 201 of the following documents attached as **Exhibits 1 through 5** to this Request for Judicial Notice In Support Of Mr. Maier's Motion to Dismiss Amended Complaint for Violations of the Federal Securities Laws filed concurrently herewith:

1. **Exhibit 1:** a true and correct excerpt from the Federal Register, Volume 83, No. 137, containing a notice from the Office of the United States Trade Representative ("U.S.T.R."), dated July 17, 2018, accessed from https://www.govinfo.gov/content/pkg/FR-2018-07-17/pdf/2018-15090.pdf (last visited on August 16, 2020).

2. **Exhibit 2:** a true and correct copy of an announcement from the U.S.T.R.'s official website, titled "USTR Finalizes Tariffs on $200 Billion of Chinese Imports in Response to China's Unfair Trade Practices," dated September 18, 2018, accessed from https://ustr.gov/about-us/policy-offices/press-office/press-releases/2018/september/ustr-finalizes-tariffs-200 (last visited on August 16, 2020).

3. **Exhibit 3**: a true and correct excerpt from the Federal Register, Volume 83, No. 243, containing a notice from the U.S.T.R., dated December 19, 2018, accessed from https://www.govinfo.gov/content/pkg/FR-2018-12-19/pdf/2018-27458.pdf (last visited on August 16, 2020).

4. **Exhibit 4:** a true and correct excerpt from the Federal Register, Volume 84, No. 43, containing a notice from the U.S.T.R., dated March 5, 2019, accessed from https://www.govinfo.gov/content/pkg/FR-2019-03-05/pdf/2019-03935.pdf (last visited on August 16, 2020).

5. **Exhibit 5:** a true and correct excerpt from the Federal Register, Volume 84, No. 90, containing a notice from the U.S.T.R., dated May 9, 2019,

-2-

accessed from https://www.govinfo.gov/content/pkg/FR-2019-05-09/pdf/2019-09681.pdf (last visited on August 16, 2020).

Federal Rule of Evidence 201 allows the Court to take judicial notice of adjudicative facts that are not subject to reasonable dispute and can be readily determined from sources whose accuracy cannot be reasonably questioned.  Fed. R. Evid. 201(b).  Further, on a motion to dismiss, "it is proper for the district court to take judicial notice of matters of public record outside the pleadings." *Mir v. Little Co. of Mary Hospital*, 844 F.2d 646, 649 (9th Cir. 1988) (internal citations and quotations omitted).

Courts within the Ninth Circuit have held that the "contents of the Federal Register are judicially noticeable as a matter of law." *Forouzesh v. CVS Pharmacy, Inc.,* 2019 WL 652887, at *2 (C.D. Cal., Feb. 15, 2019) (citing 44 U.S.C. § 1507 ["The contents of the Federal Register shall be judicially noticed…"]; *Bayview Hunters Point Cmty. Advocates v. Metro. Transp. Comm'n,* 366 F.3d 692, 702 n.5 (9th Cir. 2004)).

Additionally, courts within the Ninth Circuit have held that "The Court may take judicial notice of publicly available information found on a government agency's website." *Arthur v. United States Industries Corporation,* 2018 WL 2276636, at *4 (C.D. Cal., May 17, 2018) (Snyder, J.) (citing *Gerritsen v. Warner Bros. Entm't Inc.,* 112 F.Supp.3d 1011, 1033 (C.D. Cal. 2015); *Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998-99 (9th Cir. 2010)).

The Court should take judicial notice of **Exhibits 1, 3, 4,** and **5** because they are contents of the Federal Register, and are therefore judicially noticeable as a matter of law.  The Court should take judicial notice of **Exhibit 2** because it is an announcement from a government agency, which is publicly available on that agency's website.  **Exhibits 1-5** are relevant because they are U.S.T.R. announcements relating to tariff actions taken by the Trump Administration in 2018

-3-

and 2019, which are referenced and discussed in the disclosures of Armstrong Flooring, Inc., which Plaintiff relies on in his Amended Complaint.

Dated:  August 17, 2020                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By        _____/s/ David A. Schwarz_____
                    DAVID A. SCHWARZ
                    JOHN M. LANDRY
                    CHUNG H. CHAN
          Attorneys for Defendant DONALD MAIER

-4-

DEFENDANT MAIER'S REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS AMENDED COMPLAINT

# Exhibit 1

# Exhibit 1

## OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE

**[Docket Number USTR–2018–0026]**

**Request for Comments Concerning Proposed Modification of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation**

**AGENCY:** Office of the United States Trade Representative.

**ACTION:** Request for comments and notice of public hearing.

**SUMMARY:** On June 20, 2018 (83 FR 28710), the U.S. Trade Representative (Trade Representative) provided notice of an initial action in the Section 301 investigation of the acts, policies, and practices of the Government of China related to technology transfer, intellectual property, and innovation. The initial action was the imposition of an additional 25 percent *ad valorem* duty on products of China with an annual trade value of approximately $34 billion, effective July 6, 2018. The June 20 notice also sought public comment on another proposed action, in the form of an additional 25 percent *ad valorem* duty on products of China with an annual trade value of approximately $16 billion. The public comment process in connection with the proposed additional action is ongoing. On July 6, 2018, China responded to the initial action by imposing increased duties on goods of the United States. In light of China's decision to respond to the investigation by imposing duties on U.S. goods, the Trade Representative proposes a modification of the action taken in this investigation. The proposed modification is to maintain the original $34 billion action and the proposed $16 billion action, and to take further action in the form of an additional 10 percent *ad valorem* duty on products of China with an annual trade value of approximately $200 billion. The products subject to this proposed supplemental action are classified in the HTSUS subheadings set out in the Annex to this notice. The Office of the U.S. Trade Representative (USTR) is seeking public comment and will hold a public hearing regarding this proposed modification of the action in the investigation.

**DATES:** To be assured of consideration, you must submit comments and responses in accordance with the following schedule:

*July 27, 2018:* Due date for filing requests to appear and a summary of expected testimony at the public

hearing, and for filing pre-hearing submissions.

*August 17, 2018:* Due date for submission of written comments.

*August 20–23, 2018:* The Section 301 Committee will convene a public hearing in the main hearing room of the U.S. International Trade Commission, 500 E Street SW, Washington, DC 20436 beginning at 9:30 a.m.

*August 30, 2018:* Due date for submission of post-hearing rebuttal comments.

**ADDRESSES:** USTR strongly prefers electronic submissions made through the Federal eRulemaking Portal: *http://www.regulations.gov.* Follow the instructions for submitting comments in sections D and F below. The docket number is USTR–2018–0026.

**FOR FURTHER INFORMATION CONTACT:** For questions about the ongoing investigation or proposed action, contact Arthur Tsao, Assistant General Counsel, or Justin Hoffmann, Director of Industrial Goods, at (202) 395–5725. For questions on customs classification of products identified in the Annex to this notice, contact *Traderemedy@cbp.dhs.gov.*

**SUPPLEMENTARY INFORMATION:**

### A. Background

On August 18, 2017, USTR initiated an investigation into certain acts, policies, and practices of the Government of China related to technology transfer, intellectual property, and innovation (82 FR 40213).

In a notice published on April 6, 2018 (83 FR 14906), the Trade Representative announced a determination that the acts, policies, and practices of the Government of China covered in the investigation are unreasonable or discriminatory and burden or restrict U.S. commerce. The April 6 notice also invited public comment on a proposed action in the investigation, in the form of an additional 25 percent *ad valorem* duty on products from China classified in a list of 1,333 tariff subheadings, with an annual trade value of approximately $50 billion. As explained in the notice, the level was appropriate both in light of the estimated harm to the U.S. economy, and to obtain elimination of China's harmful acts, policies, and practices.

