LATHAM & WATKINS LLP
  Michele D. Johnson (Bar No. 198298)
  *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel:  (714) 540-1235
Fax:  (714) 755-8290

LATHAM & WATKINS LLP
  Colleen C. Smith (Bar No. 231216)
  *colleen.smith@lw.com*
  Melanie J. Grindle (Bar No. 311047)
  *melanie.grindle@lw.com*
12670 High Bluff Drive
San Diego, CA 92130-3086
Tel:  (858) 523-5400
Fax:  (858) 523-5450

*Attorneys for Defendant Douglas Bingham*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL CHUPA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ARMSTRONG FLOORING, INC., MICHEL VERMETTE, DONALD MAIER, LARRY MCWILLIAMS, DOUGLAS BINGHAM, DOMINIC RICE, and RONALD FORD, <br><br> Defendants. | Case No. 2:19-CV-09840-CAS-MRW <br><br> **DEFENDANT DOUGLAS BINGHAM'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** <br><br><br> Date:  December 7, 2020 <br> Time:  10:00 a.m. <br> Judge:  Hon. Christina A. Snyder <br> Dept.:  8D |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION & BACKGROUND ............................................... 1

II.   ARGUMENT ............................................................................... 3

    A.    Plaintiff Fails to Adequately Plead Falsity as to Mr. Bingham ........................................................................ 3

    B.    Plaintiff Fails to Adequately Plead Scienter as to Mr. Bingham. ...................................................................... 6

III.  CONCLUSION ............................................................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Brendon v. Allegiant Travel Co.*,
  412 F. Supp. 3d 1244 (D. Nev. 2019) ....................................................................4

*Brody v. Transitional Hosps. Corp.*,
  280 F.3d 997 (9th Cir. 2002) ...............................................................................4

*City of Dearborn Heights v. Align Tech.*,
  856 F.3d 605 (9th Cir. 2017) ...............................................................................5

*Curry v. Yelp Inc.*,
  875 F.3d 1219 (9th Cir. 2017) .............................................................................9

*Destfino v. Reiswig*,
  630 F.3d 952 (9th Cir. 2011) ...............................................................................6

*Dura Pharms., Inc. v. Broudo*,
  544 U.S. 336 (2005) .............................................................................................3

*Ernst & Ernst v. Hochfelder*,
  425 U.S. 185 (1976) .............................................................................................6

*Guangyi Xu v. ChinaCache Int'l Holdings Ltd.*,
  No. CV15-07952-CAS, 2017 WL 114401 (C.D. Cal. Jan. 9, 2017) ...................5

*In re Braskem S.A. Sec. Litig.*,
  246 F. Supp. 3d 731 (S.D.N.Y. 2017) ..................................................................4

*In re Cutera Sec. Litig.*,
  610 F.3d 1103 (9th Cir. 2010) .............................................................................5

*In re Dothill Sys. Corp. Sec. Litig.*,
  2009 WL 734296 (S.D. Cal. Mar. 18, 2009) ........................................................4

*In re Downey Sec. Litig.*,
  2009 WL 2767670 (C.D. Cal. Aug. 21, 2009) ......................................................8

*In re Infonet Servs. Corp. Sec. Litig.*,
  310 F. Supp. 2d 1080 (C.D. Cal. 2003) .............................................................6, 7

*In re Leapfrog Enters., Inc. Sec. Litig.*,
   200 F. Supp. 3d 987 (N.D. Cal. 2016) ......................................................5

*In re Questcor Sec. Litig.*,
   2013 WL 5486762 (C.D. Cal. Oct. 1, 2013) ...........................................6

*In re Rigel Pharms., Inc. Sec. Litig.*,
   697 F.3d 869 (9th Cir. 2012)...................................................................8

*Janus Capital Grp., Inc. v. First Derivative Traders*,
   564 U.S. 135 (2011) .................................................................................3

*Lloyd v. CVB Fin. Corp.*,
   811 F.3d 1200 (9th Cir. 2016) .................................................................7

