LATHAM & WATKINS LLP
  Michele D. Johnson (Bar No. 198298)
  *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel: (714) 540-1235
Fax: (714) 755-8290

LATHAM & WATKINS LLP
  Colleen C. Smith (Bar No. 231216)
  *colleen.smith@lw.com*
  Melanie J. Grindle (Bar No. 311047)
  *melanie.grindle@lw.com*
12670 High Bluff Drive
San Diego, CA 92130-3086
Tel: (858) 523-5400
Fax: (858) 523-5450

*Attorneys for Defendant Douglas Bingham*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL CHUPA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ARMSTRONG FLOORING, INC., MICHEL VERMETTE, DONALD MAIER, LARRY MCWILLIAMS, DOUGLAS BINGHAM, DOMINIC RICE, and RONALD FORD, <br><br> Defendants. | Case No. 2:19-CV-09840-CAS-MRW <br><br> **DEFENDANT DOUGLAS BINGHAM'S REPLY IN SUPPORT OF MOTION TO DISMISS** <br><br><br> Date: December 7, 2020 <br> Time: 10:00 a.m. <br> Judge: Hon. Christina A. Snyder <br> Dept.: 8D |

LATHAM&WATKINS LLP   US-DOCS\118497634
ATTORNEYS AT LAW
SAN DIEGO

CASE NO. 2:19-CV-09840-CAS-MRW
DEF. DOUGLAS BINGHAM'S
REPLY ISO MOTION TO DISMISS

## I.    INTRODUCTION

Plaintiff's opposition to the motions to dismiss gives scant attention to Defendant Douglas Bingham.  *See generally* Opp. (ECF No. 83).  That is with good reason:  Plaintiff's primary theory of liability relates to statements regarding the go-to-market strategy that long predated Mr. Bingham's service as Armstrong Flooring's Chief Financial Officer ("CFO"), and the very few statements made by Mr. Bingham that Plaintiff challenges were not remotely false or misleading.  Plaintiff would have the Court overlook these critical pleading flaws, arguing that each and every defendant should be held liable for securities fraud, without differentiation.  This attempted group pleading, however, flies in the face of the Private Securities Litigation Reform Act ("PSLRA"), which prohibits exactly what Plaintiff seeks to do here.  The claims against Mr. Bingham are unsupported and should be dismissed.

## II.    ARGUMENT

### A.    Plaintiff's Arguments and Allegations Remain Insufficient to Satisfy the PSLRA's Heightened Pleading Standards for Falsity

Plaintiff's opposition takes no issue with the fact that Mr. Bingham made only two of the allegedly misleading statements at issue in this case (Bingham Mem. (ECF No. 81-1) at 4), and that neither of these statements had anything to do with Armstrong Flooring's "Go-to-Market Strategy" at the heart of Plaintiff's claims (*see* Opp. at 7–9).  Instead, Plaintiff's sole argument regarding Mr. Bingham is that the two statements he allegedly made somehow "misled investors" regarding Armstrong's "distributor inventory levels and buying behavior."  Opp. at 10.[1]  On this front, Plaintiff theorizes that these statements (i) concealed that distributors were no longer purchasing stock on an "as needed" basis but instead

---

[1] Notably, Plaintiff appears to have dropped the postulate that the statements regarding distributor inventory levels and buying behaviors somehow camouflaged the ostensible fact that the "'go-to-market' strategy was fatally flawed." *Compare* AC ¶¶ 111, 119 *with* Opp. at 10–11.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\118497634

1

CASE NO. 2:19-CV-09840-CAS-MRW
DEF. DOUGLAS BINGHAM'S
REPLY ISO MOTION TO DISMISS

were "substantially stocked up" and (ii) mischaracterized the status of "inventory buildup" and how rapidly it was being consumed.  Opp. at 10–11.  But Plaintiff still offers no specific facts or cogent explanation how either of Mr. Bingham's challenged statements was in any way misleading on these points.  They were not.  *See* Bingham Mem. at 4–5.

***First***, with respect to Mr. Bingham's May 7, 2019 statement that customers were working down elevated inventory levels, Plaintiff provides no explanation as to how that statement—which in fact *disclosed* that distributors had "stocked up"—was false.  *Cf.* Opp. at 10 (asserting that Defendants misled investors regarding the fact that investors had "substantially stocked up on inventory in advance of proposed tariffs and could not sell those goods").  Indeed, Mr. Bingham's statement reveals the very fact that Plaintiff contends was obfuscated:

> In the distributor channel, which represents 3 quarters of our sales, customers continued to work down inventory levels from ***unusually high levels at year-end***.  As we explained last quarter, many distributor [*sic*] stocked up inventory in the third quarter 2018 ahead of U.S. tariffs on Chinese imports implemented on October 1.

