**THE WAGNER FIRM**
Avi Wagner (Cal Bar. No. 226688)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310-491-7949
Facsimile: 310-694-3967
*Liaison Counsel for*
*Lead Plaintiff Randy Marker*

(*Additional Counsel on signature page*)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL CHUPA, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARMSTRONG FLOORING, INC., et al.,<br><br>Defendants. | Case No. 2:19-cv-09840-CAS-MRW<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND PAYMENT OF EXPENSES**<br><br>Judge:   Hon. Christina A. Snyder<br>Courtroom 8D – 8th Floor<br>Hearing Day: July 19, 2021<br>Hearing Time: 10:00 AM |

TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................1

ARGUMENT ..........................................................................................................2

    I.   Awarding Attorneys' Fees Calculated as a Reasonable Percentage of the Common Fund Recovered Is Appropriate...........................................................2

    II.  Analysis Under the Percentage Method Justifies a 25% Contingency Fee Award...................................................................................................3

         A.   Lead Counsel Obtained an Excellent Result for the Settlement Class ....4

         B.   The Specialized Skill Required and High Quality of Work Support a 25% Attorney Fee...................................................................................7

         C.   The Contingent Nature of the Case and the High Financial Burden Carried by Lead Counsel Support the Fee Request ...............................8

         D.   A 25% Fee Award Is at or Below Awards in Similar Cases .........................................................................................11

         E.   The Requested Fee Is Reasonable Under a Lodestar Cross-Check Analysis ...............................................................................................11

    III. Plaintiffs' Counsel's Expenses Are Reasonable and Were Necessary to Achieve the Benefit Obtained ..................................................................13

    IV. Lead Plaintiff's Request for an Award Pursuant to 15 U.S.C. 78u-4(A)(4) Is Reasonable ..........................................................................................14

CONCLUSION......................................................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*Anixter v. Home-Stake Prod. Co.*,
   77 F.3d 1215 (10th Cir. 1996)...................................................................................9

*Boeing Co. v. Van Gemert*,
   444 U.S. 472, 100 S. Ct. 745, 62 L. Ed. 2d 676 (1980)......................................2

*Cheng Jiangchen v. Rentech, Inc.*,
   No. CV 17-1490-GW(FFMX), 2019 WL 5173771 (C.D. Cal. Oct. 10, 2019) ..............11

*Deaver v. Compass Bank*,
   No. 13-CV-00222-JSC, 2015 WL 8526982 (N.D. Cal. Dec. 11, 2015).........................11

*Destefano v. Zynga, Inc.*,
   No. 12-CV-04007-JSC, 2016 WL 537946 (N.D. Cal. Feb. 11, 2016) ...................7, 9, 13

*Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*,
   No. CV13-5693 PSG (GJSx), 2017 WL 4685536 (C.D. Cal. May 8, 2017)..................11

*Glickenhaus & Co. v. Household Int'l, Inc.*,
   787 F.3d 408 (7th Cir. 2015)..................................................................................10

*Harris v. Marhoefer*,
   24 F.3d 16 (9th Cir. 1994).....................................................................................13

*Hicks v. Stanley*,
   No. 01 CIV. 10071 (RJH), 2005 WL 2757792 (S.D.N.Y. Oct. 24, 2005) ....................15

*In re Amkor Tech., Inc. Sec. Litig.*,
   No. 07-00278 PHX PGR, 2009 WL 10708030 (D. Ariz. Nov. 19, 2009)......................3

*In re Audioeye, Inc., Sec. Litig.*,
   No. CV-15-00163-TUC-DCB, 2017 WL 5514690 (D. Ariz. May 8, 2017) .................11

*In re BankAtlantic Bancorp, Inc. Sec. Litig.*,
   No. No. 07-cv-61542, 2011 WL 1585605 (S.D. Fla. Apr. 25, 2011), *aff'd sub nom.*

*Hubbard v. BankAtlantic Bancorp. Inc.*,
    688 F.3d 713 (11th Cir. 2012)................................................................................10

*In re Coordinated Pretrial Proceedings In Petroleum Prod. Antitrust Litig.*,
    109 F.3d 602 (9th Cir. 1997)............................................................................11, 12

*In re Equity Funding Corp. of Am. Sec. Litig.*,
    438 F. Supp. 1303 (C.D. Cal. 1977)......................................................................8

