**THE WAGNER FIRM**
Avi Wagner (Cal Bar. No. 226688)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310-491-7949
Facsimile: 310-694-3967
*Liaison Counsel for*
*Lead Plaintiff Randy Marker*

(*Additional Counsel on signature page*)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL CHUPA, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARMSTRONG FLOORING, INC., et al.,<br><br>Defendants. | Case No. 2:19-cv-09840-CAS-MRW<br><br>**CLASS ACTION**<br><br>**DECLARATION OF MICHAEL S. BIGIN IN SUPPORT OF FINAL APPROVAL OF THE SETTLEMENT AND PAYMENT OF ATTORNEY'S FEES AND EXPENSES**<br><br>Judge:   Hon. Christina A. Snyder<br>Courtroom 8D – 8th Floor<br>Hearing Day: July 19, 2021<br>Hearing Time: 10:00 AM |

00623283;V2                    00585468;V1
DECLARATION OF MICHAEL S. BIGIN IN SUPPORT OF FINAL APPROVAL OF THE SETTLEMENT AND PAYMENT OF ATTORNEY'S FEES AND EXPENSES
Case No. 2:19-cv-09840-CAS-MRW

I, MICHAEL S. BIGIN declare as follows pursuant to 28 U.S.C. §1746:

1.    I am a partner in the law firm of Bernstein Liebhard LLP ("Bernstein Liebhard").  Bernstein Liebhard is the Court-appointed Lead Counsel for Lead Plaintiff Randy Marker and the proposed Settlement Class in the above-captioned action (the "Action").[1]  I have personal knowledge of the matters set forth herein based on my active participation in the prosecution and settlement of the Action.

2.    I respectfully submit this Declaration in support of: (a) Lead Plaintiff's Motion for Final Approval of Settlement, Certification of the Settlement Class, and Entry of Judgment; and (b) Lead Counsel's Motion for Payment of Attorney's Fees and Expenses.  Both motions have the support of the Lead Plaintiff.  *See* Declaration of Lead Plaintiff Randy Marker, attached hereto as Exhibit 1.[2]

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement, dated January15, 2021 (the "Stipulation"), previously filed with the Court. *See* ECF No. 95-1.

[2] Citations to "Exhibit" or "Ex.___" herein refer to exhibits to this Declaration.  For clarity, exhibits that themselves have attached exhibits will be referenced as "Ex. __-__."  The first numerical reference is to the designation of the entire exhibit attached hereto and the second numerical reference is to the exhibit designation within the exhibit itself.

00623283;V2

*DECLARATION OF MICHAEL S. BIGIN IN SUPPORT OF FINAL APPROVAL OF THE SETTLEMENT AND PAYMENT OF ATTORNEY'S FEES AND EXPENSES*
*Case No. 2:19-cv-09840-CAS-MRW*

## I.    PRELIMINARY STATEMENT

3.    Lead Plaintiff has succeeded in obtaining a recovery for the Settlement Class in the amount of $3,750,000, in cash, which has been deposited in an interest-bearing escrow account for the benefit of the Settlement Class.  As set forth in the Stipulation, in exchange for this payment, the proposed Settlement resolves all claims asserted by Lead Plaintiff and the Settlement Class in the Action and all related claims that could have been brought against the Defendants ("Released Claims").

4.    The case has been vigorously litigated from its commencement in November 2019 through the execution of the Stipulation.  The Settlement was achieved only after Lead Counsel, *inter alia*: (i) conducted a thorough and wide-ranging investigation concerning the allegedly fraudulent misrepresentations and omissions made by Defendants; (ii) prepared and filed a detailed amended class action complaint; (iii) researched and drafted an opposition to Defendants' four motions to dismiss the amended class action complaint; (iv) drafted a detailed mediation statement and mediated the Action; and (ix) worked closely with its expert to analyze loss causation and damages issues.  At the time the Settlement was

00623283;V2

*DECLARATION OF MICHAEL S. BIGIN IN SUPPORT OF FINAL APPROVAL OF THE SETTLEMENT AND PAYMENT OF ATTORNEY'S FEES AND EXPENSES*
*Case No. 2:19-cv-09840-CAS-MRW*

reached, Lead Counsel had a thorough understanding of the strengths and weaknesses of the Parties' positions.

