# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL CHUPA, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARMSTRONG FLOORING, INC., et al.,<br><br>Defendants. | Case No. 2:19-cv-09840-CAS-MRW<br><br>Judge: Hon. Christina A. Snyder<br>Courtroom 8D – 8th Floor<br><br>**CLASS ACTION** |

### DECLARATION OF JOSEPHINE BRAVATA
### CONCERNING: (A) MAILING OF THE POSTCARD NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS

I, Josephine Bravata, declare as follows:

1. I am the Quality Assurance Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm. I have over nineteen years of experience specializing in the administration of class action cases. SCS was established in April 1999 and has administered over four-hundred fifty (450) class action cases since its inception. Pursuant to the Court's Order Preliminarily Approving Settlement and Authorizing Dissemination of Notice of Settlement, dated February 22, 2021 (the "Court's Order"), SCS was retained as Claims Administrator in connection with the Settlement of the above-captioned action.[1] I submit this Declaration in order to provide the Court and the Parties information regarding the mailing of the Postcard Notice to potential Settlement Class Members, as well as updates concerning other aspects of the Settlement administration process. I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated January 15, 2021 (the "Stipulation").

**MAILING OF POSTCARD NOTICE**

2. To provide actual notice to those persons and entities that purchased shares of Armstrong Flooring, Inc. ("Armstrong Flooring") common stock on the open market during the period from March 6, 2018 through March 3, 2020, inclusive (the "Class Period"), pursuant to the Preliminary Approval Order, SCS printed and mailed the Postcard Notice to potential members of the Settlement Class. A true and correct copy of the Postcard Notice is attached as **Exhibit A**.

3. SCS mailed, by first class mail, postage prepaid, the Postcard Notice to 221 individuals and organizations identified in the transfer records that were provided to SCS by Defendant's Counsel. These records reflect persons and entities that purchased Armstrong Flooring shares for their own account, or for the account(s) of their clients, during the Class Period. The transfer record mailing was completed on March 4, 2021.

4. As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers. The names and addresses of these beneficial purchasers are known only to the nominees. SCS maintains a proprietary master list consisting of 670 banks and brokerage companies ("Nominee Account Holders"), as well as 582 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups"). On March 2, 2021, SCS caused a letter to be mailed or e-mailed to the 1,252 nominees contained in the SCS master mailing list. The letter notified them of the Settlement and requested that they, within 7 calendar days from the date of the letter, either send or email a Postcard Notice to their customers who may be beneficial

2

purchasers/owners or provide SCS with a list of the names, mailing addresses, and email addresses of such beneficial purchasers/owners so that SCS could promptly mail or email the Postcard Notice directly to them.  A copy of the letter sent to these nominees is attached as **Exhibit B.**

5.     Following this mailing, SCS received additional names and addresses of potential Settlement Class Members from individuals or nominees requesting that a Postcard Notice be mailed by SCS, and SCS received requests from nominees for Postcard Notices so that the nominees could forward them to their customers.  To date, SCS has mailed 11,929 Postcard Notices.[2]

6.     Additionally, SCS emailed the Postcard Notice after receiving email addresses from a nominee to 341 of their clients and was notified by one of the nominees that they emailed 3,064 of their customers to notify them of this settlement and provide direct links to the Notice and Claim Form on the settlement website.

7.     In total 15,334 potential Settlement Class Members were notified either by mailed/emailed Postcard Notice or emailed a direct link to the Notice and Claim Form.

8.     SCS also sent the Depository Trust Company ("DTC") a Notice and Claim Form for the DTC to publish on its Legal Notice System ("LENS") on March 2, 2021. LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted.

9.     Out of the 11,929 Postcard Notices mailed, 460 were returned as undeliverable. Of these, the United States Postal Service provided forwarding addresses for 29, and SCS

---

[2] Out of the 11,929 Postcard Notices mailed, we received 12 requests from the potential Settlement Class Members to mail them the Internet Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release Form ("Claim Form") (collectively, the "Notice and Claim Form").

immediately mailed another Postcard Notice to the updated addresses. The remaining 431 Postcard Notices returned as undeliverable were "skip-traced" to obtain updated addresses and 96 were re-mailed to updated addresses.

## PUBLICATION OF THE SUMMARY NOTICE

10.    Pursuant to the Court's Order, the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice") was published once in *Investor's Business* Daily and transmitted once over the *PR Newswire* on March 29, 2021, as shown in the confirmations of publication attached hereto as **Exhibit C.**

## TOLL-FREE PHONE LINE

11.    SCS maintains a toll-free telephone number (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement and/or request a Notice and Claim Form. SCS has promptly responded to each telephone inquiry and will continue to address Settlement Class Member inquiries.

## SETTLEMENT WEBSITE

12.    On February 26, 2021, SCS established a webpage on its website at www.strategicclaims.net/Armstrong/. The webpage is accessible 24 hours a day, 7 days a week. The webpage contains the current status; the case deadlines; the online claim filing link; and important documents such as the Claim Form, the Notice, the Court's Order, and the Stipulation. A copy of the Notice and Claim Form is attached as **Exhibit D**.

## REPORT ON EXCLUSIONS AND OBJECTIONS

13.    The Postcard Notice, Notice, Summary Notice, and the settlement webpage informed potential Settlement Class Members that written requests for exclusion are to be mailed to SCS such that they are received no later than June 28, 2021. SCS has been monitoring all

mail delivered for this case.  As of the date of this Declaration, SCS has received no exclusion request.

14.    According to the Notice, Settlement Class Members seeking to object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the Fee and Expense Application must be submitted to Lead Counsel and Defendant's Counsel Representatives, as well as filed with the Court, no later than June 28, 2021.  As of the date of this Declaration, SCS has not received any objections.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 14th day of June 2021, in Media, Pennsylvania.

Josephine Bravata

*Court-Ordered Legal Notice*
*Forwarding Service Requested*

Important Notice about a Securities Class Action Settlement

You may be entitled to a payment. This Notice may affect your legal rights.

Please read it carefully.

Case Pending in the United States District Court for the Central District of California.

*Case Number: 2:19-cv-09840-CAS-MRW*

*Armstrong Flooring, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

EXHIBIT A

The United States District Court for the Central District of California has preliminarily approved a proposed class action Settlement of all claims in the action captioned *Chupa v. Armstrong Flooring Inc., et al.*, Case No. 2:19-cv-09840-CAS-MRW. The Settlement resolves all of the claims that Defendants violated the Securities Exchange Act of 1934 by making allegedly false and misleading statements to the investing public, which allegedly caused the Settlement Class to purchase Armstrong Flooring common stock at artificially inflated prices. Defendants expressly deny all Lead Plaintiff's allegations of wrongdoing or liability whatsoever and deny that the Settlement Class Members' losses are compensable under the securities laws.

You received this Postcard Notice because you or someone in your family may have purchased Armstrong Flooring common stock between March 6, 2018 and March 3, 2020, and you may be a Settlement Class Member. The Settlement provides that, in exchange for the dismissal and release of claims against Defendants, a fund consisting of $3,750,000, less attorneys' fees and expenses, will be divided among Settlement Class Members who timely submit a valid Proof of Claim and Release Form ("Claim Form"). The Claim Form can be found on the website, https://www.strategicclaims.net/Armstrong/, or will be mailed to you upon request to the Claims Administrator at the address below.

For a full description of the Settlement and your rights and to make a claim, please view the Stipulation and Agreement of Settlement, the Internet Notice of Pendency and Proposed Settlement of Class Action ("Notice"), and Claim Form by visiting the website: https://www.strategicclaims.net/Armstrong/. You may also request copies of the Notice and Claim Form from the Claims Administrator through any of the following ways: (1) mail: *Armstrong Flooring, Inc. Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St, Ste. 205, Media, PA 19063; (2) call toll-free: (866) 274-4004; (3) fax: (610) 565-7985; or (4) email: info@strategicclaims.net. **To qualify for payment, you must submit a Claim Form**.

Claim Forms must be electronically submitted by 11:59 p.m. on June 20, 2021. Mailed Claim Forms must be postmarked by June 20, 2021. If you do not want to be legally bound by the Settlement, you must exclude yourself by June 28, 2021 or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by June 28, 2021. The detailed Notice explains how to submit a Claim Form, exclude yourself, or object.

The Court will hold a final settlement hearing in this case on July 19, 2021 at 10:00 a.m. at the United States District Court, Central District of California, First Street U.S. Courthouse, 350 W. First Street, Courtroom 8D, 8th Floor, Los Angeles, CA 90012, to consider whether to approve the Settlement, the Plan of Allocation, and a request by Plaintiffs' Counsel for up to one quarter of the Settlement Fund for attorneys' fees, plus up to $75,000 for actual expenses. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll free (866-274-4004) or visit the website: https://www.strategicclaims.net/armstrong/.

**REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS**

STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202          EMAIL: info@strategicclaims.net    FAX: (610) 565-7985

March 2, 2021

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential class members.

