# EXHIBIT 4

Case 2:19-cv-09840-CAS-MRW    Document 104-4    Filed 06/14/21    Page 1 of 47    Page ID #:1828

**THE WAGNER FIRM**
Avi Wagner (Cal Bar. No. 226688)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310-491-7949
Facsimile: 310-694-3967
Email: avi@thewagnerfirm.com
*Liaison Counsel for Lead Plaintiff Randy Marker*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL CHUPA, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ARMSTRONG FLOORING, INC., et al.,<br><br>Defendants. | Case No.: 2:19-cv-09840-CAS-MRW<br><br>**CLASS ACTION**<br><br>**DECLARATION OF BERNSTEIN LIEBHARD LLP IN SUPPORT OF LEAD COUNSEL'S MOTION FOR PAYMENT OF ATTORNEY'S FEES AND EXPENSES**<br><br>Judge: Hon. Christina A. Snyder<br>Courtroom: 8D<br><br>Hearing Day: July 19, 2021<br>Hearing Time: 10:00 AM |

I, Michael S. Bigin, pursuant to 28 U.S.C. § 1746, declare:

1.      I am an attorney admitted pro hac vice to this Court and a partner of Bernstein Liebhard LLP.  I have personal knowledge of the matters stated herein and, if called as a witness, I could and would competently testify thereto. I make this declaration in support of Lead Counsel's Motion for Attorney's Fees and Payment of Expenses.

2.      My firm was appointed Lead Counsel in this action and litigated the action on behalf of Lead Plaintiff and the Settlement Class.

3.      The information in this declaration regarding my firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the firm in the ordinary course of business. These reports (and backup documentation where necessary) were reviewed by others at my firm, under my direction, in connection with the preparation of this declaration.  In the course of recording professional time, reductions were made in the exercise of billing judgment.  As a result, I believe that the time reflected in the firm's lodestar calculation and the expenses for which payment is sought as set forth in this declaration are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation.  In addition, I believe that the expenses are of a type that would normally be charged to a fee-paying client in the private legal marketplace.

4.      The schedule attached hereto as Exhibit A is a summary indicating the amount of time spent by the attorneys and professional support staff members of my firm who were involved in the prosecution of the Action and the lodestar calculation based on my firm's current rates.  For personnel who are no longer employed by my firm, the lodestar calculation is based upon the rates for such personnel in their final year of employment by my firm.  The schedule was prepared from daily time records regularly prepared and maintained by my firm, which are available at the request of the Court.  Time expended in preparing this application for fees and expenses has not been included in this request.

5.      The hourly rates for the attorneys and professional support staff of my firm included in Exhibit A are their usual and customary rates.

6.      The total number of hours expended on this litigation by my firm during the Time Period is 865.35 hours.  The total lodestar for my firm for those hours is $700,571.25.

7.      As detailed in Exhibit B, my firm will advance a total of $68,571.03 in expenses and charges in connection with the prosecution of the litigation of the Action.  These expenses and charges are summarized by category in Exhibit B.

8.      The following is additional information regarding certain of my firm's expenses:

    a.      Filing Fees:  $40.00.  These expenses have been paid to courts in connection with certificates of good standing and *pro hac vice* motions.

b.      Work-Related Transportation, Hotels & Meals:  $1,785.54.  In connection with the prosecution of the Action, the firm has paid for work-related transportation expenses, meals, and travel expenses related to, among other things, attending court.

c.      Experts/Consultants/Mediation:  $23,891.00. Lead Plaintiff retained an expert in economics to assist with quantifying damages, causation issues, market analysis, creating the plan of allocation of settlement funds to the Settlement Class, consultants to assist with the investigation of the Action, and mediation fees.

d.      Online Legal and Factual Research:  $39,396.59. The firm conducted research using databases maintained by Westlaw and news services.  These databases were used to obtain access to financial information, factual information, and to conduct legal research. These expenses represent the expenses incurred by my firm for use of these services in connection with the Action.

e.      Notice of the Action to the Class: $820.00. This expense is the result of issuing a PSLRA notice of the Action to the Class over *BusinessWire*.

f.      Overnight Delivery and Conference Call Fees: $137.90. These expenses represent the expenses incurred by my firm for use of these services in connection with the Action.

g.      Settlement Hearing Expense: $2,500.  It is anticipated that Lead Counsel will travel to California for the Settlement Hearing on July 19, 2021.  This expense will be reduced by the amount actually incurred and returned to the Settlement Fund, or if the hearing is done by remote means, this $2,500 expense request will be removed from the expense request.

9.      With respect to the standing of my firm, attached hereto as Exhibit C is a brief biography of my firm, as well as biographies of the firm's partners and associates.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of June, 2021.

s/ Michael S. Bigin
Michael S. Bigin

**EXHIBIT A**

*Chupa v. Armstrong Flooring Inc. et al., Case No. 2:19-cv-09840*

**BERNSTEIN LIEBHARD LLP**

**LODESTAR REPORT**

**Inception through June 10, 2021**

| NAME | TITLE* | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| | | | | |
| Janna Birkeland | PL | 54.25 | $475 | $25,768.75 |
| Joseph Seidman | SC | 13.75 | $900 | $12,375.00 |
| Laurence Hasson | P | 98.25 | $1000 | $98,250.00 |
| Lisa Sriken | A | 15.00 | $650 | $9,750.00 |
| Matthew Guarnero | A | 353.10 | $650 | $229,515.00 |
| Michael S. Bigin | P | 263.25 | $1000 | $263,250.00 |
| Peter Harrington | A | 32.50 | $650 | $21,125.00 |
| Stanley D. Bernstein | P | 35.25 | $1,150 | $40,537.50 |
| | | | | |
| | | | | |
| | | | | |
| **TOTAL** | | **865.35** | | **$700,571.25** |

\*  P = Partner
SC = Senior Counsel
A = Associate Attorney
PL = Paralegal

**EXHIBIT B**

*Chupa v. Armstrong Flooring Inc. et al., Case No. 2:19-cv-09840*

**BERNSTEIN LIEBHARD LLP**

**EXPENSE REPORT**

**Inception through conclusion of Action**

| CATEGORY | AMOUNT |
|---|---|
| | |
| Filing Fees | $40.00 |
| Work-Related Transportation, Hotels & Meals | $1,785.54 |
| Experts/Consultants/Mediation | $23,891.00 |
| Online Legal and Factual Research | $39,396.59 |
| Notice of the Action to the Class | $820.00 |
| Overnight Delivery and Conference Call Fees | $137.90 |
| | |
| **TOTAL (without in-person Settlement Hearing)** | **$66,071.03** |
| | |
| Settlement Hearing Expense | $2,500 |
| | |
| **TOTAL (with in-person Settlement Hearing)** | **$68,571.03** |

**EXHIBIT C**

*Chupa v. Armstrong Flooring Inc. et al., Case No. 2:19-cv-09840*

**BERNSTEIN LIEBHARD LLP**

**FIRM BIO**

# Bernstein Liebhard LLP

**10 East 40th Street**
**New York, New York 10016**
**ph: (212) 779-1414**
**fax: (212) 779-3218**

**www.bernlieb.com**

## FIRM RESUME

Bernstein Liebhard LLP (the "Firm") was formed in 1993 as a boutique litigation practice to represent institutional and individual investors in shareholder class and derivative litigation and consumers in consumer fraud and antitrust litigation.

The Firm is the only firm in the country to be named by THE NATIONAL LAW JOURNAL to the "Plaintiffs' Hot List," recognizing the top plaintiffs' firms in the country, for thirteen years. The Firm is also included in THE NATIONAL LAW JOURNAL's "Plaintiffs' Hot List Hall of Fame" and was recognized by THE NATIONAL LAW JOURNAL as one of a select group of "America's Elite Trial Lawyers" for three consecutive years. The Firm was selected for its "exemplary and cutting-edge work" on behalf of plaintiffs in the Securities Law and Antitrust categories and for "big victories in complex cases that have a wide impact on the law and legal business."

The Firm has been listed for the fifteen consecutive years in THE LEGAL 500, a guide to the best commercial law firms in the United States. THE LEGAL 500 is an independent "guide to 'the best of the best' – the pre-eminent firms in the world's strongest and most competitive legal market." In addition, the Firm was listed for four consecutive years in BENCHMARK PLAINTIFF: THE DEFINITIVE GUIDE TO AMERICA'S LEADING PLAINTIFF FIRMS & ATTORNEYS ("BENCHMARK PLAINTIFF"). BENCHMARK PLAINTIFF focuses exclusively on plaintiff litigation, "highlighting firms and individuals responsible for bringing the cases that matter." The Firm has also received

Martindale-Hubbell's highest ratings for legal ability (A) and ethical standards (V) and "Peer Review Rated 2012" by the American Association of Justice.

Bernstein Liebhard has also been selected by the legal publication LAW360 to its list of the top six plaintiff-side securities firms in the nation. The Firm was recognized for its "leadership work" in connection with the $586 million settlement in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (S.D.N.Y.) and the $400 million settlement in *In re Marsh & McLennan Cos., Inc. Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y.). The Firm was also recognized by RiskMetrics Group, Inc. for three consecutive years in its annual Securities Class Action Services list as one of the top plaintiffs' securities class action firms in the country, as measured by annual settlement amounts.

