# EXHIBIT 7

## Compendium of Unreported Cases

*Avila v. Lifelock Inc.*,
No. 2:15-cv-01398-SRB (D. Az. July 27, 2020)………………………………………………1

*In re Broadcom Corp. Class Action Litig.*,
No. CV-06-5036-R (CWx) (C.D. Cal. Dec. 4, 2012)…………………………………………..2

*Hatamian v. Advanced Micro Devices, Inc.*,
No. 14-cv-00226-YGR (N.D. Cal. Mar. 2, 2018)…………………………………………3

*In re Intuitive Surgical Securities Litigation*,
No. 5:13-cv-01920 EJD (HRL)(N.D. Cal. Dec. 20, 2018)…………………………………..4

*In re JDS Uniphase Securities Litigation*,
No. C-02-1486 CW (EDL) (N.D. Cal. Nov. 27, 2007) …………………………………..5

00623363;V1

# TAB 1

Case 2:15-cv-01398-SRB Document 153 Filed 07/27/20 Page 1 of 4

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Miguel Avila, on Behalf of Himself and All Others Similarly Situated, | CASE NO. 2:15-cv-01398-SRB |
| Plaintiffs, | CLASS ACTION |
| v. | Hon. Susan R. Bolton |
| LifeLock Inc., Todd Davis, Chris G. Power, and Hilary A. Schneider, | **ORDER AWARDING ATTORNEYS' FEES AND PAYMENT OF EXPENSES** |
| Defendants. | |

WHEREAS:

A.     On July 21, 2020, a hearing having been held before this Court to determine, among other things, whether and in what amount to award (1) Lead Counsel in the above-captioned consolidated securities class action (the "Action") fees and litigation expenses; and (2) Lead Plaintiffs their costs and expenses (including lost wages), pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), relating to their representation of the Settlement Class. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court (the "Notice") was mailed to all reasonably identified Settlement Class Members; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *Investor's Business Daily* and transmitted over *PR Newswire*; and the Court having considered and

determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and

B. All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation and Agreement of Settlement, dated as of March 27, 2020 (the "Stipulation").

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Settlement Class Members who have not timely and validly requested exclusion, Plaintiffs' Counsel, and the Claims Administrator.

2. Notice of Lead Counsel's application for attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the application for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, and constituted the best notice practicable under the circumstances, and due and sufficient notice to all persons and entities entitled thereto.

3. Lead Counsel is hereby awarded, on behalf of all Plaintiffs' Counsel, attorneys' fees in the amount of $6,000,000 (which is 30% of the Settlement Fund), and payment of litigation expenses in the amount of $253,024.00, which sums the Court finds to be fair and reasonable.

4. The award of attorneys' fees and litigation expenses may be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

5. In making this award of attorneys' fees and payment of litigation expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Ninth Circuit and found that:

2

(a)    The Settlement has created a common fund of $20 million in cash, which is a favorable result, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of counsel;

(b)    The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by Lead Plaintiffs, two sophisticated institutional investors that were directly involved in the prosecution and resolution of the Action and which have a substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

(c)    Plaintiffs' Counsel undertook the Action on a contingent basis, and have received no compensation during the more than five years the Action was litigated, and any fee and expense award has been contingent on the result achieved;

(d)    The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy challenging proceedings the resolution of which would be uncertain;

(e)    Plaintiffs' Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(f)    Plaintiffs' Counsel have devoted approximately 8,700 hours, with a reasonable lodestar of over $5.5 million, to achieve the Settlement;

(g)    The amount of attorneys' fees awarded are fair and reasonable and are consistent with fee awards approved in cases within the Ninth Circuit; and

(h)    Notice was disseminated to putative Settlement Class Members stating that Lead Counsel would be submitting an application for attorneys' fees in an amount not to exceed 30% of the Settlement Fund, which includes accrued interest, and payment of litigation expenses incurred in connection with the prosecution of this Action not to exceed $350,000 and that such application also might include a request that Lead Plaintiffs be reimbursed their reasonable costs and expenses (including lost wages) directly related to their representation of the Settlement Class.

3

6. There was one objection to the application for attorneys' fees, stemming largely from the timing of the objector's receipt of the Notice. However, the objector's broker provided its clients' mailing information to the Claims Administrator later than required by the Preliminary Approval Order, but two weeks before the objection period and thirty-one days before the claims deadline. The objector was provided with the best notice practicable under the circumstances and due and sufficient notice. Further, for the reasons stated above, the requested fee is fair and reasonable and not excessive.

7. In accordance with the PSLRA, the Court also awards Lead Plaintiff Oklahoma Police Pension and Retirement System $1,320 and Lead Plaintiff Oklahoma Firefighters Pension and Retirement System $3,000 for their costs and expenses directly related to their representation of the Settlement Class.

8. Any appeal or challenge affecting this Court's approval of the attorneys' fees, expense application, or award of costs and expenses to Lead Plaintiffs in the Action, shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9. Exclusive jurisdiction is retained over the subject matter of this Action and over all parties to the Action, including the administration of the Settlement.

10. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

Dated this 27th day of July, 2020.

