# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL CHUPA, Individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>ARMSTRONG FLOORING, INC., et al.,<br><br>　　　　　Defendants. | Case No.: 2:19cv09840CAS(MRWx)<br><br>**CLASS ACTION**<br><br>**ORDER AWARDING PAYMENT OF ATTORNEYS' FEES AND EXPENSES**<br><br>Hon. Christina A. Snyder |

WHEREAS:

On July 19, 2021, a hearing having been held before this Court to determine, among other things, whether and in what amount to award: (1) Lead Counsel in the above captioned securities class action (the "Action") fees and litigation expenses; and (2) Lead Plaintiff's costs and expenses (including lost wages), pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), relating to his representation of the Settlement Class.[1]

---

[1] All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation and Agreement of Settlement, dated as of

The Court having considered all matters submitted to it, and it appearing that a notice of the hearing substantially in the form approved by the Court (the Notice) was sent to all reasonably identified Settlement Class Members; and that a Summary Notice of the hearing, substantially in the form approved by the Court, was published in Investor's Business Daily and transmitted over PR Newswire; and the Court having considered, among other things, whether and in what amount to award: (1) Lead Counsel in the Action fees and litigation expenses; and (2) Lead Plaintiff's costs and expenses (including lost wages), pursuant to the PSLRA, relating to representation of the Settlement Class.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Settlement Class Members who have not timely and validly requested exclusion, Plaintiffs' Counsel, and the Claims Administrator.

2. Notice of Lead Counsel's application for attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the application for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, and constituted the best notice practicable under the circumstances, and due and sufficient notice to all persons and entities entitled thereto.

3. Lead Counsel is hereby awarded, on behalf of all Plaintiffs' Counsel, attorneys' fees in the amount of $937,500.00 (which is 25% of the Settlement Fund), and payment of litigation expenses in the amount of up to $67,460.97, which the Court finds to be fair and reasonable.

---

January 15, 2021 (the "Stipulation").

4. The award of attorneys' fees and litigation expenses may be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

5. In making this award of attorneys' fees and payment of litigation expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Ninth Circuit and found that:

   a) The Settlement has created a common fund of $3.75 million in cash, which is a favorable result, and that Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of counsel;

   b) The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by Lead Plaintiff, who has a substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

   c) Plaintiffs' Counsel undertook the Action on a contingent basis, and have received no compensation during the years the Action was litigated, and any fee and expense award has been contingent on the result achieved;

   d) The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy challenging proceedings the resolution of which would be uncertain;

   e) Plaintiffs' Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

   f) Plaintiffs' Counsel have devoted approximately 939.05 hours, with a reasonable lodestar of $744,523.25 to achieve the Settlement;

   g) The amount of attorneys' fees awarded are fair and reasonable and are consistent with fee awards approved in cases within the Ninth Circuit; and

h) Notice was disseminated to putative Settlement Class Members stating that Lead Counsel would be submitting an application for attorneys' fees in an amount not to exceed 25% of the Settlement Fund, which includes accrued interest, and payment of litigation expenses incurred in connection with the prosecution of this Action not to exceed $75,000 and that such application also might include a request that Lead Plaintiffs be reimbursed their reasonable costs and expenses (including lost wages) directly related to their representation of the Settlement Class.

i) No Settlement Class Member objected to the Settlement or Lead Counsel's application for attorneys' fees and litigation expenses.

6. In accordance with the PSLRA, the Court also awards Lead Plaintiff $1,360.00 for costs and expenses directly related to their representation of the Settlement Class.

7. Any appeal or challenge affecting this Court's approval of the attorneys' fees, expense application, or award of costs and expenses to Lead Plaintiff in the Action, shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8. Exclusive jurisdiction is retained over the subject matter of this Action and over all parties to the Action, including the administration of the Settlement.

9. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

Dated this 19th day of July, 2021.

_____
Christina A. Snyder
United States District Court Judge