**THE WAGNER FIRM**
Avi Wagner (Cal Bar. No. 226688)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310-491-7949
Facsimile: 310-694-3967
*Liaison Counsel for*
*Lead Plaintiff Randy Marker*

(*Additional Counsel on signature page*)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL CHUPA, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>ARMSTRONG FLOORING, INC., et al.,<br><br>    Defendants. | Case No. 2:19-cv-09840-CAS-MRW<br><br>**CLASS ACTION**<br><br>**MEMORANDUM IN SUPPORT OF LEAD COUNSEL'S UNOPPOSED MOTION FOR DISTRIBUTION OF THE NET SETTLEMENT FUND TO THE CLASS**<br><br>Judge:  Hon. Christina A. Snyder<br>Courtroom 8D – 8th Floor<br>Hearing Day: March 21, 2022<br>Hearing Time: 10:00 AM |

Pursuant to paragraph 27 of the Stipulation,[1] which is incorporated in the Judgment Approving Class Action Settlement and Order of Dismissal ("Judgment") (ECF No. 112), Lead Counsel seeks a class distribution order: (a) approving the Claims Administrator's determinations concerning the acceptance and rejection of the Claims submitted; (b) directing payment of the Net Settlement Fund to Authorized Claimants with a 180-day period for cashing checks; (c) approve payment of the administration fees and expenses associated with administrating the Settlement; and (d) permitting the Claims Administrator to destroy Claim Forms one year after the distribution.

## I.    INTRODUCTION

On July 19, 2021, the Court entered the Judgment and created the Net Settlement Fund for the Settlement Class as defined in the Stipulation.  The deadline for Settlement Class members to make a Claim from the Net Settlement Fund was June 20, 2021.  ECF No. 99.  The Claims Administrator reports that all eligible claims have been received, reviewed, and are ready to be paid.

Lead Counsel has reviewed the Claims Administrator's findings and agrees that the properly documented Claims should be paid, including the five late claims received prior to August 31, 2021.  Lead Counsel has also reviewed the Claims Administrator's invoices and requests, which are reasonable for this case.  Accordingly, consistent with

---

[1] All capitalized terms not otherwise defined herein have the same meaning as those in the Stipulation and Agreement of Settlement, dated January 15, 2021 (the "Stipulation"), filed as Exhibit 1 to the January 15, 2021 Declaration of Avi Wagner.  ECF No. 95-1.

the Stipulation and the Judgment, the Net Settlement fund should be distributed to the Settlement Class as proposed in the class distribution order filed with this motion.

## II.    THE CLAIMS SUBMITTED FOR PAYMENT

All notices informed the Settlement Class that June 20, 2021 was the due date for filing Claims.  As a result of the notice program (including mailings, press releases, and Settlement website portal) the Claims Administrator received 4,065 Claims in connection with the Settlement. *See* Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process ("Bravata Administration Declaration") at ¶ 6.  Five of those Claims were received after June 20, 2021, but before August 31, 2021. *Id.* at n.3. After consulting the Claims Administrator, it was determined that the Claims made prior to August 31, 2021 would not delay the Settlement administration.  Accordingly, Lead Counsel requests that the Court also accepted those five late Claims.

The Claims Administrator reviewed the 4,065 claims in accordance with the requirements for payment pursuant to the Plan of Allocation.  Ultimately, the Claims Administrator determined that 2,112 of the Claims were properly documented, had recognized losses, and otherwise met the requirements of the Internet Notice (the "Authorized Claims"). Bravata Administration Declaration at ¶ 7a. The Authorized Claims represent $55,671,286.84 of recognized losses pursuant to the Plan of Allocation. *Id*.

## III.    THE COURT SHOULD APPROVE PAYMENT OF THE AUTHORIZED CLAIMS

The Claims Administrator carefully reviewed, analyzed, and processed the Claims. Authorized Claims required documentation and a recognized loss as calculated under the Plan of Allocation. The Bravata Administration Declaration discusses the review of the Claims and provides backup for the Court's consideration. *Id.* Lead Counsel agrees that the Authorized Claims should be paid from the Net Settlement as soon as possible.

The Claims Administrator will follow the procedure for payment of Authorized Claims as previously ordered in the Preliminary Approval Order (ECF No. 99) and the Judgment. In addition, Lead Counsel joins the Claims Administrator in its recommendation that all checks for Authorized Claim bear the notation, "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE" in order to encourage prompt cashing of checks. *See* Bravata Administration Declaration at ¶ 10b. Accordingly, Lead Counsel requests payment of the Authorized Claims with a requirement that checks be cashed within 180 days after the issue date.

## IV.    THE COURT SHOULD APPROVE PAYMENT OF ADMINISTRATION RELATED FEES AND EXPENSES

The fees and expenses charged by the Claims Administrator for notice and processing Claims in this matter are $117,642.06. Bravata Administration Declaration at

¶ 9. These fees and expenses have been advanced in accordance with the Stipulation at ¶ 14. *See also* ECF No. 99 at ¶ 22; Bravata Administration Declaration at ¶ 9.

This amount is within the expected range for the work the Claims Administrator must do in order to administer the Settlement.  Therefore, Lead Counsel requests that the Court approve payment to the Claims Administrator.

## V.   RECORDS RETENTION AND DESTRUCTION

The Claims Administrator reports that if it is required maintain Claim Forms and related documents for an extended period, that it will incur costs for storing such information. Bravata Administration Declaration at ¶ 10(e).  In order to prevent additional charges to the Settlement Class, Lead Counsel requests that the Court order that: (i) in no less than one (1) year after the Distribution of the Net Settlement Fund, Strategic Claims Services may destroy the paper copies of the Claim Forms and all supporting documentation; and (ii) in no less than one (1) year after all funds have been distributed, SCS may destroy the electronic copies of the Claim Forms and all supporting documentation. This is the customary document retention period Strategic Claims Services uses to prevent additional costs to the Class for storage expenses and related fees. *Id*.

## VI.   CONCLUSION

For all the foregoing reasons, Lead Counsel respectfully requests that the Court enter the proposed class distribution order:  (a) approving the Claims Administrator's

determinations concerning the acceptance and rejection of the Claims submitted; (b) directing payment of the Net Settlement Fund to Authorized Claimants with a 180-day period for cashing checks; (c) approving payment of the administration fees and expenses associated with administrating the Settlement; and (d) permitting the Claims Administrator to destroy Claim Forms one year after the distribution.

Dated:  February 18, 2022                           Respectfully submitted,

THE WAGNER FIRM

By:  */s/ Avi Wagner*
Avi Wagner (Cal Bar. No. 226688)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310-491-7949
Facsimile: 310-694-3967
Email:  Avi@thewagnerfirm.com

BERNSTEIN LIEBHARD LLP
Michael S. Bigin (admitted *pro hac vice*)
Laurence J. Hasson (admitted *pro hac vice*)
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email: bigin@bernlieb.com
lhasson@bernlieb.com

*Counsel for Lead Plaintiff Randy Marker and Lead Counsel for Proposed Settlement Class*

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On February 18, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 18, 2022, at Los Angeles, California.

*s/ Avi Wagner*
Avi Wagner