The public comment process included two opportunities for the submission of written comments, and the opportunity to participate in a public hearing. USTR received thousands of submissions, and held a 3 day public hearing with more than 100 witnesses. The public versions of submissions and a transcript of the hearing are available on

*www.regulations.gov* in docket number USTR–2018–0005.

USTR and the interagency Section 301 Committee carefully reviewed the public comments and the testimony from the public hearing. USTR and the Section 301 Committee also carefully reviewed the extent to which the tariff subheadings in the April 6, 2018 notice include products containing industrially significant technology, including technologies and products related to China's ''Made in China 2025'' industrial policy program.

Based on this review process, the Trade Representative determined to take an initial action in the investigation, and to consider an additional proposed action. The Trade Representative announced the determination on June 15, 2018, and published a notice on June 20, 2018 (83 FR 28710). The Trade Representative narrowed the proposed list in the April 6 notice to 818 tariff subheadings, with an approximate annual trade value of $34 billion. This initial action became effective on July 6, 2018. The additional proposed action is an additional *ad valorem* duty of 25 percent on products of China classified in 284 tariff subheadings, with an annual trade value of approximately $16 billion. The June 20 notice explained that including these tariff subheadings in the Section 301 action would maintain the effectiveness of a $50 billion trade action. The public comment process in connection with the proposed additional action is ongoing.

### B. China's Response to the Action in the Investigation

The Government of China has chosen to respond to the initial U.S. action in the investigation by imposing retaliatory tariffs on U.S. goods, instead of addressing U.S. concerns with the unfair practices found in the investigation. On Friday, June 15, 2018, the day that the Trade Representative announced the initial action in the investigation, China issued a statement saying that it was imposing equivalent tariff measures on U.S. goods.

On Saturday, June 16, 2018, the Government of China specified that it would impose an additional 25 percent tariff on U.S. goods with a value of $50 billion (State Council Customs Tariff Commission 2018 Public Notice No. 5). China's announcement sets out two lists. The first list contains 545 tariff subheadings that supposedly corresponds to the initial U.S. $34 billion action, and had an effective date of July 6, 2018. The second list contains 114 tariff subheadings that supposedly corresponds to the additional proposed

$16 billion U.S. action, and will be effective on a date to be determined.

On Monday, June 18, 2018, the President issued a statement in response to China's announcement that it was imposing retaliatory tariffs on U.S. goods. *See https://www.whitehouse.gov/ briefings-statements/statement- president-regarding-trade-china-2/.* The statement ''directed the United States Trade Representative to identify $200 billion worth of Chinese goods for additional tariffs at a rate of 10 percent. After the legal process is complete, these tariffs will go into effect if China refuses to change its practices, and also if it insists on going forward with the new tariffs that it has recently announced.''

On July 6, 2018, the day the initial $34 billion action in the investigation became effective, the Government of China confirmed that it is going forward with the new tariffs it announced on June 16. China also has not changed the acts, policies, and practices identified in the investigation.

**C. Proposed Supplemental Action**

Section 301(b) of the Trade Act of 1974, as amended (Trade Act) provides that ''the Trade Representative shall take all appropriate and feasible action authorized under [Section 301(c)], subject to the specific direction, if any, of the President regarding any such action . . . to obtain the elimination of [the] act, policy, or practice'' covered in the investigation. Section 307 of the Trade Act provides that ''The Trade Representative may modify or terminate any action, subject to the specific direction, if any, of the President with respect to such action, that is being taken under [Section 301] if . . . such action is being taken under section 301(b) of this title and is no longer appropriate.'' In light of China's response to the $50 billion action announced in the investigation and its refusal to change its acts, policies, and practices, it has become apparent that U.S. action at this level is not sufficient to obtain the elimination of China's acts, policies, and practices covered in the investigation. Accordingly, the Trade Representative is proposing to modify the action in this investigation by maintaining the original $34 billion action and the proposed $16 billion action, and by taking a further, supplemental action. The Trade Representative proposes an additional 10 percent *ad valorem* duty on products of China covered in the attached list of 6,031 tariff subheadings. The attached list has an annual trade value of approximately $200 billion.

Modification of the action in this investigation by taking a supplemental $200 billion action is appropriate in light of the statutory goal of obtaining the elimination of the acts, policies, and practices covered in the investigation. China has shown that it will not respond to action at a $50 billion level by addressing U.S. concerns with China's acts, policies, and practices involving technology transfer, intellectual property, and innovation. Rather, China is responding to action at a $50 billion level by imposing retaliatory duties.

Supplemental action at a $200 billion level is in accord with the President's direction. In addition, action at this level is appropriate in light of the level of China's announced retaliatory action ($50 billion) and the level of Chinese goods imported into the United States ($505 billion in 2017). China's retaliatory action covers a substantial percentage of U.S. goods exported to China ($130 billion in 2017). In order to enhance effectiveness, the level of the U.S. supplemental action must cover a substantial percentage of Chinese imports.

In developing the list of tariff subheadings included in this proposed supplemental action, trade analysts considered products from across all sectors of the Chinese economy. The tariff subheadings considered by the analysts included subheadings that commenters suggested for inclusion in response to the April 6 notice. The selection process took account of likely impacts on U.S. consumers, and involved the removal of subheadings identified by analysts as likely to cause disruptions to the U.S. economy, as well as tariff lines subject to legal or administrative constraints.

To ensure the effectiveness of the action, any merchandise subject to the increased tariffs admitted into a U.S. foreign trade zone on or after the effective date of the increased tariffs, except those eligible for admission under ''domestic status'' as defined in 19 CFR 146.43, would have to be admitted as ''privileged foreign status'' as defined in 19 CFR 146.41, and would be subject upon entry for consumption to the additional duty.

**D. Request for Public Comments**

In accordance with section 304(b) of the Trade Act (19 U.S.C. 2414(b)), USTR invites comments from interested persons with respect to the proposed supplemental action to be taken in the investigation. To be assured of consideration, you must submit written comments by August 17, 2018, and post-

hearing rebuttal comments by August 30, 2018.

USTR requests comments with respect to any aspect of the proposed supplemental action, including:

• The specific tariff subheadings to be subject to increased duties, including whether the subheadings listed in the Annex should be retained or removed, or whether subheadings not currently on the list should be added.

• The level of the increase, if any, in the rate of duty.

• The appropriate aggregate level of trade to be covered by additional duties.

In commenting on the inclusion or removal of particular tariff subheadings listed in the Annex, USTR requests that commenters address specifically whether imposing increased duties on a particular product would be practicable or effective to obtain the elimination of China's acts, policies, and practices, and whether maintaining or imposing additional duties on a particular product would cause disproportionate economic harm to U.S. interests, including small- or medium-size businesses and consumers.

**E. Hearing Participation**

The Section 301 Committee will convene a public hearing in the main hearing room of the U.S. International Trade Commission, 500 E Street SW, Washington, DC 20436, beginning at 9:30 a.m. on August 20, 2018. You must submit requests to appear at the hearing by July 27, 2018. The request to appear must include a summary of testimony, and may be accompanied by a pre-hearing submission. Remarks at the hearing may be no longer than five minutes to allow for possible questions from the Section 301 Committee.