*Mahapatra v. Truecar, Inc.*,
   2015 WL 12552062 (C.D. Cal. Dec. 9, 2015) .........................................7

*Mallen v. Alphatec Holdings, Inc.*,
   2013 WL 1294640 (S.D. Cal. Mar. 28, 2013), *aff'd sub nom.
   Fresno Cty. Emps.' Ret. Ass'n v. Alphatec Holdings, Inc.*, 607 F.
   App'x 694 (9th Cir. 2015)........................................................................5

*N.Y. State Teachers' Ret. Sys. v. Fremont Gen. Corp.*,
   460 F. App'x 642 (9th Cir. 2011)............................................................7

*Nguyen v. Endologix, Inc.*,
   962 F.3d 405 (9th Cir. 2020)................................................................6, 8

*Omnicare, Inc. v. Laborers Dist. Council Constr. Ind. Pension Fund*,
   135 S. Ct. 1318 (2015) .............................................................................5

*Police Ret. Sys. of St. Louis v. Intuitive Surgical*,
   759 F.3d 1051 (9th Cir. 2014)..................................................................7

*Retail Wholesale & Dep't Store Union Local 338 Ret. Fund v.
   Hewlett-Packard Co.*,
   845 F.3d 1268 (9th Cir. 2017)..................................................................5

*Ronconi v. Larkin*,
   253 F.3d 423 (9th Cir. 2001)................................................................5, 6

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW

US-DOCS\117392310

iii

CASE NO. 2:19-CV-09840-CAS-MRW
DEF. DOUGLAS BINGHAM'S MEMO. OF POINTS &
AUTHORITIES ISO MOTION TO DISMISS

*Tadros v. Celladon Corp.*,
  No. 15-cv-1458 AJB (DHB), 2016 WL 5870002 (S.D. Cal. Oct. 7, 2016) ................................................................................................................8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) .............................................................................6, 9

*Waterford Twp. Police v. Mattel, Inc.*,
  321 F. Supp. 3d 1133 (C.D. Cal. 2018), *aff'd sub nom. Castro v. Mattel, Inc.*, 794 F. App'x 669 (9th Cir. 2020) ......................................8

*Webb v. Solarcity Corp.*,
  884 F.3d 844 (9th Cir. 2018) .................................................................9

*Zucco Partners, LLC v. Digimarc Corp.*,
  552 F.3d 981 (9th Cir. 2009) ............................................................7, 8

**STATUTES**

15 U.S.C. § 78u-4(b)(2)(A) .................................................................................6

## I.    INTRODUCTION & BACKGROUND

In February 2018, Armstrong Flooring ("Armstrong"), a well-known residential and commercial flooring manufacturer, announced that it would pursue a new "go-to-market" sales strategy.  This strategy entailed shifting elements of Armstrong's residential and merchandising responsibilities to its distributors, with the hope that this would eventually produce additional positive results.

At the same time, forces beyond the company's control had a significant impact on its business.  Specifically, in September 2018, the Trump Administration announced tariffs on certain flooring products imported from China, including many of Armstrong's products.  Because of these tariffs, Armstrong expected— and disclosed—price increases that Armstrong warned could result in higher than usual inventory levels at distributors, as they sought to buy ahead of the tariff implementation.  Armstrong also warned these higher than usual inventory levels could negatively impact future sales.

Both the go-to-market strategy and the Chinese tariffs were in place (and had been fully disclosed to investors) long before Defendant Douglas Bingham became Armstrong's Chief Financial Officer ("CFO") on January 4, 2019. Beginning with Armstrong's 1Q2019 financial reports and continuing throughout the year, the company made various announcements that the tariffs and other factors had an impact on its financial performance, and that these factors could continue to negatively impact the company's performance going forward.  For example, as Mr. Bingham explained during an earnings call on May 7, 2019, the "ongoing uncertainty regarding the eventual outcome of U.S. tariff negotiations on Chinese imports" "had a large impact on customer buying behavior" (Ex. 8 at 6-7), while the company was also experiencing "soft end market conditions" (AC ¶ 109).  Similarly, Mr. Bingham explained that customers had "continued to work down inventory levels from unusually high levels at year-end" (AC ¶ 109); likewise, in the following quarter, he explained that "the general uncertainty

around the ultimate outcome of the U.S.-China trade negotiations has continued to influence normal seasonable buying patterns" (Ex. 10 at 5). Unfortunately, some of the risks Armstrong had warned of materialized, and when the company announced lowered guidance, and eventually, a new strategic plan, Armstrong's stock price dropped. These facts tell a story of lower than expected corporate performance, not fraud.