AC ¶ 109 (emphases altered).  And even before Mr. Bingham became the company's CFO, Armstrong had consistently disclosed the very elevated buying levels that Plaintiff now complains were concealed.  *See* Armstrong Reply (ECF No. 85) at 6–7.  The simple conclusion is that no such concealment occurred.

***Second***, Plaintiff likewise fails to identify any false aspects of Mr. Bingham's August 2019 *opinion* statement that "[i]n the distributor channel, we ***believe*** the customers have largely worked down unusually high levels of inventory purchased ahead of tariffs on Chinese imports last year."  AC ¶ 118 (emphasis added).  To argue the falsity of this statement, Plaintiff essentially relies on the fact that Armstrong subsequently lowered its earnings forecast.  *See* Opp. 10–11.  Yet that lowered forecast was attributable to other factors, and this attempted fraud-by-hindsight theory cannot countenance Plaintiff's claims.  *See* Armstrong Reply at 8;

LATHAM&WATKINSᴸᴸᴾ US-DOCS\118497634
ATTORNEYS AT LAW
SAN DIEGO

2

CASE NO. 2:19-CV-09840-CAS-MRW
DEF. DOUGLAS BINGHAM'S
REPLY ISO MOTION TO DISMISS

*see also, e.g.*, *In re Fusion-io, Inc. Sec. Litig.*, No. 13-cv-05368, 2015 WL 661869, at *18 (N.D. Cal. Feb. 12, 2015) ("[I]t is [] well-settled in the Ninth Circuit that 'fraud by hindsight is not actionable.'").  To the contrary, Plaintiff's complaint "contains no allegations of subjective falsity," as would be required to hold Mr. Bingham liable for this statement of belief.  *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 617 (9th Cir. 2017); *see also In re Dropbox Sec. Litig.*, No. 19-CV-06348, 2020 WL 6161502, at *7 (N.D. Cal. Oct. 21, 2020) ("opinion statements are only actionable where (1) 'the speaker did not hold the belief she professed,' (2) 'the supporting fact[s] [the speaker] supplied [are] untrue,' or (3) the opinion omitted information that rendered the opinion misleading").

Nor does Plaintiff's citation (in a footnote) to *Murphy v. Precision Castparts Corp.*, No. 3:16-CV-00521, 2017 WL 3084274, at *11–12 (D. Or. June 27, 2017) salvage this claim.  *See* Opp. at 10–11 n.6.  That case is a far cry from here, and its contrasting facts readily illustrate why Mr. Bingham's statement is not actionable. There, the Court found "that many of the statements relied upon by Plaintiffs" regarding "destocking" were "factual representations."  2017 WL 3084274, at *11. And "even if some portion of Defendants' representations included statements of opinion," Plaintiffs there had "pleaded with particularity" that those statements were "inaccurate" given specific allegations that Defendants knew the company's practices were "no longer viable," and "had visibility into actual customer demand."  *Id.* at *12.  Here, in juxtaposition, not only does Plaintiff challenge a clear statement of opinion, but Plaintiff also fails to plead any such particularized facts undermining that belief.

### B.    Plaintiff's Arguments and Allegations Remain Insufficient to Satisfy the PSLRA's Heightened Pleading Standards for Scienter

Plaintiff's claims against Mr. Bingham are additionally subject to dismissal on the independent ground that Plaintiff fails to adequately plead Mr. Bingham's

L ATHAM & W ATKINS LLP
A TTORNEYS A T L AW
S AN D IEGO

US-DOCS\118497634

3

CASE NO. 2:19-CV-09840-CAS-MRW
DEF. DOUGLAS BINGHAM'S
REPLY ISO MOTION TO DISMISS

scienter, i.e., the required "'mental state embracing intent to deceive, manipulate, or defraud.'" *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 414 (9th Cir. 2020) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007)). As explained in Mr. Bingham's opening motion, Plaintiff fails to plead any scienter allegations *specific to Mr. Bingham*. *See* Bingham Mem. at 6. Plaintiff's Opposition does nothing to alter that fatal flaw or otherwise resurrect its impermissible attempted group pleading. *See* Bingham Mem. at 6–7 (citing, e.g., *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) ("Rule 9(b) 'does not allow a complaint to . . . lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant.'").