*In re Heritage Bond Litig.*,
    02-ML-1475-DT(RCX), 2005 WL 1594389 (C.D. Cal. June 10, 2005) ...............7, 8, 13

*In re Korean Air Lines Co., Ltd. Antitrust Litig.*,
    No. CV 07-05107 SJO AGRX, 2013 WL 7985367 (C.D. Cal. Dec. 23, 2013) ...............3

*In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*,
    768 F. App'x 651 (9th Cir. 2019) ..................................................................2

*In re CV Therapeutics, Inc. Sec. Litig.*,
    No. C 03-3709 SI, 2007 WL 1033478 (N.D. Cal. Apr. 4, 2007)....................................11

*In re Omnivision Techs., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ..............................................................3, 5, 7, 8

*In re Optical Disk Drive Prod. Antitrust Litig.*,
    959 F.3d 922 (9th Cir. 2020)..................................................................................4

*In re Oracle Corp. Sec. Litig.*,
    No. C 01-00988 SI, 2009 WL 1709050 (N.D. Cal. June 19, 2009), aff'd,
    627 F.3d 376 (9th Cir. 2010)..................................................................................9

*In re Rite Aid Corp. Sec. Litig.*,
    396 F.3d 294 (3d Cir. 2005)..................................................................................3

*Janus Capital Grp., Inc. v. First Derivative Traders*,
    564 U.S. 135 (2011) ..................................................................................10

*Lo v. Oxnard Eur. Motors, LLC*,
    No. 11-CV-1009 JLS (MDD), 2011 WL 6300050 (S.D. Cal. Dec. 15, 2011) ...............6

*McPhail v. First Command Fin. Plan., Inc.*,
    No. 05-cv-179-IEG-JMA, 2009 WL 839841 (S.D. Cal. Mar. 30, 2009)........................5

*Ontiveros v. Zamora*,
  303 F.R.D. 356 (E.D. Cal. 2014) .................................................................................. 13

*Robbins v. Koger Properties, Inc.*,
  116 F.3d 1441 (11th Cir. 1997) ..................................................................................... 9

*Stanger v. China Elec. Motor, Inc.*,
  812 F.3d 734 (9th Cir. 2016) .......................................................................................... 2

*Steiner v. Am. Broad. Co.*,
  248 F. App'x 780 (9th Cir. 2007) ................................................................................. 12

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
  551 U.S. 308 (2007) ........................................................................................................ 2

*Vincent v. Hughes Air West, Inc.*,
  557 F.2d 759 (9th Cir. 1977) .......................................................................................... 2

*Vizcaino v. Microsoft Corp.*,
  290 F.3d 1043 (9th Cir. 2002) .............................................................................. passim

## Statutes

15 U.S.C.A. § 78u-4(a)(4) ....................................................................................... 1, 14

15 U.S.C.A. § 78u-4(a)(6) ............................................................................................ 3

## PRELIMINARY STATEMENT

Lead Counsel respectfully submits this memorandum of points and authorities in support of its application for: (i) an award of attorneys' fees of 25% of the Settlement Fund; (ii) payment of litigation expenses in the amount of $69,960.97; and (iii) reimbursement in the amount of $1,360.00 to the Lead Plaintiff in connection with his representation of the Settlement Class, pursuant to the PSLRA, 15 U.S.C. §78u-4(a)(4).

The Settlement provides a recovery of $3,750,000 in cash to resolve all claims in this Action.[1]  This recovery is a very favorable result for the Settlement Class and avoids the substantial risks and expenses of continued litigation, including the risk of recovering less, or nothing at all. Plaintiffs' Counsel litigated this Action on a contingency basis and have not received any compensation for their prosecution of the case over nearly two years of litigation. As discussed herein, as well as in the Declaration of Michael S. Bigin in Support of Final Approval of the Settlement and Payment of Attorneys' Fees and Expenses, it is respectfully submitted that receiving the "benchmark" 25% fee would be fair, reasonable, and appropriate under the circumstances of this case. The litigation expenses requested are also reasonable and were necessarily incurred for the successful prosecution of the Action. Finally, Lead Plaintiff's PSLRA reimbursement request is justified given the

---

[1] All capitalized terms not otherwise defined herein have the same meaning as those in the Stipulation and Agreement of Settlement, dated January 15, 2021 (the "Stipulation"), filed as Exhibit 1 to the January 15, 2021 Declaration of Avi Wagner. All exhibits referenced herein are attached to the Declaration of Michael S. Bigin filed June 14, 2021.