5. In deciding to settle, Lead Plaintiff and Lead Counsel took into consideration the significant risks associated with establishing liability, as well as the duration and complexity of the legal proceedings that remained ahead.  As demonstrated by the Parties' court filings, the Settlement was achieved in the face of vigorous opposition by Defendants who would have, had the Settlement not been reached, continued to raise serious arguments concerning, among other things, whether the alleged misstatements were material or false, whether there was any evidence of Defendants' scienter, and whether Lead Plaintiff could prove that the alleged fraud caused an economic loss.

## II. NEGOTIATION OF THE SETTLEMENT

6. In late 2020, Lead Plaintiff and Armstrong Flooring began exploring the possibility of a settlement.  The Parties agreed that holding a mediation session prior to a ruling on the motions to dismiss could be beneficial. Parties engaged Robert Meyer, of JAMS, a well-respected and highly experienced mediator, to assist them in a potential negotiated resolution of the claims against Defendants.

00623283;V2

*DECLARATION OF MICHAEL S. BIGIN IN SUPPORT OF FINAL APPROVAL OF THE SETTLEMENT AND PAYMENT OF ATTORNEY'S FEES AND EXPENSES*
*Case No. 2:19-cv-09840-CAS-MRW*

7.    In advance of the scheduled mediation session with Mr. Meyer, Lead Plaintiff and Armstrong Flooring exchanged mediation statements and expert analyses.

8.    A full day mediation session was held on October 19, 2020 before Mr. Meyer. The Parties did not reach an agreement that day, but continued to negotiate through Mr. Meyer.

9.    On November 30, 2020, the Parties reached a settlement in principle to resolve the Action.

10.    The Parties subsequently drafted the Stipulation, which sets forth the final terms and conditions of the Settlement, including, among other things, a dismissal with prejudice of all claims asserted in the Action, along with a release of any related claims ("Released Plaintiffs' Claims"), in return for a cash payment of $3,750,000 (the "Settlement Amount") for the benefit of the Settlement Class.

11.    Lead Plaintiff and Defendants thereafter memorialized the final terms of settlement in the Stipulation, which was executed by the Parties on January 15, 2021 and filed with the Court, along with Lead Plaintiff's motion and supporting

00623283;V2

*DECLARATION OF MICHAEL S. BIGIN IN SUPPORT OF FINAL APPROVAL OF THE SETTLEMENT AND PAYMENT OF ATTORNEY'S FEES AND EXPENSES*
*Case No. 2:19-cv-09840-CAS-MRW*

memorandum of points and authorities seeking preliminary approval of the Settlement, ECF No. 95-1.

## III.   COMPLIANCE WITH THE PRELIMINARY APPROVAL ORDER

12.    By Order entered February 22, 2021, the Court preliminarily approved the Settlement and approved the forms of notice to the Settlement Class.  ECF No. 99.  Pursuant to the Preliminary Approval Order, the Court appointed Strategic Claims Services ("SCS") as Claims Administrator and instructed SCS to disseminate copies of the Notice to the Settlement Class.

13.    The Notice informed the Settlement Class members of the terms of the Settlement, their right to object or seek exclusion, and that Lead Counsel sought attorney fees of up to 25% of the Settlement Fund and reimbursement of expenses not to exceed $75,0000.

14.    Attached as Exhibit 2 is the Declaration of Josephine Bravata Concerning: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections.   This Declaration demonstrates that the Claims Administrator has provided Notice to the Settlement Class in compliance with the Preliminary Approval Order.

00623283;V2

*DECLARATION OF MICHAEL S. BIGIN IN SUPPORT OF FINAL APPROVAL OF THE SETTLEMENT AND PAYMENT OF ATTORNEY'S FEES AND EXPENSES*
*Case No. 2:19-cv-09840-CAS-MRW*

15.    In addition to providing Notice directly to Settlement Class Members, SCS caused the Summary Notice to be published in *Investor's Business Daily* and to be transmitted over *PR Newswire*.  *Id.* at ¶ 10.

16.    Lead Counsel has reviewed the Summary Notice as distributed to the Settlement Class.

17.    SCS also maintains and posts information regarding the Settlement on a dedicated website established for the Action, https://www.strategicclaims.net/armstrong/ to provide Settlement Class Members with information about the Action, as well as downloadable copies of the Notice, Claim Form and Stipulation.  *Id*. at ¶ 12.

18.    Lead Counsel reviewed the Claims Administrator's website for the Action and confirmed that it was operational and provided information to the Settlement Class.