**We request that you assist us in identifying any individuals who fit the following description:**

ALL PERSONS OR ENTITIES WHO PURCHASED THE COMMON STOCK OF ARMSTRONG FLOORING, INC. ("ARMSTRONG FLOORING") ON THE OPEN MARKET DURING THE PERIOD FROM MARCH 6, 2018 THROUGH MARCH 3, 2020.

Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any person who was an officer or director of Armstrong Flooring; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) any person who participated in the wrongdoing alleged; (vi) Defendants' liability insurance carriers; (vii) any affiliates, parents, or subsidiaries of Armstrong Flooring; (viii) all Armstrong Flooring plans that are covered by ERISA; and (ix) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interests, or assigns of any excluded person or entity in their respective capacity as such.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *Armstrong Flooring, Inc. Securities Litigation*<br>Case No. 2:19-cv-09840-CAS-MRW<br>Claim Filing Deadline: June 20, 2021<br>Exclusion Deadline: June 28, 2021<br>Objection Deadline: June 28, 2021<br>Settlement Hearing: July 19, 2021 | Cusip Number: 04238R106 |

**PER COURT ORDER, PLEASE RESPOND WITHIN 7 CALENDAR DAYS FROM THE DATE OF THIS NOTICE**

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with email addresses**, if email addresses are not available, provide us with names and last known addresses of your beneficial purchasers/owners and we will do the emailing or mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notice you have seven (7) calendar days to mail them; or
4. Request a copy of the Postcard Notice in electronic format and advise us that you will email the notice to your beneficial purchasers/owners.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:
- **$0.05 per email if you email the Postcard Notice** OR
- **$0.05 per name and address or email address** if you are providing us the records OR
- **$0.05 per name and address, including materials, plus postage at the current postcard rate used by the Claims Administrator if** you are requesting postcards and performing the mailing.

**All invoices must be received within 30 days of this letter.**

You are on record as having been notified of the legal matter. A copy of the Internet Notice of Pendency and Proposed Settlement of Class Action and Proof of Claim Form and Release Form and all the important documents are available on our website at www.strategicclaims.net/Armstrong/. You can also request a copy via email at info@strategicclaims.net. Thank you for your prompt response.

Sincerely,

Claims Administrator
Armstrong Flooring, Inc. Securities Litigation

EXHIBIT C

# INVESTOR'S BUSINESS DAILY®

## Affidavit of Publication

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Name of Publication:    IBD Weekly
Address:                12655 Beatrice Street
City, State, Zip:       Los Angeles, CA 90066
Phone #:                310.448.6700
State of:               California
County of:              Los Angeles

I, __Shaun Shen__ for the publisher of __IBD Weekly__, published in the city of __Los Angeles__, state of __California__, county of __Los Angeles__ hereby certify that the attached notice(s) for __ARMSTRONG FLOORING, INC.__ was printed in said publication on the following date(s):

**MARCH 29, 2021**

State of California

County of __Los Angeles__

Subscribed and sworn to (or affirmed) before me on this __29th__ day of __March__, __2021__, by

_____, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (Seal)



RICHARD CHARLES BRAND II
Notary Public - California
Los Angeles County
Commission # 2276190
My Comm. Expires Feb 25, 2023

Case 2:19-cv-09840-CAS-MRW   Document 104-2   Filed 06/14/21   Page 11 of 36   Page ID #:1774

# Key Financial And Commodity Futures

**S&P COMP. INDEX** Jun 21 PRICE MO %F=76.3 %S=73.9 CLOSE 3964.80 — OPEN INTEREST 12347 — CME

**MINI DOW JONES** Jun 21 PRICE MO %F=78.9 %S=79.2 CLOSE 329.54 — OPEN INTEREST 90953 — CBOT

**10 YEAR TREASURY** Jun 21 PRICE MO %F=26.6 %S=23.7 CLOSE 131-24 — OPEN INTEREST 3848319 — CBOT

**BRITISH POUND** Jun 21 PRICE MO %F=26 %S=28.2 CLOSE 1.3789 — OPEN INTEREST 139735 — IMM

**JAPANESE YEN** Jun 21 PRICE MO %F=20.4 %S=20.7 CLOSE 0.9123 — in 100th — OPEN INTEREST 161883 — IMM

**EURO** Jun 21 PRICE MO %F=13.3 %S=18 CLOSE 1.1809 — OPEN INTEREST 631890 — CME

**COCOA** May 21 PRICE MO %F=17.5 %S=18.6 CLOSE 2458.0 — OPEN INTEREST 74028 — ICE

**GAS BLEND** May 21 PRICE MO %F=30.2 %S=34.9 CLOSE 1.9709 — OPEN INTEREST 143687 — NYM

**WHEAT** May 21 PRICE MO %F=12.1 %S=14.4 CLOSE 6.13¼ — OPEN INTEREST 174431 — CBOT

**SOYBEAN OIL** May 21 PRICE MO %F=51 %S=72.1 CLOSE 52.48 — OPEN INTEREST 170161 — CBOT

**LUMBER** May 21 PRICE MO %F=88.9 %S=83.2 CLOSE 953.0 — OPEN INTEREST 2086 — CME

**CANADIAN DOLLAR** Jun 21 PRICE MO %F=39.9 %S=52.7 CLOSE 0.7941 — OPEN INTEREST 157009 — IMM

**MINI NASDAQ 100** Jun 21 PRICE MO %F=62.1 %S=62.9 CLOSE 12966.00 — OPEN INTEREST 222131 — CME

**US TREASURY BONDS** Jun 21 PRICE MO %F=46.1 %S=38.3 CLOSE 155-31 — OPEN INTEREST 1185911 — CBOT

**US DOLLAR INDEX** Jun 21 PRICE MO %F=85.5 %S=79.3 CLOSE 92.77 — OPEN INTEREST 38895 — ICE

**MEXICAN PESO** Jun 21 PRICE MO %F=71.7 %S=71.7 CLOSE 0.4819 — in 10th — OPEN INTEREST 130359 — IMM

**SWISS FRANC** Jun 21 PRICE MO %F=16.6 %S=22.8 CLOSE 1.0672 — OPEN INTEREST 39684 — IMM

**EURODOLLARS** Jun 21 PRICE MO %F=34.6 %S=38.3 CLOSE 99.83 — OPEN INTEREST 1161239 — IMM

**ORANGE JUICE** May 21 PRICE MO %F=22 %S=36.5 CLOSE 111.20 — OPEN INTEREST 9487 — ICE

**COTTON 2** May 21 PRICE MO %F=16.6 %S=17.9 CLOSE 80.38 — OPEN INTEREST 93686 — ICE

**SOYBEAN MEAL** May 21 PRICE MO %F=27.3 %S=22.4 CLOSE 404.00 — OPEN INTEREST 150668 — CBOT

**PLATINUM** Jul 21 PRICE MO %F=45 %S=51.9 CLOSE 1181.70 — OPEN INTEREST 52349 — NYM

**5 YEAR TREASURY** Jun 21 PRICE MO %F=31.9 %S=27 CLOSE 123-27 — OPEN INTEREST 3606260 — CBOT

**NIKKEI 225 AVGS.** Mar 22 PRICE MO %F=32.8 %S=39.8 CLOSE 28640 — OPEN INTEREST — CME — n.a.

## Selected Interest Rates

Chart legend: FED FUNDS RATE / FRB DISCOUNT RATE / 3 MO TREASURY BILLS. Weekly Data. DAILY FROM 03/22/2021. Scale: 0.4, 0.8, 1.2, 1.6, 2, 2.4, 2.8 %. Months: APR, JUL, OCT, JAN2020, APR, JUL, OCT.

Fed Funds Rate: Rates on overnight loans among financial institutions
Discount Rate: Rate charged by Federal Reserve Bank on loans to commercial banks
3 Month Treasury Bills: Yield for treasury bills traded on discount basis in secondary market

Chart legend: PRIME RATE / 10 YR TREASURY BONDS / TAX EXEMPT BONDS. DAILY FROM 03/22/2021. Scale 1–9. Months: APR, JUL, OCT, JAN2020, APR, JUL, OCT.

Prime Rate: Rate charged by banks on loans to the most credit-worthy corporations
Tax-Exempt Bonds: Yield of the bond buyer 40 municipal bond index

## U.S. Treasury Yield Curve

Chart legend: Friday 3/26 / 1 Month Ago 2/24 / 3 Months Ago 12/21. Yield To Maturity axis: 0.5, 1, 1.5, 2, 2.5, 3, 3.5 %. Years To Maturity: 1, 3, 6 Months; 1, 2, 3, 5, 7, 10 Years.

The yield curve provides a picture of credit market conditions. It depicts the available trade-off between yield and maturity. The chart shown here compares the yield curves for the prior day, month and quarter.

This announcement is neither an offer to buy nor a solicitation of an offer to sell Shares. The Offer is being made solely by the formal Offer to Purchase forwarded to Shareholders of record and is not being made to, and tenders will not be accepted from or on behalf of, Shareholders residing in any State in which making or accepting the Offer would violate that jurisdiction's laws. In those jurisdictions where the securities, Blue Sky, or other laws require the Offer to be made by a licensed broker or dealer, the Offer shall be deemed to be made on behalf of Purchasers only by one or more registered dealers licensed under the laws of such jurisdiction.