## PRACTICE AREAS

### *SECURITIES LITIGATION*

Since its inception in 1993, Bernstein Liebhard has represented individual and institutional investors in securities litigation, recovering over $3.5 billion for the classes we have represented. The Firm has successfully served as sole lead counsel and as co-lead counsel in some of the largest securities class action cases in the past decade and has actively litigated scores of actions to successful conclusions. For example, the Firm, as lead, executive committee counsel, and co-counsel has successfully obtained many multi-million dollar recoveries. These cases include, among others:

- *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (S.D.N.Y. 2009) (a coordinated litigation of over 300 securities class actions, in which a $586 million settlement was obtained after seven full-day mediation sessions);

- *In re Marsh & McLennan Cos., Inc. Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement of an action brought against the world's largest insurance broker, arising from the company's improper practice of steering its clients to insurance companies that agreed to pay it billions of dollars in contingent commissions);

2

- *In re Beacon Associates Litigation*, No. 09-CIV-0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement on behalf of hedge funds that invested with Bernard L. Madoff, which resolved claims in the *In re Beacon Associates Litigation*, No. 09-CIV-0777 (LBS) (AJP) (S.D.N.Y.) and *In re J.P. Jeanneret* Associates *Inc.*, No. 09-CIV-3907 (CM) (AJP) (S.D.N.Y.) class actions, as well as several additional lawsuits in federal and New York State court against the settling defendants, including suits brought by the United States Department of Labor and the New York Attorney General);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (the case, which arose from Royal Dutch/Shell's 2004 announcements that it had overstated its proved oil and gas reserves by a material amount – about *one*-third of its proved reserves, settled for $166.6 million);

- *In re Fannie Mae Securities Litigation,* No. 04-1639 (FJL) (D.D.C. 2013) (settlement of $153 million, the largest securities settlement in the D.C. Circuit since the passage of the PSLRA, and ranks among the top 5% of securities class action settlements of all time);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (S.D.N.Y. 2011) (settlement in excess of $100 million, in which the Firm represents investors who lost millions of dollars in hedge funds that invested with Bernard L. Madoff);

- *In re Cigna Corp. Securities Litigation*, No. 02-CV-8088 (E.D. Pa. 2007) ($93 million settlement obtained following four years of vigorous litigation);

- *In re Bankers Trust Securities Litigation*, No. 98-CV-08460 (S.D.N.Y. 2002) ($58 million settlement; 100% recovery of loss);

- *In re Procter & Gamble Co. Securities Litigation*, No. 00-CV-00190 (S.D. Ohio 2001) ($49 million settlement);

- *In re Bausch & Lomb, Inc. Securities Litigation*, No. 94-CV-06270 (W.D.N.Y. 1998) ($42 million settlement);

- *City of Austin Police Retirement System v. Kinross Gold Corp*. et al., No. 12-CV-01203-VEC (S.D.N.Y.) ($33 million settlement);

- *In re BellSouth Corp. Securities Litigation*, No. 02-CV-2142 (N.D. Ga. 2007) ($35 million settlement);

- *In re Beazer Homes U.S.A., Inc. Securities Litigation*, No. 07-CV-725-CC (N.D. Ga. 2009) ($30.5 million settlement);

- *Di Giacomo v. Plains All American Pipeline, LP*, No. 99-CV-4137 (S.D. Tex. 2001) ($24.1 million settlement);

- *In re Riscorp Inc. Securities Litigation*, No. 96-02374 (M.D. Fla. 1998) ($21 million settlement);

- *In re Tower Group International, Ltd. Securities Litigation*, No. 13-CV-5852 (AT) (S.D.N.Y. 2015) ($20.5 million settlement partial settlement);

3

- *In re Lumenis Securities Litigation*, No. 02-CV-1989 (S.D.N.Y. 2008) ($20.1 million settlement);

- *In re TASER International Securities Litigation*, No. C05-0115 (D. Ariz. 2007) ($20 million settlement);

- *In re Gilat Satellite Networks, Ltd. Securities Litigation*, No. 02-CV-1510 (E.D.N.Y. 2007) ($20 million settlement);

- *In re Kit Digital, Inc. Securities Litigation*, No. 12-CV-04199 (VM) (S.D.N.Y. 2013) $6,001,999 settlement);

- *Peters v. JinkoSolar Holdings*, No. 11-CV-07133 (JPO) (S.D.N.Y. 2015) ($5.05 million settlement); and

- *Szymborski v. Ormat Technologies, Inc.*, No. 10-CV-00132-ECR (D. Nev. 2012) ($3.1 million settlement).

The Firm has also served as lead counsel in numerous corporate governance and corporate takeover litigations (both hostile and friendly) on behalf of stockholders of public corporations.  The Firm has prosecuted actions challenging numerous highly publicized corporate transactions which violated fair process and fair price, and the applicability of the business judgment rule.  These cases have resulted in multi-million dollar improvements in transaction terms and in strengthening the democratic rights of public shareholders:

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, No. 8145-VCN (Del. Ch. 2015) (the Firm, as co-lead counsel, recovered $153.5 million for shareholders and obtained an unprecedented provision allowing the settlement to be distributed to Freeport shareholders in the form of a special dividend.  The settlement is one of the largest derivative settlements in the Delaware Court of Chancery history);

- *In re Great Wolf Resorts, Inc. Shareholders Litigation*, No. C.A. 7328-VCS (Del. Ch. 2012) (the Firm obtained the elimination of stand-still provisions that allowed third parties to bid for Great Wolf Resorts, Inc. ("Great Wolf") – resulting in the emergence of a third-party bidder and approximately $94 million in additional merger consideration for Great Wolf's shareholders);

- *In re Atlas Energy, Inc. Shareholders Litigation*, No. C.A. 5990-VCL (Del. Ch. 2011) (the Firm obtained a settlement providing an additional $7.45 million in merger consideration for Atlas Energy shareholders);

- *In re Pride International, Inc. Shareholders Litigation*, No. C.A. 6201-VCS (Del. Ch. 2011) (after the completion of expedited discovery and prior to a preliminary injunction hearing, the Firm obtained a proposed settlement providing material modifications to a contested merger agreement and the dissemination of supplemental disclosures in connection with a proxy statement sent to Pride shareholders);

4

- ***In re Mutual Funds Investment Litigation [Federated Sub-Track]***, No. 04-MD-15861 (CCB) (D. Md. 2010) (representing investors in Federated Investors Funds fluctuating mutual funds, the Firm obtained a total settlement of $3,381,500 in addition to significant corporate governance reforms.  The benefits obtained by the Firm were in addition to $72 million that Federated Investors, Inc. ("Federated") paid pursuant to the settlement of regulatory investigations concerning Federated's alleged market-timing and late-trading activities.  The Firm also obtained declaratory and injunctive relief to ensure that the alleged market-timing and late-trading activities would not be repeated);

- ***In re Mutual Funds Investment Litigation [Bank of America/Nations Sub-Track]***, No. 04-MD-15862 (JFM) (D. Md. 2010) (representing investors in Nations Fund Mutual Funds (the "Nations Funds"), the Firm, with lead counsel, achieved settlements that resolved the class action and several related litigations arising from alleged market timing and late trading in various mutual funds in the Bank of America mutual fund family.  The settlements established a jointly-recommended minimum allocation of at least $60 million to shareholders of the Nations Funds from a fund created as a result of Bank of America's settlement of regulatory investigations.  In addition to the monetary allocation, the settlements provide for corporate governance changes concerning the detection and prevention of future market timing and late trading in the Nations Funds.  The Firm and lead counsel also recovered an additional $2,100,000 from non-Bank of America defendants);

- ***Kwait v. Berman***, No. 5306-CC (Del. Ch. 2010) (obtained significant amendments to a voting agreement agreed to by RiskMetrics Group, Inc.'s interested shareholders in connection with a proposed merger, as well as additional disclosures concerning the proposed merger);

- ***In re UnitedGlobalCom Shareholders Litigation***, No. 1012-VCS (Del. Ch. 2008) (plaintiffs, former shareholders of UnitedGlobalCom ("UGC"), successfully achieved a $25 million settlement in a case alleging that a minority exchange transaction with UGC's majority shareholder did not meet the entire fairness standard);

- ***In re Cablevision Systems Corp. Shareholders Litigation***, No. 05-009752 (N.Y. Sup. Ct. 2007) (plaintiffs successfully deterred a going-private transaction proposed by Cablevision's controlling shareholder at an inadequate price.  The proposal was ultimately converted to a $2.5 billion special dividend payable ratably to all Cablevision shareholders.  In connection with the settlement, Cablevision agreed to implement corporate governance reforms and other procedures to ensure that the special dividend was financially fair to Cablevision and its public shareholders);

- ***In re Plains Resources, Inc. Shareholders Litigation***, No. 071-N (Del. Ch. 2004) (plaintiffs challenged the buyout of the public shares of Plains Resources by two of the company's senior executives and Vulcan Energy.  Through the Firm's aggressive efforts as co-lead counsel, which included motions for expedited discovery and a preliminary injunction, the price paid for Plains Resources shares in connection with the buyout was increased twice, yielding an additional $67 million in merger consideration);

- ***In re MONY Group Inc. Shareholder Litigation***, No. 20554 (Del. Ch. 2004) (Delaware Chancery Court issued a preliminary injunction enjoining the shareholder vote on the merger pending the issuance of curative disclosures by the MONY defendants; as part of the settlement, certain of MONY's executives forfeited approximately $7.4 million in change-of-control payments, funding an increase in the consideration received by MONY's shareholders in the merger);

5

- *In re Arco Chemical Co. Shareholders Litigation*, No. 16493-NC (Del. Sup. 2002) (the Firm's advocacy led the Delaware Supreme Court to require the company to broaden the rights of public shareholders in change-of-control transactions);

- *In re AXA Financial Shareholders Litigation*, No. 18268 (Del. Ch. 2002) ($500 million increased merger consideration);