_____
Susan R. Bolton
United States District Judge

4

**TAB 2**

Case 2:19-cv-09340-GAS-MRW    Document 104-7    Filed 06/14/21    Page 9 of 42   Page
ID #:1895
Case 2:06-cv-05036-R-CW    Document 454    Filed 12/04/12    Page 1 of 3    Page ID #:8022

JOSEPH J. TABACCO, JR.  #75484
Email:  jtabacco@bermandevalerio.com
NICOLE LAVALLEE  #165755
Email:  nlavallee@bermandevalerio.com
**BERMAN DeVALERIO**
One California Street, Suite 900
San Francisco, CA 94111
Telephone:  (415) 433-3200
Facsimile:   (415) 433-6382

*Liaison Counsel for Class Representative*
*New Mexico State Investment Council and the Class*

THOMAS A. DUBBS (admitted *pro hac vice*)
Email:  tdubbs@labaton.com
JOSEPH A. FONTI (admitted *pro hac vice*)
Email:  jfonti@labaton.com
STEPHEN W. TOUNTAS (admitted *pro hac vice*)
Email:  stountas@labaton.com
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

*Class Counsel for Class Representative*
*New Mexico State Investment Council and the Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| In re BROADCOM CORPORATION CLASS ACTION LITIGATION | ) Lead Case No.:  CV-06-5036-R (CWx)<br>)<br>) **ORDER AWARDING CLASS**<br>) **COUNSEL ATTORNEYS' FEES**<br>) **AND REIMBURSEMENT OF**<br>) **LITIGATION EXPENSES**<br>)<br>) Date:      December 3, 2012<br>) Time:      10:00 a.m.<br>) Before:  The Hon. Manuel L. Real<br>)<br>)<br>) |

[PROPOSED] ORDER AWARDING CLASS COUNSEL'S ATTORNEYS' FEES AND LITIGATION EXPENSES
LEAD CASE NO. V-06-5036-R (CWX)

**THIS MATTER** having come before the Court on Class Counsel's Unopposed Motion for Attorneys' Fees and Reimbursement of Litigation Expenses and Memorandum of Points and Authorities in Support Thereof; the Court having considered all papers filed and proceedings had therein, having found the settlement of this action to be fair, reasonable, and adequate and otherwise being fully informed;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement with Ernst & Young LLP, dated as of September 27, 2012 (the "Stipulation"), and filed with the Court.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion.

3. The Court hereby awards Class Counsel attorneys' fees of 18.5% of the Settlement Fund, plus reimbursement of litigation expenses in the amount of $_____, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is appropriate and is fair and reasonable under the "percentage-of-the-recovery" method, given the results obtained for the Class, the substantial risks of non-recovery, the time and effort involved, and the quality of Class Counsel's work. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002).

4. The fees shall be allocated among counsel for the Class Representatives by Class Counsel in a manner that reflects each such counsel's contribution to the institution, prosecution, and resolution of the captioned action.

5. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Class Counsel subject to the terms, conditions, and

[PROPOSED] ORDER AWARDING CLASS COUNSEL'S ATTORNEYS' FEES AND LITIGATION EXPENSES
LEAD CASE NO. V-06-5036-R (CWx)

obligations of the Stipulation, and pursuant to the timing set forth in ¶12 thereof, which terms, conditions and obligations are incorporated herein.

6.    The Court hereby awards Class Representative New Mexico State Investment Council, as Class Representative, reimbursement of its reasonable lost wages directly relating to its representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(4). The Court awards Class Representative the requested amount of $21,087, which may be paid upon entry of this Order.

**IT IS SO ORDERED.**

DATED: Dec. 4, 2012, 2012

_____
THE HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

**TAB 3**

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Katherine L. Benson (State Bar No. 259826)
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

*Liaison Counsel*

**LABATON SUCHAROW LLP**
Jonathan Gardner (*pro hac vice*)
Carol C. Villegas (*pro hac vice*)
Alec T. Coquin (*pro hac vice*)
140 Broadway
New York, NY  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

*Co-Lead Counsel for the Class*

**MOTLEY RICE LLC**
James M. Hughes (*pro hac vice*)
William S. Norton (*pro hac vice*)
Max N. Gruetzmacher (*pro hac vice*)
Michael J. Pendell (*pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone:  (843) 216-9000
Facsimile:  (843) 216-9450

*Co-Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| BABAK HATAMIAN and LUSSA DENNJ SALVATORE, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ADVANCED MICRO DEVICES, INC., RORY P. READ, THOMAS J. SEIFERT, RICHARD A. BERGMAN, AND LISA T. SU, <br><br> Defendants. | Case No. 4:14-cv-00226-YGR <br><br> <u>CLASS ACTION</u> <br><br> **[~~PROPOSED~~] ORDER AWARDING ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES, AND PAYMENT OF CLASS REPRESENTATIVES' EXPENSES** |

[~~PROPOSED~~] ORDER AWARDING ATTORNEYS' FEES AND PAYMENT OF EXPENSES
CASE NO. 4:14-CV-00226-YGR

On February 27, 2018, a hearing having been held before this Court to determine, among other things, whether and in what amount to award (1) plaintiffs' counsel in the above-captioned consolidated securities class action (the "Action") fees and litigation expenses directly relating to their representation of the Class; and (2) Class Representatives their costs and expenses (including lost wages), pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court (the "Settlement Notice") was mailed to all reasonably identified Class Members; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *Investor's Business Daily* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Class Members who have not timely and validly requested exclusion, Class Counsel, and the Claims Administrator.

2. All capitalized terms used herein have the meanings set forth and defined in the Stipulation and Agreement of Settlement, dated as of October 9, 2017 (the "Stipulation").