All requests to appear at the hearing must be in English and sent electronically via *www.regulations.gov.* To submit a request to appear at the hearing via *www.regulations.gov,* enter docket number USTR–2018–0026 on the home page and click ''search''. The site will provide a search-results page listing all documents associated with this docket. Find a reference to this notice and click on the link titled ''comment now!''. In the ''comment'' field, include the name, address, email address, and telephone number of the person presenting the testimony. Attach a summary of the proposed testimony, and a pre-hearing submission if provided, by using the ''upload file'' field. The file name should include both the name of the person who will be presenting testimony and the entity they represent. In addition, please submit a request to appear and a PDF of the summary of proposed testimony by

email to *301investigation@ustr.eop.gov.* In the subject line of the email, please include the name of the person who will be presenting testimony, followed by "request to appear". Please also include the name, address, email address, and telephone number of the person presenting testimony in the body of the email message.

**F. Procedures for Written Submissions**

All submissions must be in English and sent electronically via *www.regulations.gov.* To submit comments via *www.regulations.gov,* enter docket number USTR–2018–0026 on the home page and click "search." The site will provide a search-results page listing all documents associated with this docket. Find a reference to this notice and click on the link entitled "comment now!" For further information on using the *www.regulations.gov* website, please consult the resources provided on the website by clicking on "How to Use Regulations.gov" on the bottom of the home page. We will not accept hand-delivered submissions.

The *www.regulations.gov* website allows users to submit comments by filling in a "comment" field or by attaching a document using an "upload file" field. USTR prefers that you submit comments in an attached document. If you attach a document, it is sufficient to type "see attached" in the "comment" field. USTR prefers submissions in Microsoft Word (.doc) or searchable Adobe Acrobat (.pdf). If you use an application other than those two, please indicate the name of the application in the "comment" field.

File names should reflect the name of the person or entity submitting the comments. Please do not attach separate cover letters to electronic submissions; rather, include any information that might appear in a cover letter in the comments themselves. Similarly, to the extent possible, please include any exhibits, annexes, or other attachments in the same file as the comment itself, rather than submitting them as separate files.

For any comments submitted electronically that contain business confidential information, the file name of the business confidential version should begin with the characters "BC". Any page containing business confidential information must be clearly marked "BUSINESS CONFIDENTIAL" on the top of that page and the submission should clearly indicate, via brackets, highlighting, or other means, the specific information that is business confidential. If you request business confidential treatment, you must certify in writing that disclosure of the information would endanger trade secrets or profitability, and that the information would not customarily be released to the public. Filers of submissions containing business confidential information also must submit a public version of their comments. The file name of the public version should begin with the character "P". The "BC" and "P" should be followed by the name of the person or entity submitting the comments or rebuttal comments. If these procedures are not sufficient to protect business confidential information or otherwise protect business interests, please contact the USTR Tech Transfer Section 301 line at (202) 395–5725 to discuss whether alternative arrangements are possible.

USTR will post submissions in the docket for public inspection, except business confidential information. You can view submissions on the *https://www.regulations.gov* website by entering docket number USTR–2018–0026 in the search field on the home page.

**Robert E. Lighthizer,**
*United States Trade Representative.*

ANNEX

Note: All products that are classified in the 8-digit subheadings of the Harmonized Tariff Schedule of the United States (HTSUS) that are listed in this Annex are covered by the proposed supplemental action. The product descriptions that are contained in this Annex are provided for informational purposes only, and are not intended to delimit in any way the scope of the proposed action. Any questions regarding the scope of particular HTSUS subheadings should be referred to U.S. Customs and Border Protection. In the product descriptions, the abbreviation "nesoi" means "not elsewhere specified or included".

| HTSUS subheading | Product description |
|---|---|
| 0203.29.20 | Frozen retail cuts of meat of swine, nesoi. |
| 0203.29.40 | Frozen meat of swine, other than retail cuts, nesoi. |
| 0206.10.00 | Edible offal of bovine animals, fresh or chilled. |
| 0208.10.00 | Meat and edible meat offal of rabbits or hares, fresh, chilled or frozen. |
| 0208.90.20 | Meat and edible offal of deer, fresh, chilled or frozen. |
| 0208.90.25 | Frog legs, fresh, chilled or frozen. |
| 0210.19.00 | Meat of swine other than hams, shoulders, bellies (streaky) and cuts thereof, salted, in brine, dried or smoked. |
| 0301.11.00 | Live ornamental freshwater fish. |
| 0301.19.00 | Live ornamental fish, other than freshwater. |
| 0301.91.00 | Live trout. |
| 0301.92.00 | Live eels. |
| 0301.93.02 | Live carp. |
| 0301.94.01 | Other live Fish, Atlantic & Pacific Bluefin Tunas. |
| 0301.95.00 | Other live Fish, Southern Bluefin Tunas. |
| 0301.99.03 | Live Tench (Tinca Tinca), sheatfish (Silurus Glanis), bighead carp (Aristichthys Nobilis) and other fish, nesoi. |
| 0302.11.00 | Trout, fresh or chilled, excluding fillets, other meat portions, livers and roes. |
| 0302.13.00 | Pacific salmon, fresh or chilled, excluding fillets, other meat portions, livers and roes. |
| 0302.14.00 | Atlantic and Danube salmon, fresh or chilled, excluding fillets, other meat portions, livers and roes. |
| 0302.19.00 | Salmonidae other than trout or Pacific, Atlantic & Danube salmon, fresh or chilled, excluding fillets, other meat portions, livers & roes. |
| 0302.21.00 | Halibut and Greenland turbot, fresh or chilled, excluding fillets, other meat portions, livers and roes. |
| 0302.22.00 | Plaice, fresh or chilled, excluding fillets, other meat portions, livers and roes. |
| 0302.23.00 | Sole, fresh or chilled, excluding fillets, other meat portions, livers and roes. |
| 0302.24.00 | Turbots. |
| 0302.29.01 | Flat fish, nesoi, fresh or chilled, excluding fillets, other meat portions, livers and roes. |
| 0302.31.00 | Albacore or longfinned tunas, fresh or chilled, excluding fillets, other meat portions, livers and roes. |
| 0302.32.00 | Yellowfin tunas, fresh or chilled, excluding fillets, other meat portions, livers and roes. |
| 0302.33.00 | Skipjack or stripe-bellied bonito, fresh or chilled, excluding fillets, other meat portions, livers and roes. |
| 0302.34.00 | Bigeye tunas (Thunnas obesus), fresh or chilled, excluding fillets, other meat portions, livers and roes. |

# Exhibit 2

# Exhibit 2

About Us » Policy Offices » Press Office » Press Releases » 2018 » September » USTR Finalizes Tariffs on $200 Billion of Chinese Imports in Response to China's Unfair Trade Practices

# USTR Finalizes Tariffs on $200 Billion of Chinese Imports in Response to China's Unfair Trade Practices

09/18/2018

*Washington, DC* – As part of the United States' continuing response to China's theft of American intellectual property and forced transfer of American technology, the Office of the United States Trade Representative (USTR) today released a list of approximately $200 billion worth of Chinese imports that will be subject to additional tariffs.  In accordance with the direction of President Trump, the additional tariffs will be effective starting September 24, 2018, and initially will be in the amount of 10 percent.  Starting January 1, 2019, the level of the additional tariffs will increase to 25 percent.

The list contains 5,745 full or partial lines of the original 6,031 tariff lines that were on a proposed list of Chinese imports announced on July 10, 2018.  Changes to the proposed list were made after USTR and the interagency Section 301 Committee sought and received comments over a six-week period and testimony during a six-day public hearing in August.  USTR engaged in a thorough process to rigorously examine the comments and testimony and, as a result, determined to fully or partially remove 297 tariff lines from the original proposed list.  Included among the products removed from the proposed list are certain consumer electronics products such as smart watches and Bluetooth devices; certain chemical inputs for manufactured goods, textiles and agriculture; certain health and safety products such as bicycle helmets, and child safety furniture such as car seats and playpens.