Lead Plaintiff Randy Marker ("Plaintiff") cannot state a claim for securities fraud on these alleged facts against Mr. Bingham. As an initial matter, Plaintiff's claims focus almost entirely on the go-to-market strategy and purported omissions about the likelihood that strategy would be successful. But the go-to-market strategy was put in place nearly a year before Mr. Bingham became the company's CFO. As a matter of well-established law, he cannot be held liable for securities fraud for statements he had no involvement with and did not make. And while Plaintiff identifies two statements made by Mr. Bingham during 2019, Plaintiff fails to explain (at all, much less with the required particularity) how either of those statements is remotely false or misleading. They weren't. Those statements merely confirmed what the company had already disclosed long before—namely that distributors has bought excess inventory ahead of the implementation of tariffs, that they were still working through the excess inventory, and that sales would be negatively impacted as a result. Plaintiff offers no explanation whatsoever as to how or why these statements were false.

Plaintiff also has not met the heightened requirements of the Private Securities Litigation Reform Act ("PSLRA") for pleading scienter. Indeed, Plaintiff offers nothing more than generic scienter allegations made indiscriminately against all of the defendants, but the PSLRA specifically disallows such "group pleading." Plaintiff also fails to identify any conceivable motive Mr. Bingham would have for engaging in securities fraud; during the class period, Plaintiff does not allege that he sold a single share of stock, that he earned

any particular equity-based compensation, or that he specifically otherwise profited from any alleged fraud—yielding an additional independent basis to dismiss this action as to him.

Because Plaintiff has not come close to meeting the exacting pleading requirements of the PSLRA, the complaint—and all of the claims against Mr. Bingham—should dismissed.[1]

## II.    ARGUMENT

To survive dismissal, Plaintiff must sufficiently allege—among other elements—both (1) a material misrepresentation or omission and (2) scienter. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341 (2005). As to Mr. Bingham, Plaintiff does neither, thus providing two independent grounds for dismissal of the claims against him.

### A.    Plaintiff Fails to Adequately Plead Falsity as to Mr. Bingham

Plaintiff's core allegation is that Defendants misled investors by touting a "go-to-market strategy" that ultimately did not produce the results expected. As discussed in the motion to dismiss filed by Armstrong, optimistic and forward-looking statements about a fully disclosed corporate growth strategy are not tantamount to securities fraud. Armstrong Mot. (ECF No. 67) at 17-19. Even if any of the statements Plaintiff challenges were actionable (they are not), the vast majority of the statements at issue *predate* Mr. Bingham's status as CFO in the company in January 2019. *See* AC ¶ 27.[2] Mr. Bingham accordingly cannot be held liable under the federal securities laws for any of these statements or any associated alleged omissions. *See, e.g., Janus Capital Grp., Inc. v. First Derivative*

---

[1]  As set forth in the accompanying Notice of Joinder, Mr. Bingham joins in the arguments reflected in Armstrong Flooring's motion to dismiss (ECF No. 67). Exhibit references ("Ex.") correspond to the exhibits filed with that motion to dismiss (*see* ECF Nos. 68, 68-1).

[2]  Plaintiff references Mr. Bingham's attendance at a March 2018 earnings call, before he assumed his role as CFO. *Compare* AC ¶ 72 *with id.* ¶ 27. But Plaintiff does not identify much less challenge any statements made during that call attributable to Mr. Bingham.