In fact, aside from a fleeting reference to Mr. Bingham's position as CFO, Plaintiff otherwise fails to even mention him in connection with his scienter arguments. *See generally* Opp. at 17–23. Plaintiff does not plead or even argue that *Mr. Bingham* specifically possessed any particular contemporaneous knowledge that contradicted his (scant) challenged statements. *See Ronconi v. Larkin*, 253 F.3d 423, 432 (9th Cir. 2001) (requiring "specific 'contemporaneous statements or conditions' that demonstrate the intentional or the deliberately reckless false or misleading nature of the statements when made"). Nor does Plaintiff identify any conceivable motive attributable to Mr. Bingham, citing only potential financial impacts to other specifically identified executives. *See* Opp. at 21–22; *e.g.*, *McGee v. Am. Oriental Bioengineering, Inc.*, No. CV 12-5476, 2014 WL 12586107, at *15 (C.D. Cal. Sept. 23, 2014) ("Given the absence of other indicia of scienter, the lack of an alleged motive is particularly significant.").

The mere fact that Mr. Bingham served as Armstrong Flooring's CFO for a period of time and allegedly had "access to information" does not save these pleading deficiencies. *See* Opp. at 20. It is well settled that "'corporate management's general awareness of the day-to-day workings of the company's business does not establish scienter.'" *Curry v. Yelp*, 875 F.3d 1219, 1227 (9th

LATHAM&WATKINS^LLP US-DOCS\118497634
ATTORNEYS AT LAW
SAN DIEGO

4

CASE NO. 2:19-CV-09840-CAS-MRW
DEF. DOUGLAS BINGHAM'S
REPLY ISO MOTION TO DISMISS

Cir. 2017); *see also S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008) ("Where a complaint relies on allegations that management had an important role in the company but does not contain additional detailed allegations about the defendants' actual exposure to information, it will usually fall short of the PSLRA standard."); *In re Apollo Grp., Inc. Sec. Litig.*, No. CV-10-1735, 2012 WL 2376378, at \*6 (D. Ariz. June 22, 2012) ("To adequately plead scienter, Plaintiff must plead more than Defendants must have known of fraud based on their positions within the company."). For instance, in *Evanston*—the primary case relied upon by Plaintiff—the executives at issue there "touted intimate knowledge of generic drug manufacturers, generic drug pricing, and challenges that might impede supply," thus rendering it "at least deliberately reckless not to investigate the accuracy of their statements that price increases were being driven by specific, legitimate supply disruptions, rather than collusive activity." *Evanston Police Pension Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 602 (N.D. Cal. 2019) (cited by Opp. at 21).

In sharp contrast to the case authority cited by Plaintiff, here, no further supporting allegations are offered or even argued. *See id.* (distinguishing case law indicating that scienter cannot be predicated on "general awareness of the day-to-day workings of the company's business" alone). Indeed, Plaintiff does not even directly respond to Mr. Bingham's arguments regarding his dearth of conceivable motive. *Compare* Bingham Mem. at 8 *with* Opp. at 21–22. Nor does Plaintiff quibble with the more compelling inference laid out in Mr. Bingham's opening brief that the company and individual defendants were simply unsure how long it would take to work down the inventory accumulated by distributors in reaction to the Chinese tariffs and ultimately failed to predict that environmental conditions and slower-than-expected consumer demand would lead to disappointing earnings. *Compare* Bingham Mem. at 9 *with* Opp. at 19–23.

LATHAM&WATKINS LLP US-DOCS\118497634
ATTORNEYS AT LAW
SAN DIEGO

5

CASE NO. 2:19-CV-09840-CAS-MRW
DEF. DOUGLAS BINGHAM'S
REPLY ISO MOTION TO DISMISS

Plaintiff's scienter arguments as to Mr. Bingham fail to pass muster. *Nguyen*, 962 F.3d at 414 ("[U]nder the PSLRA's 'strong inference' standard, a complaint will survive a motion to dismiss 'only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged.'").

## III.     CONCLUSION

Mr. Bingham requests that the Court dismiss the claims brought against him.

Dated: November 2, 2020                    LATHAM & WATKINS LLP

By: /s/Colleen C. Smith
          Colleen C. Smith

Colleen C. Smith
Melanie J. Grindle
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, California  92130
Tel:  (858) 523-5400

Michele D. Johnson
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel:  (714) 540-1235

*Attorneys for Defendant Douglas Bingham*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

US-DOCS\118497634

CASE NO. 2:19-CV-09840-CAS-MRW
DEF. DOUGLAS BINGHAM'S
REPLY ISO MOTION TO DISMISS

6