Lead Plaintiff's time spent litigating on behalf of the Settlement Class.

Accordingly, Lead Counsel respectfully requests approval of this motion for attorney's fees and payment of expenses.

## ARGUMENT

### I.    Awarding Attorneys' Fees Calculated as a Reasonable Percentage of the Common Fund Recovered Is Appropriate

The Supreme Court has long recognized that "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). Similarly, the Ninth Circuit has held that "a private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees." *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 769 (9th Cir. 1977); *accord*, *In re Nat'l Collegiate Athletic Ass'n Grant-in-Aid Cap Antitrust Litig.*, 768 F. App'x. 651, 653 (9th Cir. 2019). Courts recognize that awards of fair attorneys' fees from a common fund are important to incentivizing attorneys to represent class clients, who might otherwise be denied access to counsel, particularly on a contingency basis. *See Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 741 (9th Cir. 2016). In securities class actions, an award of fair attorney fees serves the public interest, as private securities actions are "an essential supplement to criminal prosecutions and civil enforcement actions" brought by the U.S. Securities Exchange Commission ("SEC"). *Tellabs, Inc. v. Makor*

*Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007).

Although courts have discretion to employ either the percentage of recovery or lodestar method, "[t]he use of the percentage-of-the-fund method in common-fund cases is the prevailing practice in the Ninth Circuit for awarding attorneys' fees and permits the Court to focus on a showing that a fund conferring benefits on a class was created through the efforts of plaintiffs' counsel." *In re Korean Air Lines Co., Antitrust Litig.*, No. 07-05107, 2013 WL 7985367, at *1 (C.D. Cal. Dec. 23, 2013); *see also In re Amkor Tech., Inc. Sec. Litig.*, No. 07-00278, 2009 WL 10708030, at *1 (D. Ariz. Nov. 19, 2009) (percentage-of-recovery method most appropriate to award attorneys' fees in securities class action); *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) ("use of the percentage method in common fund cases appears to be dominant"). Thus, the Ninth Circuit has consistently approved the use of the percentage method in common fund cases.[2]

## II.   Analysis Under the Percentage Method Justifies a 25% Contingency Fee Award

In awarding an attorney's fee from a common fund, the Court must determine whether the requested fee would be reasonable. The Ninth Circuit has stated that a 25% fee

---

[2] The PSLRA likewise contemplates that fees be awarded on a percentage basis, authorizing attorneys' fees and expenses to counsel that do not exceed "a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class." 15 U.S.C. §78u-4(a)(6); *see also In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005) ("[T]he percentage-of-recovery method was incorporated in the [PSLRA].").

is the benchmark percentage of recovery for class actions, which may be adjusted depending on the circumstances of each case. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002). The reasonableness of a 25% fee here is strongly supported by the relevant factors considered by courts within the Ninth Circuit, including: the results achieved and the risks to the litigation; the skill required and the quality of work; the contingent nature of the fee and the financial burden carried by the plaintiffs; and awards made in similar cases. *See, e.g., In re Optical Disk Drive Prods. Antitrust Litig. Indirect Purchaser Class*, 959 F.3d 922, 930 (9th Cir. 2020) (following *Vizcaino*, 290 F.3d at 1052 and reiterating the factors to be considered).

## A.   Lead Counsel Obtained an Excellent Result for the Settlement Class

The $3.75 million Settlement Amount provides a favorable recovery as a proportion of estimated damages for this Action. The Settlement recovers approximately 7% of the $54 million in maximum estimated damages. This percentage is above the median settlement amount as reported by Cornerstone Research, which tracks and aggregates court-approved securities class action settlements. According to Cornerstone Research, the median settlement was 4.9% of damages for cases settling during a pending motion to dismiss. *See* Ex. 3. at 14 (*Securities Class Action Settlements – 2020 Review and Analysis*, Cornerstone Research). Indeed, courts in the Ninth Circuit have approved settlements that recovered similar, or smaller, percentages of maximum damages than here. *See, e.g., McPhail v. First Command Fin. Planning, Inc.,* No. 05-cv-179-IEG-JMA, 2009 WL

839841, at *5 (S.D. Cal. Mar. 30, 2009) (finding that recovering 7% of estimated damages was fair and adequate); *Omnivision*, 559 F. Supp. 2d at 1042 (settlement yielding 6% of potential damages after deducting fees and costs was "higher than the median percentage of investor losses recovered in recent shareholder class action settlements").