19.    Lead Counsel also posted Notice to the Settlement Class on its firm website.

20.    Pursuant to the terms of the Preliminary Approval Order, the deadline for Settlement Class Members to submit objections to the Settlement or the fee and

00623283;V2

*DECLARATION OF MICHAEL S. BIGIN IN SUPPORT OF FINAL APPROVAL OF THE SETTLEMENT AND PAYMENT OF ATTORNEY'S FEES AND EXPENSES*
*Case No. 2:19-cv-09840-CAS-MRW*

expense application, or to request exclusion from the Settlement Class is June 28,

2021.  To date, the CSC reports that it has not received any objections or requests

for exclusion from the Settlement Class.  *Id.* at ¶¶ 13-14.

21.    Lead Counsel is unaware of any objection to the Settlement or request

for exclusion from the Settlement Class. Should any objections or requests for

exclusion be received, Lead Plaintiff will address such in the reply papers.

## IV.    THE SETTLEMENT IS AN EXCELLENT RESULT FOR THE SETTLEMENT CLASS

22.    The $3,750,000 Settlement is a favorable and reasonable result,

particularly when considered in view of the substantial risks and obstacles to

recovery if the Action were to continue through summary judgment, to trial, and

through likely post-trial motions and appeals.

23.    The Settlement recovers approximately 7% of the $54 million in

maximum estimated damages.  This percentage is above the median settlement

amount as reported by Cornerstone Research in Laarni T. Bulan et al., *Securities

Class Action Settlements: 2020 Review and Analysis,* which tracks and aggregates

court-approved securities class action settlements. *See* Exhibit 3.

00623283;V2

*DECLARATION OF MICHAEL S. BIGIN IN SUPPORT OF FINAL APPROVAL
OF THE SETTLEMENT AND PAYMENT OF ATTORNEY'S FEES AND
EXPENSES*
*Case No. 2:19-cv-09840-CAS-MRW*

24. This Settlement when viewed as a percentage of maximum recoverable damages is likely even more favorable to the Settlement Class because Lead Plaintiff's $54 million estimate would be subject to formidable challenges.

25. Though Lead Plaintiff believes that the claims were actionable, Lead Plaintiff also recognizes that there were considerable risks in continuing the Action against Defendants. Lead Plaintiff and Lead Counsel carefully considered these risks during the months leading up to the Settlement and throughout the settlement discussions with Defendants and the Mediator.

26. In agreeing to settle, Lead Plaintiff and Lead Counsel weighed, among other things, the substantial cash benefit to Settlement Class Members against: (i) the uncertainties associated with trying complex securities cases; (ii) the difficulties and challenges involved in proving materiality, falsity, scienter, causation, and damages in this particular case; and (iii) the delays that would follow even a favorable final judgment, including appeals.

27. Defendants have argued in their motions to dismiss that Lead Plaintiff could not prove the alleged statements were actionable or that Defendants possessed the requisite state of mind to support a securities fraud claim.

00623283;V2

*DECLARATION OF MICHAEL S. BIGIN IN SUPPORT OF FINAL APPROVAL OF THE SETTLEMENT AND PAYMENT OF ATTORNEY'S FEES AND EXPENSES*
*Case No. 2:19-cv-09840-CAS-MRW*

28.    Defendants would also be able to demonstrate that the Individual Defendants did not engage in significant insider sales during the Class Period.  As a result, Defendants would have advanced a compelling narrative to a jury that they lacked any motive to commit securities fraud.  While such allegations are not required to prove scienter, a lack of insider sales could have undercut Lead Plaintiff's ability to establish a strong inference of scienter at trial.

29.    Proving loss causation and damages posed serious risks to recovery for the Settlement Class.  The Complaint alleged that three partially corrective disclosures revealed issues that caused material price drops: 1) that the new Go-To-Market Strategy was a failure as the Company's distributors had been forced into roles they were not equipped to handle; 2) the Company was not reinvesting savings from the Go-To-Market Strategy into growing and serving their national and commercial accounts; and 3) the Company was aware that its distributors were acquiring more inventory than they could sell in 2018 and 2019. While Lead Plaintiff believes each partial disclosure revealed new material information related to the alleged fraud, damages would be cut substantially if the Court found otherwise. In addition, the effects of disaggregating unrelated market information

00623283;V2

*DECLARATION OF MICHAEL S. BIGIN IN SUPPORT OF FINAL APPROVAL OF THE SETTLEMENT AND PAYMENT OF ATTORNEY'S FEES AND EXPENSES*
*Case No. 2:19-cv-09840-CAS-MRW*

from the price movements on the dates of the disclosures had the potential to reduce damages regardless.