### NOTICE OF OFFER TO PURCHASE FOR CASH:
**Up to 1,000,000 Shares of common stock of Corporate Property Associates 18 – Global Incorporated (the "Company") at a price of $3.89 per Share**
**by: MacKenzie Badger Acquisition Co. 3, LLC; MacKenzie Badger Acquisition Co. 4, LLC; MPF Blue Ridge Fund I, LLC; MacKenzie Blue Ridge Fund III, LP; SCM Special Fund 3, LP (collectively the "Purchasers")**

The Purchasers are offering to purchase for cash up to 1,000,000 shares of common stock ("Shares") of the Company, at a price of $3.89 per Share upon the terms and subject to the conditions set forth in Purchasers' Offer to Purchase and in the related Assignment Form for the offer (which together constitute the "Offer" and the "Tender Offer Documents"). THE OFFER AND WITHDRAWAL RIGHTS EXPIRE AT 11:59 P.M., PACIFIC TIME, ON MAY 7, 2021, UNLESS AN OFFER IS EXTENDED.

Funding for the purchase of the Shares will be provided through the Purchasers' existing working capital. The Offer is not made for the purpose of acquiring or influencing control of the business of the issuer. The Offer will expire at 11:59 p.m., Pacific Time on May 7, 2021, unless and until Purchasers, in their sole discretion, shall have extended the period of time for which the Offer is open (such date and time, as extended the "Expiration Date"). The Purchasers will not provide a subsequent offering period following the Expiration Date. If Purchasers make a material change in the terms of the Offer, or if they waive a material condition to the Offer, Purchasers will extend the Offer and disseminate additional tender offer materials to the extent required by Rules 14d-4(d)(1) and 14d-6(d) under the Securities Exchange Act of 1934, as amended (the "Exchange Act"). The minimum period during which the Offer must remain open following any material change in the terms of the Offer, other than a change in price or a change in percentage of securities sought or a change in any dealer's soliciting fee, will depend upon the facts and circumstances including the materiality of the change with respect to a change in price or, subject to certain limitations, a change in the percentage of securities ought or a change in any dealer's soliciting fee. A minimum of ten business days from the date of such change is generally required to allow for adequate dissemination to Shareholders. Accordingly, if prior to the Expiration Date, Purchasers increase (other than increases of not more than ten percent of the outstanding Shares) or decrease the number of Shares being sought, or increase or decrease the consideration offered pursuant to the Offer, and if the Offer is scheduled to expire at any time earlier than the period ending on the tenth business day from the date that notice of such increase or decrease is first published, ten or given to Shareholders, the Offer will be extended at least until the expiration of such ten business days. For purposes of the Offer, a "business day" means any day other than a Saturday, Sunday or federal holiday and consists of the time period from 12:01 a.m. through midnight, Pacific Time. In all cases payment for the Shares purchased pursuant to the Offer will be made only after timely receipt of the Assignment Forms (or facsimiles thereof), properly completed and duly executed, with any required signature guarantees, and any other documents required by such Assignment Forms and successful transfer of ownership.

Tenders of Shares made pursuant to the Offer is irrevocable, except that Shareholders who tender their Shares in response to the Offer will have the right to withdraw their tendered Shares at any time prior to the Expiration Date by sending to MacKenzie Capital Management, LP a written or facsimile transmission notice of withdrawal identifying the name of the person who tendered Shares to be withdrawn, signed by the same persons and in the same manner as the Assignment Forms tendering the Shares to be withdrawn. In addition, tendered Shares may be withdrawn at any time on or after May 28, 2021, unless the tender has theretofore been accepted for payment as provided above. If tendering Shareholders tender more than the number of Shares that Purchasers seek to purchase pursuant to the Offer for those Shares, Purchasers will take into account the number of Shares so tendered and take up and pay for as nearly as may be pro rata, disregarding fractions, according to the number of Shares tendered by each tendering Share holder during the period during which that Offer remains open. The terms of the Offer are more fully set forth in the formal Tender Offer Documents which are available from Purchasers at the Purchasers' expense. The Offer contains terms and conditions and the information required by Rule 14d-6(d)(1) under the Exchange Act which are incorporated herein by reference. The Tender Offer Documents contain important information which should be read carefully before any decision is made with respect to the Offer.

The Tender Offer Documents may be obtained by written request to Purchasers or as set forth below. A request has been made to the Company pursuant to Rule 14d-5 under the Exchange Act for the use of its list of Shareholders for the purpose of disseminating the Offer to Shareholders. Upon compliance by the Company with such request, the Tender Offer Documents and, if required, other relevant materials will be mailed at the Purchasers' expense to record holders of Shares, brokers, banks and similar persons whose names appear or whose nominee appears on the list of securities holders, or persons who are listed as participants in a clearing agency's security position listing, for subsequent transmittal to beneficial owners of Shares. For Copies of the Tender Offer Documents, Call Purchasers at 1-800-854-8357, Make a Written Request Addressed to 89 Davis Road, Suite 100, Orinda, CA 94563, email to offers@mackenziecapital.com, or visit our website at www.mackenziecapital.com (click on Tenders).

---

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

MICHAEL CHUPA, Individually and on behalf of all others similarly situated, Plaintiff,
v.
ARMSTRONG FLOORING, INC., et al., Defendants.

Case No. 2:19-cv-09840-CAS-MRW
Judge: Hon. Christina A. Snyder
Courtroom 8D – 8th Floor
**CLASS ACTION**

### SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

**To:** All persons and entities who or which purchased the common stock of Armstrong Flooring, Inc. ("Armstrong Flooring") on the open market during the period from March 6, 2018 through March 3, 2020, and who were damaged thereby ("Settlement Class").

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Central District of California, that the Court-appointed Lead Plaintiff, on behalf of himself and all members of the proposed Settlement Class, and Defendant Armstrong Flooring have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $3,750,000 (the "Settlement").

A hearing will be held before the Honorable Christina A. Snyder, on **July 19, 2021, at 10:00 a.m.**, in United States District Court for the Central District of California, First Street U.S. Courthouse, 350 W. 1st Street, Courtroom 8D, 8th Floor, Los Angeles, CA 90012 (the "Settlement Hearing"), to, among other things, determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated January 15, 2021; (iii) approve the proposed Plan of Allocation for distribution of the settlement funds available for distribution to Settlement Class Members (the "Net Settlement Fund"); and (iv) approve Lead Counsel's Fee and Expense Application. The Court may change the date of the Settlement Hearing, or hold it telephonically, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT, AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT. You may obtain a Proof of Claim and Release ("Claim Form") and review the Internet Notice of Pendency and Proposed Settlement of Class Action ("Internet Notice") on the website https://www.strategicclaims.net/Armstrong/ or by contacting the Claims Administrator at:

Armstrong Flooring, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230, Media, PA 19063
Toll-Free: (866) 274-4004, Fax: (610) 565-7985, info@strategicclaims.net
https://www.strategicclaims.net/Armstrong/

Inquiries, other than requests for the Internet Notice/Claim Form or for information about the status of a claim, may also be made to Lead Counsel:

**BERNSTEIN LIEBHARD LLP**
Michael S. Bigin, Esq.
10 East 40th Street, New York, NY 10016
212-779-1414
armstronginfo@bernlieb.com

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than June 20, 2021 to the Claims Administrator.* If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Internet Notice such that it is *received no later than June 28, 2021 by the Claims Administrator.* If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Internet Notice, such that they are *received no later than June 28, 2021.*

SO ORDERED this 22nd day of February 2021.

The Honorable Christina A. Snyder, United States District Judge



**Online Courses** BY INVESTOR'S BUSINESS DAILY

# FOUNDATIONS OF INVESTING: LEVEL 1

Learn proven techniques for succeeding in the stock market!

**Investors.com/foundations**

© 2021 Investor's Business Daily, Inc. Investor's Business Daily, IBD and CAN SLIM and corresponding logos are registered trademarks owned by Investor's Business Daily, Inc.

# Money Rates

**Prime Rate** ......................................... **3.25**
Base interest rate charged by major U.S. commercial banks on loans to corporations.

**Fed Funds Target Rate:** ......... **0.00–0.25**
The interest rate at which depository institutions lend reserve balances to other depository institutions overnight on an uncollateralized basis.

**T-Bills:**
1-month yld ........................................ 0.02
3-month Disc. ..................................... 0.02

**3-month yld** .................................... 0.02
6-month disc. ..................................... 0.04
6-month yld ....................................... 0.04
Treasury Bill (T-Bill) is a short-term U.S. government debt obligation backed by the Treasury Department.

**T-Notes:**
1-year ................................................ 0.06
2-year ................................................ 0.14
3-year ................................................ 0.31
5-year ................................................ 0.85
10-year .............................................. 1.66
A Treasury note is a U.S. government debt security with a fixed interest rate.

**T-Bond:**
30-year .............................................. 2.37
Treasury bonds are fixed-rate U.S. government debt securities.

**Libor:**
3-month .............................................. 0.18
6-month .............................................. 0.19
The London Inter-bank Offered Rate is an interest-rate average calculated from estimates submitted by the leading banks in London.