- *In re Kroll-O'Gara Shareholders Litigation*, No. 99 CIV. 11387 (S.D.N.Y. and Ohio State Ct. 2002) (derivative case brought on behalf of Kroll-O'Gara to remedy internecine disputes among the company's senior management; the case settled with significant corporate governance changes, including an independent committee of directors to oversee change-of-control transactions and certain other internal management issues);

- *Shapiro v. Quickturn Design Systems, Inc.*, No. 16850-NC (Del. Ch. 2002) (the Firm successfully represented public stockholders in a trial in Delaware Chancery Court that invalidated a modified "deadhand" poison pill anti-takeover provision; following the affirmance of the trial verdict by the Delaware Supreme Court, the Firm secured the implementation of procedures designed to ensure a full and active auction maximizing shareholder value, paving the way for a takeover of Quickturn at a premium of approximately $51 million);

- *In re Ascent Entertainment Group Inc. Derivative Litigation*, No. 17201-NC (Del. Ch. 2000) (involving the proposed sale of the Colorado Avalanche and the Denver Nuggets, both owned at the time by Ascent, to Ascent's CEO and Chairman; by virtue of the Firm's representation, Ascent commenced a new auction for the sports teams, which resulted in a higher price (approximately $40 million) to be paid for the teams; also, by virtue of the settlement, the parties agreed that the plaintiffs could appoint a director of their choosing to the Ascent board);

- *In re Foamex International Inc. Shareholders Litigation*, No. 16259-NC (Del. Ch. 2000) (the Firm's efforts culminated in the requirements that the company appoint two independent directors, that it constitute a nominating committee to search for and recommend new independent directors, and that any related-party transactions be reviewed and approved by a majority of disinterested directors);

- *In re Archer Daniels Midland Corp. Derivative Litigation*, No. 14403 (Del. Ch. 1997) (the Firm, as lead counsel, effected important corporate governance improvements, including the requirement that a majority of the board be comprised of outside directors; the creation of a nominating committee; the requirement that the audit committee oversee corporate compliance; and the requirement that the audit committee be composed of outside directors); and

- *In re Sears, Roebuck Derivative Litigation*, No. 88 CH 10009 (Ill. Ch. Ct.) (Senior Partner Stanley D. Bernstein pioneered the use of litigation to achieve corporate governance reform in the early 1990s, gaining the addition of outside directors to Sears' board, and expanding the role of outside directors on the company's nominating committee).

BERNSTEIN LIEBHARD LLP

**ANTITRUST LITIGATION**

The Firm's antitrust practice is also active and growing.  Currently, the Firm is representing dentists in *In re Delta Dental Antitrust Litigation*, No. 19-CV-6734-EEB, MDL 2931 (N.D. Ill.), an antitrust class action filed against Delta Dental State Insurers, DeltaUSA, and Delta Dental Plans Association alleging a coordinated agreement not to compete among the various separate Delta Dental entities and the unlawful misuse of monopsony power in the market for dental insurance throughout the United States in violation of  the Sherman Antitrust Act and the Clayton Act.

The Firm is also a member of the Executive Committee for the Direct Purchaser Plaintiffs in *In re Packaged Seafood Products Antitrust Litigation*, No. 15-md-2670-JLS (MDD) (S.D. Ca.), an action consolidated for pretrial proceedings in the Southern District of California. This action arises out of a conspiracy by the largest producers of packaged seafood products ("PSPs") in the United States to fix, raise, maintain, and/or stabilize prices for PSPs within the United States, and its territories and the District of Columbia, in violation of Sections 1 and 3 of the Sherman Antitrust Act (15 U.S.C. §§ 1, 3).

The Firm is also part of the litigation team in *In re Broiler Chicken Antitrust Litigation*, No. 16-cv-08637 (N.D. Ill.), a national class action alleging that beginning in 2008, broiler chicken producers coordinated their efforts to artificially reduce the supply of broiler chickens for sale in the United States in violation of Section 1 of the Sherman Act.

Partner Stephanie M. Beige is a member of the Direct Purchaser Litigation Team in *Reece v. Altria, Inc., et al.*, 20-cv-02345 (WHO) (N.D. Ca.), a generic drug antitrust class action seeking damages for violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, and Section 7 of the Clayton Act, 15 U.S.C. § 18. The e-cigarette antitrust claims stem from an allegedly anticompetitive agreement ("agreement") between Altria Group, Inc. ("Altria") and JUUL Labs, Inc. ("JUUL"), whereby Altria agreed to acquire an ownership interest in JUUL in exchange for over $12 billion in cash. Altria allegedly agreed not to compete with JUUL and to provide JUUL valuable retail shelf space in the e-cigarette market. Through this agreement, JUUL was able to

maintain its dominance in the e-cigarette market and earn monopoly profits. Altria then shared these profits through its ownership stake in JUUL.

Over the past two decades, the Firm has served as lead, executive committee counsel, and co-counsel in many successful antitrust class actions, successfully obtaining multi-million dollar recoveries.  These cases include, among others:

- ***In re Processed Egg Products Antitrust Litigation***, No. 08-MD-2002 (E.D. Pa.). The Firm served as co-lead counsel and co-trial counsel in this antitrust class against sixteen trade groups and egg producers alleging an industry-wide, price-fixing conspiracy that raised the price of shell eggs and egg products in violation of the Sherman Antitrust Act. $136 million was recovered for the class.

- ***In re Pool Products Distribution Market Antitrust Litigation***, No. MDL 2328 (E.D. La.). The Firm served as co-lead counsel in this antitrust case commenced on behalf of a nationwide class of direct purchasers of pool products, against a pool products distributor and the three largest manufacturers of pool products in the United States. The plaintiffs asserted claims against all defendants under Section 1 of the Sherman Act for conspiracy to restrain trade, and against the pool products distributor under Section 2 of the Sherman Act for attempted monopolization. $16 million was recovered for the class.

- ***In Re Polyurethane Foam Antitrust Litigation***, MDL No. 2196 (N.D. Ohio). The Firm served on the Plaintiffs' Executive Committee in this antitrust class action involving a price-fixing conspiracy by some of the world's largest manufacturers of flexible polyurethane foam. The case settled for over $400 million just days before trial.

- ***In re Fresh and Process Potatoes Antitrust Litigation***, No. 10-MD-02186-BLW-CWD (D. Idaho). The Firm served on the Direct Purchaser Plaintiffs' Executive Committee in this antitrust class action commenced on behalf of direct purchasers of fresh and processed potatoes that resulted in a $19.5 million settlement.

## CONSUMER LITIGATION

Bernstein Liebhard also has an active consumer practice.  The Firm represented thousands of affected tenants of the Stuyvesant Town and Peter Cooper Village rental apartment complexes in Manhattan.  The case centered on allegations that landlords of the rental complexes have, for many years, illegally charged market-rate rents for apartments that should have been rent stabilized under New York City's Rent Stabilization Law, thereby overcharging each affected tenant thousands of dollars per year.  The core legal issue was whether landlords could permissibly deregulate and charge market-rate rents for certain "luxury" apartment units in these complexes in years in which the landlords were simultaneously

BERNSTEIN LIEBHARD LLP

receiving New York City tax abatements, known as "J-51" benefits.  Prior to obtaining the $146.85 million dollar settlement, the Firm, as co-lead counsel, obtained a landmark ruling in favor of tenants from the New York Court of Appeals, the highest appellate court in New York State.  The Court of Appeals ruled that the New York statutory scheme prevented landlords of rent stabilized buildings from charging market-rate rents while receiving J-51 benefits for as long as they continue to receive those tax benefits.  The Firm continued to aggressively litigate the case and brought nine other cases based on the this decision.  The decision overturned state agency regulations that had been in effect for at least nine years.  CRAIN'S NEW YORK BUSINESS described it as "a decision that will have colossal implications for tenants and landlords across the city."

The Firm won a verdict of $14.7 million in 2009 for the clients and class we represented in *Artie's Auto Body, Inc. v. Hartford Fire Insurance Co.*, No. X08-CV-03-0196141S (CLD) (Conn. Super. Ct.), following a four-week jury trial.  In addition to the $14.7 million jury verdict, in 2013 the Firm obtained a $20 million punitive damage award – the largest punitive damage award in the history of Connecticut's Unfair Trade Practices Act.  Regrettably, the verdict and the punitive damage award were reversed on appeal.

The Firm also successfully litigated a consumer class action which resulted in the re-labeling of a popular home medical testing device to properly reflect the product's limitation in *Wagner v. Inverness Medical Innovations, Inc.*, No. 03-cv-404-J-20 (M.D. Fla.) and obtained favorable settlements in consumer fraud class actions for classes consisting of owners and lessees of certain Volvo automobiles ($30 million) and certain Saab automobiles ($4.25 million).

## *COMMERCIAL LITIGATION*

Bernstein Liebhard also has an active commercial litigation practice, where it represents businesses, public pension funds, and other entities in high stakes, complex litigation.  For example, the Firm represented the New Mexico Public Employees Retirement Association ("PERA") in an individual action against Wells Fargo Bank and affiliates arising from defendants'

9

mismanagement of PERA's securities lending program.  On the eve of trial, the Firm negotiated a $50 million recovery for PERA, representing over 65% of PERA's damages.

The Firm represented the New Mexico Educational Retirement Board ("ERB") in an action against Wells Fargo Bank and affiliates arising from the mismanagement of ERB's securities lending program.  After two years of litigation, the Firm successfully negotiated a $5 million recovery for the ERB – representing over 50% of its damages.