3. Notice of Class Counsel's application for attorneys' fees and payment of litigation expenses was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the application for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, due process, and other applicable law, constituted the best notice practicable under the

2

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND PAYMENT OF EXPENSES
CASE NO. 4:14-CV-00226-YGR

Case 2:19-cv-09840-CAS-MRW   Document 104-7   Filed 06/14/21   Page 15 of 42   Page
ID #:1901
Case 4:14-cv-00226-YGR   Document 364   Filed 09/02/18   Page 3 of 9

circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Class Counsel are hereby awarded, on behalf of all plaintiffs' counsel, attorneys' fees in the amount of $7,375,000 plus interest at the same rate earned by the Settlement Fund (or 25% of the Settlement Fund, which includes interest earned thereon), and payment of litigation expenses in the amount of $2,812,817.52, which sums the Court finds to be fair and reasonable.

5. The award of attorneys' fees and litigation expenses may be paid to Class Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6. In making this award of attorneys' fees and payment of litigation expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Ninth Circuit and found that:

(a) The Settlement has created a common fund of $29.5 million in cash and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of plaintiffs' counsel;

(b) The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by Class Representatives, sophisticated institutional investors that were directly involved in the prosecution and resolution of the Action and who have a substantial interest in ensuring that any fees paid to plaintiffs' counsel are duly earned and not excessive;

(c) Plaintiffs' counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

(d) The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

3

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND PAYMENT OF EXPENSES
CASE NO. 4:14-CV-00226-YGR

(e)     Plaintiffs' counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(f)     Plaintiffs' counsel have devoted approximately 62,765 hours, with a lodestar value of $31,122,958.75 to achieve the Settlement;

(g)     The amount of attorneys' fees awarded are fair and reasonable and consistent with fee awards approved in cases within the Ninth Circuit with similar recoveries;

(h)     Notice was disseminated to putative Class Members stating that Class Counsel would be submitting an application for attorneys' fees in an amount not to exceed 30% of the Settlement Fund, which includes interest, and payment of litigation expenses incurred in connection with the prosecution of this Action in an amount not to exceed $3,000,000, plus interest, and that such application also might include a request that Class Representatives be reimbursed their reasonable costs and expenses (including lost wages) directly related to their representation of the Class; and

(i)     There were no objections to the application for attorneys' fees or expenses.

7.     In accordance with the PSLRA, the Court hereby awards Class Representative Arkansas Teacher Retirement System $8,348.25 for its costs and expenses directly related to its representation of the Class, and KBC Asset Management NV $14,875.00 for its costs and expenses directly related to its representation of the Class.

8.     Any appeal or challenge affecting this Court's approval of any attorneys' fee, expense application, or award of costs and expenses to Class Representatives in the Action shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9.     Exclusive jurisdiction is retained over the subject matter of this Action and over all parties to the Action, including the administration and distribution of the Net Settlement Fund to Class Members.

4

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND PAYMENT OF EXPENSES
CASE NO. 4:14-CV-00226-YGR

10.  In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

Dated:  _____March 2_____, 2018  _____

HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

5

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND PAYMENT OF EXPENSES
CASE NO. 4:14-CV-00226-YGR

**TAB 4**

**KERR & WAGSTAFFE LLP**
JAMES M. WAGSTAFFE (#95535)
IVO LABAR (#203492)
101 Mission Street, 18th Floor
San Francisco, CA 94105–1727
Telephone: (415) 371-8500
Fax: (415) 371-0500
wagstaffe@kerrwagstaffe.com
labar@kerrwagstaffe.com

*Local Counsel for Plaintiffs and the Class*

**LABATON SUCHAROW LLP**
JONATHAN GARDNER (*pro hac vice*)
SERENA P. HALLOWELL (*pro hac vice*)
MICHAEL P. CANTY (*pro hac vice*)
CHRISTINE M. FOX (*pro hac vice*)
THEODORE J. HAWKINS (*pro hac vice*)
ALEC T. COQUIN (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)
jgardner@labaton.com
shallowell@labaton.com
mcanty@labaton.com
cfox@labaton.com
thawkins@labaton.com
acoquin@labaton.com

*Lead Counsel for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| IN RE INTUITIVE SURGICAL SECURITIES LITIGATION | Case No. 5:13-cv-01920 EJD (HRL) |
| | CLASS ACTION |
| | **[PROPOSED] ORDER AWARDING ATTORNEYS' FEES, PAYMENT OF EXPENSES, AND PAYMENT OF CLASS REPRESENTATIVES' EXPENSES** |

On December 20, 2018, a hearing having been held before this Court to determine, among other things, whether and in what amount to award (1) Class Counsel in the above-captioned consolidated securities class action (the "Action") fees and litigation expenses directly

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND PAYMENT OF EXPENSES
CASE NO. 5:13-CV-01920 EJD (HRL)

relating to their representation of the Class; and (2) Class Representatives their costs and expenses (including lost wages), pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court (the "Settlement Notice") was mailed to all reasonably identified Class Members; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *Investor's Business Daily* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Class Members who have not timely and validly requested exclusion, Plaintiffs' counsel, and the Claims Administrator.

2. All capitalized terms used herein have the meanings set forth and defined in the Stipulation and Agreement of Settlement, dated as of September 11, 2018 (the "Stipulation").

3. Notice of Class Counsel's application for attorneys' fees and payment of litigation expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the application for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, due process, and other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Class Counsel are hereby awarded, on behalf of all Plaintiffs' counsel, attorneys' fees in the amount of $8,075,000 plus interest at the same rate earned by the Settlement Fund (which is 19% of the Settlement Fund), and payment of litigation expenses in the amount of $1,988,789.66, which sums the Court finds to be fair and reasonable.