In March 2018, USTR released the **findings of its exhaustive Section 301 investigation** that found China's acts, policies and practices related to technology transfer, intellectual property and innovation are unreasonable and discriminatory and burden or restrict U.S. commerce.

Specifically, the Section 301 investigation revealed:

- China uses joint venture requirements, foreign investment restrictions, and administrative review and licensing processes to require or pressure technology transfer from U.S. companies.
- China deprives U.S. companies of the ability to set market-based terms in licensing and other technology-related negotiations.
- China directs and unfairly facilitates the systematic investment in, and acquisition of, U.S. companies and assets to generate large-scale technology transfer.
- China conducts and supports cyber intrusions into U.S. commercial computer networks to gain unauthorized access to commercially valuable business information.

After separate notice and comment proceedings, in June and August USTR released two lists of Chinese imports, with a combined annual trade value of approximately $50 billion, with the goal of obtaining the elimination of China's harmful acts, policies and practices.  Unfortunately, China has been unwilling to change its policies involving the unfair acquisition of U.S. technology and intellectual property.  Instead, China responded to the United States' tariff action by taking further steps to harm U.S. workers and businesses.  In these circumstances, the President has directed the U.S. Trade Representative to increase the level of trade covered by the additional duties in order to obtain elimination of China's unfair policies.  The Administration will continue to encourage China to allow for fair trade with the United States.

A formal notice of the $200 billion tariff action will be published shortly in the Federal Register.

Click **here** to view the final tariff list.

###

Case 2:19-cv-09846-CAS-MRW Document 73 Filed 08/17/20 Page 11 of 21 Page ID #:1158

Select Language

Powered by Google Translate

- 9 -

Select Language

Powered by Google Translate

# Exhibit 3

# Exhibit 3

structure of Maritime Service Portfolios (MSPs)

—Updating of the GMDSS master plan and guidelines on MSI (maritime safety information) provisions

—Consequential work related to the new Polar Code

—Revision of SOLAS chapters III and IV for Modernization of the GMDSS, including related and consequential amendments to other existing instruments (2021)

—Response to matters related to the Radiocommunication ITU R Study Group and ITU World Radiocommunication Conference

—Measures to protect the safety of persons rescued at sea

—Developments in GMDSS satellite services

—Revised Performance Standards for EPIRBs operating on 406 MHz (resolution A.810(19)) to include Cospas-Sarsat MEOSAR and second generation beacons

—Further development of the provision of global maritime SAR services

—Guidelines on harmonized aeronautical and maritime search and rescue procedures, including SAR training matters

—Amendments to the IAMSAR Manual

—Unified interpretation of provisions of IMO safety, security, and environment-related Conventions

—Biennial status report and provisional agenda for NCSR 7

—Election of Chair and Vice-Chair for 2020

Members of the public may attend this meeting up to the seating capacity of the room. To facilitate the building security process, and to request reasonable accommodation, those who plan to attend should contact the meeting coordinator, George Detweiler, by email at *George.H.Detweiler@uscg.mil,* by phone at (202) 372–1566, or in writing at 2703 Martin Luther King Jr. Ave. SE, Stop 7418, Washington, DC 20593–7418 not later than January 2, 2019, 7 days prior to the meeting. Requests made after January 2, 2019 might not be able to be accommodated. In the case of inclement weather where the U.S. Government is closed or delayed, a public meeting may be conducted virtually by calling (202) 475–4000 or 1–855–475–2447, Participant code: 887 809 72. The meeting coordinator will confirm whether the virtual public meeting will be utilized. Members of the public can find out whether the U.S. Government

is delayed or closed by visiting *www.opm.gov/status/.*

**Joel C. Coito,**
*Coast Guard Liaison Officer, Office of Ocean and Polar Affairs, Department of State.*
[FR Doc. 2018–27419 Filed 12–18–18; 8:45 am]
**BILLING CODE 4710–09–P**

---

**SURFACE TRANSPORTATION BOARD**

**[Docket No. FD 36235]**

**Great Northwest Railroad, L.L.C.—Amendment of Trackage Rights Exemption Containing Interchange Commitment—Union Pacific Railroad Company**

Great Northwest Railroad, L.L.C. (GRNW) has filed a verified notice of exemption under 49 CFR 1180.2(d)(7) to amend its existing overhead trackage rights over a rail line owned by Union Pacific Railroad Company (UP). GRNW states that the existing trackage rights extend over UP's line of railroad between milepost 10.46 at Riparia, Wash., and milepost 267.10 at Ayer, Wash. (the Line). The total distance is approximately 15.10 miles.[1]

GRNW states that the amended trackage rights agreement between it and UP (the Amendment) will permit GRNW to provide local service to a new facility locating on the Line.

According to GRNW, the Amendment includes an interchange commitment. As required under 49 CFR 1180.4(g)(4), GRNW has provided additional information regarding the interchange commitment.

The transaction may be consummated on or after January 2, 2019, the effective date of the exemption (30 days after the verified notice of exemption was filed).

As a condition to this exemption, any employees affected by the trackage rights will be protected by the conditions imposed in *Norfolk & Western Railway—Trackage Rights—Burlington Northern, Inc.,* 354 I.C.C. 605 (1978), as modified in *Mendocino Coast Railway—Lease & Operate—California Western Railroad,* 360 I.C.C. 653 (1980).

If the notice contains false or misleading information, the exemption is void ab initio. Petitions to revoke the exemption under 49 U.S.C. 10502(d) may be filed at any time. The filing of a petition to revoke will not automatically stay the effectiveness of the exemption. Petitions to stay must be filed by December 26, 2018 (at least

seven days before the exemption becomes effective).

An original and 10 copies of all pleadings, referring to Docket No. FD 36235, must be filed with the Surface Transportation Board, 395 E Street SW, Washington, DC 20423–0001. In addition, a copy of each pleading must be served on Karl Morell, Karl Morell & Associates, 440 1st Street NW, Suite 440, Washington, DC 20001.

Board decisions and notices are available on our website at *www.stb.gov.*

Decided: December 13, 2018.
By the Board, Scott M. Zimmerman, Acting Director, Office of Proceedings.

**Raina Contee,**
*Clearance Clerk.*
[FR Doc. 2018–27468 Filed 12–18–18; 8:45 am]
**BILLING CODE 4915–01–P**

---

**OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE**

**Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation**

**AGENCY:** Office of the United States Trade Representative.

**ACTION:** Notice of modification of action.

**SUMMARY:** In accordance with the direction of the President, the U.S. Trade Representative (Trade Representative) has determined to modify the action being taken in this Section 301 investigation by postponing the date on which the rate of the additional duties will increase to 25 percent for the products of China covered by the September 2018 action in this investigation. As set out in this notice, the rate of additional duty for the products covered by the September 2018 action will increase to 25 percent on March 2, 2019.

**DATES:** On March 2, 2019 at 12:01 a.m. Eastern Standard Time, the rate of additional duty will increase to 25 percent with respect to products covered by the September 2018 action.

**FOR FURTHER INFORMATION CONTACT:** For questions about this notice, contact Assistant General Counsels Arthur Tsao or Megan Grimball, or Director of Industrial Goods Justin Hoffmann at (202) 395–5725. For questions on customs classification or implementation of additional duties on products covered by the September 2018 action, contact *traderemedy@cbp.dhs.gov.*

**SUPPLEMENTARY INFORMATION:**

---

[1] GRNW states that it acquired incidental overhead trackage rights on the Line by assignment from Camas Prairie RailNet, Inc. *Great N.W. R.R.—Acquis. & Operation Exemption—Camas Prairie RailNet, Inc.,* FD 34474 (STB served Mar. 19, 2004).