*Traders*, 564 U.S. 135, 142-44, 146-48 (2011) (securities defendant cannot be held liable for statements he or she did not "make" within the meaning of Rule 10b-5); *Brendon v. Allegiant Travel Co.*, 412 F. Supp. 3d 1244, 1265 (D. Nev. 2019) (corporate executive cannot be held liable for statements made during a period when he was not responsible for them); *In re Braskem S.A. Sec. Litig.*, 246 F. Supp. 3d 731, 771 (S.D.N.Y. 2017) (same).

Indeed, Plaintiff challenges only *two* statements made by Mr. Bingham from May 7, 2019 until the end of the class period on March 3, 2020:  (1) a May 7, 2019 statement that while "activity in our end markets, particularly in residential have improved in recent months, which is encouraging," customers were still continuing to work down "elevated inventory levels in the channel" (AC ¶¶ 109, 110); and (2) an August 6, 2019 statement that, by this point, "we believe the customers have largely worked down unusually high levels of inventory purchased ahead of tariffs on Chinese imports" (*id.* ¶ 118).  Plaintiff's allegations fail to establish that either of these statements is remotely false or misleading.

*First*, Plaintiff offers no explanation whatsoever as to how or why Mr. Bingham's May 7, 2019 statement that customers were continuing to work down the elevated inventory levels they had previously accumulated as a result of tariffs was misleading.  Instead, Plaintiff contends that this statement was somehow false because Mr. Bingham failed to also disclose that the "'go-to-market' strategy was fatally flawed."  AC ¶ 111.  But this statement says nothing about the go-to-market strategy much less any marketing strategy involving distributors, and instead simply reports continued challenges and future optimism.  Plaintiffs allegations do not come close to a showing that this statement was false, much less establish that it gave "an impression of a state of affairs that differs in a material way from the one that actually exists." *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002).  Omissions—such as the one Plaintiff alleges—"that are not 'necessarily inconsistent' with the allegedly false statement do not establish

falsity." *In re Dothill Sys. Corp. Sec. Litig.*, 2009 WL 734296, at *10 (S.D. Cal. Mar. 18, 2009); *Mallen v. Alphatec Holdings, Inc.*, 2013 WL 1294640, at *8 (S.D. Cal. Mar. 28, 2013), *aff'd sub nom. Fresno Cty. Emps.' Ret. Ass'n v. Alphatec Holdings, Inc.*, 607 F. App'x 694 (9th Cir. 2015) (same); *In re Leapfrog Enters., Inc. Sec. Litig.*, 200 F. Supp. 3d 987, 1001 (N.D. Cal. 2016) (same); *see also In re Cutera Sec. Litig.*, 610 F.3d 1103, 1109 (9th Cir. 2010) (affirming dismissal and holding that falsity was not established by allegations that the company "failed to make a full disclosure about its sales force"; "Often, a statement will not mislead even if it is incomplete or does not include all the relevant facts.").

*Second*, and similarly with respect to Mr. Bingham's August 6, 2019 opinion statement "we believe the customers have largely worked down unusually high levels of inventory purchased ahead of tariffs on Chinese imports," Plaintiff again alleges no facts establishing that this statement was false, or that it somehow gave a misleading impression. *See Guangyi Xu v. ChinaCache Int'l Holdings Ltd.*, No. CV15-07952-CAS (RAOx), 2017 WL 114401, at *5 (C.D. Cal. Jan. 9, 2017) ("Plaintiff must allege falsity in light of 'specific contemporaneous statements or conditions that demonstrate the . . . false or misleading nature of the statements when made.'") (quoting *Ronconi v. Larkin*, 253 F.3d 423, 432 (9th Cir. 2001)); *see also Retail Wholesale & Dep't Store Union Local 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1275 (9th Cir. 2017) (holding that a "statement is misleading if it would give a reasonable investor the impression of a state of affairs that differs in a material way from the one that actually exists.") (internal quotation omitted). Nor do Plaintiff's allegations establish—as they must—that Mr. Bingham (or any defendant) lacked a "reasonable basis for the belief" that excess inventory had been largely worked down. *See City of Dearborn Heights v. Align Tech.*, 856 F.3d 605, 616-18 (9th Cir. 2017) (rejecting plaintiff's omissions theory where none of the alleged omissions "call[ed] into question the issuer's basis for

offering the opinion") (quoting *Omnicare, Inc. v. Laborers Dist. Council Constr. Ind. Pension Fund*, 135 S. Ct. 1318, 1332 (2015)).