This Settlement, when viewed as a percentage of maximum recoverable damages, is likely even more favorable to the Settlement Class because Lead Plaintiff's $54 million estimate would be subject to formidable challenges. Proving loss causation and damages posed serious risks to recovery for the Settlement Class.  The Complaint alleged that three partially corrective disclosures revealed issues that caused material price drops: 1) that the new Go-To-Market Strategy was a failure as the Company's distributors had been forced into roles they were not equipped to handle; 2) the Company was not reinvesting savings from the Go-To-Market Strategy into growing and serving their national and commercial accounts; and 3) the Company was aware that its distributors were acquiring more inventory than they could sell in 2018 and 2019. While Lead Plaintiff believes each partial disclosure revealed new material information related to the alleged fraud, damages would be cut substantially if the Court found otherwise. In addition, the effects of disaggregating unrelated market information from the price movements on the dates of the disclosures had the potential to reduce damages regardless.

The Settlement is also reasonable because it provides the Settlement Class with a prompt and substantial tangible recovery, without the considerable risk, expense, and delay

of litigating to completion.  Lead Plaintiff was in the midst of opposing four motions to dismiss the Complaint at the time of settlement. While Lead Plaintiff believes the Complaint should have been sustained, risks were shown through the motions.  If the Complaint was sustained in full (or in part), there was still the risk that a class would not be certified for all potential class members.  Defendants would also likely have sought summary judgment and there was no guarantee that Lead Plaintiff would prevail against Defendants' challenges and, even if he did, how the Court's rulings would affect damages or how the case would be presented to the jury.

These risks aside, discovery would have been protracted and the trial of Lead Plaintiff's claims would inevitably be long and complex, and even a favorable verdict would undoubtedly spur a lengthy post-trial and appellate process. *See, e.g.*, *Lo v. Oxnard European Motors, LLC*, No. 11-cv-1009 JLS (MDD), 2011 WL 6300050, at *5 (S.D. Cal. Dec. 15, 2011) (addressing preliminary approval and stating that "'[c]onsidering the potential risks and expenses associated with continued prosecution . . . the probability of appeals, the certainty of delay, and the ultimate uncertainty of recovery through continued litigation,' the Court finds that, on balance, the proposed settlement is fair, reasonable, and adequate").

Accordingly, the Settlement Amount while statistically significant is even more impressive because this action had a high degree of risk to any recovery from the outset.

Lead Counsel's results for the Settlement Class considering the risks further merit a 25% contingency fee award.

### B.    The Specialized Skill Required and High Quality of Work Support a 25% Attorney Fee

Courts have recognized that the "prosecution and management of a complex national class action requires unique legal skills and abilities." *In re Heritage Bond Litig.*, No. 02-ML-1475-DI(RCX), 2005 WL 1594389, at *12 (C.D. Cal. June 10, 2005); *see also Vizcaino*, 290 F.3d at 1048. "This is particularly true in securities cases because the Private Securities Litigation Reform Act makes it much more difficult for securities plaintiffs to get past a motion to dismiss." *Destefano v. Zynga, Inc.*, No. 12-04007-JSC, 2016 WL 537946, at *17 (N.D. Cal. Feb. 11, 2016) (*quoting Omnivision*, 559 F. Supp. 2d at 1047). Here, in addition to the complexities of this being a securities case, the claims centered on Defendants' alleged false and misleading statements and omissions concerning different facets of the flooring industry.  Lead Counsel worked very hard to investigate and develop the complex claims against Defendants. Lead Counsel conducted its own investigation, meeting with and interviewing former employees who potentially had information concerning the alleged fraud. Lead Counsel also scoured the public record for information to support the claims. This research allowed Lead Counsel to prepare a detailed amended complaint. Parties then fully briefed four motions to dismiss the amended complaint just prior to mediation.

Lead Counsel used its extensive and significant experience in the highly specialized field of securities class action litigation for the benefit of the Settlement Class. Lead Counsel has not only used its knowledge and skill from prior cases, but also developed specific expertise in the issues presented here to overcome the obstacles presented by Defendants. The favorable Settlement is attributable in large part to the diligence, determination, hard work, and skill of Lead Counsel, who developed, litigated, and successfully settled the Action.