30.    The Settlement also provides the Settlement Class with a prompt and substantial tangible recovery, without the considerable risk, expense, and delay of litigating to completion. Lead Plaintiff was in the midst of opposing four motions to dismiss the Complaint. While Lead Plaintiff believes the Complaint would have been sustained, risks were shown through the motions.  Additionally, if the Complaint was only sustained in part, the Class Period could be shortened, which would bar recovery for certain members of the Settlement Class.

31.    Defendants would also likely have sought summary judgment and there was no guarantee that Lead Plaintiff would prevail against Defendants' challenges and, even if he did, how the Court's rulings would affect damages or how the case would be presented to the jury.

32.    These risks aside, discovery would have been protracted and the trial of Lead Plaintiff's claims would inevitably be long and complex, and even a favorable verdict would undoubtedly spur a lengthy post-trial and appellate process.

00623283;V2

*DECLARATION OF MICHAEL S. BIGIN IN SUPPORT OF FINAL APPROVAL OF THE SETTLEMENT AND PAYMENT OF ATTORNEY'S FEES AND EXPENSES*
*Case No. 2:19-cv-09840-CAS-MRW*

33. Lead Plaintiff's success was by no means assured. It is possible that a jury could have found no liability or no damages. Lead Counsel therefore respectfully submits that based upon the considerable risk factors present, this Settlement is an excellent result for the Settlement Class and involved a very substantial contingency risk to Lead Counsel.

## V. THE WORK OF PLAINTIFFS' COUNSEL AND THE LODESTAR CROSS-CHECK

34. The work undertaken by Plaintiffs' Counsel in investigating and prosecuting this case and arriving at the present Settlement in the face of serious hurdles has been time-consuming and challenging. Among other efforts, Lead Counsel conducted a comprehensive investigation into the Settlement Class's claims; researched and prepared a detailed amended class action complaint; briefed thorough oppositions to Defendants' four motions to dismiss; and engaged in a hard-fought settlement process with experienced defense counsel and an experienced Mediator.

35. At all times throughout the pendency of the Action, Lead Counsel's efforts were driven and focused on advancing the litigation to bring about the most

00623283;V2

*DECLARATION OF MICHAEL S. BIGIN IN SUPPORT OF FINAL APPROVAL OF THE SETTLEMENT AND PAYMENT OF ATTORNEY'S FEES AND EXPENSES*
*Case No. 2:19-cv-09840-CAS-MRW*

successful outcome for the Settlement Class, whether through settlement or trial, by the most efficient means necessary.

36.     Attached hereto are declarations from Plaintiffs' Counsel, which are submitted in support of the request for an award of attorneys' fees and payment of expenses.  *See* Declaration of Bernstein Liebhard LLP in Support of Lead Counsel's Motion for Payment of Attorney's Fees and Expenses (attached as Exhibit 4 hereto); and Declaration of the Wagner Firm in Support of Lead Counsel's Motion for Payment of Attorney's Fees and Expenses (attached as Exhibit 5 hereto).

37.     Included with these declarations are schedules that summarize the time of each firm (including by category of work conducted), as well as the expenses incurred by category (the "Fee and Expense Schedules"). The attached declarations report the amount of time spent by each attorney and professional support staff employed by Plaintiffs' Counsel and the "lodestar" calculations, *i.e.*, their hours multiplied by their current rates.  *See* Exs. 4-5.  As explained in each declaration, they were prepared from daily time records regularly prepared and maintained by the respective firms.

00623283;V2

*DECLARATION OF MICHAEL S. BIGIN IN SUPPORT OF FINAL APPROVAL OF THE SETTLEMENT AND PAYMENT OF ATTORNEY'S FEES AND EXPENSES*
*Case No. 2:19-cv-09840-CAS-MRW*

38.    Lead Counsel and Liaison Counsel are experienced and skilled securities litigation law firms.  The expertise and experience of the firms' attorneys is described in the firm bios attached as exhibits to Plaintiffs' Counsel's Declarations.  *See* Exhibits 4-C; 5-C.

## VI.    PLAINTIFFS' COUNSEL'S REQUEST FOR LITIGATION EXPENSES

39.    Lead Counsel seeks payment from the Settlement Fund of litigation expenses reasonably and necessarily incurred in connection with commencing and prosecuting the claims against Defendants.  The Notice informs the Settlement Class that Lead Counsel will apply for payment of litigation expenses of no more than $75,000, plus interest at the same rate earned by the Settlement Fund.