**Fidelity Cash Reserves:**
7-day avg yld: ..................................... 0.01
A money market mutual fund from Fidelity Investments that invests in debt securities characterized by short maturities and minimal credit risk.

**Certificates of Deposit Retail**
90 days ............................................... 0.06
180 days ............................................. 0.09
Interest rate paid by dealers for certificates of deposit based on the duration of the security.

## Josephine Bravata

| | |
|---|---|
| **From:** | phhubs@prnewswire.com |
| **Sent:** | Monday, March 29, 2021 9:40 AM |
| **To:** | jbravata@strategicclaims.net |
| **Subject:** | PR Newswire: Press Release Distribution Confirmation for Bernstein Liebhard LLP. ID# 3079834-1-1 |

Hello

Your press release was successfully distributed at: 29-Mar-2021 09:39:00 AM ET

Release headline: Bernstein Liebhard LLP Announces Proposed Class Action Settlement on Behalf of Purchasers of Armstrong Flooring, Inc. Common Stock -- AFI
Word Count: 751
Product Selections:
US1
Visibility Reports Email
Complimentary Press Release Optimization
PR Newswire ID: 3079834-1-1

1

View your release:* http://www.prnewswire.com/news-releases/bernstein-liebhard-llp-announces-proposed-class-action-settlement-on-behalf-of-purchasers-of-armstrong-flooring-inc-common-stock----afi-301257542.html?tc=eml_cleartime

Thank you for choosing PR Newswire!

Regards,

Your 24/7 Content Services Team
888-776-0942
PRNCS@prnewswire.com

Achieve your communications goals every time you distribute content, with these tips for crafting your next perfect press release: https://www.cision.com/us/resources/tip-sheets/easy-pr-sharing-guide/?sf=false

US Members, find audience, engagement and other key metrics for your release by accessing your complimentary Visibility Reports in the Online Member Center: https://portal.prnewswire.com/Login.aspx

* If the page link does not load immediately, please refresh and try again after a few minutes.

2

EXHIBIT D

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL CHUPA, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ARMSTRONG FLOORING, INC., et al.,<br><br>    Defendants. | Case No. 2:19-cv-09840-CAS-MRW<br><br>Judge:  Hon. Christina A. Snyder<br>Courtroom 8D – 8th Floor<br><br>**CLASS ACTION** |

## INTERNET NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**If you purchased shares of Armstrong Flooring, Inc. ("Armstrong Flooring" or the "Company") common stock on the open market during the period from March 6, 2018 through March 3, 2020 (the "Class Period"), you may be entitled to a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- **The purpose of this Notice is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses.  This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Settlement Class.[1]**

- **If approved by the Court, the proposed Settlement will create a $3,750,000 settlement fund, plus earned interest, for the benefit of eligible Settlement Class Members, less any attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.**

- **The Settlement resolves all claims by Randy Marker ("Lead Plaintiff") that have been asserted on behalf of the proposed Settlement Class in the litigation captioned *Chupa v. Armstrong Flooring, Inc., et al.*, Case No. 2:19-cv-09840-CAS-MRW.**

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act.  Please read this Notice carefully.**

---

[1] All capitalized terms not otherwise defined in this notice shall have the meaning provided in the Stipulation and Agreement of Settlement, dated January 15, 2021 (the "Stipulation"), found at the Important Documents section of the Case Website, https://www.strategicclaims.net/Armstrong.

1

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY JUNE 20, 2021** | The only way to get a payment. *See* Question 8 below for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY JUNE 28, 2021** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Defendants' Releasees concerning the Released Claims. *See* Question 11 below for details. |
| **OBJECT BY JUNE 28, 2021** | Write to the Court about why you object to the Settlement, the Plan of Allocation, or the Fee and Expense Application. If you object, you will still be a member of the Settlement Class. *See* Question 14 below for details. |
| **GO TO A HEARING ON JULY 19, 2021 AND FILE A NOTICE OF INTENTION TO APPEAR BY JUNE 28, 2021** | Ask to speak in Court at the Settlement Hearing about the Settlement. *See* Question 18 below for details. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. |

- These rights and options—**and the deadlines to exercise them—**are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all eligible Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## SUMMARY OF THE NOTICE

**Statement of the Settlement Class's Recovery**

1. Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a payment of $3,750,000 (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund"). The Net Settlement Fund (as defined below) will be distributed to Settlement Class Members according to the Court-approved plan of allocation (the "Plan of Allocation" or "Plan"). The proposed Plan of Allocation is set forth on pages 12-15 below.

**Estimate of Average Amount of Recovery Per Share**

2. Based on Lead Plaintiff's consulting damages expert's estimate of the number of shares of Armstrong Flooring common stock eligible to participate in the Settlement, and assuming that all such investors eligible to participate do so, Lead Plaintiff estimates that the average recovery would be approximately $0.099 per allegedly damaged share (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, Taxes, and Notice and Administration Expenses). If the Court approves the Fee and Expense Application (discussed below), the average recovery would be approximately $0.072 per allegedly damaged share.[2] **Please note, however, that these average recovery amounts are only estimates, and Settlement Class Members may recover more or less than these estimated amounts.** An individual Settlement Class Member's actual recovery will depend

---

[2] An allegedly damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

on, for example: (i) the total number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when the Settlement Class Member purchased shares of Armstrong Flooring common stock on the open market; and (iv) whether and when the Settlement Class Member sold the securities. *See* the Plan of Allocation beginning on page 12 for information on the calculation of your Recognized Claim.

## Statement of Potential Outcome of Case if the Action Continued to be Litigated

3.    The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiff were to prevail on each claim asserted against Defendants.  The issues on which the Parties disagree include, for example: (i) whether Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) whether any such allegedly materially false or misleading statements or omissions were made with the required level of intent or recklessness; (iii) the amounts by which the prices of Armstrong Flooring common stock was allegedly artificially inflated; (iv) the extent to which factors such as general market, economic and industry conditions, influenced the trading prices of Armstrong Flooring common stock during the Class Period; and (v) whether or not Defendants' allegedly false and misleading statements proximately caused the losses suffered by the Settlement Class.

4.    Defendants have denied and continue to deny any wrongdoing, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Settlement Class have suffered any loss attributable to Defendants' alleged actions.  While Lead Plaintiff believes he has meritorious claims, he recognizes that there are significant obstacles in the way to recovery.

## Statement of Attorneys' Fees and Expenses Sought

5.    Lead Counsel, on behalf of themselves and liaison counsel ("Plaintiffs' Counsel"), will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund, which includes any accrued interest.  Lead Counsel will also apply for payment of litigation expenses incurred by Plaintiffs' Counsel in prosecuting the Action in an amount not to exceed $75,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiff directly related to his representation of the Settlement Class.  If the Court approves Lead Counsel's Fee and Expense Application, the average amount of fees and expenses, assuming claims are filed for all shares eligible to participate in the Settlement, will be approximately $0.027 per allegedly damaged share of Armstrong Flooring common stock.  A copy of the Fee and Expense Application will be posted on https://www.strategicclaims.net/Armstrong/ after it has been filed with the Court.

## Reasons for the Settlement

6.    For Lead Plaintiff, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class.  This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint (as defined below); the risk that the Court may grant some or all of the anticipated motions to be filed by Defendants; the risks of litigation, especially in complex securities actions like this; as well as the difficulties and delays inherent in such litigation (including any trial and appeals).  For Armstrong Flooring, which denies all allegations of wrongdoing or liability whatsoever and denies that Settlement Class Members were damaged, it has stated that it is entering into the Settlement solely to end the burden, expense, uncertainty, and risk of further litigation.

## Identification of Attorneys' Representatives

7.    Lead Plaintiff and the Settlement Class are represented by Lead Counsel, Bernstein Liebhard LLP, Michael S. Bigin, Esq., 10 East 40th Street, New York, NY 10016, (212) 779-1414, armstronginfo@bernlieb.com.

3

8.   Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator:

*Armstrong Flooring, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson  St., Suite 205
P.O. Box 230
Media, PA 19063
Tel.: (866) 274-4004
Fax: (610) 565-7985
info@strategicclaims.net

or Lead Counsel or visiting the Case Website at https://www.strategicclaims.net/Armstrong/.

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

| **1.   Why did I get this Notice?** |
| --- |

9.   You or someone in your family, or an investment account for which you serve as a custodian, may have purchased shares of Armstrong Flooring common stock on the open market during the Class Period from March 6, 2018 through March 3, 2020, and may be a Settlement Class Member.  This Internet Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.  Receipt of this Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment.  **If you wish to be eligible for a payment, you are required to submit the Claim Form.  *See* Question 8 below.**

10.  The Court directed that this Notice be sent to Settlement Class Members to inform them of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application (the "Settlement Hearing").