The Firm acted as special litigation counsel to the Creditors Committee of Pandick Inc. (formerly the largest financial printer in the country) in connection with a complex fraudulent conveyance litigation and successfully recovered from Pandick's banks and directors over $14 million for Pandick's creditors.

The Firm also represented the Actrade Liquidation Trust (the "Trust"), the successor to Actrade Financial Technologies, Ltd., a former publicly-traded company on NASDAQ, and Actrade Capital ("Actrade") in two actions – the first (*Meer v. Aharoni*, No. 5141-CC (Del. Ch.)) against Actrade's former Chairman of the Board of Directors related to his misappropriate from Actrade and his fraudulent inflation of Actrade's revenues in order to earn a profit on his options; the second (*Meer v. Deloitte & Touche LLP*, No. 11-cv-06994 (LAK) (S.D.N.Y.)) against Deloitte & Touche, LLP for auditing malpractice and negligence.  The Firm negotiated a $3,050,000 global settlement for both actions in February 2013.

## *WHISTLEBLOWER LITIGATION*

Bernstein Liebhard also has an active whistleblower practice.  The False Claims Act has proven to be one of the most effective mechanisms to recover funds that have been stolen from the government through fraud by corporations, contractors, and individual wrongdoers.  Since 1986, more than 5,500 *qui tam* actions have been filed and more than $20 billion in settlements and recoveries have been recouped by the government under the False Claims Act.

Although the False Claims Act covers numerous forms of fraud on the government, the False Claims Act does not cover tax fraud.  Blowing the whistle on those who commit tax fraud

10

on the government is governed by the Tax Relief and Health Care Act of 2006.  As with the False Claims Act, the Tax Relief and Health Care Act offers individuals the opportunity to report tax fraud and receive a reward for helping the government recover money lost due to tax fraud or other violations of the tax laws.

In 2010, Congress enhanced the Securities and Exchange Commission's whistleblower program with the adoption of the Dodd-Frank Wall Street Reform and Consumer Protection Act. The amendment, among other things, increases the amount of whistleblower awards payable by the SEC to those who provide the SEC with information concerning violations of the federal securities laws.

Bernstein Liebhard LLP is dedicated to providing experienced, dedicated, and aggressive representation for whistleblowers looking to blow the whistle on those who commit fraud on the government or who violate the tax laws and the federal securities laws.  The Firm's whistleblower lawyers have extensive experience providing legal advice and representation to individuals filing lawsuits against persons and entities who commit fraud and other wrongdoing.

## JUDICIAL PRAISE

Courts have repeatedly praised the efforts of the Firm and its partners:

*"I would also like to commend the lawyers in this case.  Extremely thorough professional presentations were made under very trying circumstances . . . . They were all done to the highest quality of the legal profession, and the advocacy was always aggressive but within the bounds of good professional propriety . . . thank you for the excellent job that you did."*

- Honorable Alfred J. Jennings, Jr. of the Connecticut Superior Court
(Stamford/Norwalk Division), following a successful four-week jury trial.[1]

---

[1] *Artie's Auto Body, Inc. v. Hartford Fire Ins. Co.*, No. X08-CV-03-0196141S (CLD) (Conn. Super. Ct.), Trial Tr., Nov. 17, 2009 at 15.

11

BERNSTEIN LIEBHARD LLP

———————————————

*"[L]et me say one more thing.  I compliment[ ] everybody in the way they've presented themselves here and I want you to know that I mean that sincerely . . . .  I'm happy to say that the lawyers in this case have, again, conducted themselves in the highest professional manner.  And I'm also pleased to say that this does not surprise me, having had the opportunity to preside over a lot of these class action litigations . . . ."*

- Honorable Joel A. Pisano of the United States District Court for the District of New Jersey.[2]

———————————————

*"the quality of the representation to achieve what they [Bernstein Liebhard] have achieved speaks for itself.  The quality was extremely high."*

- Honorable Deborah A. Batts of the United States District Court for the Southern District of New York.[3]

———————————————

*"[Bernstein Liebhard] accomplish[ed] an exceptional result because of the nationwide benefit to all women diagnosed with [Polycystic Ovarian Syndrome] and the benefit to the medical community."*

- Magistrate Judge (now District Court Judge) Marcia Morales Howard of the United States District Court for the Middle District of Florida.[4]

———————————————

*"But I did want to thank . . . counsel [Bernstein Liebhard] for excellent, excellent oral argument.  Certainly helped the Court significantly.  And I want to thank you . . . for what is a sterling indication of what the bar can produce when you have qualified people before it."*

- Judge Stephen A. Bucaria of the Nassau County Supreme Court.[5]

———————————————

*"I'm impressed with the innovative nature . . . of the benefit that's been provided . . . It's my turn to make a compliment in open court:  that the plaintiff is represented by highly competent counsel [Stanley D. Bernstein], a counsel that demonstrates consistently to me an incredible work ethic in achieving the benefits that were achieved here."*

---

[2] *In re Royal Dutch/Shell Transp. Sec. Litig.*, No. 04-374 (JAP) (D.N.J.), Tr. of Hr'g, Sept. 26, 2008 at 60-61.

[3] *In re Lumenis Sec. Litig.*, No. 02-CV-1989 (S.D.N.Y.), Tr. of Hr'g, Aug. 25, 2008 at 6.

[4] Wagner v. Inverness Med. Innovations, Inc., No. 03-CV-404-J-20 (M.D. Fla.).

[5] *Carlson v. Long Island Jewish Hosp.*, No. 020098/05 (N.Y. Sup. Ct.).

12

BERNSTEIN LIEBHARD LLP

- Vice Chancellor (now Delaware Supreme Court Chief Justice) Myron T. Steele.[6]

_____

*"Plaintiffs are represented by counsel [Bernstein Liebhard] who are skilled in federal securities and class action litigation . . . .  Counsel have been diligent and well prepared . . . Plaintiffs' counsel has performed an important public service in this action and have done so efficiently and with integrity . . . .  You have the thanks of this court."*

- Senior Judge Denise Cote of the United States District Court for the Southern District of New York.[7]

_____

*"The quality of the legal work throughout has been high and conscientious. . . ."*

- Judge Reena Raggi of the United States District Court for the Eastern District of New York (now of the United States Court of Appeals for the Second Circuit).[8]

_____

*"the performance of counsel [Bernstein Liebhard] . . . has been absolutely outstanding. It has been a pleasure to be involved with each of you in handling this case."*

- Chief Judge Gene Carter (now Senior District Judge) of the United States District Court for the District of Maine.[9]

_____

*"Mr. Bernstein, it has actually been a pleasure getting to know and work with you on this . . . .  [Y]ou make a really good presentation."*

- Former Judge Wayne R. Andersen (retired) of the United States District Court for the Northern District of Illinois.[10]

_____

*"Counsel [Bernstein Liebhard] . . . have been professional and realistic in this matter . . . . The court has been impressed with the competence and candor of counsel . . . ."*

- Former Judge Robert J. Cindrich (retired) of the United States District Court for the Western District of Pennsylvania.[11]

---

[6] *In re Illinois Cent. Corp. S'holders Litig.*, No. 16184 (Del. Ch.), Tr. of Hr'g, Feb. 25, 1999 at 29-30.

[7] *In re Take Two Interactive Software, Inc. Sec. Litig.*, No. 01 CIV. 9919 (S.D.N.Y.), Tr. of Hr'g, Oct. 4, 2002 at 40, 44.

[8] *In re Tower Air, Inc. Sec. Litig.*, No. 94 CIV. 1347 (E.D.N.Y.), Tr. of Hr'g, Feb. 9, 1996 at 52.

[9] *Nensel v. Peoples Heritage Fin. Group, Inc.*, No. 91-324-P-C (D. Me.), Tr. of Hr'g, Dec. 17, 1992 at 12.

[10] *Hager v. Schawk, Inc.*, No. 95 C6974 (N.D. Ill.), Tr. of Hr'g, May 21, 1997 at 22.

[11] *DeCicco v. Am. Eagle Outfitters, Inc.*, No. 95-1937 (W.D. Pa.), Report and Recommendation of Magistrate Judge Kenneth Benson, Nov. 25, 1996 at 6 (adopted as opinion of court by Judge Cindrich, Dec. 12, 1996).

13

## ATTORNEY BIOGRAPHIES

### STANLEY D. BERNSTEIN
SENIOR PARTNER

**Stanley D. Bernstein,** founding partner of Bernstein Liebhard LLP, has successfully represented plaintiffs in securities fraud litigation, shareholder and derivative litigation, complex commercial litigation (representing corporations and businesses when they are plaintiffs in litigation), professional malpractice litigation, and antitrust litigation for over thirty-five years. Mr. Bernstein is a recognized leader in the securities and corporate governance bar. He frequently addresses lawyers and business professionals concerning various aspects of plaintiffs' litigation and was featured as the cover story in *Directorship* magazine in an article entitled "Investors v. Directors." Mr. Bernstein also heads the firm's *qui tam*/whistleblower practice group.

Mr. Bernstein has been widely recognized for his achievements. Among other honors:

> *Education*
> - New York University School of Law, J.D., honors, 1980
> - Cornell University, B.S., 1977
>
> *Admissions*
>
> New York
>
> Florida
>
> U.S. Supreme Court
>
> U.S. Court of Appeals
> - Second Circuit
>
> U.S. District Courts
> - Southern District of New York
> - Eastern District of New York

- *Lawdragon* named him one of the "500 Leading Lawyers in America," "500 Leading Litigators in America," "500 Leading Plaintiffs' Lawyers," and "100 Lawyers You Need to Know in Securities Litigation";

- The National Association of Corporate Directors and *Directorship* magazine listed him in the *Directorship 100* – the list of "The Most Influential People in the Boardroom" (2009-2012);

- *Super Lawyers* magazine named him a Super Lawyer (2007-2009; 2012-2020);

14

- *The Legal 500* has repeatedly recommended him (2011-2012; 2014-2016, 2019-2020);

- Recognized by *Benchmark Plaintiff: The Definitive Guide To America's Leading Plaintiff Firms & Attorneys* (2012-2015); and

- Ranked in *Chambers USA Guide* (2012-2016).