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES
CASE NO. 5:13-CV-01920 EJD (HRL)

5. The award of attorneys' fees and litigation expenses may be paid to Class Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6. In making this award of attorneys' fees and payment of litigation expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Ninth Circuit and found that:

(a) The Settlement has created a common fund of $42.5 million in cash and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of counsel;

(b) The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by Class Representatives, sophisticated institutional investors that were directly involved in the prosecution and resolution of the Action and who have a substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

(c) Class Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

(d) The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(e) Class Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(f) Plaintiffs' counsel have devoted approximately 41,813.90 hours, with a lodestar value of $21,548,609.00 to achieve the Settlement;

(g) The amount of attorneys' fees awarded are fair and reasonable and are less than fee awards approved in cases within the Ninth Circuit with similar recoveries;

3

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES
CASE NO. 5:13-CV-01920 EJD (HRL)

(h)     Notice was disseminated to putative Class Members stating that Class Counsel would be submitting an application for attorneys' fees in an amount not to exceed 19% of the Settlement Fund, which includes interest, and payment of litigation expenses incurred in connection with the prosecution of this Action up to $2,500,000 plus interest, and that such application also might include a request that Class Representatives be reimbursed their reasonable costs and expenses (including lost wages) directly related to their representation of the Class; and

(i)     There were no objections to the application for attorneys' fees or expenses.

7.     In accordance with the PSLRA, the Court hereby awards Class Representative Employees' Retirement System of the State of Hawaii $49,754.18 for its costs and expenses directly related to its representation of the Class, and Class Representative Greater Pennsylvania Carpenters' Pension Fund $9,100.00 for its costs and expenses directly related to its representation of the Class.

8.     Any appeal or challenge affecting this Court's approval of any attorneys' fee, expense application, or award of costs and expenses to Class Representatives in the Action, shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9.     Exclusive jurisdiction is retained over the subject matter of this Action and over all parties to the Action, including the administration of the Settlement.

10.     In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

Dated:  __December 20__, 2018     _____

HONORABLE EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE

4

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES
CASE NO. 5:13-CV-01920 EJD (HRL)

# TAB 5

Case 4:02-cv-01486-CW Document 883 Filed 11/27/07 Page 1 of 19

**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re JDS UNIPHASE CORPORATION
SECURITIES LITIGATION



**FILED**

**NOV 2 7 2007**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

No. C 02-1486 CW

VERDICT QUESTIONS
FORM



## Part A--Section 10(b) and Section 20 False or Misleading Statements Liability

Please answer the questions below for each of the statements on the Table of Challenged Statements and indicate your unanimous answers on the Verdict Table. If a box on the Verdict Table is blacked out or already filled in, that means that the question does not apply to the corresponding statement or that the parties have agreed to an answer. Please skip any question that is blacked out or already answered. A "yes" answer favors Plaintiffs; a "no" answer favors Defendants.

1. Do you find that this challenged statement contains an untrue statement of material fact, or omits a material fact necessary under the circumstances to keep the statement that was made from being misleading? Answer Yes or No.

If you answered "Yes," please proceed to Question 2, and if Question 2 is blacked out, please skip to Question 3. If you answered "No," please return to Question 1 for the next statement.

2. Do you find that the challenged statement was <u>not</u> accompanied by meaningful cautionary statements as defined in the instructions? Answer Yes or No.

If you answered "Yes," please proceed to Question 3. If you answered "No," please return to Question 1 for the next statement.

3. Please enter "Yes" in the box representing any Individual Defendant who you find was substantially involved in the preparation of the challenged statement.

If you identified any Individual Defendant, or if any Individual Defendant was already marked, please proceed to Question 4a. If you did not identify any Individual Defendant and no Individual Defendant was already marked, please return to Question 1 for the next statement.

4a. Do you find that any Individual Defendant who you found in Question 3 made or was responsible for the statement, or who the parties agree made the statement, did so with actual knowledge that the statement was materially false or misleading? Answer Yes or No.

**If you answered "No" for any Individual Defendant identified in Question 4a, please answer Question 4b for that Individual Defendant. Otherwise, skip to Question 5.**

4b. Do you find that any Individual Defendant who you found in Question 3 made or was responsible for the statement, or who the parties agree made the statement, did so with deliberate recklessness? Answer Yes or No.

**If you answered "Yes" to Question 4a or 4b for any Individual Defendant, please proceed to Question 5. Otherwise, please return to Question 1 for the next statement.**

5. Do you find that the untrue statement of material fact, or the omitted material fact, played a substantial part in causing a loss to Plaintiffs? Answer Yes or No.

**If you answered "Yes," please proceed to Question 6. If you answered "No," please return to Question 1 for the next statement.**

6. Please enter "Yes" in the box representing any Individual Defendant who you find directly or indirectly controlled the person who made the challenged statement, directly or indirectly induced the person to make the statement, and did not act in good faith.

**Please return to Question 1 for the next statement. When you have completed the chart for all statements, please review your answers recorded on the Verdict Table. If you found for Plaintiff on any statement (i.e. if you answered "yes" in Column 5 for any statement), please proceed to Part B, Question 7. Otherwise, please skip to Part D, Question 14.**

Case 2:19-cv-08842-CAS-MRW Document 104-7 Filed 06/14/21 Page 26 of 42 Page
ID #:1912
Case 4:02-cv-01486-CW Document 1683 Filed 11/27/07 Page 3 of 19

## Part B--Section 10(b) and Section 20 False or Misleading Statements Damages

7.  Which of these two methods do you find is the most accurate method for calculating damages in this case?

    ___ Dollar Inflation    ___ Percentage Inflation

**If you selected "Dollar Inflation," please complete Question 8. If you selected "Percentage Inflation," please complete Question 9 on Page 5. (Do not complete both tables.)**