## A. September 2018 Action

For background on the proceedings in this investigation, please see the prior notices issued in the investigation, including 82 FR 40213 (August 23, 2017), 83 FR 14906 (April 6, 2018), 83 FR 28710 (June 20, 2018), 83 FR 33608 (July 17, 2018), 83 FR 38760 (August 7, 2018), and 83 FR 40823 (August 16, 2018).

In a notice published on September 21, 2018 (83 FR 47974), the Trade Representative, at the direction of the President, announced a determination to modify the action being taken in the investigation by imposing additional duties on products of China with an annual trade value of approximately $200 billion. The rate of additional duties initially was 10 percent. Those additional duties were effective starting on September 24, 2018, and currently are in effect. Under Annex B of the September 21 notice, the rate of additional duty was set to increase to 25 percent on January 1, 2019. In the September 21 notice, the Trade Representative stated that he would continue to consider the actions taken in this investigation, and if further modifications were appropriate, he would take into account the extensive public comments and testimony previously provided in response to the notices published on July 17, 2018 (83 FR 33608) and August 7, 2018 (83 FR 38760).

On September 28, 2018 (83 FR 49153), the Trade Representative issued a conforming amendment and modification of the September 21 action. We refer to the September 21 action, as modified by the September 28 notice, as the 'September 2018 action.'

## B. Determination To Modify September 2018 Action

The United States is engaging with China with the goal of obtaining the elimination of the acts, policies, and practices covered in the investigation. The leaders of the United States and China met on December 1, 2018, and agreed to hold negotiations on a range of issues, including those covered in this Section 301 investigation. *See https://www.whitehouse.gov/briefings-statements/statement-press-secretary-regarding-presidents-working-dinner-china/* (the 'December 1 Statement'). The December 1 Statement notes that the President ''agreed that on January 1, 2019, he will leave the tariffs on $200 billion worth of product at the 10% rate, and not raise it to 25% at this time . . . Both parties agree that they will endeavor to have this transaction completed within the next 90 days. If at

the end of this period of time, the parties are unable to reach an agreement, the 10% tariffs will be raised to 25%.'' The end of the 90-day period mentioned in the December 1 Statement is March 1, 2019.

Section 301(b) of the Trade Act of 1974, as amended (Trade Act), requires the Trade Representative to ''take all appropriate and feasible action authorized under [Section 301(c)] to obtain the elimination of [the] act, policy, or practice [under investigation].'' Section 307(a)(1) of the Trade Act provides, in relevant part, that the Trade Representative ''may modify or terminate any action, subject to the specific direction, if any, of the President with respect to such action, that is being taken under Section 301 if . . . the burden or restriction on United States commerce . . . of the acts, policies, and practices, that are the subject of such action has increased or decreased, or such action is being taken under Section [301(b)] of this title and is no longer appropriate.'' In light of the outcome of the December 1 meeting, and at the direction of the President, the Trade Representative has determined that it no longer is appropriate for the rate of duty under the September 2018 action to increase to 25 percent on January 1, 2019, and that the rate of duty under the September 2018 action instead should increase to 25 percent on March 2, 2019 (which is the day following the end of the 90-day period mentioned in the December 1 Statement).

The Trade Representative's decision to modify the September 2018 action takes into account the extensive public comments and testimony, as well as advice from advisory committees, concerning the actions proposed in the notices issued in advance of the September 2018 action (83 FR 33608 and 83 FR 38760). Those notices, among other things, requested comments on whether the rate of additional duties should be 10 percent or 25 percent. The Trade Representative's decision also reflects the advice of the interagency Section 301 Committee.

As noted above, Annex B to the September 21 notice increased the rate of additional duties for the September 2018 action to 25 percent on January 1, 2019. The Annex to this notice supersedes Annex B to the September 21 notice, and provides that the rate of additional duties for the September 2018 action will increase to 25 percent on March 2, 2019.

## Annex

(Superseding Annex B of the Notice Published at 83 FR 47974)

Effective with respect to goods entered for consumption, or withdrawn from warehouse for consumption, on or after 12:01 a.m. Eastern Standard Time on March 2, 2019, subchapter III of chapter 99 of the Harmonized Tariff Schedule of the United States is modified:

1. By deleting ''10%'' in the Rates of Duty 1-General column of headings 9903.88.03 and 9903.88.04, and inserting ''25%'' in lieu thereof; and

2. by deleting ''10 percent'' each place that it appears in U.S. Notes 20(e) and 20(g) to subchapter III of chapter 99 and inserting ''25 percent'' in lieu thereof.

**Robert Lighthizer,**
*United States Trade Representative.*
[FR Doc. 2018–27458 Filed 12–18–18; 8:45 am]
**BILLING CODE 3290–F9–P**

## DEPARTMENT OF THE TREASURY

### Office of Foreign Assets Control

**[Case ID DPRK2–12505]**

### Notice of OFAC Sanctions Actions

**AGENCY:** Office of Foreign Assets Control, Treasury.
**ACTION:** Notice.

**SUMMARY:** The Department of the Treasury's Office of Foreign Assets Control (OFAC) is publishing the names of one or more persons that have been placed on OFAC's Specially Designated Nationals and Blocked Persons List based on OFAC's determination that one or more applicable legal criteria were satisfied. All property and interests in property subject to U.S. jurisdiction of these persons are blocked, and U.S. persons are generally prohibited from engaging in transactions with them.

**DATES:** See **SUPPLEMENTARY INFORMATION** section for effective date(s).

**FOR FURTHER INFORMATION CONTACT:**
*OFAC:* Associate Director for Global Targeting, tel.: 202–622–2420; Assistant Director for Licensing, tel.: 202–622–2480; Assistant Director for Regulatory Affairs, tel.: 202–622–4855; Assistant Director for Sanctions Compliance & Evaluation, tel.: 202–622–2490; or the Department of the Treasury's Office of the General Counsel: Office of the Chief Counsel (Foreign Assets Control), tel.: 202–622–2410.

**SUPPLEMENTARY INFORMATION:**

### Electronic Availability

The Specially Designated Nationals and Blocked Persons List and additional information concerning OFAC sanctions programs are available on OFAC's website (*www.treasury.gov/ofac*).

# Exhibit 4

# Exhibit 4

## SMALL BUSINESS ADMINISTRATION

**[Disaster Declaration #15882 and #15883; TEXAS Disaster Number TX–00513]**

## Presidential Declaration of a Major Disaster for Public Assistance Only for the State of Texas

**AGENCY:** U.S. Small Business Administration.

**ACTION:** Notice.

**SUMMARY:** This is a Notice of the Presidential declaration of a major disaster for Public Assistance Only for the State of Texas (FEMA—4416—DR), dated 02/25/2019.

*Incident:* Severe Storms and Floods.
*Incident Period:* 09/10/2018 through 11/02/2018.

**DATES:** Issued on 02/25/2019.

*Physical Loan Application Deadline Date:* 04/26/2019.

*Economic Injury (EIDL) Loan Application Deadline Date:* 11/25/2019.

**ADDRESSES:** Submit completed loan applications to: U.S. Small Business Administration, Processing and Disbursement Center, 14925 Kingsport Road, Fort Worth, TX 76155.

**FOR FURTHER INFORMATION CONTACT:** A. Escobar, Office of Disaster Assistance, U.S. Small Business Administration, 409 3rd Street SW, Suite 6050, Washington, DC 20416, (202) 205–6734.