Because Plaintiff has not pled falsity as to any statement made by or attributable to Mr. Bingham, the claims against him should be dismissed.

### B.    Plaintiff Fails to Adequately Plead Scienter as to Mr. Bingham.

The complaint is subject to dismissal on another independent ground: Plaintiff's failure to plead Mr. Bingham's scienter, i.e., the required mental state akin to "'intent to deceive, manipulate, or defraud.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (quoting *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193-94 & n.12 (1976)); *see also* 15 U.S.C. § 78u-4(b)(2)(A).  The pleading obligation for scienter is "exacting" and requires a plaintiff to allege "specific contemporaneous statements or conditions that demonstrate the intentional or the deliberately reckless false or misleading nature of the statements when made." *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 414 (9th Cir. 2020); *Ronconi*, 253 F.3d at 432; *see also In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1080, 1102 (C.D. Cal. 2003) ("The factual allegations must not only be particular, but also must 'strongly imply [the defendant's] contemporaneous knowledge that the statement was false when made.'").  For all of the reasons explained in Armstrong's concurrently filed motion to dismiss, Plaintiff's allegations fall far short of this standard.  Armstrong Mot. at 19-24.

Plaintiff additionally fails to plead any scienter allegations *specific to Mr. Bingham*.  Instead, Plaintiff simply repeats the refrain that all of the defendants "knew or recklessly disregarded" an increase in inventory levels and the purported fact that the go-to-market strategy was a failure. *E.g.*, AC ¶¶ 111, 119, 126.  But such attempted "group pleading" is not permitted under the PLSRA.  *See* Armstrong Mot. at 20-21; *see also Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (finding that where several defendants are alleged to be part of the fraud, "Rule 9(b) 'does not allow a complaint to . . . lump multiple defendants

together.'"); *In re Questcor Sec. Litig.*, 2013 WL 5486762, at *9 (C.D. Cal. Oct. 1, 2013) (holding that "district courts in this circuit have largely concluded that the [group pleading] doctrine is incompatible with the PSLRA"); *In re Infonet*, 310 F. Supp. 2d at 1104 (holding that "generic allegations" regarding all twenty-one named defendants "cannot support an inference . . . [of] actual knowledge").

Nor are these conclusory statements remotely sufficient to meet the PSLRA's exacting pleading standard. *See Mahapatra v. Truecar, Inc.*, 2015 WL 12552062, at *2 (C.D. Cal. Dec. 9, 2015) ("vague allegations of access to unspecified information" are insufficient to plead scienter); *In re Infonet*, 310 F. Supp. 2d at 1105 (allegations that defendants made statements they "knew or recklessly disregarded were misleading" not sufficient to plead any individual defendant acted with scienter); *see also Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1207 (9th Cir. 2016) (scienter allegations fail absent "role of the individual defendants"); *N.Y. State Teachers' Ret. Sys. v. Fremont Gen. Corp.*, 460 F. App'x 642, 643 (9th Cir. 2011) (affirming dismissal absent allegations that each defendant possessed "contemporaneous knowledge of undisclosed information" that rendered public statements consciously misleading).

Nowhere does Plaintiff provide particularized allegations that Mr. Bingham was aware of any specific information that contradicted his public statements. The absence of such allegations is fatal to Plaintiff's claims. *See Police Ret. Sys. of St. Louis v. Intuitive Surgical*, 759 F.3d 1051, 1062-63 (9th Cir. 2014) (affirming district court's dismissal of securities fraud class action, observing "[m]issing are allegations linking specific reports and their contents to the executives"); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1000-01 (9th Cir. 2009) (allegations that management "closely reviewed" accounting numbers and "had several meetings in which they discussed quarterly inventory numbers" insufficient to plead scienter).