The quality of opposing counsel is also important in evaluating the quality of the work done by Lead Counsel. *See, e.g., Heritage Bond*, 2005 WL 1594389, at *12; *In re Equity Funding Corp. Sec. Litig.*, 438 F. Supp. 1303, 1337 (C.D. Cal. 1977). Lead Counsel was opposed in this Action by very skilled and highly respected lawyers with well-deserved reputations for vigorous advocacy in the defense of complex civil cases such as this. In the face of this formidable opposition, Lead Counsel was able to develop Lead Plaintiff's case so as to persuade Defendants to settle the Action on terms favorable to the Settlement Class.

## C. The Contingent Nature of the Case and the High Financial Burden Carried by Lead Counsel Support the Fee Request

It has long been recognized that attorneys are entitled to a larger fee when their compensation is contingent in nature. *See Vizcaino*, 290 F.3d at 1048-50; *Omnivision*, 559 F. Supp. 2d at 1047 ("The importance of assuring adequate representation for plaintiffs who could not otherwise afford competent attorneys justifies providing those attorneys who do accept matters on a contingent-fee basis a larger fee than if they were billing by the hour

or on a flat fee."); *see also Zynga*, 2016 WL 537946, at *18 (noting that "when counsel takes on a contingency fee case and the litigation is protracted, the risk of non-payment after years of litigation justifies a significant fee award"). Indeed, there have been many class actions in which plaintiffs' counsel took on the risk of pursuing claims on a contingency basis, expended thousands of hours and dollars, yet received no remuneration whatsoever despite their diligence and expertise. For example, counsel tried *In re JDS Uniphase Securities Litigation*, Case No. C-02-1486 CW (EDL) (N.D. Cal. Nov. 27, 2007) (Dkt. 1883), through to a disappointing verdict in favor of the defendants, receiving no compensation and expending millions of dollars in time and expenses. *See also In re Oracle Corp. Sec. Litig.*, No. C 01-00988 SI, 2009 WL 1709050, at *34 (N.D. Cal. June 19, 2009), *aff'd*, 627 F.3d 376 (9th Cir. 2010) (granting summary judgment to defendants after eight years of litigation, and after plaintiff's counsel worked over 100,000 hours, representing a lodestar of approximately $48 million, and incurred over $6 million in expenses). Lead Counsel is aware of many other hard-fought lawsuits where, because of the discovery of facts unknown when the case was commenced, changes in the law during the pendency of the case, or a decision of a judge or jury following a trial on the merits, excellent professional efforts by members of the plaintiff's bar produced no fee for counsel. *See, e.g., Robbins v. Koger Props., Inc.*, 116 F.3d 1441, 1449 (11th Cir. 1997) (reversing $81 million jury verdict and dismissing case with prejudice); *Anixter v. Home Stake Prod. Co.*, 77 F.3d 1215 (10th Cir. 1996) (overturning plaintiffs' verdict obtained after two decades

of litigation). Even plaintiffs who get past summary judgment and succeed at trial may find a judgment in their favor overturned on appeal or on a post-trial motion. *See, e.g., In re BankAtlantic Bancorp, Inc. Sec. Litig.*, No. 07-cv-61542, 2011 WL 1585605, at *37 (S.D. Fla. Apr. 25, 2011) (after plaintiffs' 2010 jury verdict, court granted defendants' motion for judgment as a matter of law on loss causation grounds), *aff'd. sub. nom Hubbard v. BankAtlantic Bancorp. Inc.*, 688 F.3d 713 (11th Cir. 2012) (trial court erred, but defendants entitled to judgment as matter of law on lack of loss causation); *Glickenhaus & Co. v. Household Int'l, Inc.*, 787 F.3d 408, 433 (7th Cir. 2015) (reversing and remanding jury verdict of $2.46 billion after 13 years of litigation on loss causation grounds and error in jury instruction under *Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135 (2011)).

Here, because Plaintiffs' Counsel's fee was entirely contingent, the only certainty was that there would be no fee without a successful result and that such result would only be realized after significant amounts of time, effort, and expense had been expended. Unlike counsel for Defendants, who were paid and reimbursed for their expenses on a current basis, Plaintiffs' Counsel have received no compensation for their efforts during the course of the Action. Plaintiffs' Counsel have risked non-payment of $744,532.25 in time worked on this matter and nearly $70,000 in expenses, knowing that if their efforts were not successful, no fees or expenses would be paid.