40.    As set forth in Plaintiffs' Counsel's Declarations in support of Lead Counsel's motion for payment of attorney's fees and expenses, Plaintiffs' Counsel will incur a total of $ $69,960.97 in litigation expenses in connection with the prosecution of the Action.  *See* Ex. 4-B and Ex. 5-B.  The amounts requested herein are below the $75,000 estimate given to the Settlement Class in the Notice.

41.    All of the litigation expenses were necessary to the successful prosecution and resolution of the claims against Defendants.

00623283;V2

*DECLARATION OF MICHAEL S. BIGIN IN SUPPORT OF FINAL APPROVAL OF THE SETTLEMENT AND PAYMENT OF ATTORNEY'S FEES AND EXPENSES*
*Case No. 2:19-cv-09840-CAS-MRW*

## VII.   LEAD PLAINTIFF'S REIMBURSEMENT PURSUANT TO THE PSLRA

42.    Pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(4), Lead Plaintiff is seeking reimbursement related directly to his representation of the Settlement Class, including time reviewing pleadings, court filings, and participating in settlement. Such payments are expressly authorized and anticipated by the PSLRA.

43.    As set forth in the Declaration of Lead Plaintiff Randy Marker, attached hereto as Exhibit 1, Mr. Marker seeks an award of $1,360.00, as reimbursement for the time he dedicated to the Action.

44.    The Notice informed potential Settlement Class Members that Lead Counsel would be seeking payment of expenses in an amount not to exceed $75,000, including reimbursement to the Lead Plaintiff directly related to his representation of the Settlement Class, as authorized by the PSLRA. *See* Ex. 1. The aggregate amount requested, $71,320.97 (which includes $69,960.97 in litigation expenses incurred by Plaintiffs' Counsel and $1,360.00 in PSLRA reimbursement to the Lead Plaintiff) is below the $75,000 estimate given to the Settlement Class in the Notice.

00623283;V2

*DECLARATION OF MICHAEL S. BIGIN IN SUPPORT OF FINAL APPROVAL OF THE SETTLEMENT AND PAYMENT OF ATTORNEY'S FEES AND EXPENSES*
*Case No. 2:19-cv-09840-CAS-MRW*

## VIII.  CONCLUSION

45.     In view of the significant recovery to the Settlement Class and the substantial risks of this litigation, as described above and in the accompanying memorandum of law, Lead Plaintiff and Lead Counsel respectfully submit that the Settlement should be approved as fair, reasonable, and adequate.  In view of the significant recovery in the face of substantial risks, the quality of work performed, the contingent nature of the fee, and the standing and experience of Lead Counsel, as described above and in the accompanying memorandum of law, Lead Counsel respectfully submits that a fee in the amount of 25% of the Settlement Fund be awarded, that litigation expenses in the amount of $ $69,960.97 be paid, and that Lead Plaintiff be awarded $1,360.00, pursuant to the PSLRA.

## IX.     TABLE OF EXHIBITS

46.     The following documents are true and correct copies:

| EXHIBIT | DOCUMENT |
|---|---|
| 1 | Declaration of Lead Plaintiff Randy Marker |
| 2 | Declaration of Josephine Bravata Concerning: (A) Mailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on |

00623283;V2

*DECLARATION OF MICHAEL S. BIGIN IN SUPPORT OF FINAL APPROVAL OF THE SETTLEMENT AND PAYMENT OF ATTORNEY'S FEES AND EXPENSES*
*Case No. 2:19-cv-09840-CAS-MRW*

|   | Requests for Exclusion and Objections |
|---|---|
| 3 | Cornerstone Research in Laarni T. Bulan et al., *Securities Class Action Settlements: 2020 Review and Analysis* |
| 4 | Declaration of Bernstein Liebhard LLP in Support of Lead Counsel's Motion for Payment of Attorney's Fees and Expenses |
| 5 | Declaration of the Wagner Firm in Support of Lead Counsel's Motion for Payment of Attorney's Fees and Expenses |
| 6 | Representative fees awarded to counsel in Bankruptcy Court |
| 7 | Compendium of unreported decisions |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 14, 2021.

_\_/s/Michael S. Bigin\_\_
MICHAEL S. BIGIN

00623283;V2

*DECLARATION OF MICHAEL S. BIGIN IN SUPPORT OF FINAL APPROVAL*
*OF THE SETTLEMENT AND PAYMENT OF ATTORNEY'S FEES AND*
*EXPENSES*
*Case No. 2:19-cv-09840-CAS-MRW*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On June 14, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 14, 2021, at Los Angeles, California.

*s/ Avi Wagner*
Avi Wagner