11.  The Court in charge of the Action is the United States District Court for the Central District of California, and the case is known as *Michael Chupa v. Armstrong Flooring, Inc.*, Case No. 2:19-cv-09840-CAS-MRW.  The Action is assigned to the Honorable Christina A. Snyder, United States District Judge.

| **2.   What is this case about, and what has happened so far?** |
| --- |

12.  Armstrong Flooring is incorporated under the laws of Delaware with its principal executive offices located in Lancaster, Pennsylvania.  Armstrong Flooring's common stock trades on the New York Stock Exchange ("NYSE") under the symbol "AFI".  Armstrong Flooring is a producer of flooring products for use primarily in the construction and renovation of residential, commercial, and institutional buildings.  The Company designs, manufactures, sources, and sells resilient flooring products in North America and the Pacific Rim. Lead Plaintiff alleges that the Defendants made false and misleading statements during the Class Period.  Specifically, Lead Plaintiff alleges that the Defendants made false and misleading statements regarding (i) the Company's distributors' abilities to provide merchandising support; (ii) the Company's servicing of its commercial and national accounts; and (iii) the Company's 2018 inventory levels in their distributor sales channels.

13.  On November 15, 2019, Plaintiff Michael Chupa filed a class action complaint in the United States District Court for the Central District of California (the "Court") styled *Chupa* v. *Armstrong Flooring, Inc.*

4

14. On January 14, 2020, Randy Marker and two other purported Armstrong Flooring shareholders moved for appointment as Lead Plaintiff for the proposed class. On March 2, 2020, after full briefing on the motions and hearing oral argument, the Court appointed Randy Marker as Lead Plaintiff and approved Lead Plaintiff's selection of Bernstein Liebhard LLP as Lead Counsel for the proposed class.

15. On July 2, 2020, Lead Plaintiff filed and served the Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"), alleging violations of the Securities Exchange Act of 1934 against Defendants.

16. On August 17, 2020, Defendants Armstrong Flooring, Larry McWilliams, Dominic Rice, and Michel Vermette filed a joint Motion to Dismiss the Complaint.  On the same date, the other three Individual Defendants each filed separate motions to dismiss the Complaint.

17. On October 1, 2020, Lead Plaintiff filed an omnibus memorandum in opposition to the four motions to dismiss the Complaint.

18. While the motion to dismiss briefing was ongoing, the Parties agreed to engage in a confidential mediation with mediator Robert Meyer of JAMS in an attempt to resolve the Action.

19. Prior to the mediation session, the Parties exchanged confidential mediation statements and expert damages analyses. The mediation session was held on October 19, 2020.  After a full day of arm's-length negotiations, the Parties did not reach an agreement.

20. On November 2, 2020, Armstrong Flooring, Michel Vermette, Dominic Rice, and Larry Williams filed a reply brief in support of their motion to dismiss.  On that same date, the other three Individual Defendants each filed a reply briefs in support of their respective motions to dismiss.

21. During the weeks that followed, the Parties continued to engage in settlement negotiations through Mr. Meyer. On November 30, 2020, the Parties agreed to a settlement in principle to release all claims against Defendants in return for a cash payment of three million, seven hundred fifty thousand dollars ($3,750,000) for the benefit of the Settlement Class.

22. On February 22, 2021, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| **3.   Why is this a class action?** |
|---|

23. In a class action, one or more persons or entities (in this case, Lead Plaintiff), sue on behalf of people and entities who or which have similar claims.  Together, these people and entities are a "class," and each is a "class member."   Bringing a case, such as this one, as a class action allows the adjudication of many similar claims of persons and entities which might be too small to bring economically as separate actions.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

| **4.   What are the reasons for the Settlement?** |
|---|

24. The Court did not finally decide in favor of Lead Plaintiff or Defendants.  Instead, both sides agreed to a settlement that will end the Action.  Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit; however, Lead Plaintiff and Lead Counsel recognize the expense and length of continued proceedings necessary to pursue their claims through trial and appeals, as well as the difficulties in establishing liability and damages.  In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

25. Defendants have denied and continue to deny any allegations of wrongdoing contained in the Complaint and further deny that they did anything wrong, that Lead Plaintiff or the Settlement Class suffered damages or that the price of Armstrong Flooring common stock was artificially inflated by reasons of alleged misrepresentations, nondisclosures or otherwise.  The Settlement should not be seen as an admission or concession on the part of Defendants.  Armstrong Flooring has taken into account the

5

burden, expense, uncertainty, distraction, and risks inherent in any litigation and has concluded that it is desirable to settle upon the terms and conditions set forth in the Stipulation.

| 5. | How do I know if I am part of the Settlement Class? |
|---|---|

26. The Court directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Settlement Class (*see* Question 11 below): *all Persons and entities who or which purchased shares of Armstrong Flooring common stock on the open market during the period from March 6, 2018 through March 3, 2020, and who were damaged thereby.*

27. Receipt of this Notice does not mean that you are a Settlement Class Member. The Parties do not have access to your transactions in Armstrong Flooring common stock. Please check your records or contact your broker to see if you are a member of the Settlement Class. If one of your mutual funds purchased Armstrong Flooring common stock during the Class Period, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you individually purchased Armstrong Flooring common stock during the Class Period.

| 6. | Are there exceptions to the definition of the Settlement Class and to being included? |
|---|---|

28. Yes. There are some individuals and entities who or which are excluded from the Settlement Class by definition. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any person who was an Officer or director of Armstrong Flooring; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) any person who participated in the wrongdoing alleged; (vi) Defendants' liability insurance carriers; (vii) any affiliates, parents, or subsidiaries of Armstrong Flooring; (viii) all Armstrong Flooring plans that are covered by ERISA; and (ix) the legal representatives, agents, affiliates, heirs beneficiaries, successors-in-interests, or assigns of any excluded person or entity in their respective capacity as such.

29. If you sold all of your Armstrong Flooring common stock prior to the first alleged corrective disclosure, which occurred after the market closed on March 5, 2019, and made no subsequent purchases from March 5, 2019 through March 3, 2020, you are not a member of the Settlement Class because you were not damaged.

30. Also excluded from the Settlement Class will be any Person who or which timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 11 below or whose request is otherwise allowed by the Court.

**THE SETTLEMENT BENEFITS**

| 7. | What does the Settlement provide? |
|---|---|

31. In exchange for the Settlement and the release of the Released Claims against the Defendants, Armstrong Flooring has agreed to create a $3,750,000 cash fund, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

| 8. | How can I receive a payment? |
|---|---|

32. To qualify for a payment, you must fill out a Claim Form online at https://www.strategicclaims.net/Armstrong/ ("Case Website"). Read the instructions carefully, fill out the Claim Form, and sign it in the location indicated. The Case Website also includes instructions on downloading your transaction data directly from your brokerage so that you do not have to manually

6

enter each transaction. **The deadline to submit your Claim through the Case Website is 11:59 p.m. EST on June 20, 2021.**

33.  If you are unable to fill out a Claim Form online, please print the Claim Form entitled "Proof of Claim and Release Form" (also called the "Claim Form") available on the Case Website, fill it out and mail it to the Claims Administrator at the address below, **postmarked no later than June 20, 2021**:

*Armstrong Flooring, Inc. Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste 205
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

34.  Please note that if you choose to print and mail a form, you will need to manually enter each transaction.

35.  Typically most class members submit electronic claims.  Submitting a claim by mail increases the time necessary to process the Claim.

36. The Claims Administrator will process your claim and determine whether you are an "Authorized Claimant."

| **9.   When will I receive my payment?** |
| --- |

37.  The Court will hold a Settlement Hearing on **July 19, 2021** to decide, among other things, whether to finally approve the Settlement.  Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year.  It also takes a long time for all of the Claim Forms to be accurately reviewed and processed.  Please be patient.

| **10. What am I giving up to receive a payment or stay in the Settlement Class?** |
| --- |

38.  If you are a member of the Settlement Class, unless you exclude yourself, you will remain in the class, and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiffs' Claims" against the Defendants' Releasees.

(a) **"Released Plaintiffs' Claims"** means, to the fullest extent that the law permits their release, all claims, suits, actions, appeals, causes of action, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential, or special damages, and restitution and disgorgement), demands, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorneys' fees, expert or consulting fees, prejudgment interest, indemnities, duties, liabilities, losses, or obligations of every nature and description whatsoever, whether known or unknown, whether or not concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, whether legal, contractual, rescissory, statutory, or equitable in nature, whether arising under federal, state, common, or foreign law, that Lead Plaintiff or any member of the Settlement Class asserted or could have asserted in any forum that are based upon, arise from, or relate to: (i) the allegations, transactions, facts, matters, events, disclosures, public filings, acts, occurrences, representations, statements, omissions or failures to act that were alleged in the Complaint or any other filing in this Action; and (ii) the purchase of Armstrong Flooring common stock during the Class Period.  This release does not release or impair any claims relating to the enforcement of the Settlement.  "Released Plaintiffs Claims" include "Unknown Claims," as defined herein.

(b) **"Defendants' Releasees"** means Defendants and their current and former parents, affiliates, subsidiaries, controlling person, associates, related or affiliated entities, and each and all of their respective past or present officers, directors, employees, partners, members, principals, agents,

representatives, attorneys, financial or investment advisors, consultants, underwriters, investment bankers, commercial bankers, advisors, insurers, reinsurers, heirs, spouses, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors or assigns, or any member of the Immediate Family, marital communities, or any trusts for which any of them are trustees, settlors or beneficiaries or anyone acting or purporting to act for or on behalf of them or their successors or collectively.