Mr. Bernstein litigates against the most prominent defense firms in the country and has earned a reputation for being a tenacious litigator who will try any case that does not settle on favorable terms.  His experience and reputation for trying cases has enabled him to negotiate some of the largest securities fraud settlements in history.  For example, Mr. Bernstein was the Chair of the Plaintiffs' Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (S.D.N.Y.), a coordinated litigation of over 300 securities class actions, in which a $586 million settlement was obtained.  Mr. Bernstein was also instrumental in negotiating a $400 million settlement in *In re Marsh & McLennan Cos., Inc. Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y.).  In *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J.), he negotiated a $166.6 million settlement of the U.S. action, in addition to a $350 million European settlement the firm was substantially responsible for obtaining. In *In re Bankers Trust Securities Litigation*, he recovered $58 million for investors, representing 100% of their losses.

Mr. Bernstein also led an individual action on behalf of the New Mexico Public Employees Retirement Association ("PERA") against Wells Fargo Bank and affiliates arising from defendants' mismanagement of PERA's securities lending program.  On the eve of trial, Mr. Bernstein negotiated a $50 million recovery for PERA, representing over 65% of PERA's damages.

Mr. Bernstein has also been lead counsel in many of the leading securities cases enforcing and expanding the rights of shareholders, including in *In re Sears, Roebuck Derivative Litigation* and *In re Archer Daniels Midlands Corp. Derivative Litigation* (pioneering cases which improved corporate governance at both companies).  He was also trial counsel for stockholders

15

in a trial in the Delaware Chancery Court that invalidated an anti-takeover device in *Shapiro v. Quickturn Design Systems, Inc.*

Most recently, Mr. Bernstein obtained a $16 million cash settlement of a derivative action alleging that certain current and former directors of DeVry Education Group (currently known as Adtalem Global Education, Inc.) breached their fiduciary duties by allowing and approving a misleading advertising campaign.

Mr. Bernstein also represents corporations and businesses when they are plaintiffs in litigation against other businesses and in litigation alleging professional malpractice against attorneys and accountants.  For example, Mr. Bernstein recovered millions of dollars in a global settlement on behalf of the Trustee of the Actrade Liquidation Trust (overseeing the liquidation of assets previously held by Actrade Technologies, Ltd., a public company that formerly traded on NASDAQ), in connection with an accounting malpractice action against Actrade's accountant for failing to conduct proper audits, and an action against Actrade's former chairman for misappropriation of funds.  He has also recovered millions of dollars for corporate plaintiffs in professional malpractice and other corporate litigations.

Mr. Bernstein represented the creditors' committee in the Altegrity, Inc. and USIS Investigations, Inc. ("USIS") bankruptcy proceedings in connection with claims against a USIS director and its former officers arising from their alleged failures to adequately protect the confidential information of tens of thousands of government employees from a cyberattack in 2013.  A confidential multi-million dollar global settlement resolved both actions.

Mr. Bernstein also chairs the firm's antitrust practice and served as co-lead counsel and co-trial counsel in the *In re Processed Eggs Antitrust Litigation*, a case alleging a near industry-wide, price-fixing conspiracy among egg producers to raise the price of shell eggs in violation of the Sherman Antitrust Act ($130 million in settlements recovered prior to trial).

16

## SANDY A. LIEBHARD
SENIOR PARTNER

**Sandy A. Liebhard** is a 1988 graduate of Brooklyn Law School and since that time has practiced all aspects of securities law.  Mr. Liebhard has been repeatedly recognized as a "local litigation star" for his securities work in the 2012-2015 editions of BENCHMARK PLAINTIFF:  THE DEFINITIVE GUIDE TO AMERICA'S LEADING PLAINTIFF FIRMS & ATTORNEYS and was recommended in the 2014 edition of THE LEGAL 500 for his work in securities litigation.

For more than twenty years, Mr. Liebhard has been successfully representing plaintiffs in complex litigations.  Mr. Liebhard served on the Plaintiffs' Executive Committee in *In re Initial Public Offering Securities Litigation* ($586 million recovery) and was involved in the *In re Fannie Mae Securities Litigation*, where a $153 million settlement received final approval.

Mr. Liebhard has been lead or co-lead counsel in such major securities cases as:  *In re AXA Financial Shareholders Litigation* ($500 million in increased merger consideration); *In re Lin Broadcasting Corp. Shareholders Litigation* (recovering $64 million in increased merger consideration); *In re Tenneco Securities Litigation* ($50 million recovery); *In re Bausch & Lomb, Inc. Securities Litigation* (achieving $42 million recovery for defrauded shareholders); and *In re BellSouth Corp. Securities Litigation* ($35 million recovery).

Mr. Liebhard is also active in the Firm's complex litigation practice.  Mr. Liebhard, serving as co-lead counsel in *Roberts v. Tishman Speyer Properties, L.P.*, secured a $146.85 million settlement ($68.75 million cash) on behalf of the tenants of the Stuyvesant Town and Peter Cooper Village rental apartment

***Education***

- Brooklyn Law School, J.D., 1988

- Brooklyn College, B.S., 1985

***Admissions***

New York

U.S. District Courts

- Southern District of New York

- Eastern District of New York

17

BERNSTEIN LIEBHARD LLP

complexes in Manhattan for rent overcharges stemming from the landlord having illegally charged market-rate rents for apartments that should have been rent stabilized under New York City's Rent Stabilization Law.

Mr. Liebhard is admitted to the Bar of the State of New York, and the United States District Courts for the Southern and Eastern Districts of New York.

## MICHAEL S. BIGIN
PARTNER

**Michael S. Bigin** has represented plaintiffs in securities fraud litigation, *qui tam* whistleblower litigation, and other complex litigation for over 20 years and has been recognized for his work in securities litigation.    He was selected to Super Lawyers Magazine's New York Metro Rising Stars list in 2014 and has been named a Super Lawyer by *Super Lawyers Magazine* in 2017-2020.  Mr. Bigin has also been recommended by *The Legal 500* in 2013, 2016, 2019 and 2020.

Mr. Bigin has worked on numerous securities fraud class actions and has achieved substantial recoveries for investors, including:    *In re Marsh & McLennan Cos., Inc. Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y.) ($400 million recovery); *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J.) ($166.6 million recovery); *In re IKON Office Solutions, Inc. Securities Litigation*, No. 98-CV-4606 (E.D. Pa.) ($111 million recovery); *In re Computer Associates Securities Litigation*, No. 02-CV-1226 (E.D.N.Y.) (settlement of 5.7 million shares, valued at $134 million); *In re Cigna Corp. Securities Litigation*, No. 02-CV-8088 (MMB) (E.D. Pa.) ($93 million recovery); *City of Austin Police Retirement System v. Kinross Gold Corp.*, No. 12-CV-01203-VEC (S.D.N.Y.) ($33 million recovery); *In re Gilat Satellite Networks, Ltd. Securities Litigation*, No. 02-CV-1510 (E.D.N.Y.) ($20 million); *In re Terayon Communication Systems, Inc. Securities Litigation*, No. C-00-1967 (N.D. Cal.) ($15 million); and *Szymborski v. Ormat Technologies, Inc.*, No. 10-CV-00132-ECR (D. Nev.) ($3.1 million settlement representing more than four times the average recovery for similar actions according to a study by experts at Cornerstone Research).    Mr. Bigin also

### *Education*

- St. John's University School of Law, J.D., 1999

- State University of New York at Oswego, B.A., B.S.,1995

### *Admissions*

New York

Connecticut

U.S. Court of Appeals

  - Second Circuit
  - Ninth Circuit
  - Eleventh Circuit

U.S. District Courts

  - Southern District of New York

  - Eastern District of New York

  - Eastern District of Wisconsin

19

BERNSTEIN LIEBHARD LLP

recovered funds for investors in *Peters v. JinkoSolar Holding Co. Inc.*, No. 11-CV-07133-JPO (S.D.N.Y.) ($5.05 million settlement). Prior to this settlement, Mr. Bigin successfully argued the JinkoSolar case before the Second Circuit Court of Appeals, which granted a rare reversal of the District Court's decision and clarified the materiality standard under the Securities Act of 1933.

Most recently, Mr. Bigin represented the Oklahoma Police Pension and Retirement System in *Avila v. LifeLock Inc.*, 15-cv-01398-SRB (D. Ariz.), a securities fraud action alleging that executives made material misrepresentations to investors concerning LifeLock's identity protection business and the status of a Federal Trade Commission investigation ($20 million settlement). Currently, Mr. Bigin represents the City of Atlanta Firefighters' Pension Fund in *Speaks v. Taro Pharmaceutical Industries, LTD*, 16-cv-08318-ALC (S.D.N.Y.), where investors allege that defendants inflated Taro's stock price by representing that Taro's growth occurred in a highly competitive environment, while Taro secretly colluded with its competition to fix generic drug prices. Mr. Bigin is also representing the Houston Municipal Employees Pension System in *Bitar v. REV Group, Inc.*, Case No. 2:18-CV-1268-LA (E.D. Wisc.), where investors allege, *inter alia*, that defendants knowingly issued unachievable financial guidance.