8.  If you answered "Dollar Inflation," please complete the table, following the instructions below.

    a.  Please black out Column 2 for any date on which you do not find that the challenged statement(s) on that date caused a loss (i.e. for which you answered "No" in Column 5 of the Verdict Table).

    b.  Beginning with the first date that is not blacked out in Column 2, please enter the dollar amount by which you find the false or misleading statement(s) made on that date inflated the price of JDSU stock.

    c.  For this first row only, please copy the amount you entered in Column 2 into Column 4.

    d.  Proceed to the next row. If Column 2 is not blacked out, enter the dollar amount by which you find the false or misleading statement(s) made on this date inflated the price of JDSU stock. Enter, in Column 3, the amount, if any, by which you find that any corrective disclosures, since the date of the previous row, have reduced the inflation created by false or misleading statements. Take the number from Column 4 in the previous row, add the number, if any, in Column 2, subtract the number, if any, in Column 3, and enter the result in Column 4.

    e.  Please continue to complete each row.

**When you are finished, please skip to Part C, Question 10.**

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

## Dollar Inflation Table

| COLUMN 1 | COLUMN 1a | COLUMN 2 | COLUMN 3 | COLUMN 4 |
|---|---|---|---|---|
| Date | Price per share on this Date | Inflation created by false or misleading statement(s) on this date | Reduction in inflation due to corrective disclosures, if any, since previous date | Total inflation due to challenged statements on this date |
| 4/25/00 | $93.38 | $ | | $ |
| 5/25/00 | $79.00 | | $ | $ |
| 6/25/00 | $123.44 | | $ | $ |
| 7/26/00 | $135.94 | $ | $ | $ |
| 8/25/00 | $125.31 | | $ | $ |
| 9/1/00 | $123.81 | $ | $ | $ |
| 9/7/00 | $119.88 | $ | $ | $ |
| 10/26/00 | $74.44 | $ | $ | $ |
| 10/30/00 | $71.31 | $ | $ | $ |
| 11/14/00 | $75.63 | $ | $ | $ |
| 11/17/00 | $70.13 | $ | $ | $ |
| 12/20/00 | $46.00 | | $ | $ |
| 1/25/01 | $55.19 | $ | $ | $ |
| 2/12/01 | $40.63 | $ | $ | $ |
| 2/13/01 | $38.50 | $ | $ | $ |
| 3/23/01 | $23.19 | $ | $ | $ |
| 4/24/01 | $20.82 | $ | $ | $ |
| 5/11/01 | $20.69 | $ | $ | $ |
| 6/15/01 | $12.44 | | $ | $ |
| 7/26/01 | $9.47 | | $ | $ |



4

9.    If you selected "Percentage Inflation" in Question 7 above, please complete the table, following the instructions below.

   a.    Please black out Column 2 for any date on which you do not find that the challenged statement(s) on that date caused a loss (i.e. for which you answered "No" in Column 5 of the Verdict Table).
   b.    Beginning with the first date that is not blacked out in Column 2, please enter the percent by which you find the false or misleading statement(s) made on that date inflated the price of JDSU stock.
   c.    For this first row only, please copy the amount you entered in Column 2 into Column 4.
   d.    Proceed to the next row.  If Column 2 is not blacked out, enter the percent by which you find that any false or misleading statement(s) made on this date inflated the price of JDSU stock.  Enter, in Column 3, the amount, if any, by which you find that any corrective disclosures, since the date of the previous row, have reduced the inflation created by false or misleading statements. Take the number from Column 4 in the previous row, add the number, if any, in Column 2, subtract the number, if any, in Column 3, and enter the result in Column 4.
   e.    Please continue to complete each row.

**When you are finished, please proceed to Part C, Question 10.**

**United States District Court**
For the Northern District of California

## Percentage Inflation Table

| COLUMN 1 | COLUMN 2 | COLUMN 3 | COLUMN 4 |
|---|---|---|---|
| Date | Inflation created by false or misleading statement(s) on this date | Reduction in inflation due to corrective disclosures since previous date | Total inflation due to challenged statements on this date |
| 4/25/00 | % | | % |
| 5/25/00 | | % | % |
| 6/25/00 | | % | % |
| 7/26/00 | % | % | % |
| 8/25/00 | | % | % |
| 9/1/00 | % | % | % |
| 9/7/00 | % | % | % |
| 10/26/00 | % | % | % |
| 10/30/00 | % | % | % |
| 11/14/00 | % | % | % |
| 11/17/00 | % | % | % |
| 12/20/00 | | % | % |
| 1/25/01 | % | % | % |
| 2/12/01 | % | % | % |
| 2/13/01 | % | % | % |
| 3/23/01 | % | % | % |
| 4/24/01 | % | % | % |
| 5/11/01 | % | % | % |
| 6/15/01 | | % | % |
| 7/26/01 | | % | % |

6



**Part C--Section 14(a) Misrepresentation in a Proxy Statement for Merger Liability & Damages**

If you found in answer to Question 1 above that Statement 10 was materially false or misleading, please answer Question 10. Otherwise, please skip to Part D, Question 14.

10. Do you find that statement 10 was an essential link in the accomplishment of the JDS-SDL merger?

____ Yes     ╳ No

**Please proceed to Question 11**

11. Do you find that Defendant Straus failed to act with ordinary or reasonable care when he made statement 10?

____ Yes     ╳ No

**Please proceed to Question 12.**

12. Do you find that Defendant Muller failed to act with ordinary or reasonable care when he made statement 10?

____ Yes     ╳ No

If you have answered "Yes" to Question 10 and to either Question 11 and/or Question 12, please proceed to Question 13. Otherwise, please skip to Part D, Question 14.