**SUPPLEMENTARY INFORMATION:** Notice is hereby given that as a result of the President's major disaster declaration on 02/25/2019, Private Non-Profit organizations that provide essential services of a governmental nature may file disaster loan applications at the address listed above or other locally announced locations.

The following areas have been determined to be adversely affected by the disaster:

*Primary Counties:* Archer, Baylor, Brown, Burnet, Callahan, Comanche, Coryell, Dimmit, Edwards, Fannin, Franklin, Grimes, Haskell, Hill, Hopkins, Houston, Jones, Kimble, Kinney, Knox, Llano, Madison, Mason, McCulloch, Menard, Nolan, Real, San Saba, Sutton, Throckmorton, Travis, Uvalde, Val Verde.

The Interest Rates are:

|  | Percent |
|---|---|
| For Physical Damage: |  |
| Non-Profit Organizations with Credit Available Elsewhere ... | 2.500 |
| Non-Profit Organizations without Credit Available Elsewhere ..................................... | 2.500 |
| For Economic Injury: |  |
| Non-Profit Organizations without Credit Available Elsewhere ..................................... | 2.500 |

The number assigned to this disaster for physical damage is 158826 and for economic injury is 158830.

(Catalog of Federal Domestic Assistance Number 59008)

**James Rivera,**
*Associate Administrator for Disaster Assistance.*
[FR Doc. 2019–03915 Filed 3–4–19; 8:45 am]
**BILLING CODE 8025–01–P**

## OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE

## Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation

**AGENCY:** Office of the United States Trade Representative.

**ACTION:** Notice of modification of action.

**SUMMARY:** In accordance with the direction of the President, the U.S. Trade Representative (Trade Representative) has determined to modify the action being taken in this Section 301 investigation by postponing the date on which the rate of the additional duties will increase to 25 percent for the products of China covered by the September 2018 Action in this investigation. The rate of additional duty for the products covered by the September 2018 action will remain at 10 percent until further notice.

**DATES:** The rate of additional duty will remain at 10 percent with respect to products covered by the September 2018 action until further notice.

**FOR FURTHER INFORMATION CONTACT:** For questions about this notice, contact Associate General Counsel Arthur Tsao, Assistant General Counsel Megan Grimball, or Director of Industrial Goods Justin Hoffmann at (202) 395–5725. For questions on customs classification or implementation of additional duties on products covered by the September 2018 action, contact *traderemedy@cbp.dhs.gov*.

**SUPPLEMENTARY INFORMATION:**

### A. September 2018 Action

For background on the proceedings in this investigation, please see the prior notices issued in the investigation, including 82 FR 40213 (August 23,

2017), 83 FR 14906 (April 6, 2018), 83 FR 28710 (June 20, 2018), 83 FR 33608 (July 17, 2018), 83 FR 38760 (August 7, 2018), and 83 FR 40823 (August 16, 2018).

In a notice published on September 21, 2018 (83 FR 47974), the Trade Representative, at the direction of the President, announced a determination to modify the action being taken in the investigation by imposing additional duties on products of China with an annual trade value of approximately $200 billion. The rate of additional duties initially was 10 percent. Those additional duties were effective starting on September 24, 2018, and currently are in effect. Under Annex B of the September 21 notice, the rate of additional duty was set to increase to 25 percent on January 1, 2019. In the September 21 notice, the Trade Representative stated that he would continue to consider the actions taken in this investigation, and if further modifications were appropriate, he would take into account the extensive public comments and testimony previously provided in response to the notices published on July 17, 2018 (83 FR 33608) and August 7, 2018 (83 FR 38760).

On September 28, 2018 (83 FR 49153), the Trade Representative issued a conforming amendment and modification of the September 21 action. The current notice refers to the September 21 action, as modified by the September 28 notice, as the ''September 2018 action.''

On December 19, 2018 (83 FR 65198), in accordance with the direction of the President, the Trade Representative determined to modify the September 2018 action by postponing until March 2, 2019, the increase in the rate of the additional duty to 25 percent. The Annex to the December 19 notice, which superseded Annex B to the September 21 notice, amended the HTSUS to reflect this postponement of the increase in the rate of duty applicable to the September 2018 action.

### B. Determination To Further Modify September 2018 Action

The United States is engaging with China with the goal of obtaining the elimination of the acts, policies, and practices covered in the investigation. The leaders of the United States and China met on December 1, 2018, and agreed to hold negotiations on a range of issues, including those covered in this Section 301 investigation. *See https://www.whitehouse.gov/briefings-statements/statement-press-secretary-regarding-presidents-working-dinner-*

*china/.* Since the meeting on December 1, the United States and China have engaged in additional rounds of negotiation on these issues. In light of progress in discussions with China, on February 24, 2019, the President directed the Trade Representative to postpone the increase in tariffs scheduled for March 2, 2019.

Section 301(b) of the Trade Act of 1974, as amended (Trade Act), provides that the Trade Representative ''shall take all appropriate and feasible action authorized under [Section 301(c)] to obtain the elimination of [the] act, policy, or practice [under investigation].'' Section 307(a)(1) of the Trade Act authorizes the Trade Representative to modify or terminate any action being taken under Section 301, subject to the specific direction, if any, of the President if ''the burden or restriction on United States commerce . . . of the acts, policies, and practices, that are the subject of such action has increased or decreased, or such action is being taken under Section [301(b)] of this title and is no longer appropriate.'' In light of progress of the additional rounds of negotiations since December 2018, and at the direction of the President, the Trade Representative has determined that it no longer is appropriate for the rate of duty under the September 2018 action to increase to 25 percent on March 2, 2019, and that the rate of duty under the September 2018 action will remain at 10 percent until further notice.

The Trade Representative's decision to modify the September 2018 action takes into account the extensive public comments and testimony, as well as advice from advisory committees, concerning the actions proposed in the notices issued in advance of the September 2018 action (83 FR 33608 and 83 FR 38760). Those notices, among other things, requested comments on whether the rate of additional duties should be 10 percent or 25 percent. The Trade Representative's decision also reflects the advice of the interagency Section 301 Committee.

To effectuate the Trade Representative's decision, Annex B of the September 21 notice (83 FR 47974) and the Annex to the December 19 notice (83 FR 65198), hereby are rescinded. In accordance with Annex A of the September 21 notice, the rate of duty under the September 2018 action

will remain at 10 percent until further notice.

**Stephen P. Vaughn,**
*General Counsel, Office of the United States Trade Representative.*
[FR Doc. 2019–03935 Filed 3–4–19; 8:45 am]
**BILLING CODE 3290–F9–P**

---

**DEPARTMENT OF TRANSPORTATION**

**Federal Highway Administration**

**Environmental Impact Statement: Little Cottonwood Canyon, Salt Lake County, Utah**

**AGENCY:** Federal Highway Administration (FHWA), DOT.
**ACTION:** Revised Notice of Intent to Prepare an Environmental Impact Statement.

---

**SUMMARY:** FHWA on behalf of the Utah Department of Transportation (UDOT) published a Notice of Intent (NOI) in the **Federal Register** on March 9, 2018. FHWA on behalf of UDOT is issuing this notice to advise the public that UDOT intends to revise the scope of the analysis of the Little Cottonwood Canyon project based on new information collected from the public and agencies during the scoping process and development of the project need.