Plaintiff's allegations that certain individual defendants including Mr. Bingham signed Sarbanes-Oxley certifications (AC ¶¶ 101, 133-134) likewise do not support an inference of scienter. "Sarbanes-Oxley certifications are not sufficient, without more, to raise a strong inference of scienter." *Zucco*, 552 F.3d at 1004. Indeed, courts have long held that such certifications "add nothing substantial to the scienter calculus." *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1155-56 (C.D. Cal. 2018), *aff'd sub nom. Castro v. Mattel, Inc.*, 794 F. App'x 669 (9th Cir. 2020) (citing *Zucco*, 552 F.3d at 1003-04); *see also Tadros v. Celladon Corp.*, No. 15-cv-1458 AJB (DHB), 2016 WL 5870002, at *14 (S.D. Cal. Oct. 7, 2016) (same).

Finally, and further undercutting any reasonable inference of scienter (much less the necessary strong inference of scienter), Plaintiff fails to plead any conceivable fraud motive attributable to Mr. Bingham. *See In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 884 (9th Cir. 2012) (considering conduct inconsistent with motive as relevant to scienter). Plaintiff alleges that the individual defendants collectively were motivated to engage in a "fraudulent scheme" to mislead the "investing public," asserting that three of them received certain grants of restricted stock units worth up to double their base salary. AC ¶¶ 135, 145-46. But none of those allegations specifically pertain to Mr. Bingham. Plaintiff does not allege that Mr. Bingham sold any stock or otherwise obtained any specific benefit that could plausibly give rise to any reason to engage in a conspiracy to defraud investors. *Cf.* AC ¶¶ 145-51. This complete lack of conceivable motive negates any potential inference of scienter as to Mr. Bingham. *See Endologix*, 962 F.3d at 415 (rejecting scienter theory that "does not make a whole of sense," and instead depended on allegations that did "not resonate in common experience"); *see also In re Downey Sec. Litig.*, 2009 WL 2767670, at *14 (C.D. Cal. Aug. 21, 2009) ("[A]ny inference of scienter is negated by the complete lack of stock sales by the Individual Defendants.").

Taken together, Plaintiff's allegations do not support a strong inference of scienter because none of them "forms a nexus between the wrongful behavior and Individual Defendants' knowledge." *Curry v. Yelp Inc.*, 875 F.3d 1219, 1228 (9th Cir. 2017). The allegations merely show that the company and individual defendants were optimistic about the go-to-market strategy, were unsure how long it would take the company to work thorough inventory accumulated by distributors in reaction to Chinese tariffs, and ultimately failed to predict that environmental conditions and slower-than-expected consumer demand would lead to disappointing earnings. These allegations do not raise a "reasonable" inference of scienter, much less one that is "at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs*, 551 U.S. at 314; *see also Webb v. Solarcity Corp.*, 884 F.3d 844, 858 (9th Cir. 2018) (plaintiff's "narrative of fraud"—based on confidential witness statements, alleged financial motives, the magnitude and duration of GAAP violations, SOX certifications, and core operations allegations—was not as compelling as the nonfraudulent alternative).

## III.   CONCLUSION

For the foregoing reasons, as well as for the reasons set forth in the motions to dismiss concurrently filed by other defendants, Mr. Bingham respectfully requests that the Court dismiss the claims brought against him in this action.

Dated: August 17, 2020

LATHAM & WATKINS LLP

By: /s/ Michele D. Johnson
       Michele D. Johnson

Michele D. Johnson
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel:  (714) 540-1235

Colleen C. Smith
Melanie J. Grindle
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, California  92130
Tel:  (858) 523-5400

*Attorneys for Defendant Douglas Bingham*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
US-DOCS\117392310

CASE NO. 2:19-CV-09840-CAS-MRW
DEF. DOUGLAS BINGHAM'S MEMO. OF POINTS &
AUTHORITIES ISO MOTION TO DISMISS
10