### D. A 25% Fee Award Is at or Below Awards in Similar Cases

The requested fee is the 25% benchmark fee recommended by the Ninth Circuit for securities class actions.  This fee is on the low end for a case settling below $4 million and should be approved.  Indeed, fee awards of 30%, or more, have regularly been awarded in class actions in district courts throughout the Ninth Circuit. *See, e.g., Cheng Jiangchen v. Rentech, Inc.*, CV 17-1490-GW(FFMX), 2019 WL 5173771, at *7, 11 (C.D. Cal. Oct. 10, 2019) (awarding 33.33% of a $2,050,000 settlement fund); *In re Audioeye, Inc., Sec. Litig.*, No. CV-15-00163-TUC-DCB, 2017 WL 5514690, at *4 (D. Ariz. May 8, 2017) (the court awarded a fee of 33 1/3% of a $1,525,000 securities settlement); *Deaver v. Compass Bank,* No. 13-cv-00222-JSC, 2015 WL 8526982, at *11, 15 (N.D. Cal. Dec. 11, 2015) (awarding 33.33% of $500,000 settlement fund); *see also In re CV Therapeutics, Inc. Sec. Litig.*, No. C 03-3709 SI, 2007 WL 1033478, at *1 (N.D. Cal. Apr. 4, 2007) (awarding 30% fee of $13.5 million settlement); *Flo & Eddie Inc. v. Sirius XM Inc. Radio*, CV13–5693 PSG (GJSx), 2017 WL 4685536, at *7, 11 (C.D. Cal. May 8, 2017) (awarding 30% fee in $35 million settlement). Accordingly, it is respectfully submitted that a 25% fee is comparable to awards in similar cases.

### E. The Requested Fee Is Reasonable Under a Lodestar Cross-Check Analysis

Although an analysis of counsel's lodestar is not required for an award of attorneys' fees in the Ninth Circuit, a cross-check of the fee request with Plaintiffs' Counsel's lodestar demonstrates its reasonableness. *See Vizcaino*, 290 F.3d at 1048-50; *see also In re*

*Coordinated Pretrial Proceedings In Petroleum Prods. Antitrust Litig.*, 109 F.3d 602, 607 (9th Cir. 1997) (comparing the lodestar fee to the percentage fee is an appropriate measure of a percentage fee's reasonableness).

Plaintiffs' Counsel's combined "lodestar" is $744,523.25 for 939.05 hours of work through June 10, 2021. The requested 25% fee, if awarded, would represent a "multiplier" of 1.26. *See* Exs. 4-5. The Ninth Circuit has recognized that attorneys in common fund cases are frequently awarded a multiple of their lodestar, rewarding them "for taking the risk of nonpayment by paying them a premium over their normal hourly rates for winning contingency cases." *Vizcaino*, 290 F.3d at 1051. For example, the district court in *Vizcaino* approved a fee that reflected a multiple of 3.65 times counsel's lodestar. *Id*. The Ninth Circuit affirmed, holding that the district court correctly considered the range of multiples applied in common fund cases, and noting that a range of lodestar multiples from 1.0 to 4.0 are frequently awarded. *Id*.; s*ee also Steiner v. Am. Broad. Co.*, 248 F. App'x. 780, 783 (9th Cir. 2007) (finding that 6.85 multiplier "falls well within the range of multipliers that courts have allowed"). Plaintiffs' Counsel's lodestar represents 939.05 hours of work at counsel's current hourly rates. Counsel's rates range from $1,000 to $1,150 per hour for partners and $550 to $900 per hour for associates or senior counsel. *See* Exs. 4-5. Lead Counsel submits that these rates are comparable, or less than, those used by peer defense-side law firms litigating matters of similar magnitude as shown by a sample of defense firm rates in 2019, from bankruptcy court filings nationwide, often exceeded these rates. *See*

Ex. 6. Similar rates for Lead Counsel have recently been reviewed and approved by the District of Arizona in the *Avila v. Lifelock*. *See* Ex. 7.

Moreover, additional work will be required of Lead Counsel on an ongoing basis, including: correspondence with Settlement Class Members; supervising the claims administration process being conducted by the Claims Administrator; and supervising the distribution of the Net Settlement Fund to Settlement Class Members who have submitted valid Claim Forms. Lead Counsel will not seek additional payment for this work.

Accordingly, a 25% fee is warranted under the percentage method for this case.