(c) "**Unknown Claims**" means any Released Plaintiffs' Claims which Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Armstrong Flooring shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar comparable or equivalent to California Civil Code §1542, which provides: "**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**" Lead Plaintiff, any Settlement Class Member, or any Defendant may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but the Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

39. The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal. If you remain a member of the Settlement Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you. Upon the Effective Date, Armstrong Flooring will also provide a release of any claims against Lead Plaintiffs and the Settlement Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

40. If you do not want to be eligible to receive a payment from the Settlement, but you want to keep any right you may have to sue or continue to sue the Released Defendants on your own for the Released Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." **Please note: if you bring your own claims, Defendants will have the right to seek their dismissal. Also, Defendants may terminate the Settlement if Settlement Class Members who purchased in excess of a certain amount of shares of Armstrong Flooring common stock seek exclusion from the Settlement Class.**

8

| **11. How do I exclude myself from the Settlement Class?** |
| --- |

41.  To exclude yourself from the Settlement Class, you must mail a signed letter stating that you "request to be excluded from the Settlement Class in *Michael Chupa v. Armstrong Flooring, Inc.*, Case No. 2:19-cv-09840-CAS-MRW (C.D. Cal.)."  You cannot exclude yourself by telephone or e-mail. Each request for exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state the number of shares of Armstrong Flooring common stock that the person or entity (A) owned as of the opening of trading on March 6, 2018 and (B) purchased and/or sold on the open market during the Class Period, as well as the dates and prices of each such purchase and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion must be mailed, so that it is **received no later than June 28, 2021** to:

*Armstrong Flooring, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P. O. Box 230
Media, PA 19063

**Your exclusion request must comply with these requirements in order to be valid, unless it is otherwise accepted by the Court.**

42.  If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Settlement Class Member.  However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants in the future, assuming your claims are timely.  If you have a pending lawsuit against any of the Defendants, **please speak to your lawyer in the case immediately.**

## THE LAWYERS REPRESENTING YOU

| **12. Do I have a lawyer in this case?** |
| --- |

43.  The Court appointed the law firm of Bernstein Liebhard LLP to represent all Settlement Class Members.  These lawyers are called "Lead Counsel."  You will not be separately charged for these lawyers.  The Court will determine the amount of Plaintiffs' Counsel's fees and expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **13. How will the lawyers be paid?** |
| --- |

44.      Plaintiffs' Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Settlement Class, nor have they been paid for their litigation expenses.  Lead Counsel will ask the Court to award Plaintiff's Counsel attorneys' fees of no more than 25% of the Settlement Fund, which will include any accrued interest.  Plaintiffs' Counsel are Bernstein Liebhard LLP and The Wagner Law Firm.  No other attorneys will share in the fee awarded by the Court.  Lead Counsel will also seek payment of litigation expenses incurred by Plaintiffs' Counsel in the prosecution of the Action of no more than $75,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses of Lead Plaintiff directly related to representation of the Settlement Class.

**OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION**

**14. How do I tell the Court that I do not like something about the proposed Settlement?**

45.  If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the Fee and Expense Application.  You can ask the Court not to approve the Settlement, but you cannot ask the Court to order a different settlement; the Court can only approve or deny this Settlement.  If the Court denies approval of the Settlement, no payments will be made to Settlement Class Members, the Parties will return to the position they were in before the Settlement was agreed to, and the Action will continue.

46.  To object, you must send a signed letter stating that you object to the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application in "*Michael Chupa v. Armstrong Flooring, Inc.*, Case No. 2:19-cv-09840-CAS-MRW (C.D. Cal.)."  Your objection must state why you are objecting and whether your objection applies only to you, a subset of the Settlement Class, or the entire Settlement Class.  The objection must also: (i) include the name, address, and telephone number of the person or entity objecting; (ii) contain a statement of the objection and the specific reasons for it, including any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) documentation identifying the number of shares of Armstrong Flooring common stock the person or entity (a) owned as of the opening of trading on March 6, 2018 and (b) purchased and/or sold on the open market during the Class Period, as well as the dates and prices of each such purchase and sale.  Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application.  Your objection must be filed with the Court at the address below, either by mail or in person, **no later than June 28, 2021 and** be mailed or delivered to each of the following counsel so that it is **received no later than June 28, 2021:**

| **Court** | **Lead Counsel** | **Defendant's Counsel Representatives** |
|---|---|---|
| **Clerk of the Court** U.S.D.C Central District of California First Street U.S. Courthouse 350 W. 1st Street, Suite 4311 Los Angeles, CA 90012 | **Bernstein Liebhard LLP** Attn: Michael S. Bigin 10 East 40th Street New York, NY 10016 | **Skadden, Arps, Slate, Meagher & Flom LLP** Attn: Peter B. Morrison 300 South Grand Avenue, Suite 3400 Los Angeles, CA 90071 |

**15. What is the difference between objecting and seeking exclusion?**

47.  Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

**THE SETTLEMENT HEARING**

**16. When and where will the Court decide whether to approve the proposed Settlement?**

48.  The Court will hold the Settlement Hearing on July 19, 2021, **at 10:00 a.m.**, in Courtroom 8D, United States District Court for the Central District of California, First Street U.S. Courthouse, 350 W.

10

1st Street, 8th Floor, Los Angeles, CA 90012.  At this hearing, the Court will consider, whether: (i) the Settlement is fair, reasonable and adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) Lead Counsel's Fee and Expense Application is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above.  We do not know how long it will take the Court to make these decisions.

49.  You should be aware that the Court may change the date and time of the Settlement Hearing, or hold the hearing telephonically, without another notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed, check the Settlement website at https://www.strategicclaims.net/Armstrong/, or periodically check the Court's website at https://www.cand.uscourts.gov/cm-ecf to see if the Settlement Hearing stays as calendared or is changed.  Subscribers to PACER, a fee-based service, can also view the Court's docket for the Action for updates about the Settlement Hearing through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

| **17. Do I have to come to the Settlement Hearing?** |
|---|

50.  No.  Lead Counsel will answer any questions the Court may have.  However, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than June 28, 2021.**

| **18. May I speak at the Settlement Hearing?** |
|---|

51.  You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* Question 14), **no later than June 28, 2021** a statement that you, or your attorney, intend to appear in "*Michael Chupa v. Armstrong Flooring, Inc.*, Case No. 2:19-cv-09840-CAS-MRW (C.D. Cal.)."  Persons who intend to present evidence at the Settlement Hearing must also include in their objections the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the hearing.  You may not speak at the Settlement Hearing if you exclude yourself or if you have not provided written notice in accordance with the procedures described in this Question 18 and Question 14 above.

## IF YOU DO NOTHING

| **19. What happens if I do nothing at all?** |
|---|

52.  If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendants concerning the Released Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).  To start, continue or be part of any other lawsuit against Defendants or any other of the Released Defendants concerning the Released Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from the Settlement Class (*see* Question 11 above).

## GETTING MORE INFORMATION

| **20. Are there more details about the Settlement?** |
|---|

53.  This Notice summarizes the proposed Settlement.  More details are in the Stipulation.  Lead Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and

litigation expenses, and approval of the proposed Plan of Allocation will be filed with the Court no later than June 14, 2021, and be available from Lead Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

54.   You may review the Stipulation or documents filed in the case at the Office of the Clerk, United States District Court for the Central District of California, First Street Courthouse, 350 W. 1st Street, Suite 4311, Los Angeles, CA 90012, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m.  Subscribers to PACER can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

55.   You can also get a copy of the Stipulation and other case documents by visiting the website dedicated to the Settlement, https://www.strategicclaims.net/Armstrong/ or the website of Lead Counsel, www.bernlieb.com.

**Please do not call the Court with questions about the Settlement.**

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND**

| **21. How will my claim be calculated?** |
| --- |

56.   As discussed above, the Settlement Amount and any interest it earns constitute the Settlement Fund.   The Settlement Fund, after the deduction of Court-approved attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund.  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e*., members of the Settlement Class who timely submit valid Claim Forms that are accepted for payment – in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve.  Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund but will otherwise be bound by the Settlement.  The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the Case Website, https://www.strategicclaims.net/Armstrong/.

57.   To design the Plan, Lead Counsel have conferred with Lead Plaintiff's consulting damages expert.  The objective of the Plan of Allocation is to distribute the Net Settlement Fund equitably among those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The Plan of Allocation is not intended to estimate, or be indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Because the Net Settlement Fund is less than the total losses alleged to be suffered by Settlement Class Members, the formulas described below for calculating Recognized Losses are not intended to estimate the amounts that will actually be paid to Authorized Claimants. The Plan of Allocation measures the amount of loss that a Settlement Class Member can claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants.