In addition to class actions, Mr. Bigin represents individual clients in commercial disputes, commercial insurance matters, *qui tam* actions, employment claims, and consumer protection matters. For example, Mr. Bigin won summary judgment on behalf of his client concerning a $1.9 million fee dispute after completing discovery, which involved obtaining testimony from multiple, senior partners of law firms. Additionally, Mr. Bigin has advised and represented individual whistleblowers alleging violations of the False Claims Act, violations of the Social Security Act, Medicare and Medicaid fraud, insider trading, and tax fraud.

Mr. Bigin is admitted to practice in the States of New York and Connecticut, the United States District Courts for the Southern and Eastern Districts of New York, the Eastern District of Wisconsin, and the United States Court of Appeals for the Second, Ninth, and Eleventh Circuits.

# STEPHANIE M. BEIGE
PARTNER

**Stephanie M. Beige** has devoted her entire career to representing plaintiffs in shareholder class actions, antitrust litigation, derivative litigation, and individual litigation. She has been named a Super Lawyer by *Super Lawyers Magazine* for her work in securities litigation and has been selected to the New York Metro "Super Lawyers Top Women List" in 2016-2020. Ms. Beige has also been recommended by *The Legal 500* (2013, 2015-2016, 2019-2020).

Ms. Beige has been involved in the successful prosecution of numerous class actions on behalf of aggrieved investors. Notably, she was a member of the team representing the State of New Jersey, Department of Treasury, Division of Investment, as co-lead plaintiff in *In re Marsh & McLennan Cos., Inc. Securities Litigation* (S.D.N.Y.) where a $400 million recovery was obtained for investors. The litigation was brought against the world's largest insurance broker, Marsh & McLennan Cos., Inc., in connection with the company's improper practice of steering its clients to insurance companies that agreed to pay it billions of dollars in contingent commissions. The $400 million settlement was reached after five years of hard-fought litigation which included over 100 depositions and over 36 million pages of document discovery. Ms. Beige also represented the Mississippi Public Employees' Retirement System in *In re Cigna Corp. Securities Litigation* (E.D. Pa.), a securities class action which settled on the eve of trial for $93 million dollars. Other successes include: *In re TASER International Securities Litigation* (D. Ariz.) ($20 million recovery); *Rush v. Footstar, Inc.* (S.D.N.Y.) ($19.3 million recovery); and *In re SeeBeyond Technologies Securities Litigation* (C.D. Cal.) ($13.1 million recovery).

### Education

- Touro College Jacob D. Fuchsberg Law Center, J.D., *summa cum laude*, 2000

- Dowling College, B.S., *magna cum laude*, 1996

### Admissions

New York

U.S. Court of Appeals

- Second Circuit

U.S. District Courts

- Southern District of New York

- District of Colorado

- Eastern District of Wisconsin

21

Ms. Beige also represents plaintiffs in complex antitrust class actions. Currently, Ms. Beige is part of the team litigating an antitrust class action against the largest providers of dental insurance in the U.S. in *In re Delta Dental Antitrust Litigation*, No. 19-cv-06734-EEB (N.D. Ill.) and is a member of the Direct Purchaser Litigation Team in *Reece v. Altria Inc., et al.*, No. 20-cv-02345 (WHO) (N.D. Ca.) (an antitrust class action against JUUL and Altria alleging anticompetitive conduce in the e-cigarette market).  Ms. Beige also represented plaintiffs in *In re Polyurethane Foam Antitrust Litigation*, MDL No. 2196 (N.D. Ohio) ($400 million settlement).

Ms. Beige litigated an individual action on behalf of the New Mexico Public Employees Retirement Association ("PERA") against Wells Fargo Bank and affiliates arising from defendants' mismanagement of PERA's securities lending program.  Ms. Beige was instrumental in the negotiation of a $50 million recovery for PERA – obtained on the eve of trial – representing over 65% of PERA's damages.  Ms. Beige litigated a similar action against Wells Fargo Bank on behalf of the New Mexico Educational Retirement Board ("ERB").  After two years of litigation, a $5 million settlement was obtained for ERB, representing over 50% of its damages.

Ms. Beige is currently working on several securities fraud class actions against numerous issuers for allegedly misleading investors, including *In re Tremont Securities Law, State Law and Insurance Litigation*, (S.D.N.Y.) ($100 million settlement), in which the firm represents investors who lost millions of dollars in hedge funds that invested with Bernard L. Madoff. She also represents the Houston Municipal Employees Pension System in *Bitar v. REV Group, Inc.*, where investors allege, inter alia, that defendants knowingly issued unachievable financial guidance.  In addition, Ms. Beige is representing investors in *Ferreira v. Funko, Inc., et al.*, No. 20-cv-02319-VAP-PJW (C.D. Ca.).

Ms. Beige is also active in the firm's complex litigation practice where she represented the creditors' committee in the Altegrity, Inc. and USIS Investigations, Inc. ("USIS") bankruptcy proceedings in connection with claims against a USIS director and its former officers arising from their alleged failures to adequately protect the confidential information of tens of thousands of

22

government employees from a cyberattack in 2013.  A confidential multi-million dollar global settlement resolved both actions.

Ms. Beige received her bachelor's degree in 1996 from Dowling College, graduating *magna cum laude*, and received her J.D. in 2000 from Touro College Jacob D. Fuchsberg Law Center, graduating *summa cum laude*, where she was a member of the *Touro Law Review*.

Ms. Beige is admitted to the Bar of the State of New York and admitted to practice before the United States Court of Appeals for the Second Circuit and the United States District Courts for the Southern District of New York, the District of Colorado, and the Eastern District of Wisconsin.

BERNSTEIN LIEBHARD LLP

# DANIEL C. BURKE
PARTNER

**Daniel C. Burke** was recognized as a leader in the areas of class actions and mass torts by *Super Lawyers* from 2013-2017. In addition, he was named as one of the National Trial Lawyers Top 100 for 2014, and one of the Nation's Top One Percent by the *National Association of Distinguished Counsel* in 2015.

Mr. Burke's practice is focused on mass tort pharmaceutical, medical device and consumer products litigation. He has actively litigated high-profile cases on behalf of thousands of injured plaintiffs in cases involving prescription drugs including Yaz/Yasmin, medical devices such as the Biomet M2a Magnum hip prosthesis and Zimmer Nexgen knee prosthesis, as well as over-the-counter consumer products including Fixodent and Poligrip denture adhesives and ReNu with MoistureLoc contact lens solution. He has supervised the day-to-day management of complex, multi-party mass tort litigation in state and federal courts and multidistrict litigation throughout the United States.

His extensive experience has been recognized by his peers and the courts, and is reflected by Mr. Burke receiving multiple appointments to leadership positions in mass tort litigations over the past ten years including: Plaintiffs' Steering Committee in *In re: Biomet M2a Magnum Hip Implant Products Liability Litigation* (MDL 2391), Liaison Counsel in the *New York Coordinated Plavix-Related Proceedings* (Index No. 560001/12), Plaintiffs' Steering Committee in *In re: Zimmer Nexgen Knee Implant Products Liability Litigation* (MDL 2272), Discovery and Law & Briefing Sub-Committees for *In re: Denture Cream Products Liability Litigation* (MDL

### Education

- St. John's University School of Law, J.D., 1993
- State University of New York at Albany, B.A., 1990

### Admissions

New York

U.S. District Courts

- Southern District of New York
- Eastern District of New York
- Northern District of New York

24

BERNSTEIN LIEBHARD LLP

2051); and the Science and Discovery Sub-Committees for *In re: Yasmin & Yaz (Drospirenone) Marketing, Sales Practices & Products Liability Litigation* (MDL 2100).

Most recently, in September 2018, Mr. Burke was appointed by the U.S District Judge Karen K. Caldwell, Eastern District of Kentucky, to serve on the Plaintiffs' Executive Committee in *In re: Onglyza (Saxagliptin)* and *Kombiglyze (Saxagliptin and Metformin) Products Liability Litigation* (MDL 2809).

Currently, Mr. Burke represents plaintiffs in a wide array of drug litigations including those involving Gadolinium-Based Contrast Agents, HIV antiviral medications (TDF), PPIs, Zofran, Fluoroquinolone Antibiotics, Testosterone Replacement Therapy, Incretins, SGLT-2 Inhibitors, Abilify, Actemra, Mirena IUD, Fosamax, Xarelto, Taxotere and Risperdal.  Additionally, he is litigating matters involving medical devices including Forced Air Warming Blankets, IVC Filters, Defective Hip, Knee, Shoulder & Elbow Implants, Transvaginal and Hernia Mesh and Power Morcellators.  He is also investigating consumer product claims related to various cancers caused by Cell Phone Radiation and the use of Talc.

Mr. Burke earned his bachelor's degree in 1990 from the State University of New York at Albany (B.A., English/History), and earned his J.D. in 1993 from St. John's University School of Law, where he was a member of *St. John's Journal of Legal Commentary*.

Mr. Burke is admitted to the Bar of the State of New York.  He is also admitted to practice before the United States District Courts for the Southern, Eastern and Northern Districts of New York, and he is frequently admitted *pro hac vice* to represent clients in various state and federal courts throughout the United States.

25

BERNSTEIN LIEBHARD LLP

## LAURENCE J. HASSON
PARTNER

**Laurence J. Hasson** received his bachelor's degree in 2003 from Brandeis University (B.A., History and American Studies), graduating magna cum laude and with Phi Beta Kappa and Phi Alpha Theta honors, and received his J.D. in 2006 from the Benjamin N. Cardozo School of Law, where he was a Heyman Scholar, a board member of the award-winning Moot Court Honors Society, and competitively selected to participate in the Bet Tzedek Legal Services Clinic.