13a. If you did not determine damages for Statement 10 on the Verdict Table, do you find that Statement 10 played a substantial part in causing a loss to Plaintiffs?

____ Yes     ╳ No

If you answered "Yes," please proceed to Question 13b. Otherwise, please skip to Part D, Question 14.

13b. What is the dollar amount or percentage amount that Statement 10 inflated the price of JDSU stock on February 13, 2001? Please answer only once, using the method you selected in response to Question 7.

$_____     or     _____%

**Please proceed to Part D, Question 14.**

7

Case 2:19-cv-09840-CAS-MRW Document 104-7 Filed 06/14/21 Page 31 of 42 Page
Case 4:02-cv-01486-CW Document 1883 Filed 11/27/07 Page 8 of 19
ID #:1917

**Part D--Section 20A Trading on Inside Information
Liability & Damages**

14. Do you find that one or more of the Individual Defendants made a decision to sell shares of JDSU stock using material, non-public information about the company?

| | | |
|---|---|---|
| Defendant Abbe | Yes _____ | No _____ |
| Defendant Kalkhoven | Yes _____ | No _____ |
| Defendant Muller | Yes _____ | No _____ |
| Defendant Straus | Yes _____ | No _____ |

**If you answered "Yes" as to any defendant, please proceed.
Otherwise, sign, date and return your verdict.**

**If, in answer to Question 7, you selected "Dollar Inflation,"
please complete Question 15. If you selected "Percentage
Inflation," please skip to Question 16 on Page 12. (Do not
complete both tables.)**

15. If you selected "Dollar Inflation" in Question 7, please complete the table below for any Defendant who you found sold JDSU stock using material, non-public information.

    a. Enter "Yes" in Column 2 for the date of any stock sale which you find the Individual Defendant made using material, non-public information about the company.
    b. For every date on which you answered "Yes", please enter the dollar amount by which the price of JDSU stock was inflated because the public did not have this material information.

    **Then sign, date and return your verdict.**

8

Case 2:19-cv-09340-CAS-MRW Document 104-7 Filed 06/14/21 Page 32 of 42 Page
ID #:1918
Case4:02-cv-01486-CW Document1883 Filed11/27/07 Page9 of 19

# Dollar Inflation Tables

**Defendant Abbe**

| Column 1 | Column 1a | Column 2 | Column 3 |
|---|---|---|---|
| Date | Market Price Per Share on Date | Used Material, Non-Public Information? | Dollar Inflation on Date of Sale |
| 8/1/00 | $116.87 | | $ |
| 8/11/00 | $117.75 | | $ |
| 2/26/01 | $32.63 | | $ |
| 2/27/01 | $27.81 | | $ |
| 2/28/01 | $26.75 | | $ |

**Defendant Kalkhoven**

| Column 1 | Column 1a | Column 2 | Column 3 |
|---|---|---|---|
| Date | Market Price Per Share on Date | Used Material, Non-Public Information? | Dollar Inflation on Date of Sale |
| 5/22/00 | $85.31 | | $ |
| 5/24/00 | $83.50 | | $ |
| 7/31/00 | $118.16 | | $ |
| 8/4/00 | $115.94 | | $ |
| 8/7/00 | $121.19 | | $ |
| 8/21/00 | $124.38 | | $ |
| 8/22/00 | $124.50 | | $ |
| 8/31/00 | $124.48 | | $ |
| 9/1/00 | $123.81 | | $ |
| 9/7/00 | $119.88 | | $ |
| 9/12/00 | $103.19 | | $ |
| 9/13/00 | $104.81 | | $ |

9

United States District Court
For the Northern District of California

| 9/18/00 | $97.81 | | $ |
| 9/19/00 | $107.94 | | $ |
| 9/20/00 | $107.13 | | $ |
| 9/22/00 | $107.00 | | $ |
| 9/25/00 | $106.81 | | $ |
| 10/4/00 | $94.06 | | $ |
| 10/5/00 | $95.06 | | $ |
| 10/11/00 | $85.88 | | $ |
| 10/13/00 | $94.38 | | $ |
| 10/16/00 | $94.44 | | $ |
| 10/20/00 | $102.38 | | $ |
| 10/27/00 | $77.25 | | $ |
| 11/1/00 | $78.56 | | $ |
| 1/18/01 | $60.31 | | $ |

Defendant Muller

| Column 1 | Column 1a | Column 2 | Column 3 |
|---|---|---|---|
| Date | Market Price Per Share on Date | Used Material, Non-Public Information? | Dollar Inflation on Date of Sale |
| 5/22/00 | $85.31 | | $ |
| 5/30/00 | $91.38 | | $ |
| 7/31/00 | $118.13 | | $ |
| 8/1/00 | $116.88 | | $ |
| 8/2/00 | $112.63 | | $ |
| 8/4/00 | $115.94 | | $ |
| 8/7/00 | $121.19 | | $ |
| 8/8/00 | $119.88 | | $ |
| 8/11/00 | $117.75 | | $ |
| 8/14/00 | $120.25 | | $ |

Defendant Straus

| Column 1 | Column 1a | Column 2 | Column 3 |
|---|---|---|---|
| Date | Market Price Per Share on Date | Used Material, Non-Public Information? | Dollar Inflation on Date of Sale |
| 8/1/00 | $116.88 | | $ |
| 8/4/00 | $115.94 | | $ |
| 8/7/00 | $121.19 | | $ |
| * | $55.81 | 11/30/00 | 2/1/01    $ |
| * | $28.00 | 11/30/00 | 3/6/01    $ |

*You must determine whether Defendant Straus used material, non-public information on November 30, 2000 in deciding whether he is liable for insider trading based on these sales.  However, the damages must be calculated as of the actual date of the sales.