**FOR FURTHER INFORMATION CONTACT:** Brandon Weston, Environmental Services Director, UDOT— Environmental Services Division, 4501 South 2700 West, P.O. Box 141265, Salt Lake City, Utah 84114–1265; Telephone: (801) 965–4603; Email: *brandonweston@ utah.gov.* John Thomas, PE, Little Cottonwood Canyon Project Manager, UDOT Region 2, 2010 South 2760 West, Salt Lake City, Utah 84104–4592; Telephone: (801) 550–2248; Email: *johnthomas@utah.gov.*

**SUPPLEMENTARY INFORMATION:** The environmental review, consultation, and other actions required by applicable federal environmental laws for this project are being or have been carried out by UDOT pursuant to 23 U.S.C. 327 and a Memorandum of Understanding dated January 17, 2017, and executed by FHWA and UDOT.

On March 9, 2018, at FR Vol. 83, No. 47, page 10545, FHWA on behalf of UDOT issued a NOI for UDOT, as the lead agency under the National Environmental Policy Act (NEPA), to prepare an Environmental Impact Statement (EIS) for proposed improvements to SR–210, a two-lane roadway, in Little Cottonwood Canyon in Salt Lake County, Utah. The proposed project study area in the NOI

extended from the intersection of SR– 210 and SR–190/Fort Union Boulevard in Cottonwood Heights, Utah to the terminus of SR–210 in the town of Alta, Utah. The extent of the project study area has not changed with this revised NOI.

As part of the release of the NOI and the EIS process, UDOT invited public and agency comments during a scoping period from March 9 to May 4, 2018, which included a public scoping meeting on April 10, 2018. During the scoping period UDOT gathered information about the public and agency concerns and began development of the EIS by defining the purpose of and need for improvements to SR–210. After reviewing scoping comments and the need for the project, UDOT has revised the scope of the EIS to focus on the following: (1) Taking no action; (2) one or more alternatives involving multiple, combined actions, including:

• Transportation System Management (TSM);
• Enhancing safety and improving winter time mobility through avalanche mitigation;
• Enhancing safety, access, and mobility in the area through improved designated parking areas at existing U.S. Department of Agriculture (USDA) Forest Service trailheads; and
• Roadway improvements to SR–210 on Wasatch Boulevard from SR–190/ Fort Union Boulevard to North Little Cottonwood Canyon Road; and (3) other alternatives if identified during the EIS process. Alternatives that do not meet the project purpose and need or that are otherwise not reasonable will not be carried forward for detailed consideration.

The project may require FHWA to appropriate National Forest System lands and transfer such lands to UDOT for highway use, pursuant to authority under 23 U.S.C. 317. The project may also require approvals by the USDA Forest Service, the U.S. Army Corps of Engineers, and/or other agencies. The USDA Forest Service, the U.S. Army Corps of Engineers, the U.S. Environmental Protection Agency, Utah Transit Authority, and Salt Lake City Department of Public Utilities have accepted UDOT's invitation to be cooperating agencies under the March 9, 2018 NOI and are expected to continue in this role with the revised scope.

Letters describing the revised scope and soliciting comments will be sent to appropriate Federal, state, and local agencies as well as to Native American tribes and to private organizations and citizens who have previously expressed, or who are known to have, an interest in this proposal. UDOT will hold a

# Exhibit 5

# Exhibit 5

pending reconsideration. Petitions to stay that do not involve environmental issues must be filed by May 17, 2019, and formal expressions of intent to file an OFA to subsidize continued rail service under 49 CFR 1152.27(c)(2) [4] must be filed by May 20, 2019.[5] Petitions to reopen must be filed by May 29, 2019, with the Surface Transportation Board, 395 E Street SW, Washington, DC 20423–0001.

A copy of any petition filed with the Board should be sent to TTI's representative, Louis E. Gitomer, Law Offices of Louis E. Gitomer, LLC, 600 Baltimore Ave., Suite 301, Towson, MD 21204.

If the verified notice contains false or misleading information, the exemption is void ab initio.

Board decisions and notices are available at *www.stb.gov.*

Decided: May 3, 2019.

By the Board, Allison C. Davis, Acting Director, Office of Proceedings.

**Jeffrey Herzig,**
*Clearance Clerk.*

[FR Doc. 2019–09537 Filed 5–8–19; 8:45 am]
**BILLING CODE 4915–01–P**

---

**OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE**

**Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation**

**AGENCY:** Office of the United States Trade Representative.
**ACTION:** Notice of modification of action.

**SUMMARY:** In accordance with the direction of the President, the U.S. Trade Representative (Trade Representative) has determined to modify the action being taken in this Section 301 investigation by increasing the rate of additional duty from 10 percent to 25 percent for the products of China covered by the September 2018 action in this investigation. The Trade Representative has further determined to establish a process by which interested persons may request that particular products classified within a tariff subheading covered by the September 2018 action be excluded from the additional duties.

---

[4] The filing fee for OFAs can be found at 49 CFR 1002.2(f)(25).

[5] Because this is a discontinue proceeding and not an abandonment, interim trail use/rail banking and public use conditions are not appropriate. Because there will be an environmental review during abandonment, this discontinuance does not require an environmental review.

**DATES:** The rate of additional duty will increase to 25 percent with respect to products covered by the September 2018 action on May 10, 2019.

**FOR FURTHER INFORMATION CONTACT:** For questions about this notice, contact Associate General Counsel Arthur Tsao, Assistant General Counsel Philip Butler, or Director of Industrial Goods Justin Hoffmann at (202) 395–5725. For questions on customs classification or implementation of additional duties on products covered by the September 2018 action, contact *traderemedy@ cbp.dhs.gov.*

**SUPPLEMENTARY INFORMATION:**

**A. September 2018 Action**

For background on the proceedings in this investigation, please see the prior notices issued in the investigation, including 82 FR 40213 (August 23, 2017), 83 FR 14906 (April 6, 2018), 83 FR 28710 (June 20, 2018), 83 FR 33608 (July 17, 2018), 83 FR 38760 (August 7, 2018), and 83 FR 40823 (August 16, 2018).

In a notice published on September 21, 2018 (83 FR 47974), the Trade Representative, at the direction of the President, announced a determination to modify the action being taken in the investigation by imposing additional duties on products of China with an annual trade value of approximately $200 billion. The rate of additional duty initially was 10 percent. Those additional duties were effective starting on September 24, 2018, and currently are in effect. Under Annex B of the September 21 notice, the rate of additional duty was set to increase to 25 percent on January 1, 2019. In the September 21 notice, the Trade Representative stated that he would continue to consider the actions taken in this investigation, and if further modifications were appropriate, he would take into account the extensive public comments and testimony previously provided in response to the notices published on July 17, 2018 (83 FR 33608) and August 7, 2018 (83 FR 38760).

On September 28, 2018 (83 FR 49153), the Trade Representative issued a conforming amendment and modification of the September 21 notice. The current notice refers to the September 21 notice, as modified by the September 28 notice, as the 'September 2018 action.'

On December 19, 2018 (83 FR 65198), in accordance with the direction of the President, the Trade Representative determined to modify the September 2018 action by postponing until March 2, 2019, the increase in the rate of

additional duty to 25 percent. The Annex to the December 19 notice, which superseded Annex B to the September 21 notice, amended the Harmonized Tariff Schedule of the United States (HTSUS) to reflect this postponement of the increase in the rate of duty applicable to the September 2018 action.

On March 5, 2019 (84 FR 7699), in accordance with the direction of the President, the Trade Representative determined to modify the September 2018 action by postponing until further notice the increase in the rate of additional duty to 25 percent. Annex B of the September 21 notice (83 FR 47974) and the Annex to the December 19 notice (83 FR 65198) were rescinded. In accordance with Annex A of the September 21 notice, the rate of additional duty under the September 2018 action remained at 10 percent until further notice.