## III. Plaintiffs' Counsel's Expenses Are Reasonable and Were Necessary to Achieve the Benefit Obtained

"There is no doubt that an attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund." *Ontiveros v. Zamora*, 303 F.R.D. 356, 375 (E.D. Cal. 2014) (*citing Heritage Bond*, 2005 WL 1594403, at *23). "To that end, courts throughout the Ninth Circuit regularly award litigation costs and expenses – including photocopying, printing, postage, court costs, research on online databases, experts and consultants, and reasonable travel expenses in securities class actions, as attorneys routinely bill private clients for such expenses in non-contingent litigation." *Zynga*, 2016 WL 537946, at *22 (*citing Harris v. Marhoefer*, 24 F.3d 16, 1920 (9th Cir. 1994). Here, Plaintiffs' Counsel will incur reasonable and necessary costs and expenses in the total amount of $69,960.97, which are detailed in Plaintiffs' Counsel's individual firm declarations, Exs. 4-5. Because the expenses were incurred with

no guarantee of recovery, Lead Counsel had a strong incentive to keep them as low as reasonably possible. Indeed, the total expenses are less than the $75,000 estimate contained in the Notice.  Although the objection deadline will not run until June 28, 2020, to date, no objections to the maximum requested amount of expenses have been received.

**IV.    Lead Plaintiff's Request for an Award Pursuant to 15 U.S.C. 78u-4(A)(4) Is Reasonable**

The PSLRA at 15 U.S.C. § 78u-4(a)(4) provides for an "award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of a class." Here, as detailed in Lead Plaintiff's declaration, Lead Plaintiff is seeking a total of $1,360.00 related to the time dedicated to the Action, which included communicating with Lead Counsel, reviewing pleadings and briefing and preparing for the mediation. Ex 1. Many courts have approved reasonable payments to compensate class representatives for the time, effort, and expenses devoted by them on behalf of a class. *See*, *e.g.*, *In re Intuitive Surgical Securities Litigation*, Case No. 5:13-cv-01920 EJD (HRL), slip op. at 4 (N.D. Cal. Dec. 20, 2018) (awarding $49,754.18 and $9,100.00 to class representatives) (Dkt. 317) (Ex. 7); *Hatamian v. Advanced Micro Devices, Inc.*, Case No. 14-cv00226-YGR, slip op. at 4 (N.D. Cal. Mar. 2, 2018) (awarding costs and expenses to two class representatives in the amount of $8,348.25 and $14,875.00) (Dkt. 364) (Ex. 7); and *In re Broadcom Corp. Class Action Litig.*, No. CV-06-5036-R (CWx), slip op. at 2 (C.D. Cal. Dec. 4, 2012) (awarding costs and expenses to class representative in the amount of $21,087) (Dkt. 454) (Ex. 7). As explained in one decision,

courts "award such costs and expenses to both reimburse named plaintiffs for expenses incurred through their involvement with the action and lost wages, as well as provide an incentive for such plaintiffs to remain involved in the litigation and incur such expenses in the first place." *Hicks v. Stanley*, No. 01 Civ. 10071(RJH), 2005 WL 2757792, at *10 (S.D.N.Y. Oct. 24, 2005). Lead Counsel respectfully submits that the amount sought here is reasonable based on Lead Plaintiff's involvement in the Action from inception to settlement.

## CONCLUSION

For all the foregoing reasons, Lead Counsel respectfully requests that the Court award attorneys' fees of 25% of the Settlement Fund, litigation expenses in the amount of $69,960.97, and PSLRA reimbursement to the Lead Plaintiff in the amount of $1,360.00. A proposed order will be submitted with Lead Counsel's reply papers, after the objection deadline.

Dated:  June 14, 2021                          Respectfully submitted,

                                               THE WAGNER FIRM

                                               */s/Avi Wagner*
                                               Avi Wagner (Cal Bar. No. 226688)
                                               1925 Century Park East, Suite 2100
                                               Los Angeles, CA 90067
                                               Telephone: 310-491-7949
                                               Facsimile: 310-694-3967
                                               Email:  Avi@thewagnerfirm.com

                                               BERNSTEIN LIEBHARD LLP
                                               Michael S. Bigin (admitted *pro hac vice*)

Laurence J. Hasson (admitted *pro hac vice*)
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email: bigin@bernlieb.com
lhasson@bernlieb.com


*Counsel for Lead Plaintiff Randy Marker and Lead
Counsel for Proposed Settlement Class*

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On June 14, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 14, 2021, at Los Angeles, California.

*s/ Avi Wagner*
Avi Wagner