58.   For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the change in the price of the securities at issue.  In this case, Lead Plaintiff alleged that Defendants issued false statements and omitted material facts during the Class Period (March 6, 2018 through March 3, 2020) that artificially inflated the price of Armstrong Flooring common stock.  It is alleged that corrective information released to the market on March 5, 2019, May 3, 2019, November 5, 2019, and March 3, 2020 impacted the market prices of Armstrong Flooring common stock in a statistically significant manner and removed the alleged artificial inflation (or deflation) from the share prices on March 5, 2019, May 3, 2019, November 5, 2019, and March 3, 2020.  Accordingly, in order to have a compensable loss in this Settlement, the Armstrong Flooring common stock must have been purchased during the Class Period and held through at least one of the alleged corrective disclosures listed above.

59.   An individual Settlement Class Member's recovery will depend on, for example: (a) the total number and value of claims submitted; (b) when the claimant purchased Armstrong Flooring common

stock; and (c) whether and when the claimant sold his, her, or its shares of Armstrong Flooring common stock.

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

60.  For purposes of determining whether a claimant has a Recognized Claim, purchases and sales of Armstrong Flooring common stock will first be matched on a First In/First Out ("FIFO") basis.  If a Settlement Class Member has more than one purchase or sale of Armstrong Flooring common stock during the Class Period, all purchases and sales of the stock shall be matched on a FIFO basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period.

61.  The Claims Administrator will calculate a "Recognized Loss Amount," as set forth below, for each purchase of Armstrong Flooring common stock from March 6, 2018 through March 3, 2020 that is listed in the Claim Form and for which adequate documentation is provided.  To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.

62.  The sum of a claimant's Recognized Loss Amounts will be the claimant's "Recognized Claim."   An Authorized Claimant's "Recognized Claim" shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of the Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

### COMMON STOCK CALCULATIONS

63.  For shares of common stock purchased or otherwise acquired between March 6, 2018 and March 3, 2020:

A.  For shares held at the end of trading on May 29, 2020, the Recognized Loss shall be that number of shares multiplied by the lesser of:
  i.  the applicable purchase date artificial inflation per share figure, as found in Table A; or
  ii.  the difference between the purchase price per share and $2.08.[3]

B.  For shares sold between March 3, 2020 and May 29, 2020, the Recognized Loss shall be the lesser of:
  i.  the applicable purchase date artificial inflation per share figure, as found in Table A; or
  ii.  if sold on March 3, 2020, the applicable purchase date artificial inflation per share figure less the applicable sales date artificial inflation per share figure, as found in Table A; or
  iii.  the difference between the purchase price per share and the sales price per share; or
  iv.  the difference between the purchase price per share and the average closing price between March 3, 2020 and the date of sale, as found in Table B[4].

---

[3] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."   The mean (average) closing price of AFI common stock during the period beginning on March 3, 2020 and ending on May 29, 2020 was $2.08 per share.

[4] Pursuant to Section 21(D)(e)(2) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period

13

C.  For shares sold between March 6, 2018 and March 2, 2020, the Recognized Loss shall be that number of shares multiplied by the lesser of:

    i.   the applicable purchase date artificial inflation per share figure less the applicable sales date artificial inflation per share figure, as found in Table A; or

    ii.  the difference between the purchase price per share and the sales price per share.

| TABLE A | |
|---|---|
| Purchase or Sale Date Range | Artificial Inflation Per Share |
| 03/06/2018 – 03/04/2019 | $5.74 |
| 03/05/2019 – 05/02/2019 | $5.24 |
| 05/03/2019 – 11/04/2019 | $3.30 |
| 11/05/2019 – 03/02/2020 | $0.40 |
| 03/03/2020 | Lesser of $0.40 or (transaction price - $2.04) |

| Table B | | | | | |
|---|---|---|---|---|---|
| Date of Sale | Average Closing Price Between 03/03/2020 and Date of Sale | Date of Sale | Average Closing Price Between 03/03/2020 and Date of Sale | Date of Sale | Average Closing Price Between 03/03/2020 and Date of Sale |
| 3/3/2020 | $1.98 | 4/1/2020 | $1.98 | 5/1/2020 | $1.81 |
| 3/4/2020 | $2.08 | 4/2/2020 | $1.96 | 5/4/2020 | $1.82 |
| 3/5/2020 | $2.09 | 4/3/2020 | $1.93 | 5/5/2020 | $1.82 |
| 3/6/2020 | $2.05 | 4/6/2020 | $1.91 | 5/6/2020 | $1.82 |
| 3/9/2020 | $1.99 | 4/7/2020 | $1.89 | 5/7/2020 | $1.83 |
| 3/10/2020 | $1.90 | 4/8/2020 | $1.87 | 5/8/2020 | $1.84 |
| 3/11/2020 | $1.90 | 4/9/2020 | $1.86 | 5/11/2020 | $1.86 |
| 3/12/2020 | $1.92 | 4/13/2020 | $1.85 | 5/12/2020 | $1.86 |
| 3/13/2020 | $2.00 | 4/14/2020 | $1.84 | 5/13/2020 | $1.87 |
| 3/16/2020 | $2.07 | 4/15/2020 | $1.83 | 5/14/2020 | $1.89 |
| 3/17/2020 | $2.07 | 4/16/2020 | $1.82 | 5/15/2020 | $1.89 |
| 3/18/2020 | $2.04 | 4/17/2020 | $1.82 | 5/18/2020 | $1.91 |
| 3/19/2020 | $2.07 | 4/20/2020 | $1.81 | 5/19/2020 | $1.93 |
| 3/20/2020 | $2.07 | 4/21/2020 | $1.80 | 5/20/2020 | $1.95 |
| 3/23/2020 | $2.07 | 4/22/2020 | $1.79 | 5/21/2020 | $1.97 |
| 3/24/2020 | $2.08 | 4/23/2020 | $1.78 | 5/22/2020 | $1.99 |
| 3/25/2020 | $2.08 | 4/24/2020 | $1.78 | 5/26/2020 | $2.01 |
| 3/26/2020 | $2.08 | 4/27/2020 | $1.78 | 5/27/2020 | $2.03 |
| 3/27/2020 | $2.06 | 4/28/2020 | $1.78 | 5/28/2020 | $2.05 |
| 3/30/2020 | $2.04 | 4/29/2020 | $1.80 | 5/29/2020 | $2.08 |
| 3/31/2020 | $2.01 | 4/30/2020 | $1.80 | | |

## ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

64.  Armstrong Flooring common stock purchased on the open market is the only security eligible for recovery under the Plan of Allocation.

---

described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

65.   Purchases and sales of Armstrong Flooring common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Armstrong Flooring common stock during the Class Period shall not be deemed a purchase or sale of such securities for the calculation of a claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/sale of such securities unless (i) the donor or decedent purchased/sold such securities during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

66.   In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase of Armstrong Flooring common stock that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase is also zero.  In the event that a claimant has an opening short position in Armstrong Flooring common stock at the start of the Class Period, the earliest Class Period purchases shall be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases that covers such short sales will not be entitled to recovery.  In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

67.   The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and a distribution will not be made to that Authorized Claimant.

68.   Payment according to this Plan of Allocation will be deemed conclusive against all Authorized Claimants.  Recognized Claims will be calculated as defined herein by the Claims Administrator and cannot be less than zero.

69.   Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Settlement Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution.  If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to the Legal Aid Foundation of Los Angeles or any not-for-profit successor of it.

70.   Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiff, Lead Counsel, their damages expert, Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Lead Plaintiff, Defendants, and all other Released Defendants shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

15

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

71. If you purchased Armstrong Flooring common stock on the open market during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide to the Claims Administrator the name and last known address of each such person or entity; (b) request additional copies of this Postcard Notice from the Claims Administrator, which will be provided to you free of charge, and **WITHIN SEVEN (7) DAYS** of receipt, mail the Postcard Notice directly to all such persons or entities; or (c) request an electronic copy of the Postcard Notice from the Claims Administrator, and **WITHIN SEVEN (7) DAYS** of receipt thereof, email the Postcard Notice directly to all purchasers for which email addresses are available. If they are available, you must also provide the Claims Administer with the e-mails of the beneficial owners. If you choose to follow procedures (b) or (c), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names, mailing addresses, and email addresses used. Upon full and timely compliance with these directions, you may seek reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, upon request and submission of appropriate documentation, up to a maximum of $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Postcard Notice mailed; $0.05 per Postcard Notice emailed; or $0.05 per name, address, and email address provided to the Claims Administrator. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Armstrong Flooring, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
info@strategicclaims.net

SO ORDERED this 22nd day of February 2021.

The Honorable Christina A. Snyder
United States District Judge

16

## PROOF OF CLAIM AND RELEASE FORM
## "CLAIM FORM"

**Deadline for Submission: JUNE 20, 2021**

If you purchased shares of Armstrong Flooring, Inc., ("Armstrong Flooring" or the "Company") common stock on the open market from March 6, 2018 through March 3, 2020 (the "Class Period"), you may be a "Settlement Class Member" and you may be entitled to share in the settlement proceeds. (Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any person who was an Officer or director of Armstrong Flooring; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) any person who participated in the wrongdoing alleged; (vi) Defendants' liability insurance carriers; (vii) any affiliates, parents, or subsidiaries of Armstrong Flooring; (viii) all Armstrong Flooring plans that are covered by ERISA; and (ix) the legal representatives, agents, affiliates, heirs beneficiaries, successors-in-interests, or assigns of any excluded person or entity in their respective capacity as such.)