Mr. Hasson concentrates his practice on securities, commercial, and complex class action litigation, and he is also a member of the firm's *qui tam*/whistleblower practice group. Mr. Hasson has been selected by *Super Lawyers Magazine* to the New York Metro Rising Stars list for 2015-2019. He was also recommended by *The Legal 500* in 2013 and 2019.

Before joining Bernstein Liebhard LLP, Mr. Hasson was an associate at Bernstein Litowitz Berger & Grossmann LLP, where he worked as a member of the firm's New Matter team responsible for, among other things, advising institutional investors worldwide on securities litigation and litigation strategy.

Since joining the firm in 2012, Mr. Hasson has worked on numerous securities fraud class actions that have resulted in substantial recoveries for investors, including: *City of Austin Police Retirement System v. Kinross Gold Corporation*, No. 12-CV-01203-VEC (S.D.N.Y.) ($33 million recovery), *In re Tower Group International, Ltd. Securities Litigation*, 13-CV-5852-AT (S.D.N.Y.) (settlement of $20.5 million); *Peters v. Jinkosolar Holding Co., Ltd.*, No. 11-CV-

---

*Education*

- Benjamin N. Cardozo School of Law, J.D., 2006

- Brandeis University, B.A., *magna cum laude*, 2003

*Admissions*

New York

U.S. Court of Appeals

- Second Circuit

U.S. District Courts

- Southern District of New York

- Eastern District of New York

---

26

07133-JPO (S.D.N.Y.) ($5.05 million recovery); and *In re KIT Digital, Inc. Securities Litigation*, No. 12-CV-4199 (S.D.N.Y.) ($6 million recovery).

Mr. Hasson has also represented shareholders in derivative claims, most recently recovering $16 million for shareholders in a derivative action alleging that certain current and former directors of DeVry Education Group (currently known as Adtalem Global Education, Inc.) breached their fiduciary duties by allowing and approving a misleading advertising campaign.

Mr. Hasson also represented the creditors' committee in the Altegrity, Inc. and USIS Investigations, Inc. ("USIS") bankruptcy proceedings in connection with claims against a USIS director and its former officers arising from their alleged failures to adequately protect the confidential information of tens of thousands of government employees from a cyberattack in 2013.  A confidential multi-million dollar global settlement resolved both actions.

Mr. Hasson is currently representing lead plaintiffs in several securities fraud class actions, including *The Turner Insurance Agency Inc. et al. v. Farmland Partners Inc.*, No. 18-CV-02104-DME-NYW and *Caryl Hull Leavitt v. Alnylam Pharmaceuticals, Inc. et al.*, 18-CV-12433-NMG.

Mr. Hasson was competitively selected to join the Federal Bar Council's Inn of Court, through which he, along with a small team led by a federal judge, develops and presents programming for continuing legal education.  Mr. Hasson has presented in several such programs, including:

- "First Amendment and National Security," which was held on January 8, 2013 at the Theodore Roosevelt United States Courthouse in Brooklyn, New York;

- "Who Owns the Past? Cultural Property Repatriation and Where We Are Today," which was held on December 9, 2014 at the Museum of Jewish Heritage in New York, New York;

- "United States v. New York Times: A Reenactment of The Pentagon Papers Case," which was held on January 15, 2015 at the Thurgood Marshall U.S. Courthouse in New York, New York.  This presentation was part of the 225th

BERNSTEIN LIEBHARD LLP

Anniversary Celebration of the U.S. District Court for the Southern District of New York;

• "Sex, Lies, Still Photos & Videotape. Many Wrongs? Any Rights?," which was held on April 12, 2016 at the Daniel Patrick Moynihan United States Courthouse in New York, New York; and

• "The Current Wars", which was held on November 15, 2016 at the Theodore Roosevelt United States Courthouse in Brooklyn, New York.

• "A Jury of Her Peers: A True Crime and the Journalist Who Immortalized It", which was held on April 10, 2019 at the Theodore Roosevelt United States Courthouse in Brooklyn, New York.

Mr. Hasson is admitted to the Bar of the State of New York and to practice before the United States Court of Appeals for the Second Circuit, and the United States District Courts for the Southern and Eastern Districts of New York.

28

## REUBEN S. KERBEN
OF COUNSEL

**Reuben S. Kerben** received his bachelor's degree in 2004 from the Sy Syms School of Business at Yeshiva University (B.S., Business Management), and earned his J.D. in 2009 from the Maurice A. Deane School of Law at Hofstra University. During college Mr. Kerben received several awards following his participation in business competitions, including the Syracuse University Panasci Business Plan Competition, the Yeshiva University Dr. William Schwartz Student Business Plan Competition and the Palo Alto Software Business Plan Competition.

*Education*

- Maurice A. Dean School of Law at Hoftra University, J.D., 2009

- Sy Syms School of Business at Yeshiva University, B.S., 2004

*Admissions*

New York

U.S. District Courts

- Southern District of New York

- Eastern District of New York

Prior to law school, Mr. Kerben was the founder and chief executive officer of Spiral Universe Inc., a cloud based educational software company which was later acquired by Software Technology, Inc.

Mr. Kerben is active in the Firm's mass tort practice, focusing in the areas of pharmaceutical liability and defective medical devices.  Currently, he is involved with cases associated with prescription drugs, such as Risperdal and Zofran, and defective medical devices, such as Transvaginal Mesh and Mirena IUD.

Mr. Kerben has argued appeals before the United States Court of Appeals for the Second Circuit, and has represented defendants in felony trials in New York City.  Mr. Kerben is committed to pro bono practice; having represented many immigrant children facing deportation before the Immigration Courts in New York, New York.

Mr. Kerben is admitted to the Bar of the State of New York and to practice before the United States Court of Appeals for the Second Circuit, and the United States District Courts for the Southern and Eastern Districts of New York.

BERNSTEIN LIEBHARD LLP

## JOSEPH R. SEIDMAN, JR.
### SENIOR COUNSEL

**Joseph R. Seidman, Jr.** has litigated complex class actions for over 20 years. Mr. Seidman has worked on numerous securities fraud cases from inception through settlement, including: *City of Austin Police Retirement System v. Kinross Gold Corp.,* No. 12-CV-01203-VEC (S.D.N.Y.) ($33 million recovery); *In re Beazer Homes U.S.A., Inc. Securities Litigation*, No. 07-CV-725-CC (N.D. Ga.) ($30.5 million recovery); *In re Tower Group International, Ltd. Securities Litigation*, 13-CV-5852 (S.D.N.Y.) (partial settlement of $20.5 million); *In re Taser International Securities Litigation*, No. C05-0115 (D. Ariz.) ($20 million recovery); *In re Willbros Group, Inc. Securities Litigation*, No. 06-CV-1778 (S.D. Tex.) ($10.5 million recovery); *In re KIT Digital, Inc. Securities Litigation*, No. 12-CV-4199 (S.D.N.Y.) ($6 million recovery); *Peters v. JinkoSolar Holding Ltd.*, 11-CV-7133 (S.D.N.Y.) ($5.05 million recovery); and *In re Biolase, Inc. Securities Litigation*, No. 13-1300-JLS (FFMx) (C.D. Cal.) ($1.75 million recovery).

Mr. Seidman was part of the team that successfully litigated an appeal before the Second Circuit Court of Appeals, which reversed a dismissal of the *JinkoSolar* case and affirmed the materiality standard for securities actions.

Mr. Seidman also worked on *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8110-VCN (Del. Ch.), which resulted in a $153.5 million recovery that represented the second largest derivative settlement in Delaware. Most recently, Mr. Seidman represented shareholders in derivative claims, most recently recovering $16 million for shareholders in a derivative action alleging that certain current and former directors of DeVry

> ### *Education*
> - St. John's University School of Law, J.D., 1997
> - Queens College of the City University of New York, B.S., 1994
>
> ### *Admissions*
> New York
>
> U.S. Court of Appeals
> - Sixth Circuit
>
> U.S. District Courts
> - Southern District of New York
> - Eastern District of New York

30

Education Group (currently known as Adtalem Global Education, Inc.) breached their fiduciary duties by allowing and approving a misleading advertising campaign.

Currently, Mr. Seidman represents a number of public pension funds in various class actions. For example, Mr. Seidman represents the City of Atlanta Firefighters' Pension Fund in *Speaks v. Taro Pharmaceutical Industries, LTD*, 16-cv-08318-ALC (S.D.N.Y.), where investors allege that defendants inflated Taro's stock price by representing that Taro's growth occurred in a highly competitive environment, while Taro secretly colluded with its competition to fix generic drug prices. Mr. Seidman also represents the Houston Municipal Employees Pension System in *Bitar v. REV Group, Inc.*, Case No. 2:18-cv-1268-LA (E.D. Wisc.), where investors allege, *inter alia*, that defendants knowingly issued unachievable financial guidance. In addition, Mr. Seidman represented the Oklahoma Police Pension and Retirement System in *Avila v. LifeLock Inc.*, 15-cv-01398-SRB (D. Ariz.), where investors alleged that executives made material misrepresentations to investors concerning LifeLock's identity protection business and the status of a Federal Trade Commission investigation ($20 million).

Mr. Seidman also represents a class of direct purchaser plaintiffs in an antitrust action, *In re Packaged Seafood Products Antitrust Litigation*, Case No. 15-MD-2670 JLS (MDD) (S.D. Cal.). The plaintiffs in *Packaged Seafood* allege, *inter alia*, that several seafood companies illegally conspired to raise prices on various tuna products.

Mr. Seidman received his bachelor's degree in 1994 from Queens College of the City University of New York and received his J.D. in 1997 from St. John's University School of Law.