United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

16. If you selected "Percentage Inflation" in Question 7, please complete the table below for any Defendant who you found sold JDSU stock using material, non-public information.

    a. Enter "Yes" in Column 2 for the date of any stock sale which you find the Individual Defendant made while using material, non-public information about the company.

    b. For every date on which you answered "Yes", please enter the percentage by which the price of JDSU stock was inflated because the public did not have this material information.

**Then sign, date and return your verdict.**

12

# Percentage Inflation Tables

**Defendant Abbe**

| Column 1 | Column 2 | Column 3 |
|----------|----------|----------|
| Date | Used Material, Non-Public Information? | Percentage Inflation on Date of Sale |
| 8/1/00 | | % |
| 8/11/00 | | % |
| 2/26/01 | | % |
| 2/27/01 | | % |
| 8/1/00 | | % |

**Defendant Kalkhoven**

| Date | Used Material, Non-Public Information? | Percentage Inflation on Date of Sale |
|------|----------------------------------------|--------------------------------------|
| 5/22/00 | | % |
| 5/24/00 | | % |
| 7/31/00 | | % |
| 8/4/00 | | % |
| 8/7/00 | | % |
| 8/21/00 | | % |
| 8/22/00 | | % |
| 8/31/00 | | % |
| 9/1/00 | | % |
| 9/7/00 | | % |
| 9/12/00 | | % |
| 9/13/00 | | % |
| 9/18/00 | | % |
| 9/19/00 | | % |
| 9/20/00 | | % |
| 9/22/00 | | % |

United States District Court
For the Northern District of California

13

**United States District Court**
For the Northern District of California

| Date | | Percentage |
|---|---|---|
| 9/25/00 | | % |
| 10/4/00 | | % |
| 10/5/00 | | % |
| 10/11/00 | | % |
| 10/13/00 | | % |
| 10/16/00 | | % |
| 10/20/00 | | % |
| 10/27/00 | | % |
| 11/1/00 | | % |
| 1/18/01 | | % |

Defendant Muller

| Date | Used Material, Non-Public Information? | Percentage Inflation on Date of Sale |
|---|---|---|
| 5/22/00 | | % |
| 5/30/00 | | % |
| 7/31/00 | | % |
| 8/1/00 | | % |
| 8/2/00 | | % |
| 8/4/00 | | % |
| 8/7/00 | | % |
| 8/8/00 | | % |
| 8/11/00 | | % |
| 8/14/00 | | % |

14

**Defendant Straus**

| Date | Used Material, Non-Public Information? | Percentage Inflation on Date of Sale |
|------|----------------------------------------|--------------------------------------|
| 8/1/00 | | % |
| 8/4/00 | | % |
| 8/7/00 | | % |
| * | 11/30/00 | 2/1/01 % |
| * | 11/30/00 | 3/6/01 % |

*You must determine whether Defendant Straus used material, non-public information on November 30, in deciding whether he is liable for insider trading based on these sales. However, the damages must be calculated as of the actual date of the sales.

**Please sign, date and return this form.**

Dated: _____

Jury Foreperson

11/27/07. 1515 HRS.

15

# VERDICT TABLE

*ГЕТМ SOO HOO* (signature)

| | Quest. No. 1 | Quest. No. 2 | Quest. No. 3 | | | | Quest. No. 4a | | | | Quest. No. 4b | | | | Quest. No. 5 | Quest. No. 6 | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Materially False or Misleading | Lacks Cautionary Language | Person(s) Making Statement | | | | Actual Knowledge | | | | Reckless Disregard | | | | Caused Loss | Controlling Person | | | |
| | | | Abbe | Kalkhoven | Muller | Straus | Abbe | Kalkhoven | Muller | Straus | Abbe | Kalkhoven | Muller | Straus | | Abbe | Kalkhoven | Muller | Straus |
| Statement No. 1 "... the market is exceeding, you know, our ability to ramp up ..." | NO | | | | | Yes | | | | | ■ | ■ | ■ | ■ | | | | | ■ |
| Statement No. 2 "In all of these markets, the demand for bandwidth technology and components remains incredibly strong, and I believe we will see this demand accelerated." | NO | | | Yes | | | | | | | ■ | ■ | ■ | ■ | | | ■ | | |
| Statement No. 3 "Two-and-a-half-gigabit modulators continue to demonstrate strong growth ..." | NO | | ■ | ■ | ■ | Yes | | ■ | | | ■ | | | | | ■ | | ■ | ■ |
| (Goodwill) Statement No. 4 JDSU's intangible assets at June 30, 2000, were $22.3 billion, including goodwill of $21.3 billion. | NO | | ■ | | | Yes | | ■ | | | ■ | | | | | ■ | | | ■ |
| (Goodwill) Statement No. 5 JDSU's intangible assets, including goodwill, were $22.3 billion at June 30, 2000. | NO | | ■ | | Yes | Yes | | ■ | | | ■ | | | | | ■ | | | ■ |
| Statement No. 6 "... we still are ... capacity constrained ..." | NO | | Yes | | | | | ■ | | | ■ | | | | | ■ | | | ■ |
| Statement No. 7 "These results reflect ... our substantial progress in expanding capacity to enable us to meet customer demand and serve the needs of our markets." | NO | | | | | Yes | | ■ | | | ■ | | | | | ■ | | | ■ |
| (Goodwill) Statement No. 8 JDSU's intangible assets at June 30, 2000, were $22.3 billion, including goodwill of $21.3 billion. | NO | | ■ | | Yes | Yes | | ■ | | | ■ | | | | | ■ | | | ■ |
| (Goodwill) Statement No. 9 JDSU's goodwill was "21.1 [billion]" at September 30, 2000. | NO | | ■ | ■ | | Yes | | ■ | | | ■ | | | | | ■ | | | ■ |