**B. Determination to Further Modify September 2018 Action**

The United States is engaging with China with the goal of obtaining the elimination of the acts, policies, and practices covered in the investigation. The leaders of the United States and China met on December 1, 2018, and agreed to hold negotiations on a range of issues, including those covered in this Section 301 investigation. *See https://www.whitehouse.gov/briefings-statements/statement-press-secretary-regarding-presidents-working-dinner-china/.* Since the meeting on December 1, the United States and China have engaged in additional rounds of negotiation on these issues, including meetings in March, April, and May of 2019. In the most recent negotiations, China has chosen to retreat from specific commitments agreed to in earlier rounds. In light of the lack of progress in discussions with China, the President has directed the Trade Representative to increase the rate of additional duty to 25 percent.

Section 301(b) of the Trade Act of 1974, as amended (Trade Act), provides that the Trade Representative ''shall take all appropriate and feasible action authorized under [Section 301(c)] to obtain the elimination of [the] act, policy, or practice [under investigation].'' Section 307(a)(1) of the Trade Act authorizes the Trade Representative to modify or terminate any action being taken under Section 301, subject to the specific direction, if any, of the President if ''the burden or restriction on United States commerce . . . of the acts, policies, and practices, that are the subject of such action has increased or decreased, or such action is

being taken under Section [301(b)] of this title and is no longer appropriate.'' In light of the lack of progress in the additional rounds of negotiations since March 2019, and at the direction of the President, the Trade Representative has determined that it is appropriate for the rate of additional duty under the September 2018 action to increase to 25 percent on May 10, 2019.

The Trade Representative's decision to modify the September 2018 action takes into account the extensive public comments and testimony, as well as advice from advisory committees, concerning the actions proposed in the notices issued in advance of the September 2018 action (83 FR 33608 and 83 FR 38760). Those notices, among other things, requested comments on whether the rate of additional duties should be 10 percent or 25 percent. The Trade Representative's decision also reflects the advice of the interagency Section 301 Committee.

The Annex to this notice amends the Harmonized Tariff Schedule of the United States to provide that the rate of additional duties for the September 2018 action will increase to 25 percent on May 10, 2019.

Pursuant to Sections 301(b), 301(c), 304(a), and 307(a) of the Trade Act, the Trade Representative has determined that the Office of the United States Trade Representative (USTR) will establish a process by which interested persons may request that particular products classified within an HTSUS subheading covered by the September 2018 action be excluded from the additional duties. USTR will publish a separate notice describing the product exclusion process, including the procedures for submitting exclusion requests, and an opportunity for interested persons to submit oppositions to a request.

### Annex

Effective with respect to goods (i) entered for consumption, or withdrawn from warehouse for consumption, on or after 12:01 a.m. eastern daylight time on May 10, 2019, and (ii) exported to the United States on or after May 10, 2019, subchapter III of chapter 99 of the Harmonized Tariff Schedule of the United States is modified:

1. By amending U.S. Note 20(e) to subchapter III of chapter 99 by deleting ''10 percent'' each place that it appears, and inserting ''25 percent'' in lieu thereof;

2. by amending U.S. Note 20(g) to subchapter III of chapter 99 by deleting ''10 percent'' each place that it appears, and inserting ''25 percent'' in lieu thereof;

3. by amending the Rates of Duty 1-General column of heading 9903.88.03 by deleting ''10%'', and inserting ''25%'' in lieu thereof; and

4. by amending the Rates of Duty 1-General column of heading 9903.88.04 by deleting ''10%'', and inserting ''25%'' in lieu thereof.

**Joseph Barloon,**

*General Counsel, Office of the U.S. Trade Representative.*

[FR Doc. 2019–09681 Filed 5–8–19; 8:45 am]

**BILLING CODE 3290–F9–P**

---

### DEPARTMENT OF TRANSPORTATION

#### Federal Aviation Administration

**[Docket No. FAA–2019–0333]**

#### Agency Information Collection Activities: Requests for Comments; Clearance of Renewed Approval of Information Collection: Small Unmanned Aircraft Registration System (sUAS)

**AGENCY:** Federal Aviation Administration (FAA), DOT.

**ACTION:** Notice and request for comments.

---

**SUMMARY:** In accordance with the Paperwork Reduction Act of 1995, FAA invites public comments about our intention to request Office of Management and Budget (OMB) renewal approval for information collection 2120–0765. Aircraft registration is necessary to ensure personal accountability among all users of the national airspace system. Aircraft registration also allows the FAA and law enforcement agencies to address non-compliance by providing the means for identifying an aircraft's owner and operator. This collection also permits individuals to de-register or update their record in the registration database.

**DATES:** Written comments should be submitted by July 8, 2019.

**ADDRESSES:** Please send written comments:

*By Electronic Docket:* www.regulations.gov (Enter docket number into search field).

*By mail:* Ken Thompson, Manager, Aircraft Registration Branch, AFB–710, P.O. Box 25504, Oklahoma City, OK 73125.

*By fax:* 405–954–8068.

**FOR FURTHER INFORMATION CONTACT:** Bonnie Lefko at: *bonnie.lefko@faa.gov;* or by phone: 405–954–7461.

**SUPPLEMENTARY INFORMATION:**

*Public Comments Invited:* You are asked to comment on any aspect of this information collection, including (a) Whether the proposed collection of information is necessary for FAA's performance; (b) the accuracy of the estimated burden; (c) ways for FAA to enhance the quality, utility and clarity of the information collection; and (d) ways that the burden could be minimized without reducing the quality of the collected information. The agency will summarize and/or include your comments in the request for OMB's clearance of this information collection.

*OMB Control Number:* 2120–0765.

*Title:* Small Unmanned Aircraft Registration System (sUAS).

*Form Numbers:* None.

*Type of Review:* Renewal of existing collection.

*Background:* The Secretary of the Department of Transportation (DOT) and the Administrator of the Federal Aviation Administration (FAA) affirmed that all unmanned aircraft, including model aircraft, are aircraft. As such, in accordance with 49 U.S.C. 44101(a) and as further prescribed in 14 CFR part 48, registration is required prior to operation. *See* 80 FR 63912, 63913 (October 22, 2015). Aircraft registration is necessary to ensure personal accountability among all users of the national airspace system. Aircraft registration also allows the FAA and law enforcement agencies to address non-compliance by providing the means for identifying an aircraft's owner and operator.

Subject to certain exceptions discussed below, aircraft must be registered prior to operation. See 49 U.S.C. 44101–44103. Upon registration, the Administrator must issue a certificate of registration to the aircraft owner. See 49 U.S.C. 44103.

Registration, however, does not provide the authority to operate. Persons intending to operate a small unmanned aircraft must operate in accordance with section 336 of Public Law 112–95, part 107 or part 91, in accordance with a waiver issued under part 107, in accordance with an exemption issued under 14 CFR part 11 (including those persons operating under an exemption issued pursuant to section 333 of Public Law 112–95), or in conjunction with the issuance of a special airworthiness certificate, and are required to register.

*Respondents:* Approximately 300,000 affected sUAS registrations and 14,000 de-registrations annually.

*Frequency:* Information is collected on occasion.

*Estimated Average Burden per Response:* 10 minutes per response to register and 3 minutes per response to de-register.

## CERTIFICATE OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action.  On August 17, 2020, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 17, 2020, at Torrance, California.


/s/Elisabeth Walters
Elisabeth Walters

-16-

SMRH:4824-9976-9544.3

DEFENDANT MAIER'S REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS AMENDED COMPLAINT