If you are a Settlement Class Member, you must complete and submit this form in order to be eligible for any settlement benefits.

Most claimants submit their Proof of Claim and Release Form electronically.  To file your claim electronically, you must complete and submit the form online at https://www.strategicclaims.net/Armstrong/ no later than 11:59 p.m. EST on June 20, 2021.   However, you may alternatively complete and sign this Proof of Claim and Release Form and mail it by first class mail, postmarked no later than June 20, 2021, to Strategic Claims Services, the Claims Administrator, at the following address:

*Armstrong Flooring, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Suite. 205
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

Your failure to submit your claim by June 20, 2021 will subject your claim to rejection and preclude you from receiving any money in connection with the settlement of this action.  Do not mail or deliver your claim to the Court or to any of the parties or their counsel, as any such claim will be deemed not to have been submitted.  Submit your claim only to the Claims Administrator.  If you are a Settlement Class Member and do not submit a proper Proof of Claim and Release Form, you will not share in the Settlement, but you nevertheless will be bound by the Order and Final Judgment of the Court unless you exclude yourself.

Submission of a Proof of Claim and Release Form does not assure that you will share in the proceeds of the Settlement.

### CLAIMANT'S STATEMENT

1.  I (we) purchased the common stock of Armstrong Flooring, Inc. ("Armstrong Flooring") on the open market between March 6, 2018 and March 3, 2020 ("the Class Period").  (Do not submit this Proof of Claim and Release Form if you did not purchase Armstrong Flooring common stock during the Class Period.)

2.  By submitting this Proof of Claim and Release Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Internet Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.  I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim and Release Form. I (we) understand and agree that my (our) claim may be subject to investigation and

1

discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim and Release Form.

4. I (we) have set forth where requested below all relevant information with respect to each purchase of Armstrong Flooring common stock during the requested period below, and each sale, if any, of such common stock. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have provided photocopies or scanned stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, acquisition, and sale of Armstrong Flooring common stock listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM. DO NOT SEND STOCK CERTIFICATES.)

6. I (we) understand that the information contained in this Proof of Claim and Release Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Claim. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, heirs, representatives, joint tenants, tenants in common, beneficiaries, executors, administrators, insurers, legatees, and estates (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, heirs, representatives, joint tenants, tenants in common, beneficiaries, executors, administrators, insurers, legatees, and estates) of each of the "Defendants' Releasees" of all "Released Claims."

8. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Defendants' Releasees.

9. "Defendants' Releasees" means Defendants and their current and former parents, affiliates, subsidiaries, controlling person, associates, related or affiliated entities, and each and all of their respective past or present officers, directors, employees, partners, members, principals, agents, representatives, attorneys, financial or investment advisors, consultants, underwriters, investment bankers, commercial bankers, advisors, insurers, reinsurers, heirs, spouses, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors or assigns, or any member of the Immediate Family, marital communities, or any trusts for which any of them are trustees, settlors or beneficiaries or anyone acting or purporting to act for or on behalf of them or their successors or collectively.

10. "Released Defendants' Claims" means to the fullest extent that the law permits their release, all claims and causes of action against Lead Plaintiff and Plaintiffs' Releasees of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants, except for (i) claims relating to the enforcement of the Settlement or the Stipulation, or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court. "Released Defendants' Claims" include "Unknown Claims," as defined herein.

11. "Released Plaintiffs' Claims" means, to the fullest extent that the law permits their release, all claims, suits, actions, appeals, causes of action, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential, or special damages, and restitution and disgorgement), demands, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorneys' fees, expert or consulting fees, prejudgment interest, indemnities, duties, liabilities, losses, or obligations of every nature and description whatsoever, whether known or

unknown, whether or not concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, whether legal, contractual, rescissory, statutory, or equitable in nature, whether arising under federal, state, common, or foreign law, that Lead Plaintiff or any member of the Settlement Class asserted or could have asserted in any forum that are based upon, arise from, or relate to: (i) the allegations, transactions, facts, matters, events, disclosures, public filings, acts, occurrences, representations, statements, omissions or failures to act that were alleged in the Complaint or any other filing in this Action; and (ii) the purchase of Armstrong Flooring common stock during the Class Period. This release does not release or impair any claims relating to the enforcement of the Settlement. "Released Plaintiffs Claims" include "Unknown Claims," as defined herein.

12. "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

13. "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its form at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims which if known by him, her, or it might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Armstrong Flooring shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar comparable or equivalent to California Civil Code §1542, which provides: **"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."** Lead Plaintiff, any Settlement Class Member, or any Defendant may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but the Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The parties acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

14. I (we) acknowledge that I (we) may hereafter discover facts in addition to or different from those which I (we) now know or believe to be true with respect to the subject matter of the Released Claims, but expressly fully, finally and forever settle and release, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

15. I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Stipulation and Agreement of Settlement, dated January 15, 2021 ("Stipulation") was separately bargained for and is a material element of the Settlement of which this release is a part.

16. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may email the Claims Administrator's electronic filing department at efile@strategicclaims.net. Any file not submitted in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim number(s) and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at efile@strategicclaims.net to inquire about your file and confirm it was received and acceptable.

3

ARMSTRONG FLOORING

## I.  CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

| City | State | ZIP/Postal Code |
|---|---|---|

| Foreign Country (only if not USA) | Foreign County (only if not USA) |
|---|---|

| Social Security Number | **OR** | Taxpayer Identification Number |
|---|---|---|

| Telephone Number (home) | Telephone Number (work) |
|---|---|

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):

☐    Individual (includes joint owner accounts)    ☐  Pension Plan    ☐  Trust
☐    Corporation    ☐  Estate
☐    IRA/401K    ☐  Other _____  (please specify)

## II.  SCHEDULE OF TRANSACTIONS IN ARMSTRONG FLOORING COMMON STOCK

**Beginning Holdings:**

A.  State the total number of shares of Armstrong Flooring common stock held at the close of trading on March 5, 2018 (*must be documented*).  If none, write "zero" or "0".

4

ARMSTRONG FLOORING

**Purchases**

    B. Separately list each and every purchase of Armstrong Flooring common stock between March 6, 2018 and May 29, 2020, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price Per Share | Total Cost (Excluding Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Sales**

    C. Separately list each and every sale of Armstrong Flooring common stock between March 6, 2018 and May 29, 2020, and provide the following information (*must be documented*)

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price Per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Ending Holdings:**

    D. State the total number of shares of Armstrong Flooring common stock held at the close of trading on May 29, 2020 (*must be documented*).

## III. SUBSTITUTIVE FORM W-9

**Request for Taxpayer Identification Number**

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | Or | Taxpayer Identification (for estates, trusts, corporations, etc.) |
|---|---|---|
|  |  |  |

## IV. CERTIFICATION

I (We) submit this Proof of Claim and Release Form under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Central District of California with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales of Armstrong Flooring common stock during the Class Period and know of no other Person having done so on my (our) behalf.

5

ARMSTRONG FLOORING

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____          _____
(Signature)                                              (Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)
☐ Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date: _____

**To file this Proof of Claim and Release Form electronically, please visit the Armstrong Flooring Case Website, https://www.strategicclaims.net/Armstrong/. The Case Website has a link called "File a Claim Online" that will direct you to the electronic filing system. Once you click the File a Claim Online link, you will be given detailed instructions for filling out and submitting your Proof of Claim and Release Form online. Please read the instructions carefully and make sure that you have the information and documents necessary to complete your online claim. You will need to provide the contact information and list of transactions stated in the instructions, as well as attach the documentation listed in paragraph 5 on page 2 of this Proof of Claim and Release Form, in order to submit your claim electronically. If you do not provide all of the information and documents required, you will not be able to proceed with your submission through the electronic filing system. If you experience any issues while filling out your Proof of Claim and Release Form electronically, or if you have any questions about filing, you may contact the Claims Administrator via email at info@strategicclaims.net or by toll-free phone at (866) 274-4004.**

IF YOU CHOOSE TO FILE YOUR CLAIM BY MAIL, THIS PROOF OF CLAIM AND RELEASE FORM MUST BE POSTMARKED NO LATER THAN JUNE 20, 2021 AND MUST BE MAILED TO:

*Armstrong Flooring, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

6

ARMSTRONG FLOORING

A Proof of Claim and Release Form received by the Claims Administrator shall be deemed to have been submitted when postmarked if mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim and Release Form shall be deemed to have been submitted when actually received by the Claims Administrator. You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and Release Forms and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim and Release Form. Please notify the Claims Administrator of any change of address.

## REMINDER CHECKLIST

- Please be sure to sign this Proof of Claim and Release Form on page 6. If this Proof of Claim and Release Form is submitted on behalf of joint claimants, then both claimants must sign.
- Please remember to attach or scan supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.
- Do NOT use highlighter on the Proof of Claim and Release Form or any supporting documents.
- If you move or change your address, telephone number or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or to deliver payment to you.

*Armstrong Flooring, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
Media, PA 19063

**IMPORTANT LEGAL DOCUMENT – PLEASE FORWARD**