Mr. Seidman is admitted to the Bar of the State of New York. He is also admitted to practice before the United States Court of Appeals for the Sixth Circuit, and the United States District Courts for the Southern and Eastern Districts of New York.

## PETER J. HARRINGTON
ASSOCIATE

**Peter J. Harrington** received his bachelor's degree in 2006 from Fordham University (B.A., Political Science), graduating *cum laude*. He received his J.D. in 2010 from the St. John's University School of Law, where he served as executive notes and comments editor of the *Journal of Civil Rights and Economic Development*. Mr. Harrington authored the article "Untying the Knot: Extending Intestacy Benefits to Non-Traditional Families by Severing the Link to Marriage," *23 J. Civ. Rts. & Econ. Dev. 323* (2011). While in law school, Mr. Harrington was a legal intern in the Mayor of New York City, Michael R. Bloomberg's office and worked for the St. John's University School of Law Securities Arbitration Clinic, representing individual investors on a *pro bono* basis in securities arbitration claims involving misrepresentation, unsuitability, and unauthorized trading.

> *Education*
> - St. John's University School of Law, J.D., 2010
> - Fordham University, B.A., 2006
>
> *Admissions*
>
> New York
>
> U.S. District Courts
> - Southern District of New York
> - Eastern District of New York

Mr. Harrington concentrates his practice on commercial and securities litigation. In 2015-2019, Mr. Harrington was selected to the New York Metro Rising Stars list by *Super Lawyers Magazine*.

Mr. Harrington has worked on several securities fraud class actions including *City of Austin Police Retirement System v. Kinross Gold Corporation*, No. 12-CV-01203-VEC (S.D.N.Y.), in which the firm recovered $33 million for investors.

He also litigated an individual action brought by the Public Employees Retirement Association of New Mexico against Wells Fargo Bank and affiliates arising from defendants' mismanagement of the pension fund's securities lending program that was settled for $50 million — representing over 60% of the plaintiff's alleged damages. Mr. Harrington was also

32

BERNSTEIN LIEBHARD LLP

involved in a similar action on behalf of the New Mexico Educational Retirement board that resulted in a $5 million settlement, representing 54% of the plaintiff's alleged damages.

Mr. Harrington also represented a screenwriter in an intellectual property claim against 20th Century Fox Television and others in *Lewis v. 20th Century Fox Television, Inc. et al.*, alleging that the defendants used the writer's teleplay without his permission and without compensation as a basis for the Fox TV program "The Mick."

Mr. Harrington also represents a number of public pension funds in various class actions. Most recently, Mr. Harrington represented the Oklahoma Police Pension and Retirement System in *Avila v. LifeLock Inc.*, 15-cv-01398-SRB (D. Ariz.), a securities fraud action alleging that executives made material misrepresentations to investors concerning LifeLock's identity protection business and the status of a Federal Trade Commission investigation ($20 million settlement). Mr. Harrington currently represents the Oklahoma Firefighters Pension and Retirement System in *Employees' Retirement System of the Puerto Rico Electric Power Authority v. Conduent, Inc.,* 19-cv-08237-SDW (D.N.J.) a securities fraud class action alleging that executives made material misstatements regarding the sufficiency of Conduent's IT infrastructure and its effect on the company's ability to generate revenue.

Mr. Harrington is admitted to the Bar of the State of New York. He is also admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

BERNSTEIN LIEBHARD LLP

## LISA SRIKEN
ASSOCIATE

**Lisa Sriken** received her bachelor's degree in 2001 from Binghamton University (B.A., Political Science) and earned her J.D. (Concentration in International Law) from Hofstra University School of Law in 2004.

Ms. Sriken began her legal career as a discovery attorney working on securities, intellectual property, antitrust, and regulatory compliance matters for prominent defense firms on behalf of international corporate clients.  She later transitioned to representing aggrieved investors in complex securities class action litigation, specializing in cases involving allegations of fraud, bribery and corruption against foreign companies.  In a previous position, Ms. Sriken was an instrumental part of the team that successfully attained a record $3 billion settlement on behalf of the plaintiff class in *In re Petrobras Securities Litigation*, No. 14-cv-9662 (S.D.N.Y.).

Ms. Sriken focuses her practice on representing plaintiffs in securities and antitrust class action litigation.  Among other cases, she currently represents lead plaintiffs in *The Turner Insurance Agency Inc. et al. v. Farmland Partners Inc.*, No. 18-CV-02104 (D. Colo.) and a class plaintiff in *In re Broiler Chicken Antitrust Litigation*, No. 16-cv-08637 (N.D. Ill.).

Ms. Sriken is a longtime volunteer and a pro bono advocate on behalf of immigrants and underprivileged youth.  She is proficient in French and Portuguese.

Ms. Sriken is admitted to the Bar of the State of New York and to practice before the United States District Court for the Southern District of New York.

*Education*

• Hofstra University School of Law, J.D., 2004

• Binghamton University, B.A., 2001

*Admissions*

New York

U.S. District Courts

   • Southern District of New York

34

BERNSTEIN LIEBHARD LLP

## MORRIS DWECK
ASSOCIATE

**Morris Dweck** received his J.D. in 2014 from the Benjamin N. Cardozo School of Law. He was awarded a Cardozo Scholarship Award throughout his three years in law school. His note concerning the rare side effects of drugs and diseases was published by the CARDOZO LAW JOURNAL OF PUBLIC LAW, POLICY AND ETHICS. Mr. Dweck was named a Rising Star by *Super Lawyers* in 2016-2019.

> *Education*
> - Benjamin N. Cardozo School of Law, J.D., 2014
> - Macaulay Honors College at Brooklyn College, B.A., 2010
>
> *Admissions*
> New York
>
> New Jersey

From the beginning of his legal career Mr. Dweck has worked in the field of Mass Torts, specifically in the areas of medical device and pharmaceutical product liability litigation. He has vigorously represented clients in various mass tort litigation including: Benicar (litigation discovery team), IVC Filter, DePuy ASR hip, Stryker Rejuvenate, ABGII and LFIT V40 hip implants, and Transvaginal Mesh litigation against Bard, J&J, and Boston Scientific. Mr. Dweck is currently handling the diverse and growing Hernia mesh litigation with various products and defendants, as well as the complex Proton Pump Inhibitor litigation.

Mr. Dweck is admitted to the Bars of the State of New York and New Jersey. As an active member of the New York City Bar Association, he is currently serving as a committee member on the Products Liability Committee. He is also a member of the New York State Trial Lawyers Association and the American Association for Justice. Mr. Dweck has served as a mentor for a number of students in law school. He currently serves as the Director of Ritual Programming at Congregation Magen David of Manhattan in the West Village, where he teaches classes on Jewish law and ethics.

BERNSTEIN LIEBHARD LLP

## ANNETTE G. SHACHTER
STAFF ATTORNEY

**Annette Shachter** received her bachelor's degree in 1983 from Barnard College (B.A., Psychology), and earned her J.D. from the Benjamin N. Cardozo School of Law in 1987.

Early in her career, Ms. Shachter worked as an assistant district attorney in Bronx County, where she prosecuted felony and misdemeanor cases, specializing in cases involving sex crimes and child abuse. She later transitioned to civil litigation, working on mass tort, personal injury and medical malpractice cases. For the majority of her legal career, Ms. Shachter was employed by various city and state agencies as an administrative law judge where she presided over numerous administrative hearings. Ms. Shachter subsequently transitioned to working as a discovery attorney and has handled cases involving mergers and acquisitions and FTC reviews.

Ms. Shachter is admitted to the Bar of the States of New York, Florida, and New Jersey and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

**_Education_**

- Benjamin N. Cardozo School of Law, J.D., 1987

- Barnard College, B.A., 1983

*Admissions*

New York

New Jersey

Florida

U.S. District Courts

- Southern District of New York

- Eastern District of New York

36

## RUJUL PATEL
LAW CLERK

**Rujul Patel** received her bachelor's degrees in 2016 from Binghamton University (B.A., Political Science and English). She received her J.D. in 2020 from the Benjamin N. Cardozo School of Law, graduating *cum laude*, where she served as the Senior Notes Editor of *The Cardozo Journal of Conflict Resolution* and was awarded the Dean's Merit Scholarship.

During law school, Ms. Patel served as an extern at the U.S. Attorney's Office for the Southern District of New York, where she worked on cases within the Securities and Commodities Fraud Task Force, including complex cryptocurrency frauds and insider trading schemes. Ms. Patel also has defense-side experience handling regulatory investigations and white-collar matters at a prominent boutique firm in New York. Ms. Patel also served as a Teaching Assistant for Corporate Internal Investigations.

Ms. Patel worked as a paralegal before law school and is an active volunteer at BAPS Charities.  She is fluent in Gujarati and conversational Hindi.

*Education*

• Benjamin N. Cardozo School of Law, J.D., 2020

• Binghamton University, B.A., 2016

37

BERNSTEIN LIEBHARD LLP

## NOAH WIESNER
LAW CLERK

**Noah Wiesner** received his bachelor's degree from Ohio State University in 2017 (B.A., Political Science).  He received his J.D. in 2020 from Benjamin N. Cardozo School of Law, graduating *cum laude*, where he was senior editor for *Cardozo's Moot Court Honor Society* and competed in the Kaufman Securities Law Competition at Fordham Law School.

Mr. Wiesner also served as intern for the New York State Office of the Attorney General in the Investor Protection Bureau.

*Education*

- Benjamin N. Cardozo School of Law, J.D., 2020

- Ohio State University, B.A., 2017

BERNSTEIN LIEBHARD LLP