Case 2:19-cv-09240-GW-AS Document 10-3 Filed 02/14/21 Page 40 of 42 Page ID #:1926

| | Quest. No. 1 | Quest. No. 2 | Quest. No. 3 | | | | Quest. No. 4a | | | | Quest. No. 4b | | | | Quest. No. 5 | Quest. No. 6 | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Materially False or Misleading | Lacks Cautionary Language | Person(s) Making Statement | | | | Actual Knowledge | | | | Reckless Disregard | | | | Caused Loss | Controlling Person | | | |
| | | | Abbe | Kalkhoven | Muller | Straus | Abbe | Kalkhoven | Muller | Straus | Abbe | Kalkhoven | Muller | Straus | | Abbe | Kalkhoven | Muller | Straus |
| *(Goodwill)* Statement No. 10 • JDSU's intangible assets at June 30, 2000, were $22.3 billion, including goodwill of $21.3 billion. • JDSU's goodwill was "$21.1 [billion]" at September 30, 2000. | 11/16 No | ■ | | ■ | Yes | Yes | | ■ | | | | ■ | | | | | ■ | | |
| Statement No. 11 "We don't expect lead times to come down in the near-term because our demand is so strong." | No | | Yes | | | | | ■ | | | ■ | ■ | | | | ■ | ■ | | |
| Statement No. 12 "Our backlog . . . is enormous . . ." | No | ■ | Yes | | | | | ■ | | | | ■ | | | | ■ | ■ | | |
| Statement No. 13 "For the year, we expect earnings-per-share to be at 82 cents . . ." | No | | | | Yes | | | ■ | | | ■ | ■ | | | | | ■ | | |
| Statement No. 14 "We anticipate sales in the March quarter to be 7 percent to 10 percent above sales for the quarter ended December 30." | 11/27 No | | | | Yes | | | ■ | | | ■ | ■ | | | | | ■ | | |
| *(Inventory)* Statement No. 15 JDSU's inventories balance at December 30, 2000, was "[$]493.9 [million]." | 11/27 No | ■ | | | | | | ■ | | | | | | | | | ■ | | |
| *(Goodwill)* Statement No. 16 • JDSU's intangible assets at June 30, 2000, were $22.3 billion, including goodwill of $21.3 billion. • JDSU's goodwill was "$21.1 [billion]" at September 30, 2000. | 11/29 No | ■ | | ■ | Yes | Yes | | ■ | | | | ■ | | | | | ■ | | |
| Statement No. 17 "The Company expects sales in the quarter ending March 31 to be at or slightly above $1 billion with earnings per share of $0.17." | 11/26 No | | | | | | | ■ | | | ■ | ■ | | | | | ■ | | |
| *(Inventory)* Statement No. 18 JDSU's inventories balance was "[$]493.9 [million]" at December 30, 2000. | 11/26 No | ■ | | | Yes | | | ■ | | | | | | | | | ■ | | |
| *(Goodwill)* Statement No. 19 JDSU's goodwill was $21.2 billion at December 30, 2000. | 11/25 No | ■ | | | Yes | | | ■ | | | | ■ | | | | | ■ | | |

Case 2:19-cv-09240-SVW-MRW Document 108-3 Filed 06/10/21 Page 41 of 42 Page ID #:1927

| | Quest. No. 1 | Quest. No. 2 | Quest. No. 3 | | | | Quest. No. 4a | | | | Quest. No. 4b | | | | Quest. No. 5 | Quest. No. 6 | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Materially False or Misleading | Lacks Cautionary Language | Person(s) Making Statement | | | | Actual Knowledge | | | | Reckless Disregard | | | | Caused Loss | Controlling Person | | | |
| | | | Abbe | Kalkhoven | Muller | Straus | Abbe | Kalkhoven | Muller | Straus | Abbe | Kalkhoven | Muller | Straus | | Abbe | Kalkhoven | Muller | Straus |
| *(Goodwill)* Statement No. 20 JDSU and SDL's combined *pro forma* intangible assets, including goodwill, were $60.2 billion at December 30, 2000. | 1/2? NO | ■ | | ■ | Yes | | | ■ | | | | ■ | | | | | ■ | | ■ |
| *(Inventory)* Statement No. 21 JDSU's inventories balance was $493.9 million at December 30, 2000. | 11/26 NO | ■ | | ■ | Yes | ' | | ■ | | | | ■ | | | | | ■ | | ■ |
| *(Inventory)* Statement No. 22 • "Our third quarter results were . . . pro forma earnings of 14 cents per share." • "Pro forma gross margin was 48.6 percent of sales for the quarter." | 7/26 NO | ■ | | ■ | Yes | Yes | | ■ | | | | ■ | | | | | ■ | | |
| *(Inventory)* Statement No. 23 JDSU's gross profits were $425.9 million for the quarter ended March 31, 2001, and $1,251.0 million for the nine months ended March 31, 2001. | 1/26 NO | ■ | | ■ | | | | ■ | | | | ■ | | | | | ■ | | |
| *(Inventory)* Statement No. 24 JDSU's inventories balance was "[$]672.9 [million]" at March 31, 2001. | 1/26 NO | ■ | | ■ | Yes | | | ■ | | | | ■ | | | | | ■ | | ■ |

The jury find unanimously in favor of the defense are on all counts. No